UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> CISCO SYSTEMS INC., <br> Defendant. | Case No. 17-cv-00072-BLF (SVK) <br><br> **FURTHER ORDER ON JOINT DISCOVERY LETTER BRIEF RE DEPOSITION AND DOCUMENT PRODUCTION BY DANIEL CHINN** <br><br> Dkt. No. 160 |

On January 18, 2019, the parties filed a joint discovery letter brief regarding Cisco's request to depose and obtain documents from Daniel Chinn, a director of Plaintiff Finjan who resides in Israel. ECF 160. The Court held a telephonic hearing on January 24, 2019. On the same day, the Court issued an order regarding Cisco's request to obtain documents from Mr. Chinn. ECF 169. In that order, the Court stated that it was taking Cisco's request to depose Mr. Chinn under submission. *Id.* Based on the parties' submission, arguments at the hearing, case file, and relevant law, the Court now ORDERS that Mr. Chinn be made available for deposition in this district by the close of fact discovery for the reasons discussed and on the conditions set forth in this order.

**I.  Discussion**

In general, a corporate plaintiff is required to produce for deposition any "officer, director, or managing agent" named in a deposition notice; a subpoena is not required. *See* Fed. R. Civ. P. 30(b)(1); *In re Lithium Ion Batteries Antitrust Lit.*, No. 13-md-02420-YGR (DMR), 2016 WL 1161575, at *3 (N.D. Cal. Mar. 24, 2016); Schwarzer, Tashima & Wagstaffe, California Practice Guide: Fed. Civil Procedure Before Trial, § 11:1419 (Mar. 2018 rev.)) ("if the corporation is a party, the notice compels it to produce any 'officer, director or managing agent' named in the

deposition notice. It is not necessary to subpoena such individual. The corporation risks sanctions—including default or dismissal—if the designated individual fails to appear.").

However, in light of the "potential for abuse or harassment" of high-level executives, courts have discretion to disallow or limit a so-called "apex deposition" where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks and citations omitted). Factors considered in determining whether to allow an apex deposition include (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. *Id.* However, the party seeking to prevent an apex deposition bears a "heavy burden," and such depositions will be prohibited only in "extraordinary circumstances." *Id.* (internal quotation marks and citations omitted). "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* (internal quotation marks and citations omitted).

The Court finds that the relevant factors favor allowing the deposition of Mr. Chinn. Plaintiff Finjan accuses Cisco of willful infringement based on the relationship between the two companies over a significant period of time (2004-2014). ECF 55 (Second Amended Complaint), ¶¶ 46-53. Mr. Chinn played a major role at Finjan during that time period. He has been a director of Finjan since 2007, and from 2010 until 2014, he served as Finjan's CEO. Most significantly, for several years Mr. Chinn was not only Cisco's primary point of contact at Finjan, he was the only point of direct contact. In a deposition taken in another action, Mr. Chinn testified that he was a key participant to discussions with Cisco and had a "longstanding relationship with Cisco." *See* ECF 160 at 1. Because of Mr. Chinn's unique role, any other witness Finjan might designate concerning the relationship it had with Cisco during much of the alleged willfulness period would be able to provide only second-hand information. Accordingly, because Mr. Chinn has unique, first-hand information relevant to the issues in this case that cannot be obtained through less intrusive discovery methods, the Court will allow Cisco to depose Mr. Chinn.

Mr. Chinn must be made available for deposition in this district. Although Mr. Chinn

resides in Israel, Finjan chose to file suit in this district. The general rule is that the plaintiff must produce its witnesses in the district in which it filed the action. *Perdana Capital Inc. v. Chowdry*, No. C 09-1479 RS (JL), 2010 WL 11475933, at *3 (N.D. Cal. Sep. 2, 2010). Finjan has not demonstrated any reason to depart from the general rule in this case.

## II. CONCLUSION

For the reasons discussed above, Finjan must make Mr. Chinn available for deposition in this district. The deposition must be completed by the close of fact discovery on April 18, 2019.

**SO ORDERED.**

Dated: January 31, 2019

SUSAN VAN KEULEN
United States Magistrate Judge