UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC.,<br><br>　　　　Defendant. | Case No. 17-cv-00072-BLF (SVK)<br><br>**SECOND INTERIM ORDER ON JOINT DISCOVERY LETTER BRIEFS RE CISCO'S PRODUCTION OF CONVOYED/DERIVATIVE SALES INFORMATION**<br><br>**ORDER SETTING MARCH 15, 2019 HEARING**<br><br>Re: Dkt. No. 194, 201 |

Before the Court are the parties' joint discovery letter briefs regarding a dispute over whether Defendant Cisco Systems Inc. is required to produce documents and provide interrogatory responses related to convoyed/derivative sales in response to Plaintiff Finjan, Inc.'s discovery requests. ECF 194, 201. The Court held a hearing on March 7, 2019. At the hearing, the Court required the parties to engage in additional meet and confer following initial guidance from the Court. Based on consideration of the parties' submissions, arguments made at the hearing, the case file, and relevant law, the Court ORDERS as follows:

The parties appear to agree that, in appropriate cases, information about the accused infringer's sales of products or services sold with the accused products are relevant to the issue of damages. *See generally Georgia-Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Their dispute stems from whether Finjan properly disclosed that it would seek damages relating to such convoyed/derivative sales in the damages contentions Finjan served in accordance with this district's Patent Local Rules.

Patent Local Rule 3-8 requires each party asserting infringement to "[i]dentify each of the

category(-ies) of damages it is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category, including: (1) lost profits; (2) price erosion; (3) convoyed or collateral sales; (4) reasonable royalty; and (5) any other form of damages." "The requirements of L.R. 3-8 could not be more clear: identify the theories of recovery; identify the known facts that support the theories; do the math." *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-069250-LHK (SVK), 2017 WL 5525929, at *2 (N.D. Cal. Nov. 17, 2017). An important function of this District's damages contention requirement is to provide damages information "early enough in the course of fact discovery to inform the parties and the court on issues of relevance and proportionality," as well as to "create[] a potential opportunity for meaningful settlement discussions." *Id.* (citing The Sedona Conference *Commentary on Case Management of Patent Damages and Remedies Issues: Proposed Model Local Rule for Damages Contentions*, at p. 4 (April 2016, public comment version).

Finjan appears to concede that it did not expressly state in its damages contentions that it was seeking damages for "convoyed or collateral sales." But Finjan argues that Cisco was nevertheless on notice that Finjan would seek damages associated with convoyed/derivative sales.

The Court concludes that Finjan's existing damages contentions do not indicate that Finjan intends to seek damages for convoyed/derivative sales. Thus, the Court must consider whether to permit Finjan to amend its damages contentions to state that it is seeking recovery under a theory of convoyed or collateral sales. "[U]nlike the more rigorous disclosure requirements for infringement and invalidity contentions (*see* L.R. 3-1, L.R. 3-3), there is no 'good cause' threshold for amendment of damages contentions, nor is there even a requirement to amend the contentions." *See Twilio*, 2017 WL 5525929, at *2. However, the Court will consider prejudice to the Cisco in deciding whether to permit Finjan to amend its damages contentions at this stage of the litigation.

Discovery is still open in this case, but only barely, with a fact discovery cutoff of April 18, 2019. Given the impending fact discovery cutoff, there is prejudice to Cisco to now permit Finjan to add a new theory of convoyed/derivative sales as an independent category of damages. As the Court explained at the March 7, 2019 hearing, the prejudice to Cisco may be mitigated by

narrow, focused discovery requests relating to convoyed/derivate sales. The Court instructed the parties to meet and confer further regarding narrowing of Finjan's discovery requests.

The parties made some progress in meeting and conferring to narrow the scope of Finjan's discovery requests, as reflected in the parties' follow-up letter on March 11, 2019 (ECF 201). Three categories remain in dispute. As discussed below, the Court needs further information with regard to two categories and denies the third.

1. Cisco Umbrella: This appears to be a security product Cisco "upsold" with the accused technologies. In the parties' March 11 submission, Cisco discusses the technical and geographical differences between this group of products and the accused technologies and the fact that the revenue is managed by a different team than that of the accused technologies. However, this discussion does not address the burden on Cisco to locate and provide revenue and customer information to answer the question of whether customers who purchased the accused technologies also purchased Cisco Umbrella products in the period 2015 to present and to identify the revenues associated with those products.

2. Firepower Management Center: This also appears to be a product that Cisco "upsold" with the accused technologies. Cisco's discussion of the product's legacy and the location of product managers does not directly address the question of the relative burden on Cisco to identify customer and revenue information as to those customers who purchased accused technologies and these products in the relevant time frame.

3. Cisco Integration Services Router ("ISR"): The issue of production of customer information regarding ISRs was not raised by Finjan in the parties' joint letter of March 5, 2019 (ECF 194). Raising it now goes beyond the Court's directive to narrow requests to mitigate the prejudice arising from the late amendment to damages contentions. Accordingly, Finjan's request for additional information regarding ISR is DENIED.

////

////

The Court will hear further from the parties on the two open issues identified above on Friday, March 15, 2019 at 9:30 a.m. The parties may appear telephonically if they wish by making arrangements through Court Call at 1-866-582-6878.

**SO ORDERED.**

Dated: March 13, 2019

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge

4