UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> CISCO SYSTEMS INC., <br> Defendant. | Case No. 17-cv-00072-BLF (SVK) <br><br> **ORDER ON DISCOVERY LETTER BRIEFS** <br> Re: Dkt. Nos. 241, 242, 243 |

Now before the Court are three joint letters concerning discovery disputes in this case: (1) a dispute between Plaintiff Finjan, Inc. and third party RPX Corporation regarding whether RPX must respond to Finjan's document subpoena (ECF 241); (2) a dispute between Finjan, on the one hand, and Defendant Cisco Systems Inc. and third party Charles Giancarlo, on the other hand, regarding whether Finjan's deposition subpoena to Mr. Giancarlo should be quashed (ECF 242); and (3) a dispute between Finjan, on the one hand, and Cisco and third party Neal Rubin, on the other hand, regarding whether Finjan's deposition subpoena to Mr. Rubin should be quashed (ECF 243). At a telephonic status conference on May 1, 2019, the parties and counsel for RPX agreed that these motions could be decided on the papers, without a hearing. The Court finds the first of these two disputes, ECF 241 and 242, suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). The Court will defer ruling on the third dispute, ECF 243, until the hearing on other motions scheduled for June 6, 2019.

Based on consideration of the parties' submissions, the case file, and relevant law, the Court ORDERS as follows:

### **ECF 241: Finjan Subpoena to RPX**

On April 5, 2019, Finjan issued a subpoena to third party RPX requesting the production of documents on April 15, 2019. *See* ECF 241 at 2 n.1. Finjan subsequently amended the subpoena

to request production on April 18. *Id.* at 2. Before attempting service on RPX, Finjan served Cisco with a notice of the RPX subpoena on April 5, 2019. ECF 241.

Cisco's process server states that he attempted service on RPX four times between April 5 and 12, 2019. ECF 241-6. On April 5, 10, and 11, the process server spoke to the receptionist, who told him that there was no one available to accept service at that time. *Id.* On April 12, after receiving the name of RPX's registered agent from Finjan, the process server spoke to the security guard but was told that the registered agent no longer worked at RPX. *Id.* The security guard would not allow the process server to go to the RPX office to speak with someone in charge. *Id.* Following these attempts to personally serve RPX, Finjan sent the subpoena to RPX by both Federal Express and registered mail on April 15, 2019. ECF 241 at 2; ECF 241-3; ECF 241-4.

On April 17, 2019, RPX served objections to the subpoena, which included an objection to the fact that the subpoena was not personally served. ECF 241-2.

RPX now seeks to quash the subpoena for improper service and on other grounds. ECF 241 at 3-4. On the issue of service, Finjan argues that it was diligent in its efforts to personally serve RPX and thus service by other means was permitted. *Id.* at 2.

Federal Rule of Civil Procedure 45(b)(1) states that a subpoena under the rule "requires delivering a copy to the named person." "The majority of courts understand 'delivering' to require personal service of the subpoena." *Fujikuru Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). However, Finjan points out that courts sometimes permit service of a Rule 45 subpoena by other means where a subpoenaing party has failed to effect personal service despite diligent attempts. ECF 241 at 2 (citing *Chambers v. Whirlpool Corp.*, No. SA CV 11-1733, 2016 WL 9451361, at *2-3 (C.D. Cal. Aug. 12, 2016); *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-mc-80090-MEJ, 2015 WL 1844056, at *3-4 (N.D. Cal. Apr. 9, 2015)). A court in this district has explained that this view, although growing, remains the minority view. *Fujikuru,* 2015 WL 5782351, at *5. Moreover, in *Toni Brattin* and similar cases in this district, the subpoenaing party obtained court permission *before* effecting service by other means. Although the Central District of California in *Chambers* found that alternative service was sufficient, without requiring advance permission from the court for such

service, Finjan has not cited any cases from this district so holding.

If Finjan believed it was unable, despite reasonable diligence, to serve RPX personally, the proper course would have been for Finjan to seek advance permission from the Court to serve RPX by other means. *See Toni Brattin*, 2015 WL 1844056, at *3. Because Finjan did not seek or receive such permission, the Court hereby quashes the subpoena to RPX based on improper service under Rule 45(b)(1).

### ECF 242: Finjan Subpoena to Charles Giancarlo

On April 10, 2019, Finjan served a subpoena on third party Charles Giancarlo, Cisco's former Executive Vice President, Chief Technology and Development Officer, demanding that he appear for deposition five days later, on April 15, 2019. ECF 242. Finjan seeks Mr. Giancarlo's deposition because of his position at Cisco at the time Cisco invested in Finjan and because Mr. Giancarlo has allegedly made statements "about his view of smaller companies and investors who attempt to assert their patents." *Id.* at 3.

Mr. Giancarlo left Cisco twelve years ago. According to Cisco and Mr. Giancarlo, he has no recollection of Cisco making an investment in Finjan, and the accused products were not developed or acquired until five years after he left Cisco. *Id.* at 1.

The Court finds that Mr. Giancarlo's connection to the issues in this case is too attenuated to require his deposition, and Finjan's attempt to depose him is not proportional to the needs of this case. Fed. R. Civ. Proc. 26(b)(1). Finjan has not presented any evidence of Mr. Giancarlo's alleged statements that Finjan claims justify a deposition. Finjan's argument that "[i]t is unlikely that Mr. Giancarlo, given his former position at Cisco, has zero knowledge about Cisco's views on patent rights" (*id.* at 4) has at least two standards backwards. First, Finjan must demonstrate that Mr. Giancarlo has relevant information; it is not his obligation to prove otherwise. Second, "unlikely to have zero knowledge" is nowhere near the standard to compel a third party deposition.

The Court also finds that the subpoena to Mr. Giancarlo is procedurally defective because it was served only five days before the date of the deposition and did not allow a reasonable time to comply given Mr. Giancarlo's long absence from Cisco and his current job responsibilities as

Chairman and CEO of a Fortune 500 company. *See* Rule 45(d)(3)(A)(i).

Accordingly, the Court hereby quashes the subpoena to Mr. Giancarlo because it does not seek relevant evidence, is not proportional to the needs of the case, and did not allow a reasonable time to comply.

### ECF 243: Finjan Subpoena to Neal Rubin

Cisco and third party Neal Rubin argue that Finjan's deposition subpoena to Mr. Rubin should be quashed because it seeks testimony regarding Cisco-Finjan licensing discussions that are inadmissible under Rule 408 and the non-disclosure agreement ("NDA") between the parties.

Because issues regarding the parties' licensing discussions and NDA are also presented in Cisco's pending motion to strike Finjan's second supplemental objections and responses to Cisco's interrogatory number 10 (ECF 209), the Court defers a ruling on the discovery letter brief at ECF 243 until it considers the motion to strike at ECF 209. That motion is set for hearing on June 6, 2019.

### CONCLUSION

For the reasons discussed above:

1. Finjan's subpoena to RPX is QUASHED;
2. Finjan's subpoena to Charles Giancarlo is QUASHED; and
3. A ruling on the dispute concerning Finjan's subpoena to Neal Rubin is DEFERRED until the Court considers Cisco's motion to strike at ECF 209.

**SO ORDERED.**

Dated: May 3, 2019

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge