# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br>     Plaintiff, <br> v. <br> CISCO SYSTEMS INC., <br>     Defendant. | Case No. 17-cv-00072-BLF <br><br> **ORDER DENYING REMAINDER OF PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> [Re: ECF 292] |

Before the Court is Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF 274). Motion, ECF 292. Plaintiff's motion requests relief from three aspects of Magistrate Judge Susan van Keulen's order at ECF 274:

(1) Denial of Plaintiff's motion for leave to supplement its infringement contentions with (a) internal code names of software components and (b) a new infringement contention concerning Talos;

(2) Striking Plaintiff's supplemental interrogatory response to Cisco's Interrogatory No. 10; and

(3) Compelling Plaintiff to produce further documents relating to its subsidiary's relationship with IBM.

*See generally* Motion. The Court previously denied Plaintiff's motion with respect to issues (2) and (3) and requested an opposition brief from Defendant regarding issue (1). *See* ECF 293. Defendant has submitted its opposition brief, *see* Opp'n, ECF 300, and this matter is suitable for submission without oral argument, *see* ECF 293.

## I. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this

subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law."  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  This standard is highly deferential— the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

The remaining issue consists of two subparts: (a) Judge van Keulen's denial of Plaintiff's motion for leave to supplement its infringement contentions with internal code names of software components; and (b) Judge van Keulen's denial of Plaintiff's motion for leave to supplement its infringement contentions with a new contention concerning Talos.  *See* Motion at 1–3.  The Court addresses each subpart in turn.

### A. Request to Supplement with Internal Code Names of Software Components

During discovery, Plaintiff filed a motion for leave to supplement its infringement contentions with internal code names of software components.  *See* ECF 231 at 2.  Judge van Keulen denied this request based on her finding that "Finjan's showing of diligence [was] insufficient."  *See* van Keulen Order at 7, ECF 274.

Plaintiff argues that Judge van Keulen's order on this point should be reversed "because Finjan promptly notified Cisco of the internal code names accused of infringement and diligently sought to supplement its infringement contentions with this new information, as this Court indicated was appropriate in [*Finjan, Inc. v. Blue Coat Sys., LLC*, No. 15-cv-03295-BLF, 2017 U.S. Dist. LEXIS 220192, at *23 n.1 (N.D. Cal. July 28, 2017) ("*Blue Coat II*")].  *See* Motion at 2. Defendant counters that Judge van Keulen properly considered the relevant law, that *Blue Coat II* does not support Plaintiff's position, and that "[none] of the 'internal names' [were] new to Finjan."  *See* Opp'n at 1, ECF 300.

Having reviewed the parties' arguments with respect to the internal code names issue, the Court now better understands the controversy between the parties and concurs with Judge van

2

Keulen's determination that the issue is more complex than initially presented by Finjan. The Court would have expected Finjan to present a list of newly identified internal code names to be swapped out for less precise designations in the infringement contentions. Having been advised of this deficiency by Judge van Keulen, Finjan has done nothing to persuade this Court that the true effect of its request is as benign as suggested in the moving papers. Thus, the Court finds no "clear error" in Judge van Keulen's factual determinations and does not find that Judge van Keulen's legal conclusions are "contrary to law." *See Perry*, 268 F.R.D. at 348. The Court will not substitute its judgment for the considered judgment of Judge van Keulen. *See Grimes*, 951 F.2d at 241. Accordingly, Plaintiff's motion for relief from the portion of Judge van Keulen's order denying Plaintiff's motion for leave to supplement its infringement contentions with internal code names of software components is DENIED.

### B. Request to Supplement with New Contention concerning Talos

During discovery, Plaintiff also sought to supplement its infringement contentions with a new infringement contention that Talos, by itself, infringed certain patents-in-suit. *See* ECF 231 at 5. In her order denying this request, Judge van Keulen noted Finjan's admission "that its 'standalone Talos' contention is a new theory" and ruled that "[i]t is too late for Finjan to add this new theory to its infringement contentions." *See* van Keulen Order at 8. Judge van Keulen considered Finjan's argument "that Cisco misrepresented the nature of Talos" but found that "a review of the proffered evidence on this point is not persuasive." *See id.* at 8. Judge van Keulen explained that "[the] evidence, including produced documents and deposition testimony, indicates that enough of Talos's functionality was revealed to Finjan to enable it to seek discovery on these issues earlier" and that "Finjan's showing of diligence [was] insufficient given the significance of its proposed amendment/supplementation." *See id.*

In the instant motion, Plaintiff argues that Judge van Keulen's order on this point should be reversed "because Finjan promptly sought leave to add [Talos as a new infringement contention] upon learning that Talos included infringing software . . . . [and] was [not merely] a group of people." *See* Motion at 2. Finjan contends it only learned in February 2019 that Talos included software "when it took the deposition of Talos' head of engineering, who testified that Talos

3

actually included software that performed analysis of malicious code." *See* Motion at 2; *see also* 2/19/2019 Watchinski Depo. at 44:15–19, Ex. 5 to Hannah Decl., ECF 258-14. Defendant counters that its counsel's statements at an October 2017 hearing before Judge van Keulen "are near-verbatim" to portions of the 2/19/2019 Watchinski testimony that supposedly revealed to Plaintiff for the first time that Talos included software. *See* Opp'n at 2–3; *see also* 10/10/2017 Hearing Tr. at 8:4–25, Ex. 8 to Hannah Decl., ECF 258-20; 2/19/2019 Watchinski Depo. at 26:6–23. Defendant also contends that "Finjan made this same [misrepresentation] allegation to Judge van Keulen . . . [which] Judge van Keulen flatly rejected." *See* Opp'n at 2 (citing van Keulen Order at 8).

Having reviewed the parties' arguments with respect to Plaintiff's "Talos only" theory, the Court finds no "clear error" in Judge van Keulen's factual determinations and does not find that Judge van Keulen's legal conclusions are "contrary to law." *See Perry*, 268 F.R.D. at 348. Judge van Keulen considered the same arguments now before the Court and—relying on multiple citations to the record—explained that "[t]he nature and characteristics of Talos have long been the subject of discovery and argument between the[] parties." *See* van Keulen Order at 8. Judge van Keulen considered the evidence and record and ruled that "enough of Talos's functionality was revealed to Finjan to enable it to seek discovery on these issues earlier." *See id.* at 8. Thus, the Court will not substitute its judgment for the reasoned judgment of Judge van Keulen. *See Grimes*, 951 F.2d at 241. Accordingly, Plaintiff's motion for relief from the portion of Judge van Keulen's order denying Plaintiff's motion for leave to supplement its infringement contentions with a "Talos only" theory is DENIED.

**III. ORDER**

For the foregoing reasons, the remainder of Plaintiff's motion for relief from nondispositive pretrial order of magistrate judge is DENIED.

**IT IS SO ORDERED.**

Dated: July 17, 2019

_____
BETH LABSON FREEMAN
United States District Judge

4