**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., a California Corporation, <br><br> Defendant. | Case No.: 5:17-cv-00072-BLF-SVK <br><br> **CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Judge:  Hon. Beth Labson Freeman <br> Courtroom:  3, 5th Floor |

## I. INTRODUCTION

Pursuant to Civil L.R. 7-11 and 79-5, this Court's Standing Civil Order Re: Civil Cases, and the Parties Stipulated Protective Order (Dkt. 97), Defendant Cisco Systems, Inc. ("Cisco") hereby moves the Court for leave to file under seal, pursuant to Civil L.R. 79-5(d), the items identified in the table below:

| ECF or Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
|  | Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi ("Cisco's Motion"). | Highlighted portions at pg. 1 at lines 25-27; pg. 2 at lines 1-6; pg. 2 at lines 18-21; pg. 3 at lines 11-12; pg. 3 at lines 19-20; pg. 3 at lines 22-23; pg. 3 at line 25; pg. 4 at line 1; pg. 4 at lines 3-4; pg. 4 at lines 6-11; pg. 4 at line 14; pg. 4 at lines 17-24; pg. 5 at lines 1-9; pg. 5 at lines 11-24; pg. 7 at line 1; pg. 7 at line 9; pg. 7 at lines 13-16; pg. 7 at lines 18-23; pg. 7 at line 28; pg. 8 at lines 1-6; pg. 8 at line 8; pg. 8 at lines 12-15; pg. 8 at line 17; pg. 8 at lines 22-23; pg. 8 at lines 26-27; pg. 9 at lines 10-13; pg. 9 at line 24; pg. 10 at lines 9-11. | Contains summaries of and quotations from documents designated in their entirety by Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. See Declaration of D. Stuart Bartow ("Bartow Decl") at at pgs. 1-2, ¶ 3. Contains confidential information pursuant to the Protective Order entered in this action. If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals Cisco's confidential business and financial information related to the accused products. *Id.* |

| ECF or Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Ex. B | Exhibit B to the Declaration of Jennifer H. Forte in Support of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi | Entire document | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. See Bartow Decl at pg. 2, ¶ 3. In addition, this document contains Cisco confidential information pursuant to the Protective Order entered in this action. If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals Cisco's confidential sales and financial information and confidential deposition testimony related to same. *Id.* |
| Ex. C | Exhibit C to the Declaration of Jennifer H. Forte in Support of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi | Highlighted portions at pg. 6, at lines 25-27 | This information is of unknown origin and has not been published. It potentially reflects or may lead to the disclosure of Cisco's confidential information. |
| Ex. D | Exhibit D to the Declaration of Jennifer H. Forte in Support of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of | Entire document | This document was designated in its entirety by Finjan, Inc. as "HIGHLY CONFIDENTIAL – ATTORNEYS' |

| ECF or Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi | | EYES ONLY" pursuant to the terms of the Stipulated Protective Order. See Bartow Decl at pgs. 2-3, ¶ 3. |
| Ex. E | Exhibit E to the Declaration of Jennifer H. Forte in Support of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi | Entire document | This document was designated in its entirety by Finjan, Inc. as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. See Bartow Decl at pg. 3, ¶ 3. |
| Ex. G | Exhibit G to the Declaration of Jennifer H. Forte in Support of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi | Entire document | This document was designated in its entirety by Finjan, Inc. as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. See Bartow Decl at pg. 3, ¶ 3.<br><br>In addition, this document contains Cisco confidential information pursuant to the Protective Order entered in this action. If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals certain details related to Cisco's proprietary source code. *Id.* |

| ECF or Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Ex. H | Exhibit H to the Declaration of Jennifer H. Forte in Support of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi | Entire document | This document includes summaries of and substantive responses to information contained in a document designated in its entirety by Finjan, Inc. as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. See Bartow Decl at pgs. 3-4, ¶ 3.<br><br>In addition, this document contains Cisco confidential information pursuant to the Protective Order entered in this action. If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals confidential information related to the sale of Cisco's products. *Id.* |
| Ex. I | Exhibit I to the Declaration of Jennifer H. Forte in Support of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi | Entire document | This document includes summaries of and substantive responses to information contained in a document designated in its entirety by Finjan, Inc. as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" |

| ECF or Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | | | pursuant to the terms of the Stipulated Protective Order. See Bartow Decl at pgs. 4-5, ¶ 3.<br><br>In addition, this document contains Cisco confidential information pursuant to the Protective Order entered in this action. If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals confidential information related to the sale of Cisco's products. *Id.* |

## II.  ARGUMENT

### A.  Legal Standard

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  However, records attached to non-dispositive motions, such is the case here, are not subject to the strong presumption of access. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16, 2015) (internal citation omitted). Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of the Federal Rules of Civil Procedure Rule 26(c). *Id*. (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); see Fed.

R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Sealing is appropriate where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id*.

**B.   Cisco's Administrative Motion to Seal Is Supported By Good Cause and Is Narrowly Tailored**

As noted in the table above, Cisco seeks to seal select portions of Cisco Systems, Inc.'s Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi ("Cisco's Motion "), pg. 1 at lines 25-27; pg. 2 at lines 1-6; pg. 2 at lines 18-21; pg. 3 at lines 11-12; pg. 3 at lines 19-20; pg. 3 at lines 22-23; pg. 3 at line 25; pg. 4 at line 1; pg. 4 at lines 3-4; pg. 4 at lines 6-11; pg. 4 at line 14; pg. 4 at lines 17-24; pg. 5 at lines 1-9; pg. 5 at lines 11-24; pg. 7 at line 1; pg. 7 at line 9; pg. 7 at lines 13-16; pg. 7 at lines 18-23; pg. 7 at line 28; pg. 8 at lines 1-6; pg. 8 at line 8; pg. 8 at lines 12-15; pg. 8 at line 17; pg. 8 at lines 22-23; pg. 8 at lines 26-27; pg. 9 at lines 10-13; pg. 9 at line 24; pg. 10 at lines 9-11, select portions of Exhibit C, and the entirety of Exhibits B, and D-I to the Declaration of Jennifer H. Forte In Support of Cisco's Motion.

These select portions quote from materials that where either designated in their entirety by Plaintiff Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or reflect information from which confidential and proprietary financial information of Cisco could be ascertained.  *See* Declaration of D. Stuart Bartow in Support of Administrative Motion to File Documents Under Seal ("Bartow Declaration"), ¶¶ 3-4.  Public disclosure of this information could cause irreparable harm.  S*ee also Andrx Pharms., LLC v. GlaxoSmithKline*, 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the disclosure of scientific information."); *Network Appliance, Inc. v. Sun Microsys. Inc.*, 2010 WL 841274, at *5 (N.D. Cal. Mar. 10, 2010) (granting application to seal "information regarding NetApp's internal usability testing of its software").

Cisco's administrative motion is narrowly tailored and only seeks to seal the select portions of Cisco's Motion and associated exhibits that materials that where either designated in their entirety by Plaintiff Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or reflect information from which confidential and proprietary financial information of Cisco could be ascertained. *See Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, *2 (N.D. Cal. Mar. 14, 2012) (finding sealing appropriate where "[t]he proposed redactions contain[ed] . . . confidential product development information, the disclosure of which could harm [the defendant's] competitive advantage in the marketplace.").

### III.   CONCLUSION

For these reasons, Cisco respectfully requests that the Court grant its Administrative Motion to Seal.

Dated:  August 21, 2019                                                    Respectfully submitted,

*/s/ D. Stuart Bartow*
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email:  wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email:  mcgaudet@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email:  dcdotson@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email:  jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000

Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

DM2\10378530.1