UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC.,<br><br>    Defendant. | Case No. 17-cv-00072-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEAL AT ECF 315**<br><br>[Re: ECF 315] |

Before the Court is Defendant's administrative motion to file under seal portions of the briefing and exhibits submitted in connection with Defendant's Motion to Strike Plaintiff's Expert Reports on Infringement (ECF 312). ECF 315. For the reasons that follow, the motion to seal is GRANTED.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Defendant's sealing motion and the declaration of the designating party submitted in support thereof. The Court finds that Defendant has articulated compelling reasons to seal certain portions of the requested documents. The proposed redactions are narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 315-4 | Cisco Systems, Inc.'s Motion to Strike Finjan's Expert Reports on Infringement in View of the Orders Dated June 11, 2019 and July 7, 2019 ("Cisco's Motion "). | GRANTED as to the highlighted portions at pg. 1, at line 13; pg. 2, at lines 22-23; pg. 2, at line 25, pg. 3, at line 9, pg. 3 at lines 17-21; pg. 4 at line 5-7; pg. 6 at line 6-12; pg. 8 at lines 1-2; pg. 10 at lines 7; pg. 10 at lines 10-11; and pg. 10 at lines 14-15. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5, ECF 315-1. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |

2

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 315-8 | Portions of Exhibit B to the Declaration of Jarrad M. Gunther In Support of Cisco's Motion. | GRANTED as to the highlighted portions at pgs. 1-2. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 315-10 | Portions of Exhibit C to the Declaration of 315-Jarrad M. Gunther In Support of Cisco's Motion. | GRANTED as to the highlighted portions at pg. 1. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 315-12 | Exhibit D to the Declaration of Jarrad M. Gunther In Support of Cisco's Motion. (Excerpts of the February 19, 2019 Deposition Transcript of Matthew Watchinski – designated Highly Confidential – Attorneys Eyes Only) | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 315-14 | Exhibit E to the Declaration of Jarrad M. Gunther In Support of Cisco's Motion. (Excerpts of the Expert Report of Eric Cole, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent Nos. 6,154,844 and 8,677,494 – designated | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Highly Confidential – Attorneys Eyes Only) | | |
| 316-1 | Exhibit F to the Declaration of Jarrad M. Gunther In Support of Cisco's Motion, in its entirety. (Excerpts of the Expert Report of Nenad Medvidovic, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent No. 7,647,633 – designated Highly Confidential – Attorneys Eyes Only) | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 315-16 | Exhibit G to the Declaration of Jarrad M. Gunther In Support of Cisco's Motion, in its entirety. (Excerpts of the Expert Report of Michael Mitzenmacher, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent Nos. 6,804,780 and 8,141,154 – designated Highly Confidential – Attorneys Eyes Only) | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 315-18 | Exhibit H to the Declaration of Jarrad M. Gunther In Support of Cisco's Motion, in its entirety. (Appendix D1– designated Highly Confidential – Attorneys Eyes Only) | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 315-20 | Exhibit I to the Declaration of Jarrad M. Gunther In Support | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | of Cisco's Motion, in its entirety. (Appendix D1 Supplement– designated Highly Confidential – Attorneys Eyes Only) | | competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 3–5. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to seal at ECF 315. No further action is necessary.

**IT IS SO ORDERED.**

Dated: September 3, 2019

_____
BETH LABSON FREEMAN
United States District Judge