UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>       v.<br><br>CISCO SYSTEMS INC.,<br><br>        Defendant. | Case No. 17-cv-00072-BLF   (SVK)<br><br>**ORDER ON JOINT DISCOVERY LETTER BRIEF RE EXPERT DEPOSITIONS OF DRS. MITZENMACHER, JAEGER, AND ORSO**<br><br>Re: Dkt. No. 350 |

Before the Court is the parties' joint discovery letter brief regarding disputes that have arisen in connection with Defendant Cisco Systems, Inc.'s depositions of certain expert witnesses for Plaintiff Finjan, Inc. Dkt. 350. Specifically, the parties disagree about (1) whether Cisco may have more than one attorney ask questions at the depositions of Drs. Mitzenmacher, Jaeger, and Orso; (2) whether Finjan must make Dr. Mitzenmacher available to continue his deposition following Finjan's termination of the deposition before the seven-hour limit was reached; and (3) whether Finjan should be ordered to pay Cisco's costs and fees associated with the discovery letter and the continued deposition of Dr. Mitzenmacher. *Id.* Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. For the reasons discussed below, the Court orders that (1) only one attorney for Cisco shall conduct the deposition of each Finjan expert, unless the parties agree otherwise; (2) Finjan shall make Dr. Mitzenmacher available to continue his deposition by the same Cisco attorney who questioned him at his initial deposition until the time limit of seven hours is reached; and (3) Cisco's request for sanctions is denied.

**1. Deposition questioning by more than one attorney**

Cisco argues that it should be permitted to have two attorneys ask questions at the depositions of Drs. Mitzenmacher, Jaeger, and Orso. The parties' submission indicates that Dr. Mitzenmacher prepared a 2,000-page expert report (not including exhibits) concerning

infringement of the '780 and '154 patents, and Drs. Jaeger and Orso prepared expert reports on validity. Cisco claims that the '780 and '154 patents are unrelated, and Cisco had different attorneys handle those patents and different experts address the patents in rebuttal reports. According to Cisco, it is "not aware of any case law or rule preventing questioning by two attorneys under this circumstance, nor is there a prohibition in any standing Order applicable to this case." Dkt. 350 at 2. Cisco notes that Finjan agreed to allow Cisco to have two attorneys question a different expert, Dr. Medvidovic.

Finjan argues that it is customary in this District for judges to require a single attorney to question a witness at trial. According to Finjan, the parties have followed that procedure in 45 depositions taken in this case. Finjan notes that Cisco did not inform Finjan of the plan to have two Cisco attorneys question Dr. Mitzenmacher until 6:50 p.m. on the night before the deposition, even though Cisco had Dr. Mitzenmacher's expert report for more than a month before the deposition. Finjan also disagrees with Cisco's contention that the circumstances here warrant using two attorneys at deposition. The parties stipulated to a single deposition on each issue, such as infringement and validity. Finjan also argues that Cisco is being inconsistent because Cisco used a single attorney to question Dr .Cole, an expert who opined on infringement of two different patents in a 1,700 page report, where the patents were related, but wants to have multiple attorneys question Dr. Jaeger, whose validity opinion relates to three related patents. Finjan argues that it permitted Cisco to have two attorneys question the other expert discussed in Cisco's portion of the brief, Dr. Medvidovic, because he had submitted a report that covered two issues: (1) a tutorial on all Asserted Patents, and (2) an opinion regarding infringement of the '633 patent.

Having considered the parties' arguments, the Court will not permit two Cisco attorneys to question Drs. Mitzenmacher, Jaeger, and Orso absent agreement of the parties. Although Cisco is correct that there is no written rule categorically prohibiting deposition questioning by more than one attorney, it is the typical practice in this District for only one attorney to question a witness at deposition. The parties both at least tacitly acknowledge this practice and appear to have followed it, with the exception of Finjan's agreement to permit Dr. Medvidovic to be questioned by two Cisco attorneys. Circumstances may warrant allowing more than one attorney to ask questions at a deposition, such as where the witness is being deposed on clearly distinct claims. *See, e.g.,*

*Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (holding that it was "not a per se abuse" to have two attorneys question a fact witness being deposed in connection with both state and federal actions). However, the distinction between issues is not so clear in this case, or in patent cases in general, and a rule that multi-attorney questioning is permitted on "unrelated" patents is likely to instigate more disputes than it resolves.

Furthermore, Cisco apparently did not inform Finjan of its intention to have more than one attorney question Dr. Mitzenmacher until the night before the deposition. This strategy led to the suspension of Dr. Mitzenmacher's deposition and the filing of the discovery brief now before the Court. The far better approach is for parties who believe that a case warrants departure from the general practice of single-attorney questioning to discuss that issue during the Rule 16 or Rule 26 conferences and, if necessary, raise the issue with the Court sufficiently in advance of the deposition to permit for an orderly resolution of the issue. *See generally* Fed. R. Civ. P. 16(c)(2)(L) (identifying as an appropriate topic for any pretrial conference "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems"); Fed. R. Civ. P. 26(f) (requiring parties to confer on a proposed discovery plan); Standing Order for All Judges of the Northern District of California re Contents of Joint Case Management Statement (requiring parties to include in their joint case management statement "any proposed limitations or modifications of the discovery rules," "a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)," and "any identified discovery disputes.").

In light of the facts and circumstances of this case, the Court will not permit Cisco to have more than one attorney question Drs. Mitzenmacher, Jaeger, and Orso at deposition absent an agreement by the parties.

**2. Continued deposition of Dr. Mitzenmacher**

Dr. Mitzenmacher had been deposed for under seven hours when Finjan terminated the deposition in light of the dispute over whether a second Cisco attorney would be permitted to question him. The Court denies Finjan's request to forego the continued deposition of Dr. Mitzenmacher. Finjan must make Dr. Mitzenmacher available before the close of expert discovery to complete his deposition by the Cisco attorney who conducted the initial deposition

for whatever portion of the seven-hour limit remains.

### 3. Request for sanctions

Cisco requests that the Court exercise its authority under Rule 37 and its inherent power to sanction Finjan by ordering it to pay the fees and costs incurred in connection with this discovery letter brief and the continued deposition of Dr. Mitzenmacher. In light of the Court's ruling and considering the other facts and circumstances giving rise to the current dispute, the request for sanctions is denied.

**SO ORDERED.**

Dated: September 9, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge