**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS INC.,<br><br>　　　　Defendant. | Case No. 17-cv-00072-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL AT ECF 322**<br><br>[RE: ECF 322] |

Before the Court is Plaintiff's administrative motion to file under seal portions of the briefing and exhibits submitted in connection with Plaintiff's Opposition to Motion to Strike Finjan's Expert Reports on Infringement (ECF 323). ECF 322. For the reasons that follow, the motion to seal is GRANTED.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79. Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-

5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Plaintiff's sealing motion and the declaration of the designating party submitted in support thereof. The Court finds that Plaintiff and the designating party have articulated compelling reasons to seal certain portions of the requested documents. The proposed redactions are narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below.

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 322-48 | Plaintiff Finjan, Inc.'s Opposition to Defendant Cisco Systems, Inc.'s Motion to Strike Finjan's Expert Reports on Infringement | GRANTED as to the highlighted portions at page 3, lines 26-27; page 4, lines 1-3; page 5, lines 12-13, 14-15, 16, 20, 22, 23; page 6, lines 1, 5, 6-7, 20-22; page 8, lines 9-10, 16-18, 18-19, 21-23; page 9, | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | lines 4-6, 7-8, 9-15, 16-17 | |
| 322-4 Exh. 1 | Chart listing the terms identified in Cisco's Motion to Strike Finjan's Expert Reports on Infringement in View of the Orders dated June 11, 2019, and July 7, 2019, identifying where the relevant functionalities were disclosed in Finjan's infringement contentions, and identifying where and how the same functionality is disclosed in the respective expert reports. *See* Kobialka Decl., ¶ 2, ECF 323-2. | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-6 Exh. 2 | March 15, 2019 Letter from counsel for Finjan, James Hannah, to counsel for Cisco, Jarrad Gunther | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-8 Exh. 2A | Excerpts of Deposition Transcript of Matthew Watchinski | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-10 | Excerpts of Deposition | GRANTED as | If filed publicly, this |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| Exh. 2B | Transcript of Craig Brozefsky | to the entire document. | confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-12 Exh. 2C | Excerpts of Deposition Transcript of Alfred Huger | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-14 Exh. 2D | Excerpts of Deposition Transcript of Jacob Valentic | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-16 Exh. 3 | March 29, 2019 Letter from counsel for Finjan, James Hannah, to counsel for Cisco, Jarrad Gunther | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, |

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| | | | ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-18<br><br>Exh. 3A | Excerpts of Deposition Transcript of Charles Buck | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-20<br><br>Exh. 3B | Excerpts of Deposition Transcript of Surya Allena | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-22<br><br>Exh. 3C | Excerpts of Deposition Transcript of Dean De Beer | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-24 | Excerpts of Deposition Transcript of Matthew | GRANTED as to the entire | If filed publicly, this confidential information could |

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| Exh. 3D | Donnan | document. | be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-26 Exh. 4 | April 18, 2019 Letter from counsel for Finjan, James Hannah, to counsel for Cisco, Jarrad Gunther | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-28 Exh. 4A | Excerpts of Deposition Transcript of Philip Kwok | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-30 Exh. 4B | Excerpts of Deposition Transcript of Srinivas Kuruganti | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | | Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-32 Exh. 4C | Technical document marked as Ex. 7 to the Deposition Transcript of Philip Kwok, bates-labeled CISCO-FINJAN_00000346.0001-19 | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-34 Exh. 4D | Technical document bates-labeled CISCO-FINJAN_00132230.0001-94 | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-36 Exh. 4E | Presentation bates-labeled CISCO-FINJAN_00000080.0001-48 | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-38 Exh. 5 | Expert Report of Eric Cole Ph.D., Regarding Infringement by Cisco | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's |

7

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | Systems, Inc. of Patent Nos. 6,154,844 and 8,677,494 | | disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-40 Exh. 6 | Expert Report of Michael Mitzenmacher, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent Nos. 6,804,780 and 8,141,154 | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-42 Exh. 7 | Expert Report of Nenad Medvidovic, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent No. 7,647,633 | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-44 Exh. 9 | Rebuttal Expert Report of Dr. Kevin Almeroth on Non-Infringement of U.S. Patent Nos. 6,154,844 and 8,141,154 | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | | this confidential information to map proprietary features of Cisco's products. *Id.* |
| 322-46 Exh. 10 | Rebuttal Expert Report of Dr. Patrick McDaniel Regarding the Non-Infringement of the '494 and '780 Patents | GRANTED as to the entire document. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals the identification, organization, and/or operation of Cisco's proprietary products. Bartow Decl. ¶¶ 2-4, ECF 344. In particular, Cisco's competitors could use this confidential information to map proprietary features of Cisco's products. *Id.* |

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion to seal at ECF 322. No further action is necessary.

**IT IS SO ORDERED.**

Dated: September 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge