United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br>　　　　Plaintiff,<br>　　v.<br>CISCO SYSTEMS INC.,<br>　　　　Defendant. | Case No. 17-cv-00072-BLF<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL AT ECF 329**<br><br>[RE: ECF 329] |

Before the Court is Defendant's administrative motion to file under seal portions of the briefing and exhibits submitted in connection with Defendant's Reply in Support of Its Motion to Strike Finjan's Expert Reports on Infringement (332). ECF 329. For the reasons that follow, the motion to seal is GRANTED.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79. Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-

5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Defendant's sealing motion and the declaration of the designating party submitted in support thereof. The Court finds that Defendant articulated compelling reasons to seal certain portions of the requested documents. The proposed redactions are narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 329-4 (Corrected at ECF 334) | Cisco Systems, Inc.'s Reply in Support of Its Motion to Strike Finjan's Expert Reports on Infringement in View of the Orders Dated June 11, 2019 and July 7, 2019. | GRANTED as to the highlighted portions at page 4, lines 11-14, 18-19, 27-28; page 5, lines 7-8. | If filed publicly, this confidential information could be used to Cisco's disadvantage by competitors, as it reveals Cisco's confidential business information, including structure and operation of the accused products. *See* Bartow Decl. ¶¶ 2-5, ECF 329-1. |
| 329-7 | Exhibit 1 to the Declaration of David C. Dotson (ECF 329-5) in Support of Cisco Systems, Inc.'s | GRANTED as to the entire document. | This document contains Cisco confidential |

2

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | Reply in Support of Its Motion to Strike Finjan's Expert Reports on Infringement in View of the Orders Dated June 11, 2019 and July 7, 2019. | | information regarding structure and operation of the accused products. *See* Bartow Decl. ¶¶ 2-5, ECF 329-1. |
| 329-9 | Exhibit 2 to the Declaration of David C. Dotson (332-1) in Support of Cisco Systems, Inc.'s Reply in Support of Its Motion to Strike Finjan's Expert Reports on Infringement in View of the Orders Dated June 11, 2019 and July 7, 2019. | GRANTED as to the entire document. | This document contains Cisco confidential information regarding structure and operation of the accused products. *See* Bartow Decl. ¶¶ 2-5, ECF 329-1. |

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to seal at ECF 329. No further action is necessary.

**IT IS SO ORDERED.**

Dated: September 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge