UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC.,<br><br>    Defendant. | Case No. 17-cv-00072-BLF<br><br>**ORDER ON MOTIONS RE EXPERT REPORTS**<br><br>[Re: ECF 312; 319; 326; 365; 368] |

Plaintiff Finjan, Inc. ("Finjan") brings this patent infringement lawsuit against Defendant Cisco Systems, Inc. ("Cisco"), alleging infringement of five of Finjan's patents directed to computer and network security. Before the Court are the following five motions regarding various disputes related to expert reports:

(1) Cisco's Motion to Strike Finjan's Expert Reports on Infringement in View of the Orders Dated June 11, 2019 and July 17, 2019. ECF 312.

(2) Finjan's Motion to Strike Invalidity Theories from Expert Reports of Drs. Almeroth, Prakash, and McDaniel. ECF 319.

(3) Cisco's Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi. ECF 326.

(4) Finjan's Motion to Strike Cisco's Supplemental Expert Report of Dr. Sylvia Hall-Ellis. ECF 365.

(5) Finjan's Administrative Motion for Leave to File Supplemental Material in Support of Finjan's Opposition to Cisco's Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi and Response to New material and Argument in Cisco's Reply. ECF 368.

The Court held a hearing on September 18, 2019 in connection with Finjan's Motion to Strike Invalidity Theories (ECF 319). Having reviewed the parties' briefing, the Court concludes that all motions are appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearings set for November 21, 2019 and January 23, 2020 are VACATED. The Court addresses each motion in turn.

## I. CISCO'S MOTION TO STRIKE FINJAN'S EXPERT REPORTS ON INFRINGEMENT (ECF 312)

Cisco moves to strike portions of Finjan's expert reports on infringement. Mot. ECF 312. Specifically, Cisco seeks an order from this Court "striking from Finjan's expert reports any reliance on the services, technologies, and modules for which it was denied leave to amend [infringement contentions]." *Id.* at 2.

### A. Background

On April 18, 2019, Finjan moved to supplement (or amend) its infringement contentions pursuant to Local Patent Rule 3-6. ECF 231. On June 11, 2019, Magistrate Judge van Keulen denied Finjan's motion and rejected its assertion that it was simply adding the names of particular components to its previous contentions regarding the associated functionality. ECF 274 ("SVK Order") at 6-7. Judge van Keulen explained that "Finjan's proposed amendments to identify components are significantly more complex and prejudicial than Finjan has portrayed them"— evidenced by the fact that "Finjan did not present its proposed amendments in the form of a redlined version of its existing Infringement Contentions, but instead as an entirely new, separate document." *Id.* at 7.

Finjan sought relief from the SVK Order (again, without attaching a redlined version of its contentions), which this Court denied on July 17, 2019. ECF 304 ("BLF Order") at 3-4. The Court noted that it "would have expected Finjan to present a list of newly identified internal code names to be swapped out for less precise designations in the infringement contentions" and concluded that "Finjan has done nothing to persuade this Court that the true effect of its request is as benign as suggested in the moving papers." *Id.* at 3.

Finjan has since served "three infringement reports totaling 6,629 pages" on infringement.

Mot. at 1. Cisco filed the present motion arguing that Finjan's expert reports "are replete with material that Finjan was not permitted to add into the case" pursuant to the SVK and BLF Orders. *Id.* at 3.

B. **Discussion**

i. **Internal Code Names of Software Components**

Cisco argues that that Finjan's 6,629 expert reports on infringement read as though the SVK and BLF Orders never issued and contain thousands of instances of internal names of software components, which Finjan sought (but failed) to add to its infringement contentions. Mot. at 3. Finjan does not dispute that its expert reports include the terms subject to the SVK and BLF Orders, but instead argues that "Cisco's reliance on the SVK and BLF Orders is misplaced" because neither Order "made reference to experts or expert reports, and they did not forbid Finjan from using information learned in discovery to support its existing infringement allegations." Opp'n at 4, ECF 323.

Finjan's argument is meritless. It is well settled that "[e]xpert reports may not introduce theories not set forth in contentions." *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 946 (N.D. Cal. 2018) (citing *Golden Bridge Tech. Inc. v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014)). "Given the purpose behind the patent local rules' disclosure requirements, a party may not use an expert report to introduce new infringement theories [or] new infringing instrumentalities… not disclosed in the parties' infringement contentions …." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *3 (N.D. Cal. Aug. 20, 2014) (citation omitted). Finjan was, of course, prohibited from including in its expert reports the theories it sought but failed to add to its infringement contentions by the SVK and BLF Orders.

Finjan's main argument is that its expert reports identify "Cisco's confidential, internal terms used to describe the accused functionality at issue in its products" and therefore, Finjan could not have identified them when it served its last set of infringement contentions. Opp'n at 4. This issue is certainly common in patent infringement cases and is anticipated by Patent Local Rules, setting out the procedures for amending infringement contentions. *See* Patent L.R. 3-6 ("Amendment of

the Infringement Contentions … may be made only by order of the Court upon a timely showing of good cause" such as "[r]ecent discovery of material[.]"). Thus, as Finjan recognized, its argument was more properly raised in a motion for leave to amend infringement contentions—not after expert reports are served. The problem for Finjan is that it has tried and failed *twice* to amend its infringement contentions to add these component names. *See* SVK Order at 7; BLF Order at 2-3. Finjan failed to carry its burden of showing diligence and lack of prejudice. *See Apple Inc. v. Samsung Elecs. Co.*, No. CF 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) ("The good cause inquiry" considers (1) whether the party seeking leave to amend acted with diligence and (2) whether there would be undue prejudice to the non-moving party). The Court declines to give Finjan a third bite at this apple.

Next, Finjan argues that Cisco's motion lacks "any analysis" and "is premised on a superficial word comparison, which has no bearing on whether there are actually new claims in the expert reports." Opp'n at 4. For its part, and "[f]or the Court's reference," Finjan attaches a 133-page document "mapp[ing] each of the 'terms' Cisco complains about from Finjan's infringement reports to Finjan's infringement contentions." *Id.;* ECF 322-4 ("Exhibit 1"). Cisco responds that Finjan "tries to re-litigate that issue by attaching a 100-page exhibit to its brief" and declines to "take the bait to now dive into that 100-page exhibit as part of its 5-page reply[.]" Reply at 1, ECF 332. The Court sympathizes with Cisco's position and similarly declines to analyze Finjan's lengthy exhibit term by term. If nothing else, the length of Finjan's Exhibit 1 further confirms Judge van Keulen's assessment that "Finjan's proposed amendments to identify components are significantly more complex and prejudicial than Finjan has portrayed them." SVK Order at 7.

It was ***Finjan's burden*** to demonstrate (in its motion for leave to amend infringement contentions) that "each of these internal and confidential component names were used to identify with greater specificity components and functionalities already accused of infringement in Finjan's Infringement Contentions[.]" *See* Opp'n at 4. Finjan failed to do so *twice* and does not get to try its hand ***for the third time*** by referencing its lengthy Exhibit 1—to which Cisco has no meaningful way of responding.

Finally, Finjan asserts that "[i]t would be unfair and contrary to precedent to require that all

4

internal component names and all evidence and proof of infringement be included in Infringement Contentions." Opp'n at 7. Be that as it may, Finjan "may not use an expert report to introduce new infringement theories [or] new infringing instrumentalities" and therefore is required to persuade the Court that the additional internal code names and components are "the identification of additional evidentiary proof" and not "new theories" of infringement. *See Finjan, Inc. v. Symantec Corp.*, No. 14CV02998HSGJSC, 2018 WL 620169, at *2 (N.D. Cal. Jan. 30, 2018). Finjan had two opportunities to do so but missed those opportunities because it failed to provide a redline (or a list) identifying the code names and the corresponding accused products. As Judge van Keulen explained, "[s]imply put, without a redline, the Court is unable to determine that Finjan's proposed amendments are limited to clarifying the existing contentions rather than expanding them." SVK Order at 7; *see also* BLF Order at 3. The Court has no choice but to assume that Finjan is unable to provide the now twice-requested redline or list because even Finjan's Exhibit 1 is not a redlined version of its infringement contentions. *See* Exhibit 1.

Finjan claims that its "mapping demonstrates that Finjan provided Cisco with notice of the specific contentions and Finjan's expert reports merely expound on those contentions with further evidence." Opp'n at 1. The Court disagrees. As an example, the Court has reproduced below, Finjan's "mapping" of Aegis, one of the 69 terms at issue:

**EXHIBIT 1**



ECF 322-4 at 1. Even if the Court was inclined to parse through Finjan's lengthy Exhibit 1—which the Court declines to do—the above example demonstrates that contrary to Finjan's assertions, it is not self-evident from Exhibit 1 whether Aegis is a component of an accused Cisco product disclosed in Finjan's operative infringement contentions.

In sum, Finjan's experts were not permitted to use the internal code names and software components that Finjan sought and failed to add to its infringement contentions. Hence, Finjan's experts are directed to redraft their reports to remove the disallowed terminology and adhere their opinions to the disclosures in Finjan's operative infringement contentions.

### ii. Talos

Cisco also asserts that Finjan's expert reports exceed the scope of its infringement contentions with regards to Talos, which is "an intelligence gathering organization that maintains information about all known malware on the Internet." Mot. at 6. During discovery, Finjan sought to supplement its infringement contentions to add that Talos, by itself, infringed certain patents-in-suit. See ECF 231 at 5. Judge van Keulen denied Finjan's request and ruled that it was "too late for Finjan to add this new theory to its infringement contentions." See van Keulen Order at 8. This Court agreed. BLF Order at 4. Cisco argues that in its expert reports, Finjan has effectively accused stand-alone Talos by improperly using "and/or" language. See Mot. 8-9. Finjan responds that it has withdrawn its infringement allegations against Talos individually and therefore, Cisco's motion is moot as to Talos. Opp'n at 1. Cisco replies that "[a]lthough Finjan concedes it cannot accuse TALOS-alone of satisfying claim elements (or entire claims), Finjan refuses to fix its reports by deleting instances where it is accusing TALOS alone." Opp'n at 3. Cisco further claims (citing to deposition testimony of Finjan's expert) that Finjan is attempting to "maneuver around the Court's Orders" and accuse stand-alone Talos of infringement. Reply at 4.

The Court agrees with Finjan that Cisco's arguments—that Finjan might attempt to circumvent the Court's orders and allege Talos infringes on its own—are speculative. See Opp'n at 9-10. That said, Finjan has withdrawn its infringement allegations against stand-alone Talos. Accordingly, Finjan's experts are directed to redraft their reports to remove the Talos-only allegations.

### iii. '154 Patent

As for the '154 patent, Cisco contends that Finjan's experts have alleged that several undisclosed components and functionalities satisfy various claim elements with respect to two accused products: ESA Outbreak Filters and AMP. *See* Mot. at 9-10. Finjan, again, references its Exhibit 1 and repeats much of the same arguments: (1) each of the Outbreak Filters and AMP components at issue is Cisco's confidential information, to which Finjan did not have access when it served its infringement contentions and (2) Finjan's expert report simply ties each of these internal code names to the functionalities that were explicitly identified in its operative infringement contentions. *Id.* As discussed above, the time to persuade the Court (that the internal code names and software components simply support Finjan's existing infringement contentions) has come and gone.

Finally, Finjan argues that some of the terms Cisco complains of—specifically, Indicators of Compromise (IOCs) and behavioral indicators—were, in fact, referenced in its operative infringement contentions. Opp'n 9 (citing to ECF 323-40—323-45). The Court has been able to locate references to "behavioral indicators" in the cited materials. Accordingly, Finjan's experts may retain references to "behavioral indicators" in the revised expert reports. For all undisclosed components and functionalities, Finjan's experts are directed to redraft their reports as to the '154 patent to remove the disallowed terminology and conform their opinions to the disclosures in Finjan's operative infringement contentions.

### C. Conclusion

For the foregoing reasons, Cisco's motion to strike Finjan's expert reports on infringement is GRANTED. Finjan's experts are directed to redraft their reports to remove the disallowed terminology and Talos-only allegations, and to ensure that their opinions track the disclosures in Finjan's operative infringement contentions. The Court is willing to consider a reasonable proposal by Finjan to correct its expert reports to align with its infringement contentions. To be clear, the Court has not engaged in word matching exercise. It is incumbent upon Finjan's experts to remove from their revised reports all references to internal code names or software components that are ***not*** disclosed in Finjan's operative infringement contentions.

## II. FINJAN'S MOTION TO STRIKE INVALIDITY THEORIES FROM EXPERT REPORTS (ECF 319)

Finjan moves to Strike as untimely certain invalidity theories from expert reports of Drs. Almeroth, Prakash, and McDaniel. ECF 319.

### A. Background

Finjan provides four grounds for its motion (1) Cisco relies on a new Janus 0.8-Wagner obviousness combination, when it never properly identified or charted Janus 0.8 in its invalidity contentions and never properly produced Janus 0.8 to Finjan; (2) Cisco relies on a new Feigenbaum-TBAV combination that Cisco did not properly disclose or chart in its invalidity contentions; (3) Cisco's experts rely on three new references and "background" material in their invalidity analyses that Cisco failed to identify in their invalidity contentions or elections of prior art; and (4) Cisco asserts new theories under 35 U.S.C. §§ 101 and 112 that were not properly disclosed in its invalidity contentions. ECF 319 at 1. Cisco opposes the motion. ECF 333.

### B. Discussion

As noted at the September 18, 2019 hearing, the Court finds the dispute presented in this motion more properly subject of a motion *in limine* or in connection with a motion for summary judgment.

At the time this motion was filed, the expert opinions that Finjan seeks to strike were not yet relied upon or offered into evidence by either party. "To allow premature motions to strike simply encourages both sides to take extreme positions with the expectation that if the judge objects to the position they can always fall back to a reasonable position." *Comcast Cable Commc'ns Corp. v. Finisar Corp.*, No. C06-04206 WHA, 2008 WL 170672, at *7 (N.D. Cal. Jan. 17, 2008), *aff'd* 319 F. App'x 916 (Fed. Cir. 2009) (ordering the parties to file motions *in limine* instead of motions to strike). This type of motion practice is inappropriate because the patent claims that the prior art at issue seeks to invalidate may not even be disputed at trial, making a ruling on this motion a "purely academic exercise." *Audionics Sys., Inc. v. AAMP of Fla., Inc.*, No. CV1210763MMMJEMX, 2015 WL 12712288, at *17 (C.D. Cal. July 10, 2015) (concluding that ruling on a motion to exclude expert reports and opinions "would be a purely academic exercise" when the infringement reports were not relied upon in support of a motion for summary judgment).

Finjan has ample opportunity to challenge Cisco's invalidly theories either in connection with its motion for summary judgment, by bringing a motion *in limine*, or at trial.

### C. Conclusion

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Finjan's motion to strike invalidity theories from Cisco's expert reports. Finjan may refile this motion as a motion *in limine* in conformity with this Court Standing Order RE Civil Jury Trials.

### III. CISCO'S MOTION TO STRIKE PREVIOUSLY UNDISCLOSED DAMAGES THEORIES IN EXPERT REPORTS (ECF 326)

Cisco moves to strike two theories of damages from Finjan's expert reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi because, Cisco contends, those theories were not disclosed in Finjan's Damages Contentions. ECF 326 at 1.

For the reasons described in Section II of this Order, Cisco's motion is premature and more properly subject of a motion *in limine* or in connection with a motion for summary judgment. The untimely nature of Cisco's motion is further evidenced by the fact that Cisco's motion and Finjan's opposition were filed **before** Dr. Layne-Farrar was deposed – which precipitated another round of briefing. *See* ECF 368 (Finjan's administrative motion seeking leave to file supplemental information regarding Dr. Layne-Farrar's deposition). The Court urges the parties to focus their efforts on identifying their strongest positions as the trial date approaches and defer disputes regarding admissibility of evidence to its proper forum – the final pre-trial conference.

Cisco's motion to strike damages theories from Finjan's expert reports is DENIED WITHOUT PREJUDICE. Cisco may refile this motion as a motion *in limine* in conformity with this Court Standing Order RE Civil Jury Trials.

### IV. FINJAN'S MOTION TO STRIKE CISCO'S SUPPLEMENTAL EXPERT REPORT (ECF 365)

Finjan moves to strike as untimely, Cisco's Supplemental Expert Report of Dr. Sylvia Hall-Ellis on invalidity. ECF 365.

### A. Background

Pursuant to the Court's schedule (ECF 255) the parties exchanged opening expert reports on July 11, 2019. ECF 365 at 2. At that time, Cisco served the expert report of Dr. Sylvia Hall-Ellis

("Original Report"), who provided opinions regarding the authentication and public availability of certain prior art that Cisco relies on for invalidity, including the "Feigenbaum"[1] reference. *Id*. In her report, Dr. Hall-Ellis opined that the Feigenbaum reference was one of the papers presented at a conference on March 27, 1997. ECF 372-2 ¶ 54. The Original Report cited to and attached a copy of the webpage (captured by the Internet Archives[2]) promoting the conference at which Dr. Hall-Ellis claims the Feigenbaum reference was circulated and presented. ECF 372-6 (Attachment 2a to the Original Report). This webpage contained an active hyperlink titled "position statements" under the "Workshop Format" heading, reproduced below.

**Workshop Format**

Approximately 25 researchers from industry and academia will be invited to participate. Each participant is asked to submit a brief (roughly 2000 words) position statement on foundations for secure mobile computing. Please email your statement, in HTML or PostScript format, to the workshop chair (**volpano@cs.nps.navy.mil**). Participants are encouraged to address the issues raised above as much as possible in their statements.

We ask that participants familiarize themselves with other positions prior to attending the meeting. See the position statements submitted to the workshop. The organizers will attempt to integrate the positions as much as possible before the meeting and will produce a final workshop report. There are currently no plans to publish proceedings, however, we do plan to submit the final report, and possibly the position statements, for publication after the workshop.

*See* ECF 372-6 (highlighting removed).

On August 14, 2019, Finjan served its rebuttal expert reports, which included opinions from two of its invalidity rebuttal experts addressing the opinions in Dr. Hall-Ellis' report. ECF 365 at 2. Finjan's rebuttal expert reports called into doubt the public accessibility of the Feigenbaum reference based on the Internet Archives captures attached to the Original Report. ECF 372-3 ¶ 254.

In response, on September 4, 2019, Dr. Hall-Ellis supplemented her report. ECF 365-3 ("Supplemental Report"). The Supplemental Report is short (under three pages) and offers three new attachments that Dr. Hall-Ellis claims, "further demonstrate that Feigenbaum was published and publicly available on the Internet no later than May 19, 1997." ECF 365-3 ¶ 8.

The new attachments show what happens when the "position statement" hyperlink in the

---

[1] A conference paper titled "Trust Management and Proof-Carrying Code in Secure MobileCode Applications" by Joan Feigenbaum and Peter Lee. ECF 372-2 ¶ 53.

[2] The Internet Archive Wayback Machine "is a service that allows people to visit archived versions of Web sites." https://help.archive.org/hc/en-us/articles/360004716091-Wayback-Machine-General-Information.

Original Report is clicked. See ECF 372 at 3-5. The <u>first</u> attachment (2g) is a printout of the May 19, 1997 Internet Archives capture of the "Positions Statements" page, which is accessible by clicking the blue date arrows back to the first capture on May 19, 1997; the <u>second</u> attachment (2h) demonstrates the page displayed after clicking on the hyperlink corresponding to the Feigenbaum paper available on the "position statement" page; and the <u>third</u> attachment (2i) is the PDF of the Feigenbaum paper that downloads. *Id.* Finjan does not challenge that these new attachments are what Cisco has represented.

Cisco served the Supplemental Report two days before Dr. Hall-Ellis' deposition and approximately two weeks before close of expert discovery. *See* ECF 365 at 2; *see also* ECF 255.

**B.  Discussion**

Finjan moves to strike the Supplemental report as untimely because "Cisco cannot be permitted to 'fix' Dr. Hall-Ellis' opinions after seeing Finjan's rebuttal reports." ECF 365 at 3. Finjan argues that Dr. Hall-Ellis's Supplemental Report does not merely supplement "incorrect or incomplete" information related to the Original Report (as permitted under Fed. R. Civ. P. 26(e)), but instead, provides "entirely new grounds for her opinions based on three additional attachments that she ***chose*** not to include" in her Original Report. *Id.* at 4. Finjan further argues that the Supplemental Report was "unduly prejudicial" because (1) Finjan had no notice of the new documents through fact discovery, (2) the Supplemental Report was served only two days prior to Dr. Hall-Ellis's deposition "curtailing Finjan's ability to fully address the substance" of the Supplemental Report, and (3) Finjan had no opportunity to rebut the new information. *Id.* at 3-5.

Cisco does not dispute that the Supplemental Report was served to respond to Finjan's rebuttal expert reports. *See* ECF 372 at 2 ("After reviewing Finjan's responsive expert reports … Dr. Hall-Ellis determined that she should supplement the report with print outs from the hyperlinks[.]"). Nevertheless, Cisco argues that the Supplemental Report was timely because it was served "prior to the deposition of Dr. Hall-Ellis, prior to the close of expert discovery, seven months prior to the deadline to submit pre-trial disclosures, and more than eight months before trial." *Id.* at 5. Cisco further argues that the Supplemental Report did not require a rebuttal because it was not "a change of opinion" – but even if rebuttal was needed, Finjan could have served a supplemental

11

rebuttal report under Rule 26(e). *Id.* at 6.

The Court acknowledges that supplementation under Rule 26(e) is generally limited to "incomplete or incorrect" disclosures. *See* Fed. R. Civ. P. 26(e); *see also Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-CV-03424-JCS, 2018 WL 1938555, at *3 (N.D. Cal. Apr. 25, 2018) ("The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions.") (citing *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)). However, courts routinely allow harmless supplementation "to the extent, it merely clarifies or amplifies matters expressly referenced in the original report without revising or reversing [the original] opinion[.]" *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C-06-1066 PJH (EMC), 2009 WL 2058245, at *1 (N.D. Cal. July 13, 2009).

The Court agrees with Cisco that the Supplemental Report does not contain "entirely new grounds" not present in the Original Report. Dr. Hall-Ellis's opinion has not changed – she opined that the Feigenbaum paper was presented at a conference that took place on March 26-28, 1997. *See* ECF 372-2 ¶ 54; *see also* Supplemental Report ¶ 10 ("Attachments 2g, 2h, and 2i do not change my opinion that Feigenbaum reference was published and accessible to the public no later than March 28, 1997."). In her Supplemental Report, she merely points Finjan to the pages captured by Internet Archives that further support her opinion and were two clicks away from the documentation she provided in her Original Report. This is permissible. *See Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG, 2018 WL 620156, at *2 (N.D. Cal. Jan. 30, 2018) (denying motion to strike supplemental expert report that "did not add a new theory but rather identified the [source] code associated with [the expert's] proffered theory").

Moreover, contrary to Finjan's assertions, service of Supplemental Report was not "unduly prejudicial" to Finjan. *See* ECF 365 at 4. First, Cisco served the Supplemental Report two days prior to Dr. Hall-Ellis's deposition. The Supplemental Report is less than three pages long with three attachments. *See* 365-3. Finjan had ample time to review the Supplemental Report prior to Dr. Hall-Ellis's deposition – and in fact, did so. *See* ECF 372-4 (asking Dr. Dr. Hall-Ellis at her deposition "Q: Why did you submit this supplemental report?"); *see also Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-CV-05221-SI, 2016 WL 4728668, at *1 (N.D. Cal. Sept. 12, 2016) (finding "no

harm" by supplementation when the opposing party had the opportunity to depose the expert after receiving his supplemental report).

Second, expert discovery remained open for days after the Supplemental Report was served and Dr. Hall-Ellis was deposed. If Finjan believed that a rebuttal report was necessary, it could have served its own supplemental report under Rule 26(e)—but chose not to do so. Third, the Supplemental Report was served months before trial. "This is not an instance where a new expert or an entirely new area of testimony is disclosed years after the close of discovery or with trial just weeks away." *Ridgeway*, 2016 WL 4728668, at *1.

In sum the Court finds that even if even if Dr. Hall-Ellis should have enclosed the additional attachments to her Original Report, the failure to do so was harmless.

### C. Conclusion

For the foregoing reasons, the Court DENIES Finjan's Motion to Strike Cisco's Supplemental Expert Report of Dr. Sylvia Hall-Ellis at ECF 365.

## V. FINJAN'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL IN SUPPORT OF FINJAN'S OPPOSITION TO CISCO'S MOTION TO STRIKE PREVIOUSLY UNDISCLOSED DAMAGES THEORIES IN EXPERT REPORTS (ECF 368)

Finjan moves for leave to file supplemental material to address Cisco's reply brief (ECF 358) in support of its Motion (ECF 326) to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi. ECF 368 at 1. In light of the Court's ruling on Cisco's underlying motion (ECF 326) in Section III of this Order, the Court DENIES AS MOOT Finjan's administrative motion at ECF 368.

## VI. ORDER

For the foregoing reasons,

(1) Cisco's Motion to Strike Finjan's Expert Reports on Infringement in View of the Orders Dated June 11, 2019 and July 17, 2019 at ECF 312 is GRANTED. Finjan's experts are directed to redraft their reports to remove the disallowed terminology and Talos-only allegations, and to ensure that their opinions track the disclosures in Finjan's operative infringement contentions. The Court is willing to consider a reasonable proposal by Finjan

13

to correct its expert reports to align with its infringement contentions.

(2) Finjan's Motion to Strike Invalidity Theories from Expert Reports of Drs. Almeroth, Prakash, and McDaniel at ECF 319 is DENIED WITHOUT PREJUDICE.

(3) Cisco's Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi at ECF 326 is DENIED WITHOUT PREJUDICE.

(4) Finjan's Motion to Strike Cisco's Supplemental Expert Report of Dr. Sylvia Hall-Ellis at ECF 365 is DENIED.

(5) Finjan's Administrative Motion for Leave to File Supplemental Material in Support of Finjan's Opposition to Cisco's Motion to Strike Previously Undisclosed Damages Theories in Expert Reports of Dr. Anne Layne-Farrar and Dr. Ricardo Valerdi and Response to New material and Argument in Cisco's Reply at ECF 368 is DENIED AS MOOT.

This Court's Standing Order RE Civil Jury Trials limits each party to five (5) motions *in limine*. In this Order, the Court has ruled on two motions (one on each side), seeking to exclude evidence. Thus, Cisco and Finjan are now limited to four (4) motions *in limine* per party to be filed prior to final pretrial conference in conformity with this Court's Standing Orders.

**IT IS SO ORDERED.**

Dated: November 12, 2019

BETH LABSON FREEMAN
United States District Judge