UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC.,<br><br>    Defendant. | Case No. 17-cv-00072-BLF<br><br>**ORDER DENYING FINJAN, INC.'S MOTION FOR SUMMARY JUDGMENT OF THE VALIDITY OF U.S. PATENT NOS. 8,677,494 AND 6,154,844; AND 7,647,633**<br><br>[Re: ECF 380] |

Plaintiff Finjan, Inc. ("Finjan") brings this patent infringement lawsuit against Defendant Cisco Systems, Inc. ("Cisco"), alleging infringement of five of Finjan's patents directed to computer and network security. Before the Court is Finjan's motion for summary judgment of validity of the asserted claims of U.S. Patent Nos. 8,677,494 (the "'494 patent") and 6,154,844 (the "'844 patent").[1] Motion, ECF 380. The Court heard oral arguments on January 9, 2020. For the reasons stated below, the Court DENIES Finjan's motion.

I. **INTRODUCTION**

Finjan initiated this lawsuit on January 6, 2017, bringing patent infringement allegations against Cisco involving five of Finjan's patents. *See* ECF 1, *see also* Second Amended Complaint, ECF 55. On August 7, 2017, and pursuant to the Local Patent Rules, Cisco served its invalidity contentions identifying the prior art that Cisco believed anticipates each asserted claim or renders it obvious. *See* Cisco's Invalidity Contentions ("Invalidity Contentions"), ECF 380-3; *see also* Patent L. R. 3-3. On September 22, 2017, while this action was pending, Cisco filed two petitions for *inter*

---

[1] Finjan also moved for summary judgment of validity as to the asserted claims of U.S. Patent No. 7,647,633 (the "'633 patent"). Pursuant to the parties' stipulation, however, Finjan has withdrawn claims 1, 8, and 13 of the '633 Patent, and Cisco has withdrawn its allegation that claim 14 is invalid over prior art for trial purposes. *See* ECF 388. Accordingly, Finjan's motion is moot as to the '633 patent.

*partes* review ("IPR") challenging the validity of the asserted claims of the '494 and '844 patents. *See* ECF 380-4, 380-5.

Cisco's IPR petition for the '494 patent set forth two obviousness grounds to challenge the validity of the asserted claims:

| Ground | Claims | Basis | Reference |
|---|---|---|---|
| 1 | 10, 11, 14, 15 and 16 | § 103 | Shear in view of Kerchen |
| 2 | 10, 11, 14, 15 and 16 | § 103 | Crawford '91 in view of knowledge of a POSA |

ECF 380-4 at 24. Cisco's IPR petition for the '844 patent asserted one obviousness ground:

| Ground | Claims | Basis | Reference |
|---|---|---|---|
| 1 | 1, 4, 5, 7, 8, 11, 15, 16, 21 and 43 | § 103 | Shear in view of Spafford and further in view of Kerchen |

ECF 380-5 at 34. Accordingly, the prior art asserted in Cisco's petitions were:

- U.S. Patent No. 6,157,721 entitled "Systems and Methods Using Cryptography to Protect Secure Computing Environments", issued December 5, 2000 to Shear ("Shear"). *See* ECF 380-4 at iii, ECF 380-5 at v.
- Static Analysis Virus Detection Tools for Unix Systems, 13th National Computer Security Conference, Volume 1, Information Systems Security: Standards-the Key to the Future, Kerchen et al., 1990 ("Kerchen"). *See* ECF 380-4 at iv; ECF 380-5 at vi.
- A Testbed for Malicious Code Detection: A Synthesis of Static and Dynamic Analysis Techniques, 14th Department of Energy Computer Security Group Conference Proceedings, R. Crawford et al., May 1991 ("Crawford '91"). *See* ECF 380-4 at iii.
- Web Security & Commerce, O'Reilly &Associates, Inc., Garfinkel and Spafford, June 1997. ("Spafford"). *See* ECF 380-5 at v.

The prior art asserted in Cisco's IPR petitions were disclosed earlier in Cisco's Invalidity Contentions served in this case. *See* Invalidity Contentions at 15, 23, 24.

On April 3, 2018, the Patent Trial and Appeal Board ("PTAB") denied institution of Cisco's petitions for IPR of the '494 patent and the '844 patent. *See* ECF 380-7; ECF 380-8. On July 11, 2019, Cisco served its expert reports challenging the validity of, *inter alia*, the '494 and '844 patents, in which it asserted prior art from its August 7, 2017 invalidity contentions. *See* ECF 379-6, 379-8.

There is no dispute that, in addition to Cisco's IPR petitions, the validity of Finjan's patent portfolio, including the '494 and '844 patents, has been challenged by numerous parties in various

venues, including IPRs, reexamination proceedings, and district court litigation. *See* Motion at 4; Invalidity Contentions at 5-6. Relying on the undisputed history of these patents, Finjan moves for summary judgment that the asserted claims of the '494 patent and the '844 patent are valid over Cisco's prior art as a matter of law. Motion at 2. Finjan argues that no reasonable jury could find that Cisco's asserted prior art could invalidate its patents because Cisco "unsuccessfully asserted its **strongest** prior art" in IPRs and the PTAB declined to institute a review of the asserted claims. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the evidence and all reasonable inferences in the light most favorable to the nonmoving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The current version of Rule 56 authorizes a court to grant "partial summary judgment" to dispose of less than the entire case and even just portions of a claim or defense. *See* Fed. R. Civ. P. advisory committee's note, 2010 amendments; *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1232 (N.D. Cal. 2015). As such, a court can, "when warranted, selectively fillet a claim or defense without dismissing it entirely." *Id.*

The moving party bears the burden of showing there is no material factual dispute, by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In judging evidence at the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could

3

invalidate the patent." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

## III. DISCUSSION

Finjan argues that no reasonable jury could find that Cisco's asserted prior art could invalidate Finjan's patents because Cisco used its "strongest" and "best" prior art in its IPR petitions. *See* Motion at 2, 7-8. This, according to Finjan, means that the prior art asserted in this case are "second-string," "secondary, lesser prior art," and "demonstrably weaker." *See id.* at 2, 7, 10. Finjan arrives at this conclusion by drawing an inference from the practical implications associated with Cisco's decision to file IPR petitions. Finjan contends that "filing an IPR petition is not something parties take lightly" because: (1) IPRs are expensive, (2) there are serious estoppel considerations (*i.e.*, if IPR is instituted and fails, the petitioner is statutorily estopped from asserting in district court litigation, any ground that was raised or reasonably could have been raised during the IPR), and (3) the standard required to invalidate claims before the PTAB is lower than the standard in a district court litigation. Motion at 8. For these reasons, Finjan infers that Cisco must have used its "best" prior art at the IPRs. *Id.* ("Cisco cannot reasonably claim that it attempted to pursue IPR institution of these patents with 'second-string' prior art."). With that, Finjan goes on to argue that because Cisco's "strongest" prior art failed the PTAB's low bar of "reasonable likelihood" standard, a reasonable jury cannot find that Cisco's "second-string" prior art (*i.e.*, the prior art asserted in this litigation) invalidates the patents under the "clear and convincing" standard applicable in district court litigation. Motion at 8.

Cisco responds that Finjan "asks the Court to invent a new estoppel arising from the denial of an IPR petition." Opposition ("Opp'n") at 1, ECF 399. According to Cisco "Finjan's mere labeling of the prior art upon which Cisco relies as 'second string' or 'inferior' to that which was used in the non-instituted IPRs filed by Cisco has no support in the law to find estoppel." *Id.* Finjan criticizes Cisco's characterization of its argument and asserts that Finjan "did not argue that Cisco should be estopped under 35 U.S.C. § 315(e) for the '844 and '494 Patents" but instead, Finjan relied on the notion that "no reasonable jury could invalidate these patents using inferior prior art after the PTAB declined even to institute IPR based on Cisco's strongest prior art." Reply at 3, ECF 406.

Cisco is correct on the law. IPR estoppel is governed by statute, which provides:

> The ***petitioner*** in an inter partes review of a claim in a patent under this chapter ***that results in a final written decision*** under section 318(a), ***or the real party in interest or privy of the petitioner***, may not assert … in a civil action … that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2) (emphasis added). By the statute's plain terms, for an IPR petition to create estoppel effect, the IPR must result in a final written decision. *See Power Integrations, Inc. v. ON Semiconductor Corp.*, 396 F. Supp. 3d 851, 880 (N.D. Cal. 2019) ("Because there are no final written decisions in the IPRs, an essential element for IPR estoppel is absent here."). Moreover, IPR estoppel applies only to the petitioner and the "real party in interest or privy of the petitioner." 35 U.S.C. § 315(e)(2).

Finjan's arguments fail for two reasons. First, despite Finjan's assertions to the contrary, Finjan ***is***, effectively, asking the Court to expand the IPR estoppel beyond what the statute provides. *See* Reply at 3. The practical implication of of Finjan's request is this: if a party files a petition for IPR before the PTAB (applying a lower burden of proof), it is presumed that the "best" and "strongest" prior art was used – and if the IPR is not instituted, that party cannot bring forth any invalidity challenges to the petitioned patent at the district court (applying a higher standard of proof) because a reasonable jury could not find invalidity. This outcome is nothing short of creating an IPR estoppel where the petition did ***not*** result in a final written decision – contrary to the statute's clear language. The Court declines Finjan's invitation to go down that road.

Second, although the Court appreciates that Finjan's patent portfolio has been through (and mostly survived) many validity challenges, the challenges brought by third parties (*i.e.*, not Cisco) are irrelevant to estoppel in this case. The statute imposes IPR estoppel only to the petitioner and the "real party in interest or privy of the petitioner" and no one else. Finjan alludes to Cisco's "active involvement with the joint defense group that continually harasses Finjan with IPR challenges" but does not, in fact, allege that Cisco was a "party in interest or privy of a petitioner" in any non-Cisco IPRs. *See* Motion at 11. Thus, the Court agrees with Cisco that because "Cisco has not been a party to or a privity of an IPR that resulted in a final written decision under § 318(a), the estoppel

provisions of 35 U.S.C. § 315(e)(2) do not apply[.]" Opp'n at 4.

Finjan argues that "*all* IPR proceedings are relevant evidence" and entitled to deference. Reply at 3 (citing *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp.*, LLC, 879 F.3d 1332, 1342 (Fed. Cir. 2018)). But that deference "takes the form of the presumption of validity" and "can be overcome by the patent challenger who meets its high burden of proving the factual elements of invalidity by clear and convincing evidence." *Exmark*, 879 F.3d at 1341. At summary judgment, the Court does not "weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House*, 547 U.S. at 559–60. At this stage, Cisco has presented invalidity theories in its expert reports, which Finjan believes are "second-string" and "weak" — creating a material issue of fact for trial.

Finjan does not address the substance of Cisco's invalidity theories but points out that some (but not all) of the prior art references asserted in Cisco's expert reports were considered and rejected by the PTAB, and occasionally, that rejection was affirmed by the Federal Circuit. Motion at 9-10, 11-12.[2] Cisco responds that its invalidity theories in this case are different than anything the PTO or PTAB has considered because (1) "nine of Cisco's eleven invalidity theories (including all five for the '844 patent) have never been considered previously by the PTO, including the PTAB, or by a jury" and (2) "even with respect to the other two combinations …, the analysis of Cisco's expert is different than anything presented to the PTAB previously." Opp'n at 6-7.

The Court agrees with Cisco that Finjan has not established that there can be no material dispute of fact as to the validity of the '494 and '844 patents. *See* Opp'n at 8. Finjan has challenged some of the asserted prior art individually without addressing the substance of Cisco's invalidity theories and the various combinations. Thus, Finjan has failed to demonstrate that Cisco's invalidity theories concerning the '494 and '844 patents, as presented in Cisco's expert reports, are "inferior" and therefore, no reasonable jury can find invalidity. Again, the issue of the strength of Cisco's invalidity theories is a material fact to be decided at trial.

Finally, Finjan invites the Court to consider the evolving case law around IPR estoppel.

---

[2] All but one of the prior art references Finjan cites (namely, Crawford '91) were considered in petitions in which Cisco was not a petitioner or a party-in-interest.

Finjan acknowledges that there are no cases directly on point but argues that "the evolving case law surrounding IPRs and common sense supports Finjan's motion." Reply at 4. Finjan cites *SAS*, in which the Supreme Court held if the PTAB institutes IPR proceedings, the review must proceed in accordance with or in conformance to the petition, including "each claim challenged and the grounds on which the challenge to each claim is based." *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1355-56 (2018) (citation omitted). In deciding so, the Supreme Court explained that "Congress structured the process such that the petitioner, not the Director, defines the proceeding's contours." *SAS*, 138 S. Ct. at 1351. In Finjan's view, the *SAS* holding "reinforces Congressional intent" that IPRs were intended to be an "alternative to federal litigation" and "not intend to give defendants multiple bites at the apple by holding some prior art in reserve in case the IPR did not go their way." Reply at 4, n.1; *see also Wi-Lan Inc. v. LG Elecs., Inc.*, No. 18-cv-01577-H-AGS, 2019 WL 5698259, at *7–8 (C.D. Cal. Nov. 4, 2019) ("In light of the Supreme Court's clarification of § 318(a), [defendant's] argument that IPR estoppel does not apply to non-petitioned grounds is untenable.").

Finjan urges that in a post-*SAS* world, "Cisco should not be able to revive its invalidity claims by piecemealing its prior art amongst the PTAB and this Court." Reply at 5. According to Finjan, Cisco "ha[d] a shot at challenging the Asserted Claims' validity" and thus should not be allowed to "seek yet a second attempt at invalidity with prior art that it could have raised … before the PTAB." Motion at 13-14. The Court is not persuaded that the Supreme Court's *SAS* decision, as impactful as it was, changed the law with respect to IPR estoppel on uninstituted petitions. Moreover, none of the recent cases Finjan cites applied IPR estoppel where no final written decision was issued. As noted above, the Court declines to expand IPR estoppel beyond the language of the statute.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Finjan's Motion for Summary Judgment of Validity of the '494 and '844 patents.

**IT IS SO ORDERED.**

Dated: February 3, 2020

_____
BETH LABSON FREEMAN
United States District Judge

7