UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS INC.,<br><br>        Defendant. | Case No. 17-cv-00072-BLF<br><br>**ORDER RE: SEALING MOTIONS AT ECF 467 AND ECF 475** |

Before the Court are administrative motions filed by Plaintiff Finjan, Inc. ("Finjan") and Defendant Cisco Systems, Inc. ("Cisco") to file under seal portions of their Reply briefs and exhibits in connection with the parties' *Daubert* motions. For the reasons states below, (1) Cisco's Administrative Motion to File under Seal at ECF 467 is GRANTED IN PART AND DENIED IN PART and (2) Finjan's Administrative Motion to File under Seal at ECF 475 is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support thereof. The Court's rulings on the sealing requests are set forth in the tables below. Where the designating party has requested sealing, the Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents and the proposed redactions are generally narrowly tailored.

### A. ECF 467, Administrative Motion to File under Seal Cisco's Reply Briefs in Support of Its *Daubert* Motions

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
| --- | --- | --- | --- |
| ECF 467-8, Ex. 1 | Excerpts from Deposition transcript of Michael Goodrich attached as Ex. 1 to Cisco's Reply Brief in Support of its Motion to Exclude the Testimony of Michael Goodrich. | GRANTED as to the entire document | This transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Portions of this document contain confidential technical information related to the source code of the accused Cisco products and Finjan's expert's analysis thereof. Public disclosure of this information would cause harm to Cisco. Declaration of Nicole E. Grigg ("Grigg Decl. I") ¶¶ 2-4, ECF 467-1. |
| ECF 467-4 | Cisco's Reply Brief in Support of its Motion to Exclude the Testimony of Dr. Layne-Farrar | GRANTED as to portions at page 1, | The highlighted portions of this document are direct quotes from or reference the exhibits that Cisco is |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | lines 7-8, 19-20; page 2, lines 8–13; page 3, lines 6, 14-15, 19-21. | filing under seal (Exhibits 2 and 3 to the Grigg Decl. and discussed further below), which were designated by either Cisco or Finjan as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order for reasons discussed below.  Grigg Decl. I ¶¶ 2-4.<br><br>Finjan seeks to seal the following portions of Defendant Cisco Systems, Inc.'s Reply in Support of Its Motion to Exclude the Testimony of Finjan, Inc.'s Dr. Layne-Farrar: p. 2, ll. 8-13; p. 3, ll. 6, 14-15, 19, 20-21. The foregoing portions discuss Finjan's confidential license agreements and licensing negotiations with third parties. Finjan treats its licenses as highly confidential within its business and makes substantial efforts not to disclose the terms of its licenses to the public. The provisions of the license agreements, negotiations leading up to the agreements, and names of the licensees and license fees are treated as highly confidential. Disclosure of such information may significantly harm Finjan's business as it can be used by third parties in licensing negotiations to unfairly leverage against Finjan or for unfair competitive advantage in the marketplace. If any of the confidential terms of such agreements were made public, it will negatively impact the bargaining positions of Finjan in future licensing negotiations with competitors and Finjan's relationship with its licensees. Declaration of Melissa Brenner ("Brenner Decl.") ¶¶ 3-4, ECF 477. |
| ECF 467-10, | Excerpts from Deposition transcript of Julie Mar-Spinola | GRANTED as to portions | This transcript was designated in its entirety by Finjan as "HIGHLY |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| Ex. 2 | | at p. 132, ll. 7, 19-23; p. 133, ll. 11-25; p. 134, ll. 1-9; p. 135, ll. 14-25; and the entirety of the appended deposition exhibit 23 (bearing bates numbers FINJAN-CISCO 462449-65) | CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains confidential deposition testimony regarding financial information relating to Finjan's licensing discussions and negotiations. Grigg Decl. I ¶¶ 2-4.<br><br>Ex. 2 to the Omnibus Grigg Declaration is excerpts from the Deposition of Julie Mar-Spinola, including an appended deposition exhibit. Finjan seeks to seal the following portions of this document: p. 132, ll. 7, 19-23; p. 133, ll. 11-25; p. 134, ll. 1-9; p. 135, ll. 14-25; and the entirety of the appended deposition exhibit 23 (bearing bates numbers FINJAN-CISCO 462449-65). The foregoing portions discuss Finjan's confidential license agreements and licensing negotiations with third parties. As explained in paragraph 1, Finjan treats its licenses as highly confidential within its business and makes substantial efforts not to disclose the terms of its licenses to the public. If such provisions were made public, it could negatively impact Finjan's bargaining positions in future licensing negotiations with competitors and no public interest will be served by disclosing this information publicly. Brenner Decl. ¶¶ 3, 5. |
| ECF 467-11, Ex. 3 | Excerpts from Deposition transcript of Stephen L. Becker | GRANTED as to the entire document | This transcript was designated in its entirety by Cisco as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains confidential deposition testimony relating to the pricing, costs, and sales of the accused Cisco products and technical information related to the structure, |

United States District Court
Northern District of California

5

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | function and operation of the accused Cisco products and Finjan's expert's analysis thereof. Grigg Decl. I ¶¶ 2-4.<br><br>Ex. 3 to the Omnibus Grigg Declaration is excerpts from the Deposition of Stephen Becker. Finjan seeks to seal the following portions of this document: p. 105, ll. 1-5, 8, 11, 12-23; p. 106, ll. 3-7, 17-25; p. 107, ll. 1, 20-25; p. 108, ll. 1, 9-14, 20-25. The foregoing portions discuss Finjan's confidential license agreements and licensing negotiations with third parties. As explained in paragraph 1, Finjan treats its licenses as highly confidential within its business and makes substantial efforts not to disclose the terms of its licenses to the public. If such provisions were made public, it could negatively impact Finjan's bargaining positions in future licensing negotiations with competitors and no public interest will be served by disclosing this information publicly. Brenner Decl. ¶¶ 3, 6. |
| ECF 467-8 | Cisco's Reply Brief in Support of its Motion to Exclude the Testimony of James Tompkins | DENIED | The highlighted portion of this document is a direct quote from Ex. 6, discussed immediately below, that Cisco is filing under seal because Finjan designated the transcript as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order.  Grigg Decl. I ¶¶ 2-4.<br><br>Cisco is not seeking to seal "Ex.6".  To the extent Cisco means to refer to Exhibit 4 (Excerpts from Deposition Transcript of James Tompkins), Finjan is not seeking to seal that transcript. *See generally* Brenner Decl. |
| ECF 467-12, | Excerpts from Deposition transcript of James Tompkins | DENIED | This transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-OUTSIDE |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| Ex. 4 | | | ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Cisco is not claiming that any portion of this excerpt contains its confidential information. However, given that Finjan has marked the testimony as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, in an abundance of caution Cisco is requesting that it be sealed until Finjan confirms that the information does not require sealing. Grigg Decl. I ¶¶ 2-4.<br><br>The designating party (Finjan) does not seek to seal this document. *See generally* Brenner Decl. |
| ECF 467-6 | Cisco's Reply Brief in Support of its Motion to Exclude the Testimony of Cole, Mitzenmacher and Medvidovic | GRANTED as to highlighted portions at page 1, lines 13, 16- 19, 26-27; page 2, lines 24-28. | The highlighted portions of this document are direct quotes from or reference the exhibits that Cisco filed under seal, pursuant to the Court's Order (Dkt. 466), in connection with its opening brief in support of this motion. Grigg Decl. I ¶¶ 2-4. |

**B. ECF 475, Finjan's Administrative Motion to File under Seal Its Reply Brief in Support of Motion to Exclude Opinions of Cisco's Experts Mr. Overby and Dr. Becker**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| ECF 475-3 | Finjan's Reply Brief in Support of Motion to Exclude Opinions of Cisco's Experts Mr. Overby and Dr. Becker | GRANTED as to Page 2, lines 16-18, 20-22 Page 3, lines 12-15, 20-27 Page 4, lines 1-6 Page 5, lines 9-10, 25-26 Page 6, lines 8-14 | This document reflects information relating to Finjan's confidential licenses and licensing negotiations that Finjan designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Declaration of Hannah Lee ("Lee Decl.") ¶ 2, ECF 475-1.<br><br>Finjan's Reply Brief in Support of its Motion to Exclude Opinions of Mr. Overby and Dr. Becker at page 2, lines 16-18, 20-22; page 3, lines 12- |

7

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | 15, 20-27; page 4, lines 1-6; page 5, lines 9-10, 25-26; and page 6, lines 8-14 contain highly confidential licensing information that Finjan has designated as "Highly Confidential – Attorneys' Eyes Only – Source Code" and "Highly Confidential – Attorneys' Eyes Only." Finjan treats its licensing negotiations and the terms of its license agreements as highly confidential within its business and makes substantial efforts not to disclose the terms of its licenses or negotiations to the public. The provisions of the license agreements, negotiations leading up to the agreements, and names of the licensees and license fees are treated as highly confidential. Disclosure of such information may significantly harm Finjan's business as it can be used by third parties in licensing negotiations to unfairly leverage against Finjan or for unfair competitive advantage in the marketplace. If any of the confidential terms of such agreements were made public, it will negatively impact the bargaining positions of Finjan in future licensing negotiations with competitors and Finjan's relationship with its licensees.  Lee Decl. ¶ 3. |
| ECF 475-5 | Excerpts of the transcript of the deposition of Julie Mar-Spinola<br><br>Ex. 1 to Declaration of Hannah Lee in Support of Finjan's Reply Brief in support of Motion to Exclude Opinions of Cisco's Experts Mr. Overby and Dr. Becker ("Reply Lee Decl.") | GRANTED as to the entire document | This document reflects information regarding confidential aspects of Finjan's business and licensing information designated "Attorneys' Eyes Only."  Lee Decl. ¶ 2.<br><br>Reply Lee Decl., Exhibit 1, in its entirety are excerpts of deposition testimony of Finjan's Manager of Licensing which contain Finjan's highly confidential information regarding licensing negotiations. As stated above, this information is highly confidential to Finjan's |

8

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | business, and Finjan would be substantially harmed if this information was disclosed publicly. Lee Decl. ¶ 4. |
| ECF 475-7 | Excerpts of the Expert Report of Stephen L. Becker, Ph.D. on Behalf of Cisco Systems, Inc.<br><br>Ex. 2 to Reply Lee Decl. | GRANTED as to the entire document | This document reflects information regarding Finjan's licenses that Finjan has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Lee Decl. ¶ 2.<br><br>Reply Lee Decl., Exhibit 2, in its entirety are excerpts of Cisco's damages expert report which contains Finjan's highly confidential information regarding its licenses. As stated above, this information is highly confidential to Finjan's business, and Finjan would be substantially harmed if this information was disclosed publicly. Lee Decl. ¶ 5. |
| ECF 475-9 | Excerpts of the Expert Report of Dr. Anne Layne-Farrar<br><br>Ex. 3 to Reply Lee Decl. | GRANTED as to<br><br>¶¶ 66-84, 86-87, 189- 332<br><br>and<br><br>¶¶ 66-87, 330 | This document reflects information regarding business, investor and licensing communications that Finjan and Cisco have designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Finjan relies on Cisco's confidentiality designation for the first three sentences of paragraph 68, paragraph 69, paragraph 72 starting with "Mr. Hilton Romanski…" through "IronPort," second sentence of paragraph 73, last sentence of paragraph 73, paragraphs 74-76, last sentence of paragraph 77, second through fourth sentences of paragraph 78, paragraphs 79-80, first and second sentences of paragraph 81, second through fifth sentences of paragraph 82, third and fourth sentences of paragraph 83, paragraph 84, 86. Finjan designates the remainder of the redacted paragraphs and footnotes as |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | containing confidential information about its business, investor, and licensing communications.  Lee Decl. ¶ 2.<br><br>Reply Lee Decl., Exhibit 3, in its entirety are excerpts of Finjan's damages expert report which contains Finjan and Cisco's highly confidential information regarding business, investor and licensing communications. Finjan relies on Cisco's confidentiality designation for the first three sentences of paragraph 68, paragraph 69, paragraph 72 starting with "Mr. Hilton Romanski…" through "IronPort," second sentence of paragraph 73, last sentence of paragraph 73, paragraphs 74-76, last sentence of paragraph 77, second through fourth sentences of paragraph 78, paragraphs 79-80, first and second sentences of paragraph 81, second through fifth sentences of paragraph 82, third and fourth sentences of paragraph 83, paragraph 84, 86. Finjan designates the remainder of the redacted paragraphs and footnotes as containing confidential information about its business, investor, and licensing communications. As stated above, this information is highly confidential to Finjan's business, and Finjan would be substantially harmed if this information was disclosed publicly. Lee Decl. ¶ 6.<br><br>This document reflects information relating to the parties' licenses and negotiations as well as Cisco's internal business and financial information that Cisco has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, which, if publicly disclosed, |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | could result in competitive harm to Cisco.  Declaration of Nicole Grigg ("Grigg Decl II") ¶¶ 2-5, ECf 483. |
| ECF 475-11 | Excerpts of the Expert Report of Eric Cole, PH.D. Regarding Infringement by Cisco Systems, Inc.<br><br>Ex. 4 to Reply Lee Decl. | GRANTED as to the entire document | This document reflects information regarding Cisco's confidential source code for the accused products that Cisco has designated as "Highly Confidential – Attorneys' Eyes Only – Source Code" under the Protective Order.  Lee Decl. ¶ 2.<br><br>Finjan seeks to seal the entirety of Exhibits 4-6 to the Reply Lee Decl. which are excerpts of Finajn's expert reports. Finjan relies on Cisco's representations and designations that such information is confidential and should be sealed. Lee Decl. ¶ 7.<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. II ¶¶ 2-5. |
| ECF 475-13 | Excerpts of the Expert Report of Nenad Medvidovic, PH.D. Regarding Infringement by Cisco Systems, Inc. of Patent No. 7,647,633<br><br>Ex. 5 to Reply Lee Decl. | GRANTED as to the entire document | This document reflects information regarding Cisco's confidential source code for the accused products that Cisco has designated as "Highly Confidential – Attorneys' Eyes Only – Source Code" under the Protective Order.  Lee Decl. ¶ 2.<br><br>Finjan seeks to seal the entirety of Exhibits 4-6 to the Reply Lee Decl. which are excerpts of Finajn's expert reports. Finjan relies on Cisco's representations and designations that |

11

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | such information is confidential and should be sealed. Lee Decl. ¶ 7.<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. II ¶¶ 2-5. |
| ECF 475-15 | Excerpts of the Expert Report of Michael Mitzenmacher, PH.D Regarding Infringement by Cisco Systems, Inc. of Patent No. 6,804,780 and 8,141,154<br><br>Ex. 6 to Reply Lee Decl. | GRANTED as to the entire document | This document reflects information regarding Cisco's confidential source code for the accused products that Cisco has designated as "Highly Confidential – Attorneys' Eyes Only – Source Code" under the Protective Order. Lee Decl. ¶ 2.<br><br>Finjan seeks to seal the entirety of Exhibits 4-6 to the Reply Lee Decl. which are excerpts of Finajn's expert reports. Finjan relies on Cisco's representations and designations that such information is confidential and should be sealed. Lee Decl. ¶ 7.<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. II ¶¶ 2-5. |

### III. ORDER

For the foregoing reasons:

(1) Cisco's Administrative Motion to File under Seal at ECF 467 is GRANTED IN PART AND DENIED IN PART. Cisco is ORDERED to file publicly, **no later than April 6, 2020**, (a) a redacted version of ECF 467-10 (excerpts from deposition transcript of Julie Mar-Spinola) in accordance with this Order, (b) an unredacted version of ECF 467-8 (Cisco's Reply brief in support of its motion to exclude the testimony of James Tompkins), and (c) an unredacted version of ECF 467-12 (excerpts from deposition transcript of James Tompkins).

(2) Finjan's Administrative Motion to File under Seal at ECF 475 is GRANTED.

**IT IS SO ORDERED.**

Dated: March 27, 2020

_____
BETH LABSON FREEMAN
United States District Judge