**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**REPLY IN SUPPORT OF CISCO SYSTEMS, INC.'S MOTION TO STRIKE PORTIONS OF FINJAN'S AMENDED EXPERT REPORT ON INFRINGEMENT OF PATENT NO. 7,647,633**<br><br>Date:       April 21, 2020<br>Time:       10:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge:      Hon. Susan Van Keulen |

**REDACTED**

**TABLE OF ABBREVIATIONS**

| | |
|---|---|
| Plaintiff Finjan, Inc. | Finjan or Plaintiff |
| Defendant Cisco Systems, Inc. | Cisco or Defendant |
| Operative Infringement Contentions | OICs |
| Mobile Protection Code | MPC |
| Cisco's Motion for Summary Judgment (Dkt. 378) | Cisco MSJ |
| Cisco's Motion to Strike Portions of Finjan's Amended Expert Report on Infringement of Patent No. 7,647,633 (Dkt. 492) | Motion |
| Sealed Order Granting In Part And Denying In Part Ciscos Motion For Partial Summary Judgment Of Non-Infringement (Dkt. 487) | MSJ Order |
| Transcript of the February 19, 2019 Deposition of Matthew Watchinski | Ex. 1 |
| Declaration of Nicole Grigg in Support of Defendant Cisco Systems, Inc.'s Reply in Support of Motion to Strike Portions of Finjan's Amended Expert Report on Infringement of Patent No. 7,647,633 | Grigg Decl.[1] |

---

[1] All exhibits are attached to the Grigg Declaration unless otherwise stated.

Despite the confusion sown by Finjan's Opposition, the issue before this Court is straightforward.  The question Judge Freeman referred to this Court is whether Finjan's OICs have disclosures corresponding to each of the 7 items on which Finjan relied at summary judgment.  In response to the parties' dispute over whether these are new theories beyond the scope of Finjan's OICs, Judge Freeman instructed Finjan to return to this Court for permission to make what it alleges are simple substitutions from its OICs.  Dkt. 419, 1/9/20 Trans. at 120:6-11.  In its Opposition, Finjan concedes that the 4 items on which summary judgment was granted are "moot," and makes no showing of corresponding disclosures in the OICs.  Remarkably, Finjan extends its "mootness" argument to the 3 surviving components: "arguments regarding the phrases ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are moot issues because Finjan has served amended expert reports that use language that track the operative infringement contentions."  Opp. at 10.  This is precisely the dispute that Judge Freeman referred to this Court to address—whether the 3 remaining component theories "have a corresponding functionality in the [OICs]." MSJ Order at 4..

Finjan cannot show where its OICs put Cisco on notice that its experts might opine that something corresponding to a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are the MPC.  Under the case law, infringement contentions are the roadmap for what Cisco must defend itself against.  Simply put, Finjan did not put Cisco on fair notice that Finjan was accusing ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as being the MPC in Claim 14.  Nothing in the OICs maps to these new theories.  Finjan should not be allowed to accuse these components in this case.

**A.     Cisco's Motion is Procedurally Proper**

Finjan is incorrect that Cisco's motion is procedurally improper.  Judge Freeman's summary judgment Order states, "***If, however, Finjan is unable to show that the functionalities corresponding to the codenames were included in its operative infringement contentions***, the Court would entertain that dispute in a motion in *limine*." MSJ Order at 4 (citing to Dkt. 419, 1/9/20 SJ hearing transcript at 159:14-17) (emphasis added).  During the summary judgment hearing, Judge Freeman stated, *and Finjan counsel confirmed*, that this Court would make that initial determination whether the functionality corresponding to the codenames were included in the operative infringement contentions.  For example, Finjan's counsel (Paul Andre) stated, "We have an issue

1
CISCO'S REPLY IN SUPPORT OF MTN. TO STRIKE AMENDED EXPERT REPORT ON INFRINGEMENT
Case No. 5:17-cv-00072-BLF-SVK

obviously with the expert reports. *We will be bringing that to Judge Van Keulen*, obviously, unless we can work it out." Dkt. 419, 1/9/20 Trans., 158:23-25. Judge Freeman then stated, "I am hoping there are a limited number of disputed areas, and you will just give her [Judge Van Keulen] chapter and verse, as you will to Mr. Jameson, of where your reference is to the contentions." *Id.* at 159:7-10. *See also id.* at 51:4-6 ("So this substitution needs to happen, and if you can't agree on it, you will go back to her [Judge Van Keulen]."), 51:19-21 ("So that's just the way it is. It will go to Judge Van Keulen if there's an objection…"), 120:6-11 (quoted above). It is clear from the summary judgment proceedings that this Court is to decide this dispute, the outcome of which is to be enforced via a motion *in limine* before Judge Freeman. Finjan is also incorrect that Cisco's motion "seeks to prevent what [Cisco] believes Dr. Medvidovic might testify about." Opp. at 5. The dispute is precisely what Judge Freeman described: whether the three MPC infringement theories that survived summary judgment are disclosed in the OICs.

**B.    The OICs Do Not Support The Theories That Survived Summary Judgment**

Finjan attempt to reframe the dispute as an issue of whether any of the expert reports contains language that "tracks" the OICs. In other words, Finjan seeks a way out by having its expert retreat to generic language that can be located somewhere in Finjan's OICs. This effort simply ignores the long procedural history of this dispute, including Finjan's earlier motion to amend, and the effect of Judge Freeman's MSJ Order. Only 3 specific components are still alive in this case as accused MPC. Finjan did not rely on the generic language in its reports to avoid summary judgment, but on the specific items at issue in this motion. The issue now before the Court is whether the generic placeholders cherry picked from the OICs are sufficient under the law and in the context of the OICs themselves to have put Cisco on notice of the three MPC component theories that survived summary judgment. The answer is no.

**1.    The Dispute Regarding The 3 Surviving Items Is Not "Moot".**

Finjan is wrong that Finjan's latest amended expert reports – in which it just pasted the generic language from its operative contentions verbatim into the report – resolved all issues regarding the codename phrases. Opp. at 10. Finjan concedes, as it must, that only three of the seven items – ████████████████████ – survived Cisco's motion for summary

2

1  judgment (Opp. at 6).  Judge Freeman's MSJ Order confirmed that Finjan must "show that *the*
2  *functionalities corresponding to the codenames* were included in its operative infringement
3  contentions" (MSJ Order at 4), which it cannot.

4      Finjan attempts to map ▬▬▬▬ to the generic "virtual environment agent".  Finjan
5  cites to no evidence (from documents, or from fact or expert witness) that the disclosure of the
6  genericized phrase "virtual environment agent" corresponds to ▬▬▬▬  Counsel's say-so
7  cannot be enough; otherwise, the Local Rules would have no teeth.  Nor could Finjan have presented
8  such evidence, as Finjan twice proves in its own Opposition.  First, Finjan confirms that its expert
9  reports actually included the phrase "virtual environment agent," but those cites never link the
10 "virtual environment agent" with the ▬▬▬▬  Opp. at 3.  Second, Finjan cites its expert's
11 testimony that "Cisco *may not transmit the entire virtual environment agent*, but it transmits things
12 used to configure . . ." Opp. at 3.  Again, that testimony says nothing about a ▬▬▬▬
13 Moreover, far from helping Finjan, this is classic expert deposition equivocation, between what may
14 or may not be transmitted and what might be the "virtual environment agent," confirming that the
15 "viral environment agent" (whatever it is) is partially transmitted.  This soundbite sheds no light on
16 the very specific component called a ▬▬▬▬ (which is never transmitted, even in part).
17 Cisco MSJ at 15.  Ironically, even Finjan's use of this broad language would not encompass the
18 ▬▬▬▬ or.  Cisco's engineer Matthew Watchinski explained that Threat Grid does not have an
19 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
20 ▬▬▬▬▬▬▬▬  *See* Ex. 1 at 48:17-23.  In other words, even in genericized form,
21 Finjan is using a term that would not capture something in Threat Grid, much less correspond to a
22 very specific component like the ▬▬▬▬  Finjan's detour to its expert reports and
23 deposition testimony only hurts its cause, and it certainly does not answer the questions of whether
24 the OICs put Cisco on notice that Finjan was accusing the ▬▬▬▬, either by name or
25 function.  Likewise, Finjan had no answer to the fact that the Court specifically rejected (by name)
26 any attempt to amend the expert reports to include elements specific to ▬▬  Motion at 10.

27     Finjan's argument on the other two elements is even weaker.  Finjan attempts to map
28 ▬▬▬▬▬▬ to the generic "parameters to run the sample file or URL." Opp. at 10.

As explained in Cisco's Motion, "parameters to run the sample file or URL" could be sent from anywhere, and they encompass the API theory Finjan abandoned. It does not denote any component with specificity, and certainly not an existing component of a sandbox. And, again the proof is in the MSJ Order: this is the same generic phrase that Finjan said also disclosed 3 of the items on which summary judgement was granted: ███████████████████████████████████ Motion at 10. These items are of such different character that some were eliminated as a matter of law.

### 2. No Disclosure of Alleged MPC Already resident at the Cisco sandbox.

Finjan argues the transmission of MPC is only "one way infringement occurs for Claim 14" but another way is "a stationary virtual environment agent within a virtual environment (e.g., a sandbox)." *Id.* at 7. Again, this one-off reference in the OICs to "virtual environment agent" is not notice of a standalone sandbox-only theory apart from Finjan's MPC transmission theories. Motion at 9-10. Finjan has no answer to the fact that the OICs disclose the "virtual environment agent" (like everything else) as being transmitted to the sandbox and then executed there.

Finally, Finjan's reference to the ruling in the March 20, 2020 MSJ Order that Claim 14 does not require MPC to be transmitted does not retroactively create an accusation against such an accused product in the OICs. Indeed, at the time of the OICs, Finjan was telling the Court the opposite, namely that "because Claim 14 specifically recites a '*mobile* code executor' … the mobile aspect of the code is written in the claims already, [and] the construction does not require the term 'mobile.'" Dkt. 155 at 1; Cisco MSJ at 13. This position is consistent with the OIC's claim 14 treatment of the "virtual environment agent". The OIC's reference the phrase only three times, and none asserts that the virtual environment agent is a component already at the Cisco sandbox. The first reference in the OIC's to "virtual environment agent" in the context of claim 14 is that the "virtual environment agent (mobile protection code)" is caused to be executed within the virtual environment. *See, e.g.,* Opp. Ex. 4 (Appx. C1) at 35 ("Cisco AMP for Networks meet the recited claim language because Cisco AMP for Networks cause a virtual environment agent (mobile protection code) to be executed within the virtual environment running Windows operating system …)". The second reference follows immediately after the first and states only that "the virtual

environment agent will process one or more operations …" *Id*.  There is no assertion that this "virtual environment agent" is a fixed part of the sandbox.  And in fact, as explained in Cisco's motion, these vague references to the virtual environment agent are directly followed by Finjan's contentions that MPC is not something that is already resident at the sandbox but rather something transmitted to the sandbox, for example by the AMP Gateway products:

> If the code is executable, Cisco AMP for Networks ***packages information pertaining to the executable and information pertaining to tasks and relevant parameters and transmits it to Threat Grid and/or Talos*** for further analysis. The code and information pertaining to the task and parameters relevant to Threat Grid and/or Talos is the mobile protection code."

*Id*.  Consistent with this statement, Finjan's third reference is where MPC is transmitted:

> ***Cisco AMP for Networks*** contain a scheduler which ***retrieves***, from an virtual environment component pool, ***a virtual environment agent*** for monitoring and detecting code that perform suspicious changes to the operating system ***and sends it to the virtual environment, thereby causing mobile protection code to be communicated*** to at least one information-destination of the downloadable-information.

*Id.*  Whether viewed individually or in their larger context, Finjan's one-off references to a "virtual environment agent" in the contentions did not put Cisco on notice of a sandbox-only theory in compliance with the local patent rules.  *DSS Tech. Mgmt. v. Apple, Inc.,* 2020 U.S. Dist. LEXIS 6177 at *23-25 (N.D. Cal. 1/14/20).

Finally, Finjan asserts it provided notice via a "separate infringement chart in its Infringement Contentions that accused Threat Grid alone of infringing."  Opp. at 9 (citing Opp. Ex. 6).  But the chart itself contradicts this position, as the accusations in that chart involve Cisco Gateway Products, just like the other charts.  As Cisco explained in its Motion, this Threat Grid contention defines "Cisco Threat Grid" as including (i) "any related subscriptions such as AMP", (ii) "Cisco Threat Gird in combination with outer Cisco appliances and/or cloud-based products and/or services (such as Cisco AMP for Networks …") and (iii) Cisco Threat Grid in combination with Talos technology."  Opp., Ex. 6 at 1.  As shown in Cisco's Motion, while Finjan labels Chart C3 as a ThreatGrid-only infringement chart, the allegations quickly morph into allegations that depend on other Cisco appliances, such as AMP.  The citations in Finjan's Threat Grid contention are substantively identical to the allegations in the AMP Gateway Cloud product contentions, and do not disclose any Cisco Sandbox-only MPC theories.  Motion at 6-7.

Dated: April 15, 2020                                              Respectfully submitted,

/s/ Nicole E. Grigg
Nicole E. Grigg
**DUANE MORRIS LLP**
Email: negrigg@duanemorris.com
D. Stuart Bartow
Email:dsbartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email: wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email: mcgaudet@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.