Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>   Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**PLAINTIFF FINJAN, INC.'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE REFERENCE TO PENDING AND UNRELATED LITIGATIONS AND PTO PROCEEDINGS**<br><br>Date:     April 30, 2020<br>Time:    1:30 P.M.<br>Place:    3, 5th Floor<br>Before:  Honorable Beth L. Freeman |

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, and 611, Finjan, Inc. ("Finjan") respectfully requests that the Court exclude from presentation to the jury at trial any discussion of: (1) other pending proceedings involving Finjan's asserted patents, including in other courts and/or the USPTO ("Pending Proceedings"); and (2) other litigation—whether pending or final—involving Finjan and patents that are not asserted in this case ("Irrelevant Proceedings")[1] (collectively, the "Proceedings"). The Court should exclude the Pending Proceedings because no final decisions for any of the asserted claims have been reached in these proceedings and therefore any preliminary results are irrelevant. Moreover, any discussion of the Pending Proceedings would be unduly prejudicial to Finjan given the risk of confusing the jury or encouraging it to decide the issues before it based on irrelevant factors. Similarly, the Irrelevant Proceedings should be excluded because they are also irrelevant to the issues of infringement and validity and there is a substantial risk the jury could improperly rely on decisions for other patents that are not at issue here.

Apparently Cisco Systems, Inc. ("Cisco") intends to present evidence of these Proceedings to paint Finjan as a bad actor, *i.e.*, to argue Finjan is litigious and deserves no remedy. But introducing evidence of Finjan's Proceedings for that purpose is not relevant to the issues being tried to the jury here—namely, whether Cisco infringes the patents-in-suit, whether those patents are valid, and what damages will be assessed. Therefore, introduction of any evidence relating to the Proceedings will only risk confusing the jury and will be highly prejudicial to Finjan.

## II. ARGUMENTS

### A. The Court Should Preclude Argument and Evidence Regarding Pending Proceedings

The Court should preclude Cisco from presenting any arguments or evidence regarding Pending

---

[1] Finjan recognizes that license agreements that resulted from prior litigations involving patents not at issue in this case may be relevant to damages, including to *Georgia-Pacific* factors 4, 12 and 15. See *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y 1970), *mod. and aff'd.*, 446 F.2d 295 (2d Cir. 1971), *cert denied*, 404 U.S. 870 (1971). It is therefore proper for the damages experts to consider and discuss licenses that arose from such prior litigation without going into irrelevant details of the cases or allowing Cisco to paint Finjan as particularly litigious. *See* Exh. 1, *Finjan, Inc. v. Blue Coat Sys., LLC.*, Case No. 15-cv-03295-BLF, Dkt. No. 404 at 20 (N.D. Cal. Oct. 18, 2017) (allowing consideration of Finjan license and settlement agreements as "comparable to the Asserted Patents in a sense that they relate to the same technology").

1

Proceedings involving Finjan.  Specifically, there are multiple co-pending proceedings involving Finjan and the asserted patents, but not Cisco or its accused products.  There have been no decisions on the merits of the claims or defenses in these lawsuits, and fact discovery has yet to close in some of them.  Thus, the mere existence of these lawsuits has no bearing or relevance on the issues here, *i.e.*, they do not have "any tendency to make a fact more or less probable than it would have be without the evidence."  FED. R. EVID. 401.

At a minimum, any probative value of these co-pending litigations is far outweighed by the risk of prejudice.  FED. R. EVID. 403.  Introducing evidence of Pending Proceedings carries a substantial risk the jury will be confused as to the specifics of Finjan's claims against Cisco and its accused products, or that the jury will perceive Finjan negatively simply because it is involved in other litigations.  *See, e.g., In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (finding that "evidence of Plaintiff's involvement in other litigation . . . is also irrelevant and carries with it a high risk of prejudice"); *see also Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988) (finding that opening up the area of other litigation "invites detailed inquiries, denials, and explanations, likely to lead to multifariousness and a confusion of issues.") (cited by *Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011) (the slight probative value of plaintiff's litigation history was "outweighed by the substantial danger of jury bias against the chronic litigant.")).  Finjan has a lawful right to seek redress for infringement of its patents against Cisco, regardless of the existence of other proceedings, and any evidence or argument seeking to paint Finjan as overly litigious is highly prejudicial.  Finally, the introduction of evidence or argument about Pending Proceedings would be a waste of time and resources, as Finjan would then feel obligated to present the jury with the facts underlying the Pending Proceedings to put the litigations in context.

For these reasons, courts regularly exclude evidence regarding other litigations and USPTO proceedings.  *See, e.g., Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) ("The district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective

value it might have had in this case."); Exh.² 1, *Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 15-cv-03295-BLF, Dkt. No. 404 at 4–5 (N.D. Cal. Oct. 18, 2017) (granting Finjan's *motion in limine* regarding pending litigations and patent office proceedings); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (granting motion *in limine* to exclude reference to party's other litigation, finding "[s]uch evidence does not appear relevant"); Exh. 2, *Golden Bridge Tech. Inc. v. Apple Inc.*, No. 5:12-cv-04882- PSG, Dkt. No. 469, Order on Motions *in Limine* at 2 (N.D. Cal. May 16, 2014) (excluding suggestion of unrelated litigation). Therefore, Finjan respectfully requests the Court preclude Cisco from introducing evidence or argument regarding Finjan's Pending Proceedings.

### B.  The Court Should Preclude Irrelevant Proceedings

The Court also should preclude Cisco from discussing USPTO and court proceedings for patents, claims and accused products that are ***not*** at issue in this case because they are not relevant and their probative value, if any, is outweighed by prejudice. *See, e.g. Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1572–75 (Fed. Cir. 1993) (prior judicial opinion was properly excluded from the jury under Rule 403). The validity or infringement of Finjan's unasserted patents and claims are not relevant here because those patent claims reflect different inventions and have different elements and claim scope than the patent claims at issue in this case. *See* FED. R. EVID. 401–403; *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 490–91 (D. Del. 2010) (excluding reference to unasserted claims because "[t]elling the jury that the *Alaris* court found certain of [plaintiff's] patent claims to be invalid would introduce irrelevant evidence and would risk unduly prejudicing [the plaintiff]"). Moreover, the introduction of the Irrelevant Proceedings will risk confusing the jury, requiring them to parse the differences between patent claims that are at issue in this case and patent claims that are not. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, Civil Action No. 2:10cv248, 2011 WL 7036048, at *2 (E.D. Va. July 5, 2011) ("[P]resentation of evidence pertaining to proceedings involving some of the patents-in-suit in this case in the ITC or elsewhere would be unduly prejudicial, as any such evidence may have a tendency to confuse the jury.") (citing *Mendenhall*, 5 F.3d at 1572-75).

---

² All exhibits referenced herein are incorporated in the Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan, Inc.'s Motions *in Limine* ("Chacon Decl.").

In addition, Finjan's prior claims against other defendants are irrelevant to the issue of infringement in this case because they relate to different accused products. A proper infringement analysis requires comparing the accused product with properly construed claims. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995); *see also Gen. Mills Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997) ("Literal infringement requires that every limitation of the patent claim be found in the accused infringing device."); *see also* Exh.1, *Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 15-cv-03295-BLF, Dkt. No. 404 at 5 (N.D. Cal. Oct. 18, 2017) (excluding litigations involving different defendants and different accused products). References to third-party products not at issue in this case have no bearing on the infringement claims here and would only risk confusing the jury. *See* FED. R. EVID. 401, 403, and 611.

In sum, the results from the Irrelevant Proceedings pose a substantial risk of impairing the jury's ability to reach a fair and independent decision. Rather than weighing the relevant evidence, the jury may be tempted to improperly substitute decisions made in other cases for its own judgment. And, as described above, reference to these proceedings bears a substantial risk the jury will have an unfair negative perception of Finjan based solely on the fact that it has asserted its patent rights in the past. *See, e.g.*, *In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011); *Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988). Therefore, exclusion is appropriate under Rule 403, which provides for the exclusion of extraneous evidence where there is an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403, Notes of Advisory Committee; *see CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 45 n. 10 (1st Cir. 1998) (courts "have affirmed the exclusion of prior judicial opinions on Rule 403 grounds, all of them citing the danger of jury confusion and prejudice to the party as bases for their decision") (citations omitted); *see also Dethmers Mfg. Co. v. Automatic Equipment Mfg. Co.*, 73 F. Supp. 2d 997, 1002 (N.D. Iowa 1999).

### III. CONCLUSION

Based on the foregoing reasons, Finjan respectfully requests the Court grant its Motion *in Limine* No. 1.

| | | |
|---|---|---|
| 1 | Dated: April 16, 2020 | Respectfully submitted, |
| 2 | | By: */s/ Megan A. Chacon* |
| | | Juanita R. Brooks (CA SBN 75934) brooks@fr.com |
| 3 | | Roger A. Denning (CA SBN 228998) denning@fr.com |
| | | Frank J. Albert (CA SBN 247741) albert@fr.com |
| 4 | | Megan A. Chacon (CA SBN 304912) chacon@fr.com |
| 5 | | K. Nicole Williams (CA SBN 291900) nwilliams@fr.com |
| | | Oliver J. Richards (CA SBN 310972) ojr@fr.com |
| 6 | | Jared A. Smith (CA SBN 306576) jasmith@fr.com |
| | | FISH & RICHARDSON P.C. |
| 7 | | 12390 El Camino Real, Suite 100 |
| | | San Diego, CA 92130 |
| 8 | | Phone: (858) 678-5070 / Fax: (858) 678-5099 |
| 9 | | |
| | | Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com |
| 10 | | Alana C. Mannige (CA SBN 313341) mannige@fr.com |
| | | FISH & RICHARDSON P.C. |
| 11 | | 1180 Peachtree Street NE, 21st Floor |
| | | Atlanta, GA 30309 |
| 12 | | Phone: (404) 892-5005 / Fax: (404) 892-5002 |
| 13 | | |
| | | Attorneys for Plaintiff FINJAN, INC. |

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 16, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Megan A. Chacon*
Megan A. Chacon
chacon@fr.com