Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Amitted *Pro Hac Vice*) kazi@fr.com
Alana Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002
*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF FINJAN, INC.'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE DEROGATORY OR MISLEADING CHARACTERIZATIONS OF FINJAN'S BUSINESS**<br><br>██████████████████████<br>██████<br><br>Date:        April 30, 2020<br>Time:       1:30 p.m.<br>Place:      3, 5th Floor<br>Before:    Honorable Beth L. Freeman |

## I.   INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, and 403, Finjan, Inc. ("Finjan") respectfully requests the Court to preclude Cisco Systems, Inc. ("Cisco") from making any false, derogatory, or misleading characterizations of Finjan or its business at trial.  Specifically, Cisco has refused to agree not to use terms such as "patent troll," "patent assertion entity," "PAE," "non-practicing entity," or "NPE" to describe Finjan at trial, apparently in hopes of evoking an emotional reaction from the jury that is untethered to the facts or the law.[1]  In addition, Cisco seeks to introduce testimony relating to things like ████████████████████████████████████████████████████, all in an attempt to paint Finjan as a sham company in the eyes of the jury.[2]

Finjan is not a shell patent company.  Finjan has a long history of technology development, dating back to its founding in 1996.  Over time, Finjan has raised over $350 million both through licensing its technology and selling products, and it has reinvested a significant percentage of that money on research and development in computer security technologies.  *See* Exh.[3] 3 (Hartstein Dep. Tr.) at 35:14-36:4, 88:1-14, 307:25-308:9.  And even if that were not the case, whether Finjan makes significant revenue from its security products is entirely irrelevant to the merits of Finjan's patent infringement claim or Cisco's defenses of invalidity and non-infringement in this case.  Because Finjan would face significant prejudice by Cisco's improper arguments, the Court should preclude Cisco from making derogatory and/or misleading characterizations of Finjan's business.

## II.   ARGUMENT

Cisco intends to mislead the jury at trial by presenting argument and evidence unrelated to the

---

[1] Cisco has proposed that it will refrain from referring to Finjan as a "patent troll" ***except to the extent*** Finjan is referred to as such in documents introduced as evidence at trial.  But whether Cisco elicits and highlights that term, or similar terms such as "patent assertion entity," "PAE," "non-practicing entity," or "NPE," through testimony, documents or argument makes no difference; they are inaccurate, irrelevant and inflammatory, and they should be excluded.

[2] For example, Cisco intends to present testimony regarding ████████████████████████████ ██████████████████████████████████████████  *See, e.g.*, Exh. 4 (Chinn Dep. Tr.) at 63:20-64:7, 66:4-67:9; 101:24-103:21, 104:5-8, 104:10-12, 105:9-21, 108:4-109:17, 168:15-20; Exh. 5 (Noonan Dep. Tr.) at 45:10-12, 45:25-46:21, 120:2-5.

[3] All exhibits referenced herein are incorporated in the Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan, Inc.'s Motions *in Limine*.

merits of the claims or defenses asserted in this case.  Finjan seeks to exclude any evidence, testimony, or argument presented to elicit derogatory and/or misleading characterizations of Finjan's business.

### A.    Cisco's Intended Mischaracterizations of Finjan's Business Are Irrelevant to the Disputed Issues in this Case

Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence. FED. R. EVID. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. The mischaracterization of Finjan as a "patent troll," "patent assertion entity," "PAE," "non-practicing entity," "NPE," or any similar term lacks any tendency to make any material fact regarding the Finjan's claims for infringement, willfulness and damages, or Cisco's theories of invalidity, more or less probable.  This lack of relevance alone is grounds for preclusion.  FED. R. EVID. 402.

The factual record also does not support Cisco's mischaracterization of Finjan as a patent shell company with no business or real operations.  Since its founding in 1996, Finjan has developed and sold the first behavior-based gateway security products of its kind incorporating its patented technology and was widely recognized by the industry for its innovative technology.  Today, Finjan is a publicly traded company, and its current business includes licensing its patents and selling mobile security products. Throughout its history, Finjan has ████████████████████████████████████████ ████████████████████████████████████.  *See* Exh. 3 (Hartstein Depo. Tr. at 35:14-36:4).  In 2018 alone, Finjan ██████████████████████████████████████████. *Id.* at 87:18-21.  Thus, any reference to Finjan as a "patent troll" or "non-practicing entity" or similar characterization is simply false. Cisco's references to ███████████████████████████ █████████████████████████████████ also lack any relevance to the present infringement suit.  Such information is wholly irrelevant to whether Finjan's patent infringement claims against Cisco have merit (whether the accused products practice Finjan's patent claims), whether Cisco's infringement was willful, the validity of Finjan's patents, and what damages are owed by Cisco to Finjan for patent infringement, and thus, should be precluded.

**B.** **Cisco's Intended Mischaracterizations of Finjan's Business at Trial Will Result in Unfair Prejudice, Confusion, and Misleading of the Jury**

Even if there were any probative value of characterizing Finjan as a "patent troll," "patent assertion entity," "PAE," "non-practicing entity," "NPE," or similar term—which there is not—it would be heavily outweighed by the prejudicial effect of that evidence.  Federal Rule of Evidence 403 states that the court may exclude relevant evidence "if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury. . . ."  FED. R. EVID. 403. Unfair prejudice warranting preclusion includes an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 Advisory Committee Notes.

Should Cisco use any pejorative terms like "patent troll," "patent assertion entity," or "PAE," "non-practicing entity," or "NPE" it would unfairly and misleadingly smear Finjan as a patent predator, which is likely to evoke a prejudicial emotional response from the jury.  Further, such allegations by Cisco have nothing to do with Finjan's patent infringement claims or Cisco's defenses in this case (see Section II.A), thus misleading the jury as to any alleged relevance to the issues in dispute.  As such, courts, including this District, routinely preclude defendants from referring to patent holders by these derogatory terms.  *See, e.g.*, *Finjan, Inc. v. Sophos, Inc*., No. 14-cv-01197-WHO, 2016 WL 4560071, at *8 (N.D. Cal. Aug. 22, 2016) (granting Finjan's motion *in limine* in part to preclude uses of the terms "patent assertion entity" and "patent troll"); *Finjan, Inc. v. Blue Coat Sys., Inc*., No. 13-cv-03999-BLF, 2015 WL 4129193, at *2 n.1 (N.D. Cal. July 8, 2015) ("Although the Court is aware that other courts have permitted use of the term 'patent assertion entity,' the Court finds that this term carries negative connotations similar to the term 'patent troll.'") (internal citation omitted); *see also Digital Reg of Texas, LLC v. Adobe Sys, Inc.,* No. C 12-1971 CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) ("[Defendant] may not use pejorative terms, such as 'patent troll,' 'pirate,' 'bounty hunter,' 'paper patent,' 'playing the lawsuit lottery,' and 'shell corporation,' which have negative connotations."); *Personalized User Model, L.L.P. v. Google Inc*., C.A. No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (excluding "the terms 'patent troll,' 'non-practicing entity,' and 'paper patent' or otherwise indicating that [the plaintiff] does not practice the asserted patents at trial."); *HTC Corp. et al.*

*v. Tech. Props. Ltd., et al.,* Case No.: 5:08-cv-00882-PSG, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) ("HTC is precluded from using derogatory characterizations of patent owners including the use of the term patent troll . . .").

Given the prejudicial effect Cisco's pejorative mischaracterizations would have on the jury, so too should this Court preclude their use here.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Finjan respectfully requests that the Court grant its Motion *in Limine* No. 2.

Respectfully submitted,

Dated:  April 16, 2020            By:  <u>*/s/ Megan A. Chacon*</u>
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 16, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail and regular mail.

*/s/     Megan A. Chacon*
Megan A. Chacon
chacon@fr.com

FINJAN'S MOTION *IN LIMINE* NO. 2                    CASE NO. 5:17-cv-00072-BLF-SVK