Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**PLAINTIFF FINJAN, INC.'S MOTION *IN LIMINE* NO. 3 RE: INVALIDITY THEORIES NOT DISCLOSED IN INVALIDITY CONTENTIONS**<br><br>Date:    April 30, 2020<br>Time:    1:30 P.M.<br>Place:    3, 5th Floor<br>Before:    Honorable Beth L. Freeman |

**I.     INTRODUCTION**

Cisco Systems, Inc. ("Cisco") should not be permitted to present any evidence, testimony, or argument at trial regarding invalidity theories that were not timely disclosed in its invalidity contentions, in violation of Patent Local Rules 3-3 and 3-4 and this Court's Orders. Specifically, Cisco's invalidity experts rely on (1) a Feigenbaum-ThunderBYTE Antivirus Utilities combination that Cisco never properly disclosed or charted in its invalidity contentions; (2) three new references that Cisco never identified in its invalidity contentions or elections of alleged prior art; and (3) new theories under 35 U.S.C. §§ 101 and 112 that were never properly disclosed in Cisco's invalidity contentions. Because these invalidity theories were not timely disclosed, Cisco should be precluded from offering any argument or evidence related to the foregoing theories at trial.

**II.    ARGUMENT**

Cisco should be precluded from offering invalidity theories that it did not timely disclose, in violation of the Patent Local Rules and this Court's Orders. *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014) ("Any invalidity theories not disclosed pursuant to Local Rule 3-3 are barred . . . from presentation at trial (whether through expert testimony or otherwise)."); *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2014 WL 6882275, at *3-4 (N.D. Cal. Dec. 5, 2014) (striking portions of expert report that relied on invalidity theories not disclosed in invalidity contentions/charts); *ASUS Comp. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST (NC), 2014 WL 1463609, at *8 (N.D. Cal. Apr. 11, 2014) (same).

Cisco's invalidity contentions did not (1) identify and chart alleged prior art for Cisco's new theories, (2) identify obviousness combinations in Cisco's new theories, or (3) identify the newly alleged grounds for invalidity under 35 U.S.C. §§ 101 and 112. In so doing, not only did Cisco violate the Local Patent Rules, but it violated this Court's Orders in this very case. *See* Dkt. No. 140 at 2 ("a specific combination of references for a single obviousness theory **shall not be changed or revised for [a] subsequent election**"); Dkt. No. 274 at 4 ("only those primary references that **were charted in Cisco's Invalidity Contentions** are valid choices from which Cisco may elect prior art in its narrowing elections.") (emphasis added).

1

### A. Cisco Should Be Precluded From Relying on the Feigenbaum-ThunderBYTE Antivirus Utilities Combination Against the '844 Patent

Cisco should be precluded from relying on the Feigenbaum-ThunderBYTE Antivirus Utilities combination at trial because it did not identify or chart this combination in its invalidity contentions as required. *See* Patent L.R. 3-3(b) (requiring Cisco to identify "any combinations of prior art showing obviousness"). In its invalidity contentions served on August 7, 2017, Cisco identified Feigenbaum as prior art against U.S. Patent No. 6,154,844 ("the '844 Patent") and identified 22 other references that could allegedly be combined with Feigenbaum for obviousness, but none of these references included ThunderBYTE Antivirus Utilities ("ThunderBYTE"). *See* Dkt. No. 319-6 at 1–2. Similarly, while Cisco identified ThunderBYTE as prior art for the '844 Patent and identified 13 other references that could allegedly be combined with ThunderBYTE, none of these references included Feigenbaum. *See* Dkt. No. 319-7 at 1–2. In total, Cisco identified approximately ***four hundred*** alleged obviousness combinations for the '844 Patent, ***none*** of which included the Feigenbaum-ThunderBYTE combination.

Instead, Cisco waited until June 25, 2019 to identify the Feigenbaum-ThunderBYTE combination in its ***third*** amended election of prior art. *See* Dkt. No. 319-11. And even with that belated identification, to this day Cisco has not charted the Feigenbaum-ThunderBYTE combination (outside of its expert reports) or sought the Court's leave to include this new theory in its contentions. Cisco contends its failure to timely identify and chart the combination of Feigenbaum-ThunderBYTE is excused because of its (belated) identification in its third amended election.[1] Not so. As explained in this Court's September 13, 2018 Order, Cisco's third amended election was intended to be a "***narrowing*** of the Asserted … Prior Art," not a ***broadening*** of it. *See* Dkt. No 140 at 1 (emphasis added). The parties agreed, and the Court ordered, that Cisco should serve a third election that was expressly limited to "6 invalidity theories … per patent" elected from the "***subset of prior art it previously identified***." *Id.* at 1-2 (emphasis added). The Order explicitly stated that "a specific combination of references for a single obviousness theory ***shall not be changed or revised for [a] subsequent election***." *Id.* at 2 (emphasis added).

---

[1] On June 27, 2019, Finjan informed Cisco of various defects with its amended third election, including its improper election of the Feigenbaum-ThunderBYTE combination, which was not identified in Cisco's contentions. Dkt. No. 319-12 at 8. Cisco refused to remove the combination.

Cisco claims that it "reserve[d] the right to rely on any combination of prior art." Dkt. No. 333 at 5. This boilerplate language is no excuse for failing to meet the requirements of Patent Local Rule 3-3(b), particularly when Cisco identified over forty alleged prior art items for the '844 Patent in its contentions, resulting in thousands of potential combinations.

Finally, Finjan will suffer prejudice if Cisco is allowed to rely upon the Feigenbaum-ThunderBYTE combination in contravention of the rules. Finjan made numerous decisions in this case without the benefit of knowing that Cisco intended to identify the Feigenbaum-ThunderBYTE combination. Cisco should not be allowed to improperly backdoor this new (and untimely) invalidity theory into this case after Finjan has already relied upon Cisco's prior representations that did not include this theory.

### B. Cisco's "Background" References—Necula, Karger, December—Should Be Excluded

Cisco also should be precluded from relying on the alleged "background" references Karger, December, and Necula for its invalidity analysis because they were not identified or charted in Cisco's invalidity contentions or any of its elections of prior art, including its most recent Amended Third Election. *See* Dkt. No. 319-3 (Cisco's Invalidity Contentions); Dkt. No. 319-11 (Cisco's Amended Third Election); Patent L.R. 3-3(a), (c) (requiring Cisco to identify "each item of prior art" and provide "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found"); Dkt. No. 140 at 1 (limiting Cisco's opening reports to its third election).

While Cisco may argue these articles are "background," that simply is not the case. At least Karger and December are used by Cisco's experts as part of their element-by-element invalidity analyses, such that they go beyond serving merely as background references. *See* Dkt. No. 318-4 (Almeroth Report) ¶¶ 240, 280, 332, 352, 376, 410; Dkt. No. 318-6 (McDaniel Report) ¶ 234. For example, Dr. Almeroth relies on Karger's description of JavaScript for a claim element in the '844 Patent[2] drawn to "JavaScript™ script," because the Zwienenberg and other references on which he relies do not disclose JavaScript. *See* Dkt. No. 318-4 ¶¶ 240-41, 375-77, 410-11. Similarly, Dr. McDaniel relies on December for a browser that purportedly "fetches referenced software components prior to performing the hashing

---

[2] Claim 7 of the '844 Patent references "wherein the Downloadable includes a JavaScript™ script."

function" in order to support a claim element in U.S. Patent No. U.S. 6,804,780 ("the '780 Patent"), because the Atkinson reference on which he relies does not disclose that limitation.[3]  *See* Dkt. No. 318-6 (McDaniel Rpt.) ¶ 234.  Finally, Dr. Almeroth relies upon Necula in his invalidity analysis.  *See* Dkt. No. 318-4 (Almeroth Rpt.) ¶¶ 280, 352.  Cisco has represented that Dr. Almeroth "does not rely on Necula as disclosing a claim element," Dkt. No. 333 at 8, and therefore at a minimum Cisco should not be permitted to rely upon Necula at trial as disclosing any claim element.

Cisco should be precluded from relying on these references to support its invalidity analysis.  *See Largan*, 2014 WL 6882275, at *6 (reference that is relied on as part of the invalidity analysis in this manner is considered "asserted prior art"); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *1–2 (N.D. Cal. Sept. 17, 2012) (striking portions of opinion in expert report because they relied on prior art that should have been disclosed pursuant to the Patent Local Rules, recognizing that "[o]ther courts have rejected such attempts to elude patent local rules by defining materials as 'background' or 'context.'") (citations omitted).

### C. Cisco's New Invalidity Grounds Under Sections 101 and 112 Should Be Precluded

Finally, Cisco should be precluded from relying on its subject matter and written description invalidity theories, which were identified more than a year and a half after Cisco served its invalidity contentions.  *See* Patent L.R. 3-3(d) (requiring identification of "***[a]ny grounds of invalidity based on 35 U.S.C. § 101 . . . or*** enablement or written description under ***35 U.S.C. § 112(1)*** of any of the asserted claims.") (emphasis added).

**Section 101**: Cisco's invalidity contentions provided only a short mostly boilerplate recitation addressing Section 101 (amounting to *one* paragraph-per-patent), alleging in a conclusory fashion that the claims are directed to an "abstract concept" or recite "generic computer components," without any meaningful explanation.  *See* Dkt. No. 319-3 at 85-87.  Nearly a year and a half after serving its contentions, Cisco served an interrogatory response presenting new bases for its Section 101 defense, and then served the expert report of Dr. McDaniel, who provides twenty-one paragraphs of opinions that were never discussed or even summarized in Cisco's invalidity contentions.  Dkt. No. 318-6 (McDaniel

---

[3] Claim 9 of the '780 Patent references "an ID generator … that fetches at least one software component identified by the one or more references, and for performing a hashing function…."

Rpt.) ¶¶ 214, 222, 502-20; Dkt. No. 333-10 (Cisco's Response to Finjan's Interrogatory No. 16). These untimely disclosures were improper. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS(JSC), 2017 WL 5257001, at *4-5 (N.D. Cal. Nov. 13, 2017) (defendant could not rely on Section 101 theories that were described in contentions because they were conclusory); *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 9460295, at *3-4 (N.D. Cal. Dec. 23, 2015) (finding "broad reservation" insufficient under Rule 3-3(d) and emphasizing defendants' burden to identify the actual grounds for invalidity under Sections 101 and 112 so as to "provide structure to discovery and to allow the parties to move efficiently toward the eventual resolution of their dispute").

**Section 112**: For lack of written description under Section 112, Cisco's contentions recite a laundry list of potential claim terms that allegedly lack written description/enablement, without providing any explanation for any of those particular terms. *See* Dkt. No. 319-3 at 74-80. In contrast, Cisco's experts identify particular claim terms and offer new theories and explanations as to how the specifications are supposedly deficient under Section 112. *See* Dkt. No. 318-4 (Almeroth Rpt.) ¶¶ 619-83; Dkt. No. 318-6 (McDaniel Rpt.) ¶¶ 213, 221, 479-501; Dkt. No. 319-15 (Prakash Rpt.) ¶¶ 166, 475–489. Cisco's laundry list of alleged terms did not meet Cisco's burden of providing meaningful notice of the specific claim terms Cisco would allege as deficient under Section 112, much less notice as to why those claim terms were purportedly deficient under Section 112. Having failed to provide adequate notice in its contentions, Cisco should not now be permitted to rely on its experts' belatedly disclosed theories at trial. *See MediaTek*, 2014 WL 690161, at *6-7 (striking from reports Section 112 theories not disclosed in invalidity contentions); *see also Finjan*, 2015 WL 9460295, at *3-4.

Cisco's failure to identify these theories in its contentions has prejudiced Finjan because Finjan has not had the opportunity to fairly address these theories during fact discovery (*see supra* at 3). Cisco's belatedly asserted grounds for invalidity under Sections 101 and 112 should be excluded.

**III.   CONCLUSION**

Finjan respectfully requests that its Motion *in Limine* No. 3 be granted for at least the foregoing reasons.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| DATED: April 16, 2020 | By: | */s/ Aamir Kazi* |

Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

*Attorneys for Plaintiff*
FINJAN, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 16, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Aamir Kazi*
Aamir Kazi
kazi@fr.com