Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**PLAINTIFF FINJAN, INC.'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE RELIANCE ON UNDISCLOSED NON-INFRINGEMENT THEORIES**<br><br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br><br>Date:     April 30, 2020<br>Time:     1:30 P.M.<br>Place:    3, 5th Floor<br>Before:   Honorable Beth L. Freeman |

Pursuant to Federal Rules of Civil Procedure 26 and 37, Finjan, Inc. ("Finjan") respectfully requests the Court to preclude Cisco Systems, Inc. ("Cisco") from relying at trial on new non-infringement arguments that Cisco did not timely disclose during fact discovery. During discovery, Finjan served Interrogatory No. 6 ("ROG 6"), seeking "all legal and factual bases" for Cisco's non-infringement contentions, including "a substantive, particularized description of why you contend [any] element is not satisfied," and a "citation to specific components and functionality." *See* Exh.[1] 6 (Finjan's 2nd Set of ROGs to Cisco (Nos. 5-6)). Cisco responded to ROG 6, and Finjan proceeded accordingly. But then, after the close of fact discovery and in their rebuttal reports, Cisco's experts presented new non-infringement theories that Cisco never disclosed during fact discovery and that are inconsistent with Cisco's prior positions and the Court's claim constructions. Cisco's new positions are belied by direct evidence of how the product operates, as indicated in Finjan's infringement contentions and expert reports. But Cisco's unexcused late disclosure deprived Finjan of the opportunity to confront Cisco's witnesses with the specific defenses Cisco's experts now advance, or address them directly in Finjan's opening reports on infringement. Allowing Cisco to advance these new arguments at this stage would prejudice Finjan as it did not have any way to foresee the arguments, much less preemptively rebut them.

## I.   ARGUMENT

It is well established that a party may not use an expert report to introduce new non-infringement theories. *See Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003-04 (N.D. Cal. 2019) ("A rule that an accused infringer may wait until its expert rebuttal report to set forth theories of non-infringement for the first time would forfeit the benefits of contention interrogatories."). Cisco included several previously undisclosed non-infringement theories in the McDaniel 8/14/19 Reb. Report ("McDaniel Reb. Rep.") for U.S. Patent No. 6,804,780 ("the '780 Patent"), the Almeroth 8/14/19 Reb. Report ("Almeroth Reb. Rep.") for U.S. Patent Nos. 6,154,844 ("the '844 Patent") and 8,141,154 ("the '154 Patent"), and the Prakash 8/14/19 Report ("Prakash Rep.") for U.S. Patent No. 7,647,633 ("the '633 Patent"). The Court should preclude Cisco from relying on any of these new theories at trial.

---

[1] All exhibits referenced herein are incorporated in the Omnibus Declaration of Megan Chacon in Support of Plaintiff Finjan, Inc.'s Motions *in Limine*.

### A. The '844 Patent

#### 1. "rule set" limitation (claim 15)

Claim 15 of the '844 Patent requires the use of a "rule set." The first limitation recites storing a "rule set," and the second limitation recites a "first content inspection engine" that makes use of that "rule set." '844 Pat. at cl. 15. Of relevance here, the claim requires that the "rule set" is used to "generate a first Downloadable security profile." The Almeroth Report argues for the first time that the accused products do not meet the "rule set" limitation because the rule sets identified by Finjan's Expert (Dr. Cole) purportedly [REDACTED] [REDACTED]." See Exh. 8 (Almeroth Reb. Rep.) at ¶ 413; see also id. at ¶¶ 414-21. Cisco did not disclose that theory—or any other theory regarding "rule set"—in its response to ROG 6. See Exh. 10 (Cisco's Resp.)[2] at 7-14.[3] Cisco should be precluded from relying on this new theory.

#### 2. "generating" / "generate" limitations (claims 1, 15, and 43)

Claims 1, 15 and 43 of the '844 Patent each require the generation of a "first Downloadable security profile." '844 Patent at cls. 1, 15 and 43. The Almeroth Report takes the position that the accused products do not infringe the "generating" / "generate" limitations, relying on two arguments that Cisco waived. **First,** the Almeroth Report argues the [REDACTED] [REDACTED] See Exh. 8 (Almeroth Reb. Rep.) at ¶ 195. But the claims do not require a [REDACTED] let alone that the Downloadable security profile must be generated by a [REDACTED] Moreover, Cisco's responses to ROG 6 do not mention a [REDACTED] or disclose the argument that the accused products do not meet the "generating" / "generate" limitations because they [REDACTED]. See Exh. 10 (Cisco's Resp.) at 7-14. It is improper for Cisco's experts to add that limitation and to make an argument Cisco did not disclose during discovery.

**Second,** the Almeroth report states that [REDACTED] [REDACTED] See Exh. 8 (Almeroth Reb. Rep.) at ¶ 272. But

---

[2] "Cisco's Resp." refers to Cisco's responses to ROG 6, last supplemented on April 18, 2019.
[3] Cisco was on notice of Finjan's infringement contentions for "rule set" discussed by Dr. Cole long before service of Dr. Cole's expert report. See, e.g., Exh. 11 (Finjan's 10-31-2017 Supplemental Infringement Contentions ("SIC"), App. B7) at 38-44; Exh. 12 (SIC, App. B3) at 33-35.

again, Cisco did not disclose this ▓▓▓▓ theory in its response to ROG 6 for the '844 Patent. See Exh. 10 (Cisco's Resp.) at 7-13.

The Court should preclude Cisco from relying on either of these new non-infringement theories.

**B. The '154 Patent**

**1. "first function" and "second function" limitations (claim 1)**

Claim 1 of the '154 Patent requires a "first function" and a "second function," which the Court construed to mean "substitute function / original function, which is different than the first function." Dkt. 134 (Order Construing Claims) at 40. The Almeroth Report argues the accused products do not infringe the "first function" / "second function" limitations because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See Exh. 8 (Almeroth Reb. Rep.) at ¶ 457 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) (emphasis added). Finjan properly disclosed the functions Dr. Mitzenmacher identifies for the "first function" / "second function" limitations in its infringement contentions. See, e.g., Exh. 13 (SIC, App. D1) at 4-6. But Cisco's responses to ROG 6 did not address them. See Exh. 10 (Cisco's Resp.) at 36-39, 43.[4] So Cisco waived this argument and should be precluded from raising it at trial.

**2. Dependent claim 3**

Additionally, the Almeroth Report argues the accused products do not infringe dependent claim 3 of the '154 Patent because they purportedly lack the limitation "wherein the input is dynamically generated by said content processor prior to being transmitted by said transmitter". See Exh. 8 (Almeroth Reb. Rep.) at ¶¶ 653-55. Cisco's responses to ROG 6, however, never addressed claim 3 at all. Exh. 10 (Cisco's Resp.) at 35-42 (failing to contest infringement of claim 3). Cisco should be precluded from presenting opinions or argument at trial that it does not meet any limitations of claim 3.

**C. The '633 Patent: "mobile protection code" limitation (claim 14)**

Claim 14 of the '633 Patent requires "causing mobile protection code to be executed by the mobile

---

[4] Cisco's responses to ROG 6 do argue that the "first function" or "second function" limitations cannot be met by (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. But those are not the functions in the accused products that Finjan identified in its contentions or that Dr. Mitzenmacher identified in his report.

3

code executor." '633 Patent at cl. 14. The Prakash Report alleges the accused products do not meet the "causing …" limitation because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.*, Exh. 9 (Prakash Rep.) at ¶ 470 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); *see also* ¶¶ 367, 385. This argument is unavailable to Cisco for two separate reasons.

First, Cisco's argument that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is not in Cisco's responses to ROG 6. *See* Exh. 10 (Cisco's Resp.) at 29; *see also id*. at 29-35.[5]

Second, Cisco's argument is a veiled attempt at re-arguing a claim construction argument that Cisco already lost. *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) (expert testimony regarding claim construction is not admissible); *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1338 (Fed. Cir. 2009) ("[C]laim construction cannot be argued to the jury."). Dr. Prakash's opinion is based on a claim interpretation requiring that the "mobile protection code" is transmitted. *See, e.g.*, Exh. 9 (Prakash Rep.) at ¶ 470 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) (emphasis added); *see also* ¶¶ 367, 385. Cisco raised this same argument during summary judgment. In disposing of it, the Court noted that Cisco's argument was premised on an improper claim construction and one that the Court rejected:

> Neither the language of claim 14 nor the Court's construction of MPC requires MPC to be transmitted. . . [T]o the extent Cisco asserts that the term "mobile" in "mobile protection code" requires the MPC to be transmitted, the Court's construction imposes no such requirement. . . . [T]he Court rejects Cisco's non-infringement arguments to the extent that they require the components Finjan identifies as MPC to be "transmitted" or "communicated."

Dkt. 499 (Redacted Order re Cisco's MSJ) at 15. Cisco should not be allowed to present these claim construction arguments again, this time to the jury.

### D. The '780 Patent

#### 1. "an ID generator . . ." limitation (claim 9)

Claim 9 of the '780 Patent requires an "ID generator." '780 Pat. at cl. 9 ("an ID generator . . . that fetches at least one software component identified by the one or more references . . ."). The McDaniel

---

[5] Finjan's infringement contentions for "causing …" were properly disclosed. *See, e.g.*, Exh. 15 (Finjan's 11-30-2017 Amended Infringement Charts ("AIC"), App. C3) at 36-40.

Report argues the accused products do not satisfy this limitation because the accused products do not include ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.*, Exh. 7 (McDaniel Reb. Rep.) at ¶¶ 249-51, 261. But Cisco did not include this argument in its response to ROG 6. *See* Exh. 10 (Cisco's Resp.) at 14-19.[6] Cisco should be precluded from raising it now.

### 2. "fetches at least one software component" limitation (claim 9)

Claim 9 further requires that the ID generator "fetches at least one software component." '780 Pat. at cl. 9. The McDaniel Report argues Cisco's products do not infringe this limitation for two separate reasons, each of which Cisco previously forfeited.

First, Cisco's expert argues the software components must be ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.*, Exh. 7 (McDaniel Reb. Rep.) at ¶ 380; *see also, e.g., id.* at ¶¶ 231, 251, 305. There is nothing in the claim that requires software components to be ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The McDaniel Report simply adds that limitation to the plain language. *CytoLogix*, 424 F.3d at 1172 (Fed. Cir. 2005)) (expert testimony regarding claim construction is not admissible). And even if that were the appropriate interpretation, Cisco's response to ROG 6 does not disclose that Cisco does not infringe because the software components must be ▓▓▓▓▓▓▓▓▓▓▓▓ *See* Exh. 10 (Cisco's Resp.) at 14-19.

Second, the McDaniel Report states the "software components" fetched by the "ID generator" are ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g.*, Exh. 7 (McDaniel Reb. Rep.) at ¶ 228 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); *see also, e.g., id.* at ¶¶ 262 n. 26, 283 n. 28, 316 n. 31. But Cisco did not disclose this new argument in its response to ROG 6 either. *See* Exh. 10 (Cisco's Resp.) at 14-19. Thus, Cisco should be precluded from making these arguments now.

## II.  CONCLUSION

For the foregoing reasons, Finjan respectfully requests that the Court preclude Cisco from relying on untimely non-infringement theories at trial.

---

[6] Finjan's infringement contentions for the communication engine were properly disclosed. *See, e.g.*, Exh. 14 (AIC, App. A4) at 14-17.

Dated:  April 16, 2020

Respectfully submitted,

By: */s/ Aamir Kazi*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 16, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/*Aamir Kazi*
Aamir Kazi
kazi@fr.com