**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
jmgunther@duanemorris.com
Admitted *Pro Hac Vice*
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

Attorneys for Defendant
CISCO SYSTEMS, INC.

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
Alice E. Snedeker (GA SBN 151066)
Admitted *Pro Hac Vice*
aesnedeker@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California Corporation<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S MOTION IN LIMINE NO. 1 TO EXCLUDE PHIL HARTSTEIN'S TESTIMONY REGARDING FINJAN'S CORPORATE HISTORY AS HEARSAY** |

**REDACTED**

Motion in Limine No. 1 to Exclude Phil Hartstein's Testimony
Regarding Finjan's Corporate History as Hearsay
Case No. 5:17-cv-00072-BLF

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff Finjan, Inc. | Finjan or Plaintiff |
| Defendant Cisco Systems, Inc. | Cisco or Defendant |
| Federal Rule of Evidence | FRE |
| February 25, 2019 deposition transcript of Philip Hartstein | Ex. 1 |
| Finjan's List of Fact and Expert Witnesses | Ex. 2 |
| December 11, 2018 trial transcript in the matter of *Finjan, Inc. v. Juniper Networks*, Case 3:17-cv-05659-WHA, Dkt. 336 | Ex. 3 |
| December 13, 2018 trial transcript in the matter of *Finjan, Inc. v. Juniper Networks*, Case 3:17-cv-05659-WHA, Dkt. 338 | Ex. 4 |
| August 6, 2019 deposition transcript of Shlomo Touboul | Ex. 5 |
| August 5, 2019 deposition transcript of Asher Polani | Ex. 6 |
| April 7, 2015 deposition transcript of John Vigouroux from the matter of Finjan, Inc. v. Blue Coat Systems, Inc., No. 13-cv-03999 | Ex. 7 |
| LinkedIn profile of Gadi Maier | Ex. 20 |
| April 10, 2019 deposition transcript of Daniel Chinn | Ex. 21 |
| Email exchange between Jennifer Forte and Hannah Lee regarding email production requests | Ex. 22 |
| Declaration of Nicole Grigg in Support of Defendant Cisco Systems, Inc.'s Motions in Limine | Grigg Decl.[1] |

---

[1] Unless otherwise specified, all exhibits refer to those attached to the Grigg Decl.

1

MOTION IN LIMINE NO. 1 TO EXCLUDE PHIL HARTSTEIN'S TESTIMONY
REGARDING FINJAN'S CORPORATE HISTORY AS HEARSAY
CASE NO. 5:17-CV-00072-BLF

Pursuant to FRE 602 and 801, Cisco moves to exclude testimony from Finjan's current President and CEO, Phil Hartstein, regarding Finjan's corporate history, including its interactions with Cisco, from prior to the time of his employment with Finjan. Mr. Hartstein lacks the personal knowledge required by FRE 602 and thus any such testimony would be inadmissible hearsay under FRE 801 and 802.

Mr. Hartstein joined Finjan in April 2013. Ex. 1, Hartstein Dep. Tr., at 59:20-23. Nevertheless, Finjan's trial witness list states that the subject matter of Mr. Hartstein's trial testimony will be "Finjan's business and interactions with Cisco." Ex. 2, Plaintiff's Witness List. Indeed, based on his testimony in prior trials, it appears that, absent objection, Finjan intends to have Mr. Hartstein testify as a "corporate historian" regarding Finjan's business dating back to its inception in 1995. Mr. Hartstein's past testimony includes characterizations of the development of Finjan's technology, the purported impact of Finjan's patents on the security industry, and Finjan's relationships with third parties prior to April 2013, all of which predate Mr. Hartstein's employment at Finjan. Mr. Hartstein has admitted that "by the time [he] arrived at Finjan, the business was already 16 or 17 years old," and his historical account is based purely on information learned from third parties. Ex. 3, *Finjan, Inc. v. Juniper Networks, Inc.*, No. 3:17-cv-05659 (N.D. Cal.), 12/11/18 Trial Tr., at 248:12-249:2. Such testimony fits squarely within the definition of hearsay and the Court must exclude it because none of the hearsay exceptions apply. Indeed, during the *Finjan v. Juniper* trial, Judge Alsup confirmed that he would have excluded the Hartstein testimony had Juniper objected. Specifically, after Mr. Hartstein's testimony was completed without objection, Juniper later had a witness also give historian-type hearsay testimony in its case. Judge Alsup explained that the Juniper testimony was hearsay: "what he's been telling us is hearsay because he wasn't at the company at the time." Ex. 4., *Finjan, Inc. v. Juniper Networks, Inc.*, No. 3:17-cv-05659 (N.D. Cal.), 12/13/18 Trial Tr., at 709:3-4. Judge Alsup then explained that he would normally exclude the hearsay testimony, "except the other side did exactly the same thing. Whenever you [Finjan] brought your guy [Hartstein], he testified about the history of Finjan. And he hadn't been there either. No objection was made on either side. So they both are guilty of this."

1

MOTION IN LIMINE NO. 1 TO EXCLUDE PHIL HARTSTEIN'S TESTIMONY
REGARDING FINJAN'S CORPORATE HISTORY AS HEARSAY
CASE NO. 5:17-CV-00072-BLF

Id. at 709:3-12.  Cisco is thus making the hearsay objection now to avoid the introduction of hearsay evidence.

FRE 602 limits a witness's trial testimony to matters that are within the witness's personal knowledge.  FRE 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").  Mr. Hartstein's role as the current CEO of Finjan is not an exception to the hearsay rules:  "A corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions."  *Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 907-08 (5th Cir. 2010) (internal citation omitted).  Courts around the country exclude such evidence.  *See, e.g., Sovereign Military Hospitaller v. Fla. Priory of Knights Hospitallers of Sovereign Order*, 702 F.3d 1279, 1295 (11th Cir. 2012) (holding the district court erred when it permitted a lay witness—the head of an organization—to testify at a bench trial about the organization's history where the witness had no personal knowledge of the historical facts to which he testified); *TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 454-55 (M.D. Pa. 2013) ("Although Rule 30(b)(6) allows a corporate representative to testify to matters within the corporation's knowledge during deposition, at trial the designee may not testify to matters outside his own knowledge to the extent that information is hearsay not falling within one of the authorized exceptions.") (internal citation omitted); *Stryker v. Ridgeway*, 2016 U.S. Dist. LEXIS 163131, at *8-9 (W.D. Mich. Feb. 1, 2016) (finding that testimony based not on personal knowledge, but instead on hearsay, is inadmissible at trial, and collecting cases); *Indus. Eng'g & Dev. v. Static Control Components, Inc.*, 2014 U.S. Dist. LEXIS 141823, at *8 (M.D. Fla. Oct. 6, 2014) (corporate representative may not testify at trial as to matters that are not within his personal knowledge and are hearsay").

Mr. Hartstein lacks personal knowledge related to Finjan's business operations prior to his employment in April 2013.  Finjan was founded in 1995 by Shlomo Touboul.  Ex. 5, Touboul Dep. Tr., at 29:6-12.  Mr. Touboul served as Finjan's CEO until 2005.  *Id*. at 176:20-25.  Thereafter, management of Finjan's operations changed hands multiple times.  From 2005 to 2009, Finjan had

three different CEOs.  Ex. 6, Polani Dep. Tr., at 15:10-13; Ex. 7, Vigouroux Dep. Tr., at 17:17-20; Ex. 20, Gadi LinkedIn profile.  In 2009, Finjan sold its operations, products and technology to M86 Security.  Ex. 21, Chinn Dep. Tr., at 60:17-61:6.  In 2010, following the M86 transaction, Finjan's then-Director, Daniel Chinn, assumed the role of CEO until Mr. Hartstein joined Finjan in April 2013.  *Id*. at 111:12 – 112:6.

The development of Finjan's patented technology predates Mr. Hartstein's employment by almost 20 years for some of the patents.  Similarly, Mr. Hartstein was not an employee of Finjan when Cisco invested in Finjan in 2004, nor during the 2004-2010 time period when Cisco's board observer interacted with Finjan.  Indeed, when asked if he had any firsthand knowledge related to alleged interactions between Finjan and Cisco during the time period from 2004-2009, Mr. Hartstein stated, "[REDACTED]."  Ex. 1 at 219:3-20.

Despite Mr. Hartstein's relatively recent tenure as Finjan's CEO, Finjan seeks to have Mr. Hartstein testify at trial as Finjan's "corporate historian" summarizing years of business operations, product history, technology background, litigation results, and licensing deals.  But Mr. Hartstein's knowledge is not personal knowledge; it is based on nothing more than what he has allegedly learned from other people.  For example, in the *Finjan v. Juniper* trial, Mr. Hartstein testified as follows:

> To be able to represent Finjan and its corporate history, I had to basically become the corporate historian. So I met with and still have relationships with all the prior CEOs in the business, the prior chief technology officers. I had to read all of the corporate documentation, become aware of all the company's past dealings because really there is no other person in the company today who could answer those questions better than I could.

Ex. 3 at 248:20-249:2.  By his own admission, Mr. Hartstein's testimony related to Finjan's corporate history is based on his conversations with Finjan's former employees and his alleged review of "corporate documentation" that predates his employment.  Mr. Hartstein purports to use

3

1  the information relayed to him from third parties and derived from unidentified documents as
2  evidence of "all of the company's past dealings." This is classic hearsay.
3        No hearsay exception applies to Mr. Hartstein's testimony. Nor can Finjan satisfy the
4  residual exception to hearsay in FRE 807. Rule 807(a) allows for hearsay testimony only if "(1) the
5  statement is supported by sufficient guarantees of trustworthiness—after considering the totality of
6  circumstances under which it was made and evidence, if any, corroborating the statement and (2) it
7  is more probative on the point for which it is offered than any other evidence that the proponent can
8  obtain through reasonable efforts." Finjan does not meet either requirement. Rule 807(b) also
9  requires a special notice procedure so that Cisco "has a fair opportunity to meet" the evidence.
10       Rule 807 is narrowly construed and used only in extraordinary circumstances. *See Fong v.*
11 *Am. Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980) (exception is "to be used rarely and in
12 exceptional circumstances"). "Admitting [] run-of-the-mill hearsay undercuts the idea that the rule
13 should be limited so it does not swallow the entirety of the hearsay rule." *Draper v. Rosario*, 2014
14 U.S. Dist. LEXIS 58225, at *15 (E.D. Cal. Apr. 25, 2014). Thus, Rule 807 applies to testimony to
15 establish a specific fact that is otherwise subject to the standards in the rule; it is not a catchall that
16 could permit a historical narrative.
17       Likewise, Mr. Hartstein's testimony is not "supported by sufficient guarantees of
18 trustworthiness." FRE 807(a)(1). Just the opposite. Mr. Hartstein's prior testimony has proven to
19 be false. In particular, in the *Juniper* case, Mr. Hartstein claimed that he "met with and still ha[s]
20 relationships with all the prior CEOs in the business" (Ex. 3 at 248-249) and he "read all of
21 [Finjan's] corporate documentation." Ex. 3 at 248:21-24. However, when he was deposed two
22 months later in this case, Mr. Hartstein testified that ████████████████████████████
23 ████████████████████████████████████████████████████████████████████ Ex. 1, at
24 126:11-18. Mr. Hartstein further testified that ████████████████████████████
25 ████████████████████████████████████████████████████████████████ *Id.* at 350:8-23.
26 ████████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████████
28
                                                   4
                MOTION IN LIMINE NO. 1 TO EXCLUDE PHIL HARTSTEIN'S TESTIMONY
                   REGARDING FINJAN'S CORPORATE HISTORY AS HEARSAY
                              CASE NO. 5:17-CV-00072-BLF

*Id.* at 147:5-19. Indeed, Cisco requested Finjan's historical "corporate documentation" during discovery, including documents and emails generated by Finjan's former CEOs, and was told repeatedly that those documents were not in Finjan's possession. Ex. 22, Email exchange regarding ESI requests. Thus, the very basis for Mr. Hartstein's historical testimony is not only hearsay, but is undermined and contradicted by Mr. Hartstein himself.

Moreover, Finjan cannot show that Mr. Hartstein's testimony "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." FRE 807(a)(2). Finjan could have obtained any testimony it would be seeking from Mr. Hartstein by either calling the prior CEOs at trial (all of whom are alive and well) or deposing them and introducing their deposition testimony at trial. Indeed, three of these CEOs were deposed in this case (Messrs. Touboul, Polani, and Chinn), yet Finjan made no effort to obtain a "corporate history" from each of their respective tenures for use at trial. Rule 807 does not apply where the party "has the legal tools to obtain the evidence it believes it needs" but "has chosen to forego those tools …" and "the trustworthiness of the statements is questionable [when] they are offered through an employee of the party who has an interest in the contents of the statements." *Tele Atlas N.V. v. NAVTEQ Corp.*, 2008 U.S. LEXIS 111866, at *16 (N.D. Cal. Oct. 28, 2008).

Accordingly, the Court should not permit Mr. Hartstein to testify about the history of Finjan, including Finjan's interactions with Cisco that predate his April 2013 employment with Finjan.

Dated: April 16, 2020                                    Respectfully submitted,

                                                         */s/ Nicole E. Grigg*

                                                         Nicole E. Grigg (CA SBN 307733)
                                                         negrigg@duanemorris.com
                                                         **DUANE MORRIS LLP**
                                                         D. Stuart Bartow (CA SBN 233107)
                                                         dsbartow@duanemorris.com
                                                         2475 Hanover Street
                                                         Palo Alto, CA  94304-1194
                                                         Telephone: 650.847.4146
                                                         Facsimile: 650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email:  wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email:  mcgaudet@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email:  dcdotson@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email:  jrgibson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email:  jhforte@duanemorris.com
Alice E. Snedeker (admitted *pro hac vice*)
Email:  aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6901
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Counsel for Defendant*
*Cisco Systems, Inc.*