**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: +1 650 847 4146
Fax: +1 650 523 4780
Telephone: 415.957.3000
Facsimile: 415.957.3001

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S MOTION IN LIMINE NO. 2 RE EVIDENCE OR ARGUMENTS ABOUT POST-GRANT PROCEEDINGS** |

**TABLE OF ABBREVIATIONS**

| Plaintiff Finjan, Inc. | Finjan or Plaintiff |
|---|---|
| Defendant Cisco Systems, Inc. | Cisco or Defendant |
| January 9, 2020 transcript of proceedings before Judge Freeman | Ex. 8 |
| Declaration of Nicole Grigg in Support of Defendant Cisco Systems, Inc.'s Motions in Limine | Grigg Decl.[1] |

---

[1] Unless otherwise specified, all exhibits refer to those attached to the Grigg Decl.

**I.    THE COURT SHOULD PRECLUDE FINJAN FROM PRESENTING EVIDENCE OR ARGUMENT ABOUT POST-GRANT PROCEEDINGS BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE ON THE ASSERTED PATENTS.**

The Court should preclude Finjan from presenting any evidence or argument about *inter partes* review ("IPR") and other post-grant proceedings – whether involving Cisco or other parties – before the USPTO.  Courts have disallowed evidence of these proceedings under Federal Rule of Evidence 403 due to their minimal (if any) relevance and significant potential to mislead the jury: "While these [proceedings] may have some probative value, [the Court] believe[s] that this will be far outweighed by likely confusion to the jury." *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 4560071, *14 (N.D. Cal. Aug. 22, 2016) (granting motion to exclude evidence of IPR proceedings and citing *Interdigital Commc'ns Inv. v. Nokia Corp.*, No. 13-10, 2014 WL 8104167, *1 (D. Del. Sept. 19, 2014)); *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-CV-1296-JPS, 2017 WL 4570787, at *6-7 (E.D. Wis. Oct. 12, 2017) (excluding IPR evidence where "the IPRs have all been completed and resulted in decisions on the merits upholding patentability.").  As the *Sophos* Court recognized, "[I]it would take a significant amount of time and effort to adequately explain the relevance and limitations of the PTO proceedings to the jury and … there is a substantial risk that the jury will improperly substitute its own judgment for the PTO decisions." *Id.*  Even Finjan has argued that "evidence of the pending PTO proceedings is irrelevant, non-probative, and prejudicial." *Id.* at *9.  The jury will be independently evaluating Cisco's defenses of invalidity, and in doing so will apply different legal standards, hear from different experts, receive different evidence, and have a wholly separate record from that before the PTO.  Allowing introduction of evidence and discussion of these prior PTO proceedings would result in having a trial-within-a-trial about these post-grant proceedings, which would only confuse the jury and make their task more difficult.

The five asserted patents in this case – U.S. Patent Nos. 6,804,780 ('780 Patent), 6,154,844 ('844 Patent), 8,677,494 ('494 Patent), 8,141,154 ('154 Patent) and 7,647,633 ('633 Patent) – have been the subject of at least 26 IPR petitions and several additional *ex parte* reexaminations.  All but three of these proceedings were filed by parties *other than* Cisco.  The overall result was mixed for both sides; many claims were invalidated, and some others survived.  The difference between the surviving claims and the invalidated claims was often quite narrow. *See, e.g., Palo Alto Networks,*

*Inc. v. Finjan, Inc.*, 777 Fed. Appx 501, 508 (Fed. Cir. 2019) (confirming invalidity of independent claim 1 while affirming Board decision that independent claim 10 was not shown invalid). "Admitting evidence of the IPRs is likely to mislead the jury into believing that because the patents-in-suit have survived many attacks, they must be valid against the present attacks," and without extensive testimony explaining the differences between the issues presented in the IPRs and the issues presented at trial, evidence or testimony about the IPR will only serve to mislead the jury and waste time. *Milwaukee Elec. Tool*, 2017 WL 4570787, at *6-7.

### A.  Post-Grant Proceedings Not Involving Cisco

The unfair prejudice to Cisco related to IPR proceedings for which Cisco was not a party is clear. *See InterDigital Commc'ns, Inc. v. Nokia Corp.,* No. 13-10-RGA, slip-op at 3 (D. Del. Aug. 28, 2014) ("A PTO non-merits decision not involving Defendants has little or no probative value, and would require a lot of explanation for the jury to be able to understand… [I]f it were assumed to have some minimal probative value, that probative value would be substantially outweighed by the danger of unfair prejudice to the Defendants, and the risk of jury confusion from the complexity added by such testimony."); *Ziilabs Inc., Ltd. v. Samsung Elecs. Co. Ltd., et al.*, No. 2:14-cv-203-JRG-RSP, slip-op at 6-7 (E.D. Tex. Oct. 28, 2015) (excluding evidence or testimony relating to the PTAB's decision in IPR brought by third party prejudiced defendant because defendant was not a party to the IPR proceeding). Indeed, Finjan's counsel conceded this point at the summary judgment hearing. *See* Ex. 8 at 8:10-14 (referring to "how many time these patents have been IPR'ed and how many time they survived" and stating, "And I understand the Court says that doesn't come in because it's different parties").

### B.  Post-Grant Proceedings Involving Cisco

Likewise, the Court should preclude Finjan from presenting evidence or argument about the three IPR proceedings brought by Cisco for additional reasons discussed below.

<u>Cisco '844 and '494 Patent IPR Proceedings</u>.  The two IPR proceedings Cisco brought against the '844 and '494 Patents resulted in denials of institution. These decisions denying institution are of no relevance to the issues before the jury; they are not entitled to weight as evidence, and they do not change the legal standard for proving invalidity. Cisco thus concurs with the tentative position

the Court expressed at the January 9, 2020 summary judgment hearing that evidence of these IPRs would be "too prejudicial to a jury to admit[.]  It's *not probative* of anything because there's no actual decision."  Ex. 8 at 8:18-24 (emphasis added).

A determination by the PTAB to deny review is not "a decision on the merits" and is *not* based on a full presentation of evidence or argument:

> [The Court] do[es] not agree that [the IPR denial] is a decision on the merits, any more so than a grant of an IPR is a decision on the merits. It is akin to a ruling on a preliminary injunction, where the merits are assessed with less than a full record and with less than a full adversarial proceeding.

*InterDigital Commc'ns, Inc. v. Nokia Corp.*, No. 13-10, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014).  In denying a petition, the PTAB makes "no explicit, or even implicit, decision on the validity of the patent … ." *Wisconsin Alumni Research Found. v. Apple, Inc.,* 135 F. Supp. 3d 865, 875 (W.D. Wis. 2015).  Moreover, IPR proceedings are subject to "different standards, purposes and outcomes" than the proceedings in district court. *Id.* at 874-75.  As the *Interdigital* Court found,

> [T]he PTAB's actions in relation to the [IPR denial] are of marginal relevance, and the probative value is greatly outweighed by the expenditure of time that would be required to give the jury the full context necessary to fairly evaluate the evidence. Further, because of the complexity involved in giving the full context, there would also be a significant risk of confusion of the issues. Thus, I exclude the [IPR] denial under Rule 403.

*Interdigital*, 2014 WL 8104167, at *1.

Even if there were some limited probative value, it would be greatly outweighed here by the expenditure of time that would be required to put these decisions in proper context, especially in a trial that already involves 5 patents and 13 claims.  On balance, the minimal probative value of the PTAB's institution denials is "substantially outweighed by the risk of unfair prejudice, as well as the risk of jury confusion" if the plaintiff were permitted to tell the jury about the PTAB's rulings.  *Wisconsin Alumni.,* 135 F. Supp. 3d at 875.

Cisco '633 Patent IPR Proceeding.  The Court should also preclude Finjan from presenting evidence or argument about the Cisco '633 Patent IPR proceedings.  Cisco is not challenging the validity of the asserted '633 Patent claim at trial based on prior art.  Thus, even if there was some probative value to these proceedings (there is not, as explained above) to the patent's validity, that question will not be before the jury on the '633 Patent.

Moreover, the '633 proceedings are unsettled and complex.  The final written decision on the Cisco '633 Patent IPR can fairly be characterized as a mixed result for both parties, with the PTAB invalidating claims 1-13 (eight of which—claims 1, 2, 3, 4, 8, 11, 12 and 13—were asserted in this case), and confirming the validity only of claim 14.  Both parties have appealed this decision to the Federal Circuit.  "Given the non-finality of the reexamination proceedings (*appeal rights have not been exhausted*) and the different standards applicable to reexaminations and litigation, the probative value of the reexamination evidence is substantially outweighed by the risk of unfair prejudice and the risk of confusing the jury."  *Personalized User Model, L.L.P. v. Google Inc.*, No. CV 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (emphasis added); *Hologic, Inc. v. Minerva Surgical, Inc.*, 2018 WL 3348998, at *4 (D. Del. July 9, 2018) (issuing order *in limine* "because the patent office proceeding and decision are not binding and are on appeal, the prejudicial and confusing effect of the evidence almost certainly outweighs any probative value").  The Court should exclude all evidence and arguments relating to Cisco's IPR proceedings and decisions relating to the '633 Patent.

Dated:  April 16, 2020

Respectfully submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg
D. Stuart Bartow
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304-1194
Email: negrigg@duanemorris.com
Email: dsbartow@duanemorris.com
Telephone:  650.847.4146
Facsimile:  650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)

Email: wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email: mcgaudet@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email: jhforte@duanemorris.com
Alice E. Snedeker
Email: aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.