**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone:  +1 650 847 4146
Fax:  +1 650 523 4780
Telephone: 415.957.3000
Facsimile: 415.957.3001

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S MOTION IN LIMINE NO. 4 RE EVIDENCE AND ARGUMENTS PERTAINING TO CERTAIN '633 PATENT INFRINGEMENT THEORIES** |

**REDACTED**

1

**TABLE OF ABBREVIATIONS**

2

| Plaintiff Finjan, Inc. | Finjan or Plaintiff |
|---|---|
| Defendant Cisco Systems, Inc. | Cisco or Defendant |
| Order Granting in Part and Denying in Part Cisco's Motion for Partial Summary Judgment of Non-Infringement (Dkt. 487) | MSJ Order |
| January 9, 2020 transcript of proceedings before Judge Freeman | Ex. 8 |
| Amended Expert Report of Nenad Medvidovi, Ph.D. Regarding Infringement of Cisco Systems, Inc. of Patent No. 7,647,633 | Ex. 19 |
| Order Directing Parties to Submit Stipulated Proposed Redactions to the Court's Order of November 12, 2019 on or before November 19, 2019 (Dkt. 398) | November 12, 2019 Order |
| Declaration of Nicole Grigg in Support of Defendant Cisco Systems, Inc.'s Motions in Limine | Grigg Decl.[1] |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Unless otherwise specified, all exhibits refer to those attached to the Grigg Decl.

i

1    As directed by the Court, Cisco seeks to exclude any evidence, testimony, or argument

2   relating to the infringement theories regarding U.S. Patent No. 7,647,633 ('633 Patent) that survived

3   summary judgment but that lack any support in Finjan's infringement contentions in violation of the

4   Patent Local Rules, as will be determined by Magistrate Judge Van Keulen's ruling on Cisco's

5   pending motion to strike (Dkt. 492).  *See* Order Granting in Part and Denying in Part Cisco's Motion

6   for Partial Summary Judgment of Non-Infringement (Dkt. 487) ("MSJ Order") at 4.  Any expert

7   theories that are not disclosed in the infringement contentions in accordance with the Patent Local

8   Rules must be struck from the expert report.  *DSS Tech. Mgmt. v. Apple, Inc.,* 2020 U.S. Dist. LEXIS

9   6177 at *23-25 (N.D. Cal. 1/14/20) (striking expert reports that relied on new infringement theories

10  not disclosed in infringement contentions per Patent Local Rule 3-1).

11   If Judge van Keulen grants Cisco's motion, then Finjan would have no admissible evidence

12  to support its infringement theories on the '633 Patent, and the Court should preclude any argument

13  or evidence regarding the '633 Patent under FRCP 26(a)2(B) and 37 and FRE 401, 402 and 403.

14  More specifically, "Federal Rule of Civil Procedure 26(a)(2)(B) requires a witness who is 'retained

15  or specially employed to provide expert testimony in the case' to provide a written report containing,

16  among other things, '(i) a complete statement of all opinions the witness will express and the basis

17  and reasons for them,' and '(ii) the facts or data considered by the witness in forming them.'"  *Asia*

18  *Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1002 (N.D. Cal. 2019) (citing

19  rule).  "Rule 37, in turn, 'gives teeth to Rule 26's disclosure requirements by forbidding the use at

20  trial of any information that is not properly disclosed.'" *Id.* (quoting *Goodman v. Staples The Office*

21  *Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011). "[W]here an expert fails to provide a theory in

22  the report, a court may 'preclud[e] him from testifying on this issue.'"  *Id.* (citing *Nationwide*

23  *Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1062 (9th Cir. 2008)).

24   **Background.**  The Court's MSJ Order (Dkt. 487) sets forth the background of the '633

25  Patent, in which Claim 14 is the only asserted claim.  In opposition to Cisco's motion for summary

26  judgment on the '633 Patent, Finjan relied on seven alleged forms of mobile protection code

27  ("MPC") already resident at the Cisco sandboxes.  Finjan disclaimed any theories where the mobile

28  protection code was not already at the sandbox. i.e., any theories where the mobile protection code

1   is transmitted from a gateway to the sandbox.  MSJ Order (Dkt. 487) at 15 n.6; Finjan's Opposition

2   to Cisco's Motion for Partial Summary Judgment (Dkt. 401) at 13.  The Court granted Cisco's motion

3   for summary judgment of no literal infringement as to four of the seven alleged theories, leaving

4   only ████████████████████████████████.  *See* MSJ Order (DKt. 487) at 33.  The

5   Court denied Cisco's motion with respect to the unavailability of the doctrine of equivalents based

6   on prosecution history estoppel.  *Id.* at 21-23.

7           The Court granted Cisco's motion to strike Finjan's expert reports on November 12, 2019.

8   *See* Order on Motions Re Expert Reports (Dkt. 397) ("November 12, 2019 Order").  Finjan served

9   amended reports on December 13 and 16, but did not supplement the summary judgment record,

10  which was based on the original reports that were subject to the Court's November 12, 2019 Order.

11          At the January 9, 2020 summary judgment hearing, the Court directed the parties to confer

12  on whether the specific theories in Finjan's expert report that Finjan relied upon in opposition to

13  summary judgment (which were subject to the Court's November 12, 2019 Order) were properly

14  disclosed in the operative infringement contentions and, to the extent there were unresolved disputes

15  over disclosure, directed Finjan to ask Judge van Keulen to "allow a substitution from something

16  from the contentions to go to the jury in place of all of the arguments [for these theories] … because

17  otherwise they have provided me no evidence."  Ex. 8 at 120:6-11.  Following a meet-and-confer,

18  Cisco filed a Motion to Strike Portions of Finjan's Amended Expert Report on Infringement of Patent

19  No. 7,647,633 (Dkt. 492) ("Cisco '633 Motion") before Judge van Keulen to strike the infringement

20  theories of Finjan's expert that were not disclosed in the operative infringement contentions.  In its

21  '633 Motion, Cisco sought an order striking from the "Amended Expert Report of Nenad

22  Medvidovic, Ph. D Regarding Infringement … of Patent No. 7,647,633" all of the theories (both

23  literal and under the doctrine of equivalents) that survived summary judgment, i.e., (i) all theories

24  where the mobile protection code is a component *at* the sandbox and not transmitted *to* the sandbox

25  from an AMP Gateway Product (including by equivalents) and (ii) all theories based on the

26  ████████████████████████████ as the mobile protection code.  Finjan filed its

27  Opposition on April 10, 2020 (Dkt. 508).  Cisco filed its Reply in Support of Its Motion to Strike on

28  April 15, 2020 (Dkt. 523-3) ("April 15, 2020 Reply").  The hearing on Cisco's motion before Judge

1    van Keulen is set for April 21, 2020.  As of the filing of this Motion, therefore, the dispute is currently

2    before Magistrate Judge van Keulen.

3            **Enforcement Through This Motion *in Limine*.**  Cisco understands that this motion in

4    *limine* is the proper mechanism to enforce Judge van Keulen's forthcoming ruling on Cisco's '633

5    Motion, to the extent that motion is granted.  Specifically, during the summary judgment hearing,

6    and as reflected in the Court's MSJ Order, the Court directed that Judge van Keulen's resolution of

7    this dispute would be enforced through a motion *in limine*.  *See* MSJ Order at 4 ("If, however, Finjan

8    is unable to show that the functionalities corresponding to the codenames were included in its

9    operative infringement contentions, the Court would entertain that dispute in a motion *in limine*. *See*

10   Hr'g Tr. at 159:14-17."); *see also* Ex. 8 at 51:4-6 (dispute to be resolved by Magistrate Judge van

11   Keulen), 51:19-21 (same), 120:6-11 (same), 158:23-25 (same), 159:7-10 (same); April 15, 2020

12   Reply (Dkt. 523-3) at 1-2.

13           With respect to doctrine of equivalents for the relevant claim elements, all versions of

14   Finjan's expert report on infringement of the '633 Patent  have the same short, generic section that

15   has no relevance to the '633 elements that are literally missing.  *See, e.g.,* Ex. 19 (Amended Expert

16   Report of Nenad Medvidovic, PH.D. Regarding Infringement of Cisco Systems, Inc. of Patent No.

17   7,647,633) at ¶¶ 4340-4343 (doctrine of equivalents analysis of claim element 14(d) for Threat Grid)

18   and ¶¶ 4498-4501 (doctrine of equivalents analysis of claim element 14(d) for AMP Gateway/Cloud

19   Products with Cisco Sandboxes). First, none of Finjan's expert reports contain a doctrine of

20   equivalents theory relating to the missing "executable" element in Finjan's now-abandoned literal

21   infringement theory that an API submission from the AMP Gateway product involves transmission

22   of mobile protection code to the Cisco sandboxes (in other words, because Finjan conceded at

23   summary judgment that the API submission is not "executable" and thus is not mobile protection

24   code, Finjan would have to have a DOE theory as to how a non-executable API submission is

25   equivalent to the "executable" element of the claim, but no such analysis exists in the expert reports).

26   With respect to Finjan's sandbox-only mobile protection code theories on literal infringement, the

27   Court granted summary judgment as to 4 of the 7 alleged mobile protection code theories because

28   none of the 4 components performed the monitoring or intercepting required by the Court's mobile

1   protection code construction and 2 of 4 were not even executable. The expert reports do not include

2   doctrine of equivalent theories addressing equivalence regarding these two deficiencies with respect

3   to these 4 components (or any other components).  Finally, as noted above, the contentions do not

4   even include "kernel monitor", "playbook" and "cookbook" theories and, as such, do not disclose

5   doctrine of equivalent theories directed at these components.

6        **Relief Sought**.  Per the Court's directive, Cisco submits this motion *in limine* to preclude

7   Finjan from presenting any evidence or arguments relating to the theories that survived summary

8   judgment but that lack any support in Finjan's infringement contentions, to the extent Magistrate

9   Judge van Keulen grants Cisco's '633 Motion.  The result would be to preclude any argument or

10  evidence regarding the '633 Patent, as all remaining theories (whether literal infringement or

11  infringement under the doctrine of equivalents) would be struck.

12

13   Dated:  April 16, 2020                    Respectfully submitted,

14                                             /s/ Nicole E. Grigg
                                               Nicole E. Grigg
15                                             D. Stuart Bartow
                                               **DUANE MORRIS LLP**
16                                             2475 Hanover Street
                                               Palo Alto, CA 94304-1194
17                                             Email: negrigg@duanemorris.com
                                               Email: dsbartow@duanemorris.com
18                                             Telephone:  650.847.4146
                                               Facsimile:  650.847.4151
19

20                                             L. Norwood Jameson (admitted *pro hac vice*)
                                               Email:  wjameson@duanemorris.com
21                                             Matthew C. Gaudet (admitted *pro hac vice*)
                                               Email:  mcgaudet@duanemorris.com
22                                             John R. Gibson (admitted *pro hac vice*)
                                               Email: jrgibson@duanemorris.com
23                                             David C. Dotson (admitted *pro hac vice*)
                                               Email:  dcdotson@duanemorris.com
24                                             Jennifer H. Forte (admitted *pro hac vice*)
                                               Email:  jhforte@duanemorris.com
25                                             Alice E. Snedeker
                                               Email: aesnedeker@duanemorris.com
26                                             1075 Peachtree Street, Ste. 2000
                                               Atlanta, GA  30309
27                                             Telephone: 404.253.6900
                                               Facsimile: 404.253.6901
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

5