Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>  Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**PLAINTIFF FINJAN, INC.'S MOTION *IN LIMINE* NO. 5 TO PRECLUDE RELIANCE ON UNTIMELY INFORMATION REGARDING NON-INFRINGING ALTERNATIVES**<br><br>██████████████████████████████<br>████████<br><br>Date:     April 30, 2020<br>Time:    1:30 p.m.<br>Place:    3, 5th Floor<br>Before:  Honorable Beth L. Freeman |

Pursuant to Federal Rules of Civil Procedure 26 and 37, Finjan, Inc. ("Finjan") respectfully requests the Court to preclude Cisco Systems, Inc. ("Cisco") from relying at trial on information regarding purported non-infringing alternatives that was not timely disclosed. Cisco failed to provide fulsome and responsive answers during discovery and instead disclosed the existence of such information for the first time in its expert reports, even though Finjan served specific discovery requests on Cisco regarding this topic. Cisco's failure to provide this discovery warrants preclusion and is highly prejudicial to Finjan because it deprived Finjan of the opportunity to conduct further discovery and rebut Cisco's arguments.

## I. ARGUMENT

Rather than making all non-infringing alternative theories known to Finjan during discovery, Cisco ambushed Finjan by disclosing new information and theories for the first time in the rebuttal expert report of Dr. Stephen L. Becker ("Becker Reb. Rep.") regarding damages and the rebuttal expert report of Dr. Patrick McDaniel ("McDaniel Reb. Rep.") regarding non-infringement for U.S. Patent Nos. 8,677,494 ("the '494 Patent") and 6,804,780 ("the '780 Patent"). Cisco's belated disclosures are inappropriate and warrant preclusion.

Under Rule 26, parties must conduct a reasonable inquiry into the factual basis of their discovery responses and are required to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A). This District's Patent Local Rule 3-9 further requires that "each party denying infringement shall identify specifically how and why it disagrees with those contentions" and shall include "the party's affirmative position on each issue." "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Court has discretion "to exclude evidence not produced in compliance with a proper discovery request." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.2d 1272, 1279 (Fed. Cir. 2012) (affirming exclusion of engineering drawings based on party's failure to adequately respond to contention interrogatory). Absent a showing that the failure was substantially justified or harmless, "[t]he [Rule 37] sanction is *automatic and mandatory*." *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 3509384, at *2

1

(N.D. Cal. June 3, 2015) (Freeman, J.) (emphasis in original).

A.  **The Court Should Preclude Cisco from Relying on Purported Non-Infringing Alternatives Disclosed for the First Time in Its Rebuttal Expert Reports**

The Court should preclude Cisco from presenting non-infringing alternative theories related to the '494 Patent that were disclosed for the first time in the August 14, 2019 Becker and McDaniel Rebuttal Reports.

During fact discovery, Finjan served Interrogatory No. 10 ("ROG 10") that asks Cisco to "[d]escribe in detail any non-infringing alternative product, technology, or process or design-around of the Asserted Patents that You contend has been or could be used as an alternative" to the accused products, including "a description of the technology that allows the non-infringing alternative product or design-around to achieve the same functionality as the Accused Instrumentality," in addition to other details regarding feasibility. *See* Exh.[1] 16 (Cisco Resp. to Finjan's 3rd ROGs (Nos. 7-17)) at 12.

In Cisco's January 22, 2019 response, it provided a *single non-infringing alternative* for the '494 Patent (one "that does not include a database schema, such as Amazon Web Services S3 and DynamoDB databases"). *Id.* On February 15, 2019, Cisco supplemented its response to ROG 10. Cisco's supplemental response for the '494 Patent, however, did not identify any additional non-infringing alternatives. Instead, Cisco indicated, among other things, that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Exh. 17 (Cisco 1st Supp. Resp. to Finjan's 2nd [Sic] ROGs (No. 10)) at 11-12. Cisco provided no further supplementation of its response to ROG 10 prior to the April 18, 2019 close of fact discovery.[2]

Not until months later did Cisco disclose a second non-infringing alternative for the first time in Drs. Becker and McDaniel's Rebuttal Reports. Dr. McDaniel opined that a second alternative option ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exh. 7 (McDaniel Reb. Rep.) at ¶ 630. Dr. Becker echoes Dr. McDaniel nearly verbatim in his rebuttal report. *See* Exh. 18 (Becker Reb. Rep.)

---

[1] All exhibits referenced herein are incorporated in the Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan, Inc.'s Motions *in Limine*.
[2] Cisco's new non-infringing alternative theory is also absent from its Responsive Damages Contentions Pursuant to Patent L.R. 3-9 and subsequent supplements, as well as from its response and supplemental responses to Finjan's Interrogatory No. 6, which seeks Cisco's theories of non-infringement.

2

at ¶ 392. In addition to disclosing this theory for the first time, Cisco's experts provide opinions regarding [REDACTED] for the '494 Patent, which is found nowhere in Cisco's multiple responses to ROG 10. *Compare* Exh. 7 (McDaniel Reb. Rep.) at ¶ 629 and Exh. 18 (Becker Reb. Rep.) at ¶¶ 390, 392 with Exh. 17 (Cisco 1st Supp. Resp. to Finjan's 2nd [Sic] ROGs (No. 10)) at 11-12.

Cisco's failure to provide these disclosures prior to its experts' rebuttal reports is neither "substantially justified" nor "harmless." FED. R. CIV. P. 37(c)(1). Rather, Cisco deprived Finjan of the opportunity to evaluate the availability and acceptability of the alleged alternative. *See Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. C-09-01201 RMW, 2011 WL 11709387, at *8 (N.D. Cal. Aug. 19, 2011). Namely, Finjan was unable to address these new contentions with its experts or otherwise during deposition of Cisco's employees. Rewarding Cisco's decision to "wait until its expert rebuttal report[s] to set forth theories of non-infringement for the first time would forfeit the benefits of contentions interrogatories." *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003 (N.D. Cal. 2019).

The Court should preclude Cisco from relying on information related to a second non-infringing alternative for the '494 Patent that was not disclosed during fact discovery and exclude any evidence supporting the same, as is routinely done under similar circumstances. *See AAT Bioquest, Inc. v. Texas Fluorescence Labs., Inc.*, Case No. 14-cv-03909-DMR, 2015 WL 7708332, at *8 n.7 (N.D. Cal. Nov. 30, 2015) (excluding non-infringing alternatives where defendant "failed to disclose any non-infringing alternatives until its pretrial submissions"); *Synthes USA, LLC*, 2011 WL 11709387, at * 7-8 (excluding evidence of non-infringing alternative withheld during discovery but disclosed in expert reports); *see also Munchkin, Inc. v. Playtex Prods., LLC*, 600 F. App'x 537, 538 (9th Cir. 2015) ("Munchkin's extensive new damages evidence and theories were not a mere supplementation within the meaning of the rules. The district court, having concluded that a Rule 26 violation occurred, did not abuse its discretion in excluding the evidence pursuant to Rule 37."); *Applera Corp.-Applied Biosystems Grp. v. Illumina, Inc.*, No. C 07-02845 WHA, 2008 WL 4810541, at *1 (N.D. Cal. Oct. 27, 2008) (striking opinions regarding non-infringing alternatives in part because "Applied had not offered any other evidence of non-infringing alternatives during discovery"). Finjan, thus, respectfully requests that the Court preclude Cisco from relying on its late disclosed second non-infringing alternatives theory for the '494 Patent at trial.

## II. CONCLUSION

For the foregoing reasons, Finjan respectfully requests that the Court preclude Cisco at trial from relying on purported non-infringing alternatives disclosed for the first time in the rebuttal expert reports of Dr. Becker and Dr. McDaniel.

Dated: April 16, 2020

Respectfully submitted,

By: */s/ Megan A. Chacon*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 16, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Megan A. Chacon*
Megan A. Chacon
chacon@fr.com