Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>**PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE PHIL HARTSTEIN'S TESTIMONY REGARDING FINJAN'S CORPORATE HISTORY AS HEARSAY**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date:    April 30, 2020<br>Time:    1:30 P.M.<br>Place:   3, 5th Floor<br>Before:  Hon. Beth L. Freeman |

I.  INTRODUCTION

Cisco's Motion *in Limine* No. 1 should be denied because it is overly broad and premature. Cisco seeks to preclude Mr. Hartstein from offering ***any*** testimony about Finjan's corporate history prior to the time of his employment with Finjan. Dkt. No. 532-4 at 1. While Cisco claims that all such testimony would constitute impermissible hearsay, this simply is not the case. As explained *infra*, Mr. Hartstein should be permitted to offer non-hearsay testimony on this issue and testimony that falls within one of the exceptions to the hearsay prohibition, including testimony that is based upon personal knowledge acquired through his review of business records and in his role as President and CEO of Finjan. *See, e.g., Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1274 n.2 (N.D. Cal. 2014); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.,* 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006); *In re Rfc & Rescap Liquidating Trust Action*, 2020 U.S. Dist. LEXIS 17240, *31 (D. Minn. 2020); *United States v. Norton*, 867 F.2d 1354, 1363 (11th Cir. 1989). Cisco's motion to preclude ***all*** testimony about Finjan's corporate history prior to the time of Mr. Hartstein's employment with Finjan fails to meet Cisco's "burden of showing that ***specific*** evidence is inadmissible." *Barry v. Shell Oil Co.*, No. 2:15-cv-004 JWS, 2018 U.S. Dist. LEXIS 87536, at *3 (D. Alaska May 22, 2018) (emphasis added).

Courts have routinely denied such overly broad requests as being premature, at least in part because whether testimony is inadmissible hearsay depends upon the precise testimony, the foundation laid for it, and the purpose for which it is offered. *See, e.g., Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, Case No. 16-cv-01702-BLF, 2018 U.S. Dist. LEXIS 207265, at *5-7 (N.D. Cal. 2018) (denying motion in limine for total exclusion of testimony on the basis of hearsay and lack of personal knowledge and noting "exclusion based on potential hearsay is premature."); *Rescap*, 2020 U.S. Dist. LEXIS 17240, *28 (declining to rule on a motion *in limine* regarding admissibility of corporate representative's testimony where the corporate representative allegedly lacked personal knowledge and would rely on hearsay); *Indus. Eng'g & Dev. v. Static Control Components, Inc.*, 2014 U.S. Dist. LEXIS 141823, *6-7 (M.D. Fla. 2014) ("***Without the context of trial, the Court cannot rule on issues*** regarding the foundation for admitting Newman's testimony at trial. Accordingly, to the extent Plaintiffs seek to exclude Newman's trial testimony … as

inadmissible hearsay, Plaintiffs' motion in limine is DENIED without prejudice to Plaintiffs raising an objection at trial.") (emphasis added).  Any objection Cisco may have with respect to Mr. Hartstein's testimony is thus best heard at trial.

## II. LEGAL STANDARD

"Motions *in limine* that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises." *United States v. Perez*, No. 1:13-cr-00238-LJO-SKO, 2014 U.S. Dist. LEXIS 93450, at *3 (E.D. Cal. 2014); *see also Perez v. Rash Curtis & Assocs*., No. 16-cv-03396-YGR, 2019 U.S. Dist. LEXIS 68098, at *26 n.16 (N.D. Cal. 2019) (warning parties not to "misuse" motions *in limine* to exclude overly broad categories of evidence).  In a motion *in limine* proceeding, the movant bears the burden of establishing inadmissibility.  *Barry*, 2018 U.S. Dist. LEXIS 87536, at *3 ("A party making a motion *in limine* has the **burden** of showing that **specific** evidence is inadmissible.") (emphasis added).

## III. ARGUMENT

Cisco requests that Mr. Hartstein be precluded from testifying about ***any*** of Finjan's corporate history prior to the time of his employment with Finjan.  Dkt. No. 532-4 at 1.  According to Cisco, any such testimony should be excluded because it would not be based on personal knowledge and would be *per se* hearsay.  *See id.*  Cisco's motion is premature; whether testimony is inadmissible hearsay depends upon the precise testimony, the foundation laid for it, and the purpose for which it is offered.  These details will not be known until trial, and there are numerous admissible ways that Mr. Hartstein could testify about Finjan's corporate history without violating the prohibition against hearsay, Fed. R. Evid. 802, or lack of personal knowledge, Fed. R. Evid. 602.

In fact, Cisco's own cited case law acknowledges that a corporate representative can testify to matters outside of his or her personal knowledge if those matters fall within a hearsay exception. *See, e.g., Union Pump Co. v. Centrifugal Tech., Inc*., 404 F. App'x 899, 907-08 (5th Cir. 2010) ("a corporate representative may not testify to matters outside his own personal knowledge to the extent that information [is] hearsay ***not falling within one of the authorized exceptions***.") (emphasis added) (internal quotations omitted); *TIG Ins. Co. v. Tyco Int'l Ltd*., 919 F. Supp. 2d 439, 454 (M.D.

Pa. 2013) (same); *Stryker Corp. v. Ridgeway*, 2016 U.S. Dist. LEXIS 163131, *8-9 (W.D. Mich. 2016) (same); *Static Control*, 2014 U.S. Dist. LEXIS 141823, *10 (same).

For example, Mr. Hartstein may testify about Finjan's corporate history based upon personal knowledge acquired through his review of business records in his role as President and CEO. *Banga*, 29 F. Supp. 3d at 1274 n.2 ("personal knowledge can come from the review of the contents of business records and an affiant may testify to acts that she did not personally observe but which have been described in business records…."). This is because "the personal knowledge requirement set forth in Federal Rule of Evidence 602 does not require first-hand observation or experience." *See Rescap*, 2020 U.S. Dist. LEXIS 17240, *31. Nor do the rules "require that personal knowledge be acquired contemporaneous with the events at issue." *Id.* Rather, personal knowledge can be acquired through, *inter alia*, "review of records prepared in the ordinary course of business." *Id.*; *see also Norton*, 867 F.2d at 1363 (memorandum detailing telephone conversation prepared by one officer was admissible as business record through another officer who had no personal knowledge of its contents); *Flintkote*, 410 F. Supp. 2d at 884 (testimony regarding company's history from before declarant joined the company deemed admissible if declarant could produce "admissible documents or other testimony on which his knowledge is based").

Here, Cisco acknowledges that Mr. Hartstein has been Finjan's CEO since 2013. Dkt. No. 532-4 at 1. As such, Mr. Hartstein has had access to Finjan's business records since that time. In fact, Cisco's motion cites trial testimony from another case where Mr. Hartstein states that he has "read all of the corporate documentation" and "become aware of all of the company's past dealings." Dkt. No. 532-4 at 3; *see also* Exh. A (*Finjan, Inc. v. Eset, LLC et al.*, 17-cv-183-CAB-BGS, Mar. 10, 2020 Trial Tr.) at 148:23-149:22. And during his deposition in this case, Mr. Hartstein repeatedly confirmed that he has reviewed Finjan's corporate documentation. *See* Exh. B (Hartstein Depo. Tr.) at 56:14-57:5; 124:22-125:10; 146:8-13; 152:6-20; 193:23-194:9.[1] Mr. Hartstein should be

---

[1] To the extent Cisco claims Mr. Hartstein has testified that ████████████████████████████████████████████████████████████ Dkt. No. 532-4 at 4, Cisco cites only *part* of his deposition transcript. In response to the very next question, Mr. Hartstein confirms that

permitted to testify about Finjan's corporate history to the extent it is based upon personal knowledge acquired through his review of such business records. *See, e.g., Rescap*, 2020 U.S. Dist. LEXIS 17240, *31; *see also Envy Haw. LLC v. Volvo Car USA LLC*, 2019 U.S. Dist. LEXIS 194709, *16 (D. Haw. 2019) ("A witness may generally testify about information for which they are required to be aware for purposes of their employment.").

In addition to Federal Rule of Evidence 803(6), the business records exception to the hearsay rule, there are numerous other scenarios where Mr. Hartstein could offer admissible testimony regarding Finjan's corporate history. For example, Mr. Hartstein could offer testimony under the "state of mind" exception to the hearsay rule. *See* Fed. R. Evid. 803(3). The information Mr. Hartstein learned through Finjan's business records and through public records would have been in Mr. Hartstein's mind at the time of the hypothetical negotiation for some of the patents-in-suit and therefore would be relevant to damages. As another example, Mr. Hartstein could offer testimony about Finjan's history that is offered to establish an operative fact and not offered "to prove the truth of the matter asserted," in which case it would not be hearsay. *See* Fed. R. Evid. 801(c). As yet another example, hearsay only applies to "statements," which are defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). To the extent that Mr. Hartstein has personal knowledge of conduct not intended as an assertion, testimony about that conduct would not be hearsay.

As these examples show, Cisco's blanket request that Mr. Hartstein be precluded from testifying about ***any*** of Finjan's corporate history prior to the time of his employment with Finjan is overly broad. Cisco's request is so broad that it seeks to exclude legitimate non-hearsay testimony

"consistent with ███████████████████████████████████████████
██████████████████████. When I joined the company, I also went through my own process. I wanted to conduct a -- sort of a search. I did turn up a lot of additional boxes." Exh. B (Hartstein Depo. Tr.) at 350:25-351:11. And the document Cisco cites regarding discovery requests pertains only to certain e-mails, not all business records. *See* Dkt. No. 541-22 at 1 (email chain regarding "***email*** production requests.") (emphasis added).

and testimony that falls within one of the exceptions to the hearsay rule. Cisco therefore has not met its "burden of showing that *specific* evidence is inadmissible." *Barry*, 2018 U.S. Dist. LEXIS 87536, at *3 (emphasis added). Unsurprisingly, none of Cisco's cited cases grant the broad pre-trial exclusion that Cisco seeks here. *See Union Pump*, 2010 U.S. App. LEXIS 25761, *21 (appellate decision addressing hearsay arguments following trial); *Sovereign*, 702 F.3d at 1295-96 (same); *Static Control*, 2014 U.S. Dist. LEXIS 141823, at *6-7 (denying motion *in limine*); *Stryker*, 2016 U.S. Dist. LEXIS 163131, at *10 (denying motion *in limine* in-part); *Tyco*, 919 F. Supp. 2d at 454 (addressing specific alleged hearsay statements in the summary judgment context).

Courts confronting overly broad requests (like Cisco's request here) have found them to be premature because whether testimony is hearsay depends on the particular circumstances. *See, e.g., Newmark*, 2018 U.S. Dist. LEXIS 207265, at *5-7 (denying motion in limine for total exclusion of testimony on the basis of hearsay and lack of personal knowledge and noting "exclusion based on potential hearsay is premature."); *Rescap*, 2020 U.S. Dist. LEXIS 17240, *28 (declining to rule on a motion *in limine* regarding admissibility of corporate representative's testimony where the corporate representative allegedly lacked personal knowledge and would rely on hearsay). Even Cisco's own cited cases indicate that Cisco's motion is premature. *See Static Control*, 2014 U.S. Dist. LEXIS 141823, at *6-7 ("**Without the context of trial, the Court cannot rule on issues** regarding the foundation for admitting Newman's testimony at trial. Accordingly, to the extent Plaintiffs seek to exclude Newman's trial testimony … as inadmissible hearsay, Plaintiffs' motion in limine is DENIED without prejudice to Plaintiffs raising an objection at trial.") (emphasis added); *Stryker*, 2016 U.S. Dist. LEXIS 163131, at *9-10 (stating that hearsay testimony not falling within any hearsay exceptions will be inadmissible at trial, but that the Court would "address arguments relating to individual statements made in Blouin's deposition at trial."). Just as these overly broad evidentiary requests have been denied as premature in the past, so too should Cisco's request be denied as premature here.

IV. **CONCLUSION**

Finjan respectfully requests that Cisco's Motion *in Limine* No. 1 be denied for at least the foregoing reasons.

| | |
|---|---|
| Dated: April 23, 2020 | Respectfully Submitted, |
| | By: */s/ Megan A. Chacon* |
| | Juanita R. Brooks (CA SBN 75934) brooks@fr.com |
| | Roger A. Denning (CA SBN 228998) |
| | denning@fr.com |
| | Frank J. Albert (CA SBN 247741) albert@fr.com |
| | Megan A. Chacon (CA SBN 304912) |
| | chacon@fr.com |
| | K. Nicole Williams (CA SBN 291900) |
| | nwilliams@fr.com |
| | Oliver J. Richards (CA SBN 310972) ojr@fr.com |
| | Jared A. Smith (CA SBN 306576) jasmith@fr.com |
| | FISH & RICHARDSON P.C. |
| | 12390 El Camino Real, Suite 100 |
| | San Diego, CA 92130 |
| | Phone: (858) 678-5070 / Fax: (858) 678-5099 |
| | |
| | Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com |
| | Alana C. Mannige (CA SBN 313341) |
| | mannige@fr.com |
| | FISH & RICHARDSON P.C. |
| | 1180 Peachtree Street NE, 21st Floor |
| | Atlanta, GA 30309 |
| | Phone: (404) 892-5005 / Fax: (404) 892-5002 |
| | |
| | Attorneys for Plaintiff FINJAN, INC. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 23, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Megan A. Chacon*
Megan A. Chacon
chacon@fr.com