Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION *IN LIMINE* NO. 3 RE PREJUDICIAL LITIGATION SETTLEMENT AMOUNTS ████████████<br>████████████<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date:    April 30, 2020<br>Time:    1:30 P.M.<br>Place:   3, 5th Floor<br>Before:  Hon. Beth L. Freeman |

I.  **INTRODUCTION**

Cisco's Motion *in Limine* No. 3 cherry-picks the three largest licensing numbers relevant to this dispute (the amount from two large settlements along with the aggregate amount of Finjan's licensing revenue) and argues they are irrelevant and "tainted" simply because they were the culmination of years of litigation. *See* Dkt. No. 532-6 at 2. Cisco's motion is grounded in its desire to exclude licensing numbers that are unfavorable to Cisco rather than grounded in the relevant law. As explained *infra*, the licensing numbers from these settlement agreements are relevant not just to damages but also to objective indicia of non-obviousness. *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) ("Licenses taken under the patent in suit may constitute evidence of nonobviousness…."); *Datapoint Corp. v. Picturetel Corp.*, 1998 U.S. Dist. LEXIS 1145, *6 (N.D. Tex. 1998); ("Patentees ... often use license agreements obtained in settlement of litigation to show the commercial success and nonobviousness of a patent."); *Skil Corp. v. Lucerne Prods.*, 489 F. Supp. 1129, 1157 (N.D. Ohio 1980) ("Skil's receipt of over a million dollars in royalties … provides some evidence of commercial success."). Cisco's motion *in limine* fails altogether to address this latter ground for admissibility and the motion should be denied for this reason alone. Cisco's other arguments regarding Dr. Layne-Farrar's use of the agreements in her damages analysis go to weight, not admissibility, and can be explored through cross-examination.

II.  **LEGAL STANDARD**

The non-obviousness of a patent may be shown through objective indicia such as the commercial success of the patented technology, licensing of the patented technology, and copying of the patented technology. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966). Licensing agreements, including those obtained through settlement of litigation, are relevant to showing such objective indicia of non-obviousness. *See, e.g., In re GPAC Inc.*, 57 F.3d at 1580; *Datapoint*, 1998 U.S. Dist. LEXIS 1145, *6; *Skil*, 489 F. Supp. at 1157.

III.  **ARGUMENT**

A.  **Lump Sum Payments from the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Are Admissible**



The settlement amount in the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1   ▇▇▇▇ is relevant not just to damages but also to non-obviousness. *See, e.g., In re GPAC*
2   *Inc.*, 57 F.3d at 1580. This settlement amount (and related litigation history) is relevant evidence of
3   licensing, copying by others, and commercial success. *See* Exh. J (Bims Reb. Rpt.) at ¶¶ 135, 152,
4   162. Cisco ignores this basis for admissibility and has therefore failed to meet its burden. *See Barry*
5   *v. Shell Oil Co.*, No. 2:15-cv-004 JWS, 2018 U.S. Dist. LEXIS 87536, at *3 (D. Alaska 2018) ("A
6   party making a motion *in limine* has the burden of showing that specific evidence is inadmissible.").
7   Cisco's motion should be denied for this reason alone.

8       Regarding damages, past settlement agreements have repeatedly been found to be admissible
9   for proving damages. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.*, 594 F. 3d 860, 872 (Fed. Cir.
10  2010) ("This court observes as well that the most reliable license in this record arose out of
11  litigation."). Moreover, there does not need to be an "identity of circumstances" for information
12  contained in a past settlement agreement to be relevant. *See Elbit Sys. Land & C4I Ltd. v. Hughes*
13  *Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019). Rather, to be relevant to damages, the
14  prior settlement only need be "sufficiently comparable" with differences "soundly accounted for."
15  *Id.*

16      Here, the ▇▇ Agreement is "sufficiently comparable" to the case at bar because it relates
17  to U.S. Patent No. 6,804,780 ("the '780 Patent") also at issue in this case. *See Rembrandt Wireless*
18  *Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1381 (Fed. Cir. 2017) (settling agreement
19  involving patents-in-suit deemed relevant). Cisco claims the ▇▇ Agreement is "tainted" because
20  it occurred after a willfulness finding and after Finjan had filed a motion for contempt due to ▇▇▇
21  ▇▇▇ violating a Permanent Injunction. Dkt. No. 532-6 at 2-3. But these facts weigh in favor
22  of relevance, not against it, because a reasonable jury could infer they show that ▇▇▇▇
23  greatly valued the patented technology and that it (along with ▇▇▇▇) was willing to pay a
24  significant price for the technology.

25      Moreover, any "differences in circumstances [will be] soundly accounted for" at trial. *See*
26  *Elbit*, 927 F.3d at 1299. For example, Finjan's experts both reference the litigation history that led

to the ▇ Agreement.[1]  *See* Exh. G (Layne-Farrar Op. Rpt.) at ¶¶ 204-208, 290-91; Exh. J (Bims Reb. Rpt.) at ¶¶ 152, 135.  Cisco will be able to cross-examine these experts and present its own evidence at trial.  Cisco's arguments regarding prejudice go to the weight (not admissibility) of the settlement agreement amount.  *See* Dkt. No. 549 (Order on *Daubert* Motions) at 23 ("Any dispute as to Dr. Becker's determinations regarding specific license agreements … can be addressed through cross-examination at trial."); *Carucel Invs., Ltd. P'ship v. Novatel Wireless*, Inc., No. 16-cv-118-H-KSC, 2017 U.S. Dist. LEXIS 50855, at *30 (S.D. Cal. 2017) (allowing expert to rely on royalty payment amount in settlement agreement and stating that defendants' "concerns go to the weight of [the expert's] testimony, not its admissibility"); *Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.*, 2018 U.S. Dist. LEXIS 231694, *5 (E.D. Tex. 2018) (similar).

Finally, Cisco claims the ▇ Agreement should be excluded because it was excluded in the *Blue Coat II* case.  Dkt. No. 532-6 at 3.  But admissibility depends on the specific facts of the case, and the facts here are different than in *Blue Coat II*.  *See, e.g.,* Exh. K (Jan. 9, 2020 Summary Judgment Hrg Tr.) at 114:9-12.  In *Blue Coat II,* unlike here, it appears obviousness was not an issue before the jury.  *See Finjan, Inc. v. Blue Coat Sys.*, Case No. 15-cv-03295, Dkt. No. 435.  Also, it appears the ▇▇▇ settlement was excluded because it was many times larger than the next highest relevant license.  *See Finjan, Inc. v. Blue Coat Sys.*, Case No. 15-cv-03295, Dkt. 404 (redacted version), at 18-19 (N.D. Cal. 2017).  That is not the case here.  *See* Exh. G (Layne-Farrar Op. Rpt.) at ¶¶ 251, 211 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).  In fact, this Court ***previously allowed*** the ▇ Agreement to be admitted in the *Blue Coat I* case, which Cisco fails to acknowledge.  *See Finjan, Inc. v. Blue Coat Sys.*, 2016 U.S. Dist. LEXIS 93267, *13 (N.D. Cal. 2016).

**2.   Secure Computing Damages Award**

Cisco argues Finjan "should likewise be precluded from referencing the $9.18 million jury

---

[1] Cisco also appears to argue that Dr. Layne-Farrar should not be able to rely on the settlement amount from the ▇ Agreement.  This is an untimely *Daubert* argument and should be struck.  *See Hynix Semiconductor v. Rambus*, Nos. CV-00-20905 RMW, C-05-00334 RMW, C-06-00244 RMW, 2008 U.S. Dist. LEXIS 12195, at *15 (N.D. Cal. Feb. 3, 2008).

1  award [and] the $37 million judgment..." entered prior to ▉▉▉▉▉▉▉▉▉▉. Dkt. No. 532-6 at 3.
2  Cisco offers **no argument** to support this contention. Cisco's request should be denied on this
3  ground alone. See Barry, 2018 U.S. Dist. LEXIS 87536, at *3 ("A party making a motion in limine
4  has the burden of showing that specific evidence is inadmissible.").

5      Both the $9.18 million jury award and the $37 million judgment are relevant not only to
6  damages but to non-obviousness. See, e.g., In re GPAC Inc., 57 F.3d at 1580. Jury verdicts can be
7  admissible when relevant to a legitimate purpose. See Sprint Communs. Co., L.P. v. Time Warner
8  Cable, Inc., 760 Fed. Appx. 977, 980 (Fed. Cir. 2018). The 2008 jury verdict is relevant to proving
9  non-obviousness since it demonstrates the commercial success of the patented technology. See Exh.
10 J (Bims Reb. Rpt.) at ¶ 162. Cisco once again fails to address this ground for admissibility. The
11 verdict is also relevant to damages because it involved the '780 Patent and is "a factor of which the
12 parties would have been aware at the time of their hypothetical negotiation," and therefore "a
13 reasonable jury could well conclude that the verdict and the amount of damages awarded in a similar
14 prior litigation would have influenced the outcome of a hypothetical negotiation in the case at bar."
15 Sprint, 760 Fed. Appx. at 981; Finjan Software, Ltd. v. Secure Computing Corp., No. 06-369 (GMS),
16 2009 U.S. Dist. LEXIS 72825, at *4 (D. Del. 2009) (verdict involved '780 Patent); Exh. G (Layne-
17 Farrar Op. Rpt.) at ¶¶ 205, 320-28.

18     That the ultimate $37 million judgment reflects a willfulness enhancement weighs in favor
19 of relevance, not against it. Another party's willingness to willfully infringe Finjan's patent
20 demonstrates the importance of the patented technology, which is relevant to objective indicia of
21 non-obviousness. And the fact that there was a public record as of 2009 showing the effect of
22 willfully infringing the patented technology is relevant to Cisco's state of mind during a hypothetical
23 negotiation. See Applied Med. Res. Corp. v. United States Surgical Corp., 435 F.3d 1356, 1366
24 (Fed. Cir. 2006) (prior verdict involving willfulness "was clearly relevant to [defendant's] state of
25 mind"); Finjan, 2009 U.S. Dist. LEXIS 72825, at *52 (willfulness ruling).

26                3.    ▉▉▉▉▉▉▉▉▉ **Settlement Amount**
27 The settlement amount in the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is
28 also admissible because it is similarly relevant to both objective indicia of non-obviousness and

damages. See Exh. G (Dr. Layne-Farrar Op. Rpt.) at ¶¶ 251-53, 311-13; Exh. J (Bims Reb. Rpt.) at ¶¶ 135, 156, 162. The ▓▓▓ Agreement ▓▓▓, both at issue in this case. See Blue Coat II, Case No. 15-cv-03295, Dkt. 404, at 1; Rembrandt, 853 F.3d at 1381; see also Papst, 2018 U.S. Dist. LEXIS 231694, *6. Cisco's primary argument as to why the ▓▓▓ settlement amount should be excluded is that it occurred after multiple jury trials, but Cisco fails to meet its burden of explaining why this should mandate exclusion. See Dkt. No. 532-6 at 4. If anything, the multiple jury trials reflect the importance of the patented technology and weigh in favor of admissibility. Moreover, both parties' damages experts account for this litigation history, Exh. G (Layne-Farrar Opening Rpt.) at ¶¶ 311-13, Exh. L (Becker Reb. Rpt.) at ¶¶ 164-65, and Cisco will be able to cross-examine Finjan's witnesses at trial. As such, Cisco's arguments regarding prejudice go to the weight, not admissibility, of the ▓▓▓ Agreement's settlement amount.

### B. Finjan's Aggregate Amount of Revenue Earned from Licensing Is Admissible

The aggregate amount of Finjan's licensing revenue for the asserted patents is relevant to both objective indicia of non-obviousness and damages. See, e.g., Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); In re GPAC Inc., 57 F.3d at 1580. Cisco fails to address the former and as to the latter, it merely claims that the aggregate amount of Finjan's licensing revenue is "irrelevant to the hypothetical negotiation" because it includes the settlement amounts from the purportedly "tainted" ▓▓▓ Agreements. See Dkt. No. 532-6 at 4. As addressed in Section III.A, both agreements are independently admissible and therefore also admissible as part of the aggregate.

Finally, Cisco has indicated that at trial it will discuss all litigations involving Finjan (including litigations relating to the ▓▓▓). See, e.g., Exh. L (Becker Reb. Rpt.) at ¶¶ 440, 456. Finjan would be significantly prejudiced if Cisco were permitted to discuss these litigations, as well as Finjan's licensing practices, and Finjan were not permitted to address the extent to which the outcome of those litigations was in Finjan's favor.

### IV. CONCLUSION

Finjan respectfully requests that Cisco's Motion in Limine No. 3 be denied.

| | |
|---|---|
| 1 | |
| 2 | Dated:  April 23, 2020 |

Respectfully Submitted,

By:  */s/ Megan A. Chacon*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 23, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Megan A. Chacon*
Megan A. Chacon
chacon@fr.com