Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION *IN LIMINE* NO. 4 RE EVIDENCE AND ARGUMENTS PERTAINING TO CERTAIN '633 PATENT INFRINGEMENT THEORIES<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL**<br><br>Date:       April 30, 2020<br>Time:      1:30 P.M.<br>Place:     3, 5th Floor<br>Before:    Hon. Beth L. Freeman |

1

## I.     INTRODUCTION

2
3
4
5
6
7
8
9
10
11

Cisco's Motion *in Limine* No. 4 suffers from two insurmountable flaws.  First, Cisco does not identify the specific evidence relating to literal infringement that it seeks to exclude.  Cisco broadly requests the Court exclude "any argument or evidence regarding [infringement of] the '633 Patent," but only "to the extent" that Magistrate Judge van Keulen grants Cisco's pending Motion to Strike.  Dkt. No. 537 ("Cisco's Mot.") at 3.  The scope of Cisco's request is thus uncertain, because Cisco's motion is still pending, and overstated, because Magistrate Judge van Keulen was not asked to exclude "any argument or evidence" regarding infringement of the '633 Patent.  For this reason alone, Cisco's indeterminate motion should be denied.  *M.H. v. County of Alameda*, Case No. 11-cv-02868-JST, 2015 U.S. Dist. LEXIS 445, at *28-29 (Jan. 2, 2015 N.D. Cal) ("Defendants offer no examples from which the Court could fashion a ruling.")

12
13
14
15
16

Second, Cisco refers to Dr. Medvidovic's opinions on the doctrine of equivalents ("DOE") for claim limitation 14(d) as "short" and "generic," and on that basis, seeks to exclude them.  *See* Cisco Mot. at 3:13-15.  But Cisco's motion points to only a handful of paragraphs in Dr. Medvidovic's report and ignores the evidence and analysis Dr. Medvidovic cites elsewhere in his report attributed to that same specific limitation.

17

Accordingly, the Court should deny Cisco's motion.[1]

18

## II.    THE COURT SHOULD DENY CISCO'S MOTION

19
20

### A.     The Scope of Cisco's Motion Is Contingent on Magistrate Judge van Keulen's Order, and Thus, Too Speculative for a Motion *in Limine*

21
22

Cisco states "this motion *in limine* is the proper mechanism to enforce Judge van Keulen's *forthcoming* ruling on Cisco's '633 Motion, *to the extent that motion is granted*."  Cisco's Mot. at

23
24
25
26
27
28

---

[1] Although not relevant to the merits of Cisco's motion, Finjan disagrees with Cisco's recitation of the procedural posture.  The Court ordered Finjan to prepare amended reports, which Finjan has done: "Finjan's experts are directed to redraft their reports to remove the disallowed terminology and Talos-only allegations, and to ensure that their opinions track the disclosures in Finjan's operative infringement contentions."  Dkt. No. 397 at 13:24-27.  Finjan has complied with the Court's order.

3 (emphasis added); *id.* at 4 (same).  Cisco offers no reason for precluding Finjan from presenting these theories other than that they are subject to a pending Motion to Strike.  Magistrate Judge van Keulen has not issued a ruling or even a tentative ruling on that motion.

At the hearing, Magistrate Judge van Keulen questioned the scope of the relief Cisco requested.  For example, the Court began the hearing asking Cisco:

> AND -- SO WHAT WOULD BE THE LANGUAGE IN THE REPORT THAT YOU WOULD HAVE ME STRIKE?   I'M A LITTLE -- NOT ENTIRELY CLEAR WHAT THE OBJECTIVE IS.
>
> I OBVIOUSLY -- IN YOUR PAPERS, YOU WANT A THEORY TO BE STRICKEN.  WHAT DO YOU WANT ME TO STRIKE FROM THE REPORT?   HELP ME TO UNDERSTAND.

Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 11:17-22.  And she ended the hearing expressing those same concerns:

> I REMAIN CONCERNED OF, KIND OF COMING BACK FULL CIRCLE WHERE I STARTED WHICH IS, ***IT'S NOT CLEAR TO ME WHAT CISCO IS ASKING ME TO [STRIKE]***.

*Id.* at 65:20-22 (emphasis added).

It is not possible to predict what portions, if any, of Dr. Medvidovic's report will be stricken.  Once there is a ruling, the parties can work with the Court to limit Dr. Medvidovic's testimony accordingly.  But Cisco's requested relief is too speculative now.  The proper solution is to "draw appropriate lines on the basis of objections made during trial" with respect to specific arguments or evidence.  *In re Bard IVC Filters Product Liability Litig.,* 16-cv-00474-PHX-DGC 2018 WL 934795, at *2 (D. Ariz. Feb. 15, 2018).  The Court should not grant Cisco's blanket motion *in limine* in a vacuum.

### B.    Cisco Overstates the Consequence of Its Motion to Strike

An additional reason to deny Cisco's Motion *in Limine* No. 4 is that the sweeping request Cisco seeks here does not match the request it seeks from Magistrate Judge van Keulen.  Cisco

1   contends here that, if Magistrate Judge van Keulen were to grant Cisco's pending motion to strike,

2   Finjan would be left without any admissible evidence to support infringement of the '633 Patent.

3   Cisco Mot. at 1:11-12.  Cisco initially requested in its motion to strike (and related Motion *in Limine*

4   No. 4) that the Court exclude any theory of infringement related to the ███████████████

5   ███████████████.  But during the hearing on Cisco's motion to strike, Cisco conceded that

6   many of Dr. Medvidovic's opinions were *not* subject to Cisco's motion, and was unable to identify

7   with any real particularity the paragraphs that Cisco contended should be struck. *See, e.g.*, Dkt. No.

8   560 (April 21, 2020 Hearing Tr.) at 47:1-49:12.  With respect to the ███████████

9   specifically, Cisco identified only after the hearing ***four paragraphs*** from Dr. Medvidovic's report

10   that Cisco contended exceeded the scope of the infringement contentions. *See* Dkt. No. 558-1 at 2.

11   Striking those paragraphs of mostly evidentiary cites is unwarranted, because those theories are

12   properly disclosed in Finjan's infringement contentions.[2]  Moreover, excluding those paragraphs

13   would not have the effect of eliminating Finjan's entire case as to ███████████.  Thus, as a

14   practical matter, even if Magistrate Judge van Keulen were to grant Cisco's motion to strike, it

15   would not provide sufficient basis for this Court to grant Cisco's Motion *in Limine*.

16        **C.**    **The Court Should Not Preclude Finjan's DOE Theories for the '633 Patent**

17        Cisco's motion also seeks to exclude Dr. Medvidovic's DOE theories for the '633 Patent –

18   an issue that is *not* addressed by Cisco's pending motion to strike.  This part of Cisco's motion is

19   broadly worded but appears to focus on Dr. Medvidovic's DOE opinion with respect to claim

20   element 14(d). *See* Cisco Mot. at 3:13-19.  Dr. Medvidovic provided a thorough analysis to support

21   his opinion that the accused products—███████████████████—meet that claim

22   element under the doctrine of equivalents. *See, e.g.*, Exh. M (Amended Expert Report of Nenad

23   Medvidovic, Ph.D. Regarding Infringement of Cisco Systems, Inc. of Patent No. 7,647,633) at ¶¶

24

---

25   [2] The four paragraphs Cisco identifies are not new "theories" of infringement, but citations to

26   deposition testimony of a Cisco engineer that supports Finjan's infringement theories.  Cisco's

27   submission also included a listing of several paragraphs for allegations against "███████████

28   ███████████ with no further explanation as to the alleged deficiencies in those paragraphs.

1   4340-4343, 4498-4501.[3]  His opinion is based on a volume of evidence discussed in his report,

2   including Cisco technical documents, deposition testimony from Cisco engineers, source code, and

3   the operation of Cisco's products. *See, e.g.*, *id.* at ¶¶ 4317-4339, 4344-4497.

4          Cisco's motion cites only Dr. Medvidovic's conclusions, as if the analysis that he provides

5   elsewhere in his report is not relevant.  But Dr. Medvidovic's analysis, including on literal

6   infringement, cannot be ignored.  For example, a portion of Dr. Medvidovic's literal infringement

7   analysis with respect to claim 14 (d) is that the accused product ████████████████████████

8   ████████████████████████████████████████ to operate the same as ████████████████

9   ████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ████████████████████  To the extent Cisco contends there is no literal infringement, *e.g.,*

15  because the accused mobile protection code is not itself "executable," Dr. Medvidovic opines that

16  the accused mobile protection code ████████████████████████████████████████.

17  Specifically, Dr. Medvidovic concludes that ████████████████████████████████████

18  ████████ is the same function as ████████████████████████████████████████

19  ████████████████████ "operates in the same way" ████████████████████████████

20  ████████████ achieves the same result ████████████████████████  These

21  opinions are supported by the same evidence that Dr. Medvidovic relies upon to show the

22  configuration of ████████████.  Indeed, the opinions are in the same section within Dr. Medvidovic's

23

24  ──────────────────────────

25  [3] Finjan has provided Cisco with Dr. Medvidovic's April 17, 2020 Third Amended Report, which

26  Finjan believes is Dr. Medvidovic's operative report, but because Cisco's motion cites to the

27  Dr. Medvidovic's December 13, 2019 Amended Report, Finjan cites to the same report herein for

28  consistency.  There is no difference between the two versions for the purpose of this motion because

    Dr. Medvidovic's DOE analysis is the same in both versions.

1   report and follow just after his opinions on literal infringement.  *See id*. at § XIV.D.4.a (including

2   both literal infringement and DOE analysis of element 14(d) for Cisco Treat Grid).

3          Other than labeling these paragraphs as "short" and "generic," Cisco provides no analysis of

4   them at all, much less of the preceding paragraphs describing the operation of the Cisco product.

5   Cisco's motion fails to carry its burden for that reason alone.  *See Barry v. Shell Oil Co.*, No. 2:15-

6   cv-004-JWS, 2018 U.S. Dist. LEXIS 87536, at *3 (D. Alaska May 22, 2018) at *3 ("A party making

7   a motion in limine has the burden of showing that ***specific evidence*** is inadmissible.").  And to the

8   extent Cisco disagrees with Dr. Medvidovic's analysis and conclusions, Cisco's complaints go only

9   to the merits of Dr. Medvidovic's DOE opinions, not whether they were sufficiently disclosed.

10  Thus, Dr. Medvidovic's DOE opinions should be allowed to be presented to the jury.  *See Nobelbiz,*

11  *Inc. v. Glob. Connect, L.L.C.*, No. 6:12-CV-244, 2015 WL 11072170, at *3 (E.D. Tex. Sept. 2, 2015)

12  (denying motion in limine seeking to preclude alleged insufficiently detailed expert testimony

13  regarding infringement under doctrine of equivalents, and stating "[t]he Court will revisit the issue

14  of doctrine of equivalents once all the evidence is presented and prior to instructing the jury").

15  **III.    CONCLUSION**

16         For the foregoing reasons, Finjan respectfully requests that the Court deny Cisco's Motion

17  *in Limine* No. 4 to exclude evidence and arguments pertaining to certain '633 Patent infringement

18  theories.

19

20

21

22

23

24

25

26

27

28

1    Dated:  April 23, 2020                          Respectfully Submitted,

2                                                    By:   */s/ Aamir Kazi*
                                                     _____
3                                                    Juanita R. Brooks (CA SBN 75934) brooks@fr.com
                                                     Roger A. Denning (CA SBN 228998)
4                                                    denning@fr.com
                                                     Frank J. Albert (CA SBN 247741) albert@fr.com
5                                                    Megan A. Chacon (CA SBN 304912)
                                                     chacon@fr.com
6                                                    K. Nicole Williams (CA SBN 291900)
                                                     nwilliams@fr.com
7                                                    Oliver J. Richards (CA SBN 310972) ojr@fr.com
                                                     Jared A. Smith (CA SBN 306576) jasmith@fr.com
8                                                    FISH & RICHARDSON P.C.
                                                     12390 El Camino Real, Suite 100
9                                                    San Diego, CA 92130
                                                     Phone: (858) 678-5070 / Fax: (858) 678-5099
10

11                                                   Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com
                                                     Alana C. Mannige (CA SBN 313341)
12                                                   mannige@fr.com
                                                     FISH & RICHARDSON P.C.
13                                                   1180 Peachtree Street NE, 21st Floor
                                                     Atlanta, GA 30309
14                                                   Phone: (404) 892-5005 / Fax: (404) 892-5002
15

16                                                   Attorneys for Plaintiff FINJAN, INC.

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

The undersigned hereby certifies that a true and correct copy of the above and foregoing

3

document has been served on April 23, 2020 to all counsel of record who are deemed to have

4

consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will

5

be served by electronic mail and regular mail.

6

7

<u>/s/ *Aamir Kazi*                              </u>

8

Aamir Kazi
kazi@fr.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28