Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION *IN LIMINE* NO. 2 RE EVIDENCE OR ARGUMENTS ABOUT POST-GRANT PROCEEDINGS<br><br>Date:     April 30, 2020<br>Time:     1:30 P.M.<br>Place:    3, 5th Floor<br>Before:   Hon. Beth L. Freeman |

I.    INTRODUCTION

While both parties seek to exclude pending post grant proceedings for both the asserted and unasserted patents, *see,* Finjan's Motion *in Limine* No. 1, Cisco also seeks to exclude evidence of *final* post grant proceedings including those filed by Cisco. Cisco has failed to carry its burden of demonstrating that the probative value of this evidence is outweighed by any undue prejudice.

First, Cisco points to the invalidation of an unasserted patent to justify Cisco's pre-litigation behavior towards Finjan. To the extent that evidence is probative, so are affirmations of Finjan's unasserted patents. Second, despite filing this motion, Cisco relies on post grant activity (regardless of whether filed by Cisco or not) to support non-infringement and invalidity. Third, findings by the Patent Trial and Appeals Board ("PTAB") are probative of the strength and value of Finjan's patents—particularly where Cisco is relying on the same prior art theories already rejected by the PTAB. Finally, Finjan should be permitted to use evidence of IPR proceedings for impeachment and rebuttal purposes.

II.    **FINAL POST GRANT ACTIVITY FOR NON-ASSERTED PATENTS AND ACTIVITY NOT INVOLVING CISCO IS RELEVANT GIVEN THE CIRCUMSTANCES OF THIS CASE**

Finjan and Cisco have a long and involved history. One part of that history is that Finjan provided details concerning its patents to Cisco before filing this suit. Cisco's knowledge of the strength of Finjan's patents before this case was filed is relevant to whether Cisco's pre-litigation conduct was reasonable. Cisco cannot dispute this point; indeed, Cisco's own expert reports contain discussion of how one of Finjan's non-asserted patents (U.S. Pat. No. 6,092,194) that was identified in pre-suit correspondence to Cisco has since been found to be invalid. *See* Exh. C (Almeroth Op. Rpt.) at ¶ 601; Exh. D (McDaniel Op. Rpt.) at ¶ 458. At the very least, Cisco's reliance on the *invalidity* of a non-asserted patent to attempt to excuse its pre-litigation decisions demonstrates the relevance of affirmations of *validity* of non-asserted (and asserted) patents.

Neither of the cases Cisco cites is applicable to the specific facts of this case. In both *Ziilabs* and *Interdigital*, the courts unremarkably excluded IPRs they found not relevant to any disputed issues. Neither of the opinions considered and rejected the issue here, which is that post grant activity concerning Finjan's patents is relevant to show the unreasonableness of Cisco's pre-

1  litigation positions.  *See generally Ziilabs Inc., Ltd. v. Samsung Elecs. Co. Ltd., et al.*, No. 2:14-
2  cv-203-JRG-RSP, 2015 U.S. Dist. LEXIS 191430 (E.D. Tex. Oct. 28, 2015); *InterDigital*
3  *Commc'ns, Inc. v. Nokia Corp.*, No. 13-cv-10-RGA, 2014 WL 8104167 (D. Del. Aug. 28, 2014).

4  In addition, Cisco's trial exhibit list includes documents referring to post grant activity
5  filed by third parties (*see, e.g.*, Dkt. No. 547-5 (Cisco's Trial Exh. List) at 27 (identified as DTX
6  2640, included here as Exh. E (FINJAN-CISCO 541296) at 541322) and Cisco's experts liberally
7  rely upon post grant activity for the asserted patents in their reports.  *See* Exh. C (Almeroth Op.
8  Rep.) at ¶¶ 84-85 (Cisco's expert Dr. Kevin Almeroth referencing the PTAB's analysis in
9  IPR2019-00026 filed by Juniper Networks in his opinion about the priority date of the '844
10 Patent); *id*. at 126-27 (Dr. Almeroth relying on third-party IPRs in his invalidity analysis of the
11 '154 Patent); Exh. D (McDaniel Op. Rep.) at ¶¶ 477-78 (Cisco expert Dr. McDaniel relying on
12 third-party IPRs for the '780 and '494 Patents in his invalidity analysis); Exh. F (McDaniel Reb.
13 Rep.) at ¶ 538 (Dr. McDaniel relying on third-party IPRs for the '780 and '494 Patent in his non-
14 infringement analysis); ¶ 604 (same).  At the same time, Cisco is seeking to prevent Finjan from
15 introducing evidence and argument regarding the same post grant activity for the asserted patents,
16 namely that the PTAB has issued Final Written Decisions upholding asserted claims of the
17 asserted patents.

18 Cisco cannot have it both ways.  Because it has relied on post grant activity filed by third
19 parties as part of its case (including post grant activity for non-asserted patents), Cisco cannot
20 credibly ask the Court to prevent Finjan from doing the same.

21 **III.   FINAL POST GRANT ACTIVITY FOR THE ASSERTED PATENTS FILED BY**
22 **CISCO SHOULD NOT BE EXCLUDED**

23 Cisco filed post grant proceedings concerning the '494, '844, and '633 Patents.  The
24 outcome of these proceedings is relevant and not unfairly prejudicial.

25 **A.   Cisco's Failed IPR Petitions Rebut Cisco's Willfulness Defense**
26 In addition to reasons set forth above, post grant activity concerning the '494, '844, and
27 '633 Patents are relevant to rebut Cisco's defenses to willfulness.  From the outset of the case,
28 Cisco has denied it is willfully infringing Finjan's patents.  One of the factual predicates for that

denial has been that Finjan's patents are invalid.  Cisco relies upon these arguments despite the fact several courts and the PTAB have upheld Finjan's patents over the years.  In particular, the PTAB's denials of institution are relevant because they make it more probable that Cisco did not have a good faith belief in the invalidity of either the '494, '844, or '633 Patents following the denials.  *See, e.g.*, *Dexcowin Glob., Inc. v. Aribex, Inc.*, No. 16-cv-143-GW-AGRX, 2017 WL 3478492, at *3 (C.D. Cal. June 29, 2017) (denying motion *in limine* to exclude PTO's decisions denying institution of Defendant's IPR petitions of asserted patents where Plaintiff argued the denials are relevant to show willful infringement).  That Cisco recently dropped its invalidity defense for the '633 Patent only highlights the fact that Cisco's reliance upon that defense was unreasonable all along.  Any potential confusion related to different legal standards between district court and PTAB proceedings can be addressed with an appropriate jury instruction.  *See id*.

Final post grant activity for the '494 Patent is relevant for an additional reason:  Cisco raises the same argument here that the PTAB rejected.  In its IPR, Cisco argued that claims 10, 11, and 14-16 of the '494 Patent are invalid as obvious over Crawford[1] and the knowledge of a person of ordinary skill in the art.  Exh. H (IPR2017-02155, Decision Denying Institution) at 5.  Cisco relies on that same prior art here.  *See* Dkt. 547 (Pre-Trial Statement) at 10:17-18.  But the PTAB considered Cisco's invalidity arguments based on Crawford and denied Cisco's petition, concluding it failed to show a reasonable likelihood it would prevail in showing unpatentability of any of the claims on the asserted grounds.  *See* Exh. H (IPR2017-02155 Decision Denying Institution) at 38.  That decision is "final and nonappealable." 35 U.S.C. § 314(d).

These institution denials demonstrate a rejection, by a panel of three skilled patent examiners, of the same prior art and arguments Cisco relies upon here.  These facts are undeniably relevant to Cisco's invalidity defense.  Fed. R. Evid. 401.  Even the authority Cisco relies upon supports Finjan's argument.  In *Finjan, Inc. v. Sophos, Inc.*, No. 3:14-cv-1197-WHO, 2016 WL

---

[1] R. Crawford et al., A Testbed for Malicious Code Detection: A Synthesis of Static and Dynamic Analysis Techniques, Proc. 14th Ann. Conf. Dep't Energy Computer Security Group (1991) ("Crawford" or "Testbed").

4560071, *14 (N.D. Cal. Aug. 22, 2016) (hereinafter "*Sophos*"), the defendant's motion *in limine* to exclude evidence or argument about post grant proceedings emphasized that the defendant would present ***different prior art*** at trial than it presented in the IPRs in question.  See Exh. I (Def.'s Mot. *in Limine*, Dkt. 217) at 19 ("*[I]mportantly*, none of the IPRs or the reexamination involved the SWEEP-InterCheck prior art that Sophos will present at trial.") (emphasis added). The court acknowledged that "PTO proceedings may be relevant to [plaintiff]'s claims of validity and that courts *frequently* allow evidence of this kind." *Sophos*, 2016 WL 4560071, *14 (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-cv-00329-AG, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014)) (emphasis added).  While the court in *Sophos* ultimately found the probative value was outweighed by likely confusion to the jury because there was ***not overlap in prior art*** (*see Sophos*, 2016 WL 4560071, *14), here Cisco is relying on the same prior art and arguments it presented to the PTAB.

Finally, while denial to institute IPR has different legal standards, "any potential confusion can be addressed by appropriate jury instructions on the standard of proof applicable to patent invalidity defenses and counterclaims." *Dexcowin Glob.*, 2017 WL 3478492, at *3 (denying motion to exclude PTO's decision denying institution of accused infringer's petition for IPR) (quoting *Universal Elecs.*, 2014 WL 8096334, at *7 (denying motion to exclude evidence of PTO's rejection of IPR petition)); *see also Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, No. 16-cv-6097, 2018 WL 2332461, *18-*19 (N.D. Ill. May 23, 2018), *aff'd in relevant part*, 935 F.3d 1341, 1351-52 (Fed. Cir. 2019) (denying motion for a new trial and rejecting contention that court's prior denial of the accused infringer's motion to exclude evidence that the PTO denied the accused infringer's IPR petition was improper); *StoneEagle Services, Inc. v. Pay-Plus Solutions, Inc.*, No. 8:13-cv-2240, 2015 WL 3824208, *8-*9 (M.D. Fla. Jun. 19, 2015) (denying accused infringer's motion to preclude evidence that PTO denied its IPR and CBM petitions).

IV. **EVIDENCE OF IPR PROCEEDINGS SHOULD BE PERMITTED FOR IMPEACHMENT AND REBUTTAL PURPOSES**

Cisco's motion is overly broad in that it seeks to exclude IPR evidence without limitation. At a minimum, the Court should allow Finjan to use evidence of IPR proceedings for

impeachment and rebuttal where Cisco opens the door. Even where courts have granted accused infringer's motion to exclude evidence of IPR proceedings, many still allow use of such evidence for these purposes. *See, e.g., Pac. Biosciences of California, Inc. v. Oxford Nanopore Techs., Inc.*, No. 17-cv-1353, 2020 WL 954938, at *2 (D. Del. Feb. 27, 2020) (allowing IPR petition and declaration to be used to impeach defendant's witnesses); *Nox Med. Ehf v. Natus Neurology Inc.*, No. 15-cv-709, 2018 WL 6629704, at *1 (D. Del. Apr. 12, 2018) ("Of course, if a witness made an inconsistent statement in connection with an IPR, the witness may be impeached with it …."); *Morley v. Square, Inc.*, No. 4:14-cv-172, 2016 WL 2733114, at *3 (E.D. Mo. May 11, 2016) (excluding findings from PTO proceedings "still in progress," yet allowing "the parties to make use of the testimony and other evidence used in the PTO proceedings"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) ("If [Defendant], either expressly or implicitly, leads the jury to believe that this is the first time the relevant references have been evaluated, the Court will permit Plaintiff to rebut this line of argument by producing evidence of the PTAB's action on [Defendant]'s non-instituted IPR petitions.").

**V.   EVIDENCE OF POST GRANT ACTIVITY FOR FINJAN'S PATENTS IS RELEVANT TO THE STRENGTH AND VALUE OF FINJAN'S PORTFOLIO**

Finally, both Cisco's and Finjan's damages experts consider distinctions between Finjan's patents and the prior art to determine patent value. *See* Exh. G (Layne-Farrar Op. Rep.) at 171; Exh. L (Becker Reb. Rep.) at ¶ 364. Finjan has not lost a single patent in 23 post grant proceedings. The Finjan patents' advancement over the prior art corroborates Finjan's expert opinion (*see, e.g.,* Exh. G (Layne-Farrar Op. Rep.) at 171, n. 701) and undermines Cisco's expert opinions that Finjan's patents offer "narrow" inventions or "incremental value. . . over the prior art." *See* Exh. L (Becker Reb. Rep) at ¶ 358, ¶ 444. This evidence is probative, and should be allowed.

**VI.   CONCLUSION**

For the foregoing reasons, Finjan respectfully requests that the Court deny Cisco's Motion *in Limine* No. 2 to exclude evidence or arguments about post grant proceedings.

| | |
|---|---|
| Dated: April 23, 2020 | Respectfully Submitted, |
| | By: */s/ Aamir Kazi* |
| | Juanita R. Brooks (CA SBN 75934) brooks@fr.com |
| | Roger A. Denning (CA SBN 228998) |
| | denning@fr.com |
| | Frank J. Albert (CA SBN 247741) albert@fr.com |
| | Megan A. Chacon (CA SBN 304912) |
| | chacon@fr.com |
| | K. Nicole Williams (CA SBN 291900) |
| | nwilliams@fr.com |
| | Oliver J. Richards (CA SBN 310972) ojr@fr.com |
| | Jared A. Smith (CA SBN 306576) jasmith@fr.com |
| | FISH & RICHARDSON P.C. |
| | 12390 El Camino Real, Suite 100 |
| | San Diego, CA 92130 |
| | Phone: (858) 678-5070 / Fax: (858) 678-5099 |
| | |
| | Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com |
| | Alana C. Mannige (CA SBN 313341) |
| | mannige@fr.com |
| | FISH & RICHARDSON P.C. |
| | 1180 Peachtree Street NE, 21st Floor |
| | Atlanta, GA 30309 |
| | Phone: (404) 892-5005 / Fax: (404) 892-5002 |
| | |
| | Attorneys for Plaintiff FINJAN, INC. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 23, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ Aamir Kazi
Aamir Kazi
kazi@fr.com