1

2

3      **UNITED STATES DISTRICT COURT**

4      **NORTHERN DISTRICT OF CALIFORNIA**

5      **SAN JOSE DIVISION**

6

7      FINJAN, INC.,                          Case No.  17-cv-00072-BLF

8                      Plaintiff,

9             v.                              **ORDER RE: SEALING MOTIONS**
                                              **RELATED TO THE PARTIES'**
10     CISCO SYSTEMS INC.,                    **MOTIONS *IN LIMINE* AT ECF 530,**
                                              **ECF 532, ECF 540, ECF 543, ECF 566,**
11                     Defendant.             **ECF 576**

12

13            Before the Court are administrative motions filed by Plaintiff Finjan, Inc. ("Finjan") and

14     Defendant Cisco Systems, Inc. ("Cisco") to file under seal portions of their briefs and exhibits in

15     connection with the parties' motions *in limine*.  For the reasons states below, (1) Finjan's Motion to

16     Seal at ECF 530 is GRANTED, (2) Cisco's Motion to Seal at ECF 532 is GRANTED IN PART and

17     DENIED IN PART, (3) Finjan's Motion to Seal at ECF 540 is GRANTED, (4) Finjan's Motion to

18     Seal at ECF 543 is TERMINATED AS MOOT, (5) Cisco's Motion to Seal at ECF 566 is

19     GRANTED IN PART and DENIED IN PART, and (6) Finjan's Motion to Seal at ECF 576 is

20     GRANTED.

21     **I.     LEGAL STANDARD**

22            "Historically, courts have recognized a 'general right to inspect and copy public records and

23     documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*,

24     447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

25     & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor

26     of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

27     1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more

28     than tangentially related to the underlying cause of action" bear the burden of overcoming the

*United States District Court*
*Northern District of California*

1

2

3

presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

25

26

27

28

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

United States District Court
Northern District of California

2

the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."  Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L.R. 79-5(e)(1).

## II.   DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support thereof.  The Court's rulings on the sealing requests are set forth in the tables below.  Where the designating party has requested sealing, the Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents and the proposed redactions are generally narrowly tailored.

### A.   ECF 530, Finjan's Administrative Motion to File under Seal Finjan's Motion *in Limine* No. 2 and Exhibits

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 530-4 | Finjan Inc.'s Motion *In Limine* No. 2 to Preclude Derogatory or Misleading Characterizations Of Finjan's Business | GRANTED as to the highlighted portions of Finjan Inc.'s Motion *In Limine* No. 2 to Preclude Derogatory or Misleading Characterizations Of Finjan's Business at page 1, lines 8 and 25-26; page 2, lines 17-19 and 21-22 | This document reflects testimony regarding Finjan's business and licensing practice that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Public disclosure of this information would cause harm to Finjan.  Declaration of K. Nicole Williams ("Williams Decl. I") ¶ 2, ECF 530-1.  The highlighted portions of Finjan Inc.'s Motion *In Limine* No. 2 to Preclude Derogatory or Misleading Characterizations Of Finjan's |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Business contain confidential business and licensing information that is not publically available. These portions contain information from Exhibits 3-5. Finjan treats this business and licensing information as highly confidential within its business and makes substantial efforts not to disclose information to the public. Such information could be used by Finjan's competitors, as it reveals Finjan business strategies. Williams Decl. I ¶ 3. |
| 533-1 | Exhibit 3 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* ("Chacon Decl.")<br><br>Excerpts of the transcript of the deposition of Philip Hartstein | GRANTED as to the entire document. | This document reflects testimony regarding Finjan's business and licensing practice that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Williams Decl. I ¶ 2.<br><br>Exhibit 3 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan's Motions *In Limine* ("Chacon Decl.") contains confidential business and licensing information that is not publically available. Finjan treats this business and licensing information as highly confidential within its business and makes substantial efforts not to disclose information to the public. Such information could be used by Finjan's competitors, as it reveals Finjan business strategies.  Williams Decl. I ¶ 4. |
| 533-2 | Exhibit 4 to the Chacon Decl.<br><br>Excerpts of the transcript of the deposition of Daniel Chinn | GRANTED as to the entire document. | This document reflects testimony regarding Finjan's internal business practices and relationship with subsidiaries that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Public disclosure of this information would cause harm |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | to Finjan.  Williams Decl. I ¶ 2.<br><br>Exhibit 4 to the Chacon Declaration contains confidential business information that is not publically available, including information regarding other entities related to Finjan and merger with such entities. Finjan treats this business information as highly confidential within its business and makes substantial efforts not to disclose information to the public. Such information could be used by Finjan's competitors, as it reveals Finjan business strategies and processes.  Williams Decl. I ¶ 5. |
| 533-3 | Exhibit 5 to the Chacon Decl.<br><br>Excerpts of the transcript of the deposition of Michael Noonan | GRANTED as to the entire document. | This document reflects testimony regarding Finjan's business and licensing practice that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Williams Decl. I ¶ 2.<br><br>Exhibit 5 to the Chacon Declaration contains confidential business and licensing information that is not publically available, including information regarding Finjan's revenue stream and information regarding subsidiaries of Finjan. Finjan treats this business and licensing information as highly confidential within its business and makes substantial efforts not to disclose information to the public. Such information could be used by Finjan's competitors, as it reveals Finjan business strategies.  Williams Decl. I ¶ 6. |

**B.**  **ECF 532, Cisco's Administrative Motion to File Under Seal Re Defendant Cisco Systems, Inc.'s Motions *in Limine***

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 532-4 | Defendant Cisco Systems, Inc.'s Motion *In Limine* No. 1 To Exclude Phil Hartstein's Testimony Regarding Finjan's Corporate History As Hearsay | GRANTED as to highlighted portions at: 3:11-12; 4:22- 27; 5:1-2 | The highlighted portions of this document are direct quotes from or reference the one or more exhibits that Cisco is filing under seal which were designated by Finjan as or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order for reasons discussed below.  Declaration of Nicole Grigg ("Grigg Decl. I") ¶ 2, ECF 532-1.<br><br>The highlighted portions of this document reflect testimony regarding Finjan's history and business practices that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Declaration of Megan Chacon ("Chacon Decl. I") ¶¶ 2-4, ECF 552. |
| 532-6 | Defendant Cisco Systems, Inc.'s Motion *in Limine* No. 3 Re Prejudicial Litigation Settlement Amounts | GRANTED as to highlighted portions at: 1:3, 1:4, 1:7- 1:8, 2:8, 2:10-2:11, 2:17-2:18, 2:19, 2:21, 2:22, 2:23, 2:26-2:27, 3:3- 3:5, 3:6- 3:8, 3:19, 3:20-3:21, 3:24-3:25, 4:1, 4:2, 4:3, 4:9, 4:10- 4:12, 4:14- 4:15, 4:16- 4:17, 4:18 | The highlighted portions of this document are direct quotes from or reference the one or more exhibits that Cisco is filing under seal which were designated by Finjan as or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order for reasons discussed below.  Grigg Decl. I ¶ 2.<br><br>The highlighted portions of this document reflect information regarding Finjan licensing and settlement agreements that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. I |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | ¶¶ 2-4. |
| 532-8 | Defendant Cisco Systems, Inc.'s Motion *in Limine* No. 4 Re Evidence and Arguments Pertaining to Certain '633 Patent Infringement Theories | DENIED | The highlighted portions of this document are direct quotes from or reference the one or more exhibits that Cisco is filing under seal which were designated by Finjan "HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to the terms of the Stipulated Protective Order for reasons discussed below.  Grigg Decl. I ¶ 2. <br><br> The designating party, Finjan, has not requested that this document be sealed.  *See generally*, Chacon Decl. I. |
| 532-10 | Defendant Cisco Systems, Inc.'s Motion *in Limine* No. 5 to Exclude Evidence That Improperly Skews the Damages Horizon | DENIED as MOOT. | Cisco's Motion *In Limine* No. 5 is stricken per ECF 548. |
| 532-11 | Deposition excerpts from the February 25, 2019 deposition transcript of Philip Hartstein <br><br> Exhibit 1 | GRANTED as to the entire document. | This transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. I ¶ 2. <br><br> This document reflects testimony regarding Finjan's history and business practices that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. I ¶¶ 2-4. |
| 532-12 | Deposition excerpts from the deposition transcript of Shlomo Touboul, taken August 6, 2019 | GRANTED as to the entire document. | This transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Exhibit 5 | | document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. I ¶ 2.<br><br>This document reflects testimony regarding Finjan's history and business practices that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. I ¶¶ 2-4. |
| 532-13 | Deposition excerpts from the deposition transcript of Asher Polani taken August 5, 2019<br><br>Exhibit 6 | GRANTED as to the entire document. | This transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. I ¶ 2.<br><br>This document reflects testimony regarding Finjan's history and business practices that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. I ¶¶ 2-4. |
| 532-14 | FINJAN-CISCO 300625-300660 (excerpts from the April 7, 2015 deposition transcript of John Vigouroux from the matter of Finjan, Inc. v. Blue Coat Systems, Inc., No. 13- cv-03999)<br><br>Exhibit 7 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. I ¶ 2.<br><br>This document reflects testimony regarding Finjan's history and |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | business practices that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. I ¶¶ 2-4. |
| 532-15 | Excerpts from July 11, 2019 Expert Report Of Dr. Anne Layne-Farrar<br><br>Exhibit 9 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. Grigg Decl. I ¶ 2.<br><br>Portions of this document contain confidential financial information relating to the pricing and costs of the accused Cisco products and technical information related to the structure, function and operation of the accused Cisco products and Finjan's expert's analysis thereof. Grigg Decl. I ¶¶ 2-4.<br><br>This document reflects Finjan business and licensing practices that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. I ¶¶ 2-4. |
| 532-16 | Excerpts from the March 15, 2019 deposition transcript of Julie Mar-Spinola<br><br>Exhibit 11 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. I ¶ 2.<br><br>This document reflects testimony regarding Finjan's business and licensing practices that Finjan has designated "Highly Confidential – |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. I ¶¶ 2-4. |
| 532-17 | Excerpts from the April 18, 2019 deposition transcript of Hilton Romanski<br><br>Exhibit 13 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. I ¶ 2.<br><br>This document reflects testimony regarding Finjan business and licensing information that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. I ¶¶ 2-4. |
| 532-18 | Excerpts from the Second Amended Expert Report of Michael Mitzenmacher, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent Nos. 6,804,780 and 8,141,154<br><br>Exhibit 14 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLYSOURCE CODE" pursuant to the terms of the Stipulated Protective Order. Grigg Decl. I ¶ 2.<br><br>Specifically, this document contains confidential technical information related to the structure, function and operation of the accused Cisco products and Finjan's expert's analysis thereof. Grigg Decl. I ¶¶ 2-4. |
| 532-19 | Excerpts from the Second Amended Expert Report of Eric Cole, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent Nos. 6,154,844 and 8,677,494.<br><br>Exhibit 15 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLYSOURCE CODE" pursuant to the terms of the Stipulated Protective Order. Grigg Decl. I ¶ 2.<br><br>Specifically, this document contains |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | confidential technical information related to the structure, function and operation of the accused Cisco products and Finjan's expert's analysis thereof.  Grigg Decl. I ¶¶ 2-4. |
| 532-20 | Excerpts from the Second Amended Expert Report of Nenad Medvidovic, Ph.D. Regarding Infringement by Cisco Systems, Inc. of Patent No. 7,647,633.<br><br>Exhibit 16 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLYSOURCE CODE" pursuant to the terms of the Stipulated Protective Order. Grigg Decl. I ¶ 2.<br><br>Specifically, this document contains confidential technical information related to the structure, function and operation of the accused Cisco products and Finjan's expert's analysis thereof. Grigg Decl. I ¶¶ 2-4. |
| 532-21 | Excerpts from the August 29, 2019 Errata, Expert Report of Dr. Anne LayneFarrar, Exhibit 5<br><br>Exhibit 17 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. Grigg Decl. I ¶ 2.<br><br>Portions of this document contain confidential financial information relating to the pricing and costs of the accused Cisco products and technical information related to the structure, function and operation of the accused Cisco products and Finjan's expert's analysis thereof. Grigg Decl. I ¶¶ 2-4. |
| 532-22 | Excerpts from the deposition transcript of Anne Layne-Farrar, taken September 11, 2019<br><br>Exhibit 18 | GRANTED as to the entire document. | This document was designated in its entirety by Cisco as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. Grigg Decl. I ¶ 2.<br><br>Portions of this document contain confidential financial information relating to the pricing and costs of the accused Cisco products and technical information related to the structure, |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| | | | function and operation of the accused Cisco products and Finjan's expert's analysis thereof.  Grigg Decl. I ¶¶ 2-4. |
| 532-23 | Excerpts from the Amended Expert Report of Nenad Medvidovic, Ph.D., Regarding Infringement by Cisco Systems, Inc. of Patent No. 7,647,633<br><br>Exhibit 19 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLYSOURCE CODE" pursuant to the terms of the Stipulated Protective Order. Grigg Decl. I ¶ 2.<br><br>Specifically, this document contains confidential technical information related to the structure, function and operation of the accused Cisco products and Finjan's expert's analysis thereof. Grigg Decl. I ¶¶ 2-4. |
| 532-24 | Excerpts from the deposition transcript of Daniel Chin, taken April 10, 2019<br><br>Exhibits 21 | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. I ¶ 2.<br><br>This document reflects testimony regarding Finjan's history and business practices that Finjan has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. I ¶¶ 2-4. |

**C.    ECF 540, Finjan's Administrative Motion to File under Seal Finjan's Motion *in Limine* No. 4 and Exhibits**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| 540-22 | Finjan Inc.'s Motion *In Limine* No. 4 to Preclude Reliance on | GRANTED as to the | The highlighted portions of this document reflect information that |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Undisclosed Non-Infringement Theories and Exhibits | highlighted portions at page 1, lines 8-9, 17-20, 22, 24-25; page 3, lines 1, 9-13, 27; page 4, lines 2-4, 6, 13-14 | Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Declaration of K Nicole Williams ("Williams Decl. II") ¶ 2, ECF 540-1.<br><br>The highlighted and redacted portions of Plaintiff Finjan, Inc.'s Motion *In Limine* No. 4 to Preclude Reliance on Undisclosed Non-Infringement Theories contain information designated as "Highly Confidential – Attorneys' Eyes Only" by Cisco under the Protective Order in this case, and from which confidential information regarding Cisco's accused products could be potentially discerned. Williams Decl. II ¶ 3 (appears to be incorrectly numbered as a second ¶ 1).<br><br>The highlighted portions of this document reflect confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Declaration of Nicole Grigg ("Grigg Decl. II) ¶¶ 2-4, ECF 553. |
| 540-4 | Exhibit 7 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Excerpts of the 08-14-2019 Rebuttal Expert Report of Dr. Patrick McDaniel | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order.  Williams Dec. II ¶ 2.<br><br>Exhibit 7 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| | | | 1-5 ("Chacon Decl.") contains information that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation, and from which confidential information regarding Cisco's accused products could be potentially discerned. Williams Dec. II ¶ 4 (appears to be incorrectly numbered as a second ¶ 2).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. II ¶¶ 2-4. |
| 540-6 | Exhibit 8 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Excerpts of the 08-14-2019 Rebuttal Expert Report of Dr. Kevin Almeroth | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Williams Dec. II ¶ 2.<br><br>Exhibit 8 to the Chacon Decl. contains information that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation, and from which confidential information regarding Cisco's accused products could be potentially discerned. Williams Dec. II ¶ 5 (appears to be incorrectly numbered as ¶ 3).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| | | | SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. II ¶¶ 2-4. |
| 540-8 | Exhibit 9 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Excerpts of the 08-14-2019 Rebuttal Expert Report of Dr. Atul Prakash | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Williams Dec. II ¶ 2.<br><br>Exhibit 9 to the Chacon Decl. contains information that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation, and from which confidential information regarding Cisco's accused products could be potentially discerned. Williams Dec. II ¶ 6 (appears to be incorrectly numbered as ¶ 4).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. II ¶¶ 2-4. |
| 540-10 | Exhibit 10 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Excerpts of Cisco's 04-18- | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order.  Williams Dec. II ¶ 2.<br><br>Exhibit 10 to the Chacon Decl. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| | 2019 Third Supplemental Response to Finjan's 2nd Set of Interrogatories (No. 6) | | contains information that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation, and from which confidential information regarding Cisco's accused products could be potentially discerned. Williams Dec. II ¶ 7 (appears to be incorrectly numbered as ¶ 5).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" under the Protective Order, including confidential details relating to the design and operation of Cisco products, which, if publicly disclosed, could result in competitive harm to Cisco.  Grigg Decl. II ¶¶ 2-4. |
| 540-12 | Exhibit 11 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Appendix B7 to Finjan's 10-31- 2017 Supplemental Infringement Contentions | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Williams Dec. II ¶ 2.<br><br>Exhibits 11-15 to the "Chacon Decl. contain excerpts from documents that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation. These excerpts contain information regarding the working of the accused products, and from which confidential information regarding Cisco's accused products could be potentially discerned.  Williams Dec. II ¶ 8 (appears to be incorrectly numbered as ¶ 6).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" under |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | the Protective Order, including confidential details relating to the design and operation of Cisco products, which, if publicly disclosed, could result in competitive harm to Cisco.  Grigg Decl. II ¶¶ 2-4. |
| 540-14 | Exhibit 12 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Appendix B3 to Finjan's 10-31- 2017 Supplemental Infringement Contentions | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Williams Dec. II ¶ 2.<br><br>Exhibits 11-15 to the "Chacon Decl. contain excerpts from documents that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation. These excerpts contain information regarding the working of the accused products, and from which confidential information regarding Cisco's accused products could be potentially discerned.  Williams Dec. II ¶ 8 (appears to be incorrectly numbered as ¶ 6).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" under the Protective Order, including confidential details relating to the design and operation of Cisco products, which, if publicly disclosed, could result in competitive harm to Cisco.  Grigg Decl. II ¶¶ 2-4. |
| 540-16 | Exhibit 13 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Appendix D1 to Finjan's 10-31- 2017 Supplemental | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Williams Dec. II ¶ 2.<br><br>Exhibits 11-15 to the "Chacon Decl. contain excerpts from documents that |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Infringement Contentions | | Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation. These excerpts contain information regarding the working of the accused products, and from which confidential information regarding Cisco's accused products could be potentially discerned.  Williams Dec. II ¶ 8 (appears to be incorrectly numbered as ¶ 6).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" under the Protective Order, including confidential details relating to the design and operation of Cisco products, which, if publicly disclosed, could result in competitive harm to Cisco.  Grigg Decl. II ¶¶ 2-4. |
| 540-18 | Exhibit 14 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Appendix A4 to Finjan's 11- 30- 2017 Amended Infringement Charts | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Williams Dec. II ¶ 2.<br><br>Exhibits 11-15 to the "Chacon Decl. contain excerpts from documents that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation. These excerpts contain information regarding the working of the accused products, and from which confidential information regarding Cisco's accused products could be potentially discerned.  Williams Dec. II ¶ 8 (appears to be incorrectly numbered as ¶ 6).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" under the Protective Order, including confidential details relating to the design and operation of Cisco products, which, if publicly disclosed, could result in competitive harm to Cisco.  Grigg Decl. II ¶¶ 2-4. |
| 540-20 | Exhibit 15 to the Omnibus Declaration of Megan A. Chacon in Support of Finjan Inc.'s Motions *In Limine* Nos. 1- 5<br><br>Appendix C3 to Finjan's 11-30- 2017 Amended Infringement Charts | GRANTED as to the entire document. | This document reflects information that Cisco has designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Williams Dec. II ¶ 2.<br><br>Exhibits 11-15 to the "Chacon Decl. contain excerpts from documents that Cisco has marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this litigation. These excerpts contain information regarding the working of the accused products, and from which confidential information regarding Cisco's accused products could be potentially discerned.  Williams Dec. II ¶ 8 (appears to be incorrectly numbered as ¶ 6).<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" under the Protective Order, including confidential details relating to the design and operation of Cisco products, which, if publicly disclosed, could result in competitive harm to Cisco.  Grigg Decl. II ¶¶ 2-4. |

**D.    ECF 543, Finjan's Administrative Motion to File under Seal Finjan's Motion *in Limine* No. 5 and Exhibits**

This motion relates to Finjan's Motion *in Limine* No. 5 and supporting exhibits.  Finjan's

United States District Court
Northern District of California

motion Finjan's Motion *in Limine* No. 5 is now stricken. *See* ECF 548.  Accordingly, Finjan's

Administrative Motion to File under Seal at ECF 543 is TERMINATED AS MOOT.

**E.    ECF 566, Cisco's Administrative Motion to File under Seal Response to Defendant Cisco Systems, Inc.'s Response to Plaintiff Finjan, Inc.'s Motion *in Limine* Nos. 1-4**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 566-4 | Cisco's Response to Finjan's Motion *in Limine* No. 1 | GRANTED as to highlighted portions at: page 1 lines 10- 12, 21-26; page 2 lines 7, 9-10, 12-13; page 3 lines 24-28; page 4 lines 1-6 | The highlighted portions of this document are direct quotes from or reference the one or more exhibits that were previously filed under seal or that Cisco is filing under seal which were designated by the parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order for reasons discussed below.  Declaration of Nicole Grigg ("Grigg Decl. III") ¶¶ 2-4, ECF 566-1.  The highlighted portions of this document reflect testimony regarding business practices, and settlement agreements that Finjan has designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Declaration of Megan Chacon ("Chacon Decl. II") ¶¶ 2-4, ECF 580. |
| 566-6 | Cisco's Response to Finjan's Motion *in Limine* No. 2 | GRANTED as to highlighted portions at: page 1 lines 17- 19; 22-25, 27; page 2 lines 10-11, 17, 24-25, 28; page 3 lines 1-2, 4, 14-15, 19-27; | The highlighted portions of this document are direct quotes from or reference the one or more exhibits that were previously filed under seal or that Cisco is filing under seal which were designated by the parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order for reasons discussed below. Grigg Decl. III ¶¶ 2-4. |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | page 4 lines 1-2, 4, 7-13, 16-18 | The highlighted portions of this document reflect information regarding Finjan business practices and licensing practices that Finjan has designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. II ¶¶ 2-4. |
| 566-8 | Cisco's Response to Finjan's Motion *in Limine* No. 4 | GRANTED as to highlighted portions at: page 4 lines 4-6, 15-19 | The highlighted portions of this document are direct quotes from or reference the one or more exhibits that were previously filed under seal or that Cisco is filing under seal which were designated by Finjan as or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order for reasons discussed below. Grigg Decl. III ¶¶ 2-4. |
| 566-9 | Exhibit 23<br><br>Exhibit 14 entered at the August 6, 2019 deposition of Shlomo Touboul | GRANTED as to the entire document. | This exhibit was entered in a deposition in which the transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains Finjan's confidential business information.  Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects confidential information related to Finjan's intellectual property and characterizations thereof that was designated "CONFIDENTIAL" by a third party under the Protective Order (Dkt. No. 97). Public disclosure of this information would cause harm to Finian.  Chacon Decl. II ¶¶ 2-4. |
| 566-10 | Exhibit 24<br><br>Exhibit 15 entered at the August 5, 2019 Deposition of | GRANTED as to the entire document. | This exhibit was entered in a deposition in which the transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL- |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Asher Polani | | ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects testimony regarding Finjan's history and business practices that Finjan has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. II ¶¶ 2-4. |
| 566-11 | Exhibit 25<br><br>Excerpts from the July 11, 2019 Expert Report of Dr. Anne LayneFarrar | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. Portions of this document contains Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects information regarding Finjan's licensing practices and settlement agreements that Finjan has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this info1mation would cause harm to Finjan. Chacon Decl. II ¶¶ 2-4. |
| 566-12 | Exhibit 26<br><br>Excerpts from the August 14, 2019 Expert Report of Dr. Stephen L. Becker | GRANTED as to the entire document. | This document was designated in its entirety by Cisco as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. Portions of this document contain Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects information regarding Finjan's licensing and business practices, including |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | information about settlement agreements, that Finjan has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. II ¶¶ 2-4. |
| 566-13 | Exhibit 30<br><br>Finjan's Non-Competition and Non-Solicitation Agreement (FINJAN-CISCO 016859) | GRANTED as to the entire document. | This document was designated by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects a confidential non-compete and confidentiality agreement with a licensee that Finjan has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. II ¶¶ 2-4. |
| 566-14 | Exhibit 31<br><br>CISCO-FINJANYS_00004952.001 (March 17, 2010 Email Exchange Regarding Finjan) | GRANTED as to the entire document. | This document was designated by Cisco as "CONFIDENTIAL" under the terms of the Protective Order. Specifically, this document contains Finjan's confidential business information.  Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects confidential information related to Finjan's business practices and characterization thereof that was designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by a third party under the Protective Order Dkt. No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. II ¶¶ 2-4. |
| 566-15 | Exhibit 32 | GRANTED as to the | This document was designated by Finjan as "HIGHLY |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | CISCO-FINJANYS_00005244.0001 (March 5, 2014 Email Exchange Regarding Finjan) | entire document. | CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4. Chacon Decl. II ¶¶ 2-4.<br><br>This document reflects confidential information related to Finjan's business practices and characterization thereof that was designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by a third party under the Protective Order Dkt. No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. II ¶¶ 2-4. |
| 566-16 | Exhibit 33<br><br>Exhibit 6 entered at the February 1, 2019 deposition of Yoav Samet. | GRANTED as to the entire document. | This exhibit was entered in a deposition in which the transcript was designated in its entirety by Cisco as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains Finjan's confidential business information.  Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects confidential information related to Finjan's intellectual property and characterization thereof that was designated "CONFIDENTIAL" by a third party under the Protective Order (Dkt. No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. II ¶¶ 2-4. |
| 566-17 | Exhibit 34<br><br>Exhibits 4-7 entered at the August 5, 2019 Deposition of Asher Polani | GRANTED as to the entire document. | These exhibits were entered in a deposition in which the transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, these documents contain Finjan's confidential business |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | information. Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects a compilation of multiple documents regarding Finjan's business and intellectual property assessments, and Finjan's confidential product information, that either Finjan or third parties have designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finian. Chacon Decl. II ¶¶ 2-4. |
| 566-18 | Exhibit 35<br><br>Excerpts from the transcript of the April 10, 2019 deposition of Daniel Chinn | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects testimony regarding Finjan's history and business practices, as well as licensing transactions and agreements, that Finjan has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. II ¶¶ 2-4. |
| 566-19 | Exhibit 36<br><br>Excerpts from transcript of the March 15, 2019 deposition of Julie Mar Spinola | GRANTED as to the entire document. | This document was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4. |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | This document reflects testimony regarding Finjan's history and business practices, as well as licensing transactions and agreements, that Finjan has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan. Chacon Decl. II ¶¶ 2-4. |
| 566-20 | Exhibit 37<br><br>Excerpts from the transcript of the February 25, 2019 deposition of Phillip Harstein | GRANTED as to the entire document. | This transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains deposition testimony related to Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4.<br><br>This document reflects testimony regarding Finjan's histo1y and business practices, as well as licensing transactions and agreements, that Finjan has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 97). Public disclosure of this information would cause harm to Finjan.  Chacon Decl. II ¶¶ 2-4. |
| 566-21 | Exhibit 38<br><br>Exhibit 68 entered at the February 25, 2019 deposition of Phillip Hartstein | DENIED | This exhibit was entered in a deposition in which the transcript was designated in its entirety by Finjan as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of the Protective Order. Specifically, this document contains Finjan's confidential business information. Grigg Decl. III ¶¶ 2-4.<br><br>The designating party, Finjan, does not seek to seal this document. *See generally*, Chacon Decl. II. |
| 566-22 | Exhibit 40 | GRANTED as to the | This document was designated in its entirety by Finjan as "HIGHLY |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Appendix D-2 to Finjan's Infringement Contentions | entire document. | CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. Specifically, this document contains confidential technical information related to the structure, function and operation of the accused Cisco products and Finjan's analysis thereof. Grigg Decl. III ¶¶ 2-4. |

**F.     ECF 576, Finjan's Administrative Motion to File under Seal Finjan's Oppositions to Motions *in Limine* and Exhibits**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 576-4 | Plaintiff Finjan Inc.'s Corrected Opposition to Defendant Cisco Systems, Inc.'s Motion *In Limine* No.1 to Exclude Phil Hartstein's Testimony Regarding Finjan's Corporate History as Hearsay | GRANTED as to the highlighted portions at 4:3-4, 4:6-7 | This document reflects testimony regarding Finjan's business practices and transactions that Finjan has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. No. 97). Public disclosure of this information would cause harm to Finjan.  Declaration of Megan Chacon ("Chacon Decl. III") ¶ 2, ECF 576-1. <br><br> The highlighted portions of Plaintiff Finjan Inc.'s Corrected Opposition to Defendant Cisco Systems, Inc.'s Motion *In Limine* No.1 to Exclude Phil Hartstein's Testimony Regarding Finjan's Corporate History as Hearsay reflect testimony regarding Finjan's business practices and transactions. Finjan treats this confidential business practice and transactions information as highly confidential within its business and makes substantial efforts not to disclose such information to the public. Such information could be used by Finjan's competitors, as it reveals information related to Finjan's business practices and dealings. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Chacon Decl. III ¶ 3. |
| 576-6 | Plaintiff Finjan Inc.'s Corrected Opposition to Defendant Cisco Systems, Inc.'s Motion *In Limine* No. 3 RE Prejudicial Litigation Settlement | GRANTED as to the highlighted portions at Caption:20-21, 1:26-28, 2:1-2, 2:17, 2:20-24, 2:28, 3:10, 3:15, 3:18-19, 3:28, 4:25-26, 5:1, 5:4, 5:10, 5:18, 5:22 | This document reflects testimony regarding Finjan's licensing practices and settlement agreements that Finjan has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Chacon Decl. III ¶ 2.

The highlighted portions of Plaintiff Finjan Inc.'s Corrected Opposition to Defendant Cisco Systems, Inc.'s Motion *In Limine* No. 3 RE Prejudicial Litigation Settlement Amounts reflect testimony regarding Finjan's licensing practices and settlement agreements. Finjan treats this confidential business and financial information as highly confidential within its business and makes substantial efforts not to disclose such information to the public. The licensing information also reflects confidential third party information. Such information could be used by Finjan's competitors, as it reveals information relevant to Finjan's licensing practices and finances. Chacon Decl. III ¶ 4. |
| 576-8 | Plaintiff Finjan Inc.'s Opposition to Defendant Cisco Systems, Inc.'s Motion *In Limine* No. 4 RE Evidence and Arguments Pertaining to Certain '633 Patent Infringement Theories | GRANTED as to the highlighted portions at 3:4-5, 3:8, 3:13, 3:21, 3:27-28, 4:7-14, 4:16-22 | This document reflects information Cisco has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. Chacon Decl. III ¶ 2.

The highlighted portions of Plaintiff Finjan Inc.'s Opposition to Defendant Cisco Systems, Inc.'s Motion *In Limine* No. 4 RE Evidence and Arguments Pertaining to Certain '633 Patent Infringement Theories contain information designated as "HIGHLY CONFIDENTIALATTORNEYS' |

United States District Court
Northern District of California

28

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | EYES ONLY" by Cisco under the Protective Order in this case, and from which confidential information regarding Cisco's accused products could be potentially discerned. Chacon Decl. III ¶ 5.<br><br>The highlighted portions of this document reflect confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Declaration of Nicole Grigg ("Grigg Decl. IV") ¶¶ 2-4, ECF 579. |
| 576-10 | Exhibit B to Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan Inc.'s Opposition to Defendant's Motions *in Limine* Nos. 1- 4 ("Chacon Decl.")<br><br>Excerpts of Deposition Transcript of Phillip Hartstein dated February 25, 2019 | GRANTED as to the highlighted portions of pages 56-57, 124- 125, 193-194, 350- 351 | This document contains testimony regarding Finjan's business practices and transactions, including provisions regarding commercial agreements, that Finjan has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Chacon Decl. III ¶ 2.<br><br>The highlighted portions of Exhibit B to the Chacon Decl. contains confidential business practices and transactions, including provisions regarding commercial agreements, that is not publicly available, including information about transactions, including provisions regarding commercial agreements. Finjan treats this information as highly confidential within its business and makes substantial efforts not to disclose such information to the |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | public. Such information could be used by Finjan's competitors, as it reveals information related to Finjan's business practices and dealings. Chacon Decl. III ¶ 6. |
| 576-12 | Exhibit E to Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan Inc.'s Opposition to Defendant's Motions *in Limine* Nos. 1- 4<br><br>Excerpt of Exhibit 73 to the March 20, 2020 Deposition of John Garland | GRANTED as to the entire document. | This document contains information regarding Finjan's prior Finjan patent challenges for compromise offers and negotiation purposes, that Finjan has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY-SUBJECT TO FRE 408" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Chacon Decl. III ¶ 2.<br><br>Exhibit E to the Chacon Decl. contains information designated regarding Finjan's prior patent challenges for compromise offers and negotiation purposes, designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO FRE 408" that is not publicly available. Finjan treats this business practice information as highly confidential within its business and makes substantial efforts not to disclose such information to the public. Such information could be used by Finjan's competitors, as it reveals information related to Finjan's business practices.  Chacon Decl. III ¶ 7. |
| 576-14 | Exhibit F to Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan Inc.'s Opposition to Defendant's Motions *in Limine* Nos. 1- 4<br><br>Excerpts of the August 14, 2019 Rebuttal Expert Report of Dr. Patrick McDaniel | GRANTED as to the entire document. | This document reflects information that Cisco has designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY-SOURCE CODE" under the Protective Order. Chacon Decl. III ¶ 2.<br><br>Exhibit F to the Chacon Decl. contains information that Cisco has marked "HIGHLY CONFIDENTIAL- |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| | Regarding Non-Infringement of U.S. Patent Nos. 8,677,494 and 6,804,780 | | ATTORNEYS' EYES ONLY-SOURCE CODE" pursuant to the Protective Order in the litigation, and from which confidential information regarding Cisco's accused products could be potentially discerned. Chacon Decl. III ¶ 8.<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. IV ¶¶ 2-4. |
| 576-16 | Exhibit G to Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan Inc.'s Opposition to Defendant's Motions *in Limine* Nos. 1- 4<br><br>Excerpts of the July 11, 2019 Opening Expert Report of Dr. Layne-Farrar | GRANTED as to the entire document. | This document reflects information regarding Finjan's licensing practices and settlement agreements that Finjan has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Further, this document may reflect information that Cisco has designated as "HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY" under the Protective Order, and from which confidential information regarding Cisco's accused products could be potentially discerned.  Chacon Decl. III ¶ 2.<br><br>Exhibit G to the Chacon Decl. reflect information regarding Finjan's licensing practices and settlement agreements. Finjan treats this confidential business and financial information as highly confidential within its business and makes |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| | | | substantial efforts not to disclose such information to the public. The licensing information also reflects confidential third party information. Such information could be used by Finjan's competitors, as it reveals information relevant to Finjan's licensing practices and finances. Further, this document may reflect information that Cisco has designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Protective Order, and from which confidential information regarding Cisco's accused products could be potentially discerned. Chacon Decl. III ¶ 9.<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. IV ¶¶ 2-4. |
| 576-18 | Exhibit J to Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan Inc.'s Opposition to Defendant's Motions *in Limine* Nos. 1- 4<br><br>Excerpts of the August 14, 2019 Rebuttal Expert Report of Dr. Harry Bims | GRANTED as to the highlighted portions at pages 39, 46-47, 49 | This document reflects information regarding Finjan's licensing practices and settlement agreements that Finjan has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Further, this document may reflect or reveal third party confidential information subject to an issued protective order.  Chacon Decl. III ¶ 2.<br><br>The highlighted portions of Exhibit J |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | to the Chacon Decl. reflect information regarding Finjan's licensing practices and settlement agreements. Finjan treats this confidential business and financial information as highly confidential within its business and makes substantial efforts not to disclose such information to the public. The licensing information also reflects confidential third party information. Such information could be used by Finjan's competitors, as it reveals information relevant to Finjan's licensing practices and finances. Further, this document may reflect or reveal third party confidential information subject to an issued protective order. Chacon Decl. III ¶ 10. |
| 576-20 | Exhibit L to Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan Inc.'s Opposition to Defendant's Motions *in Limine* Nos. 1- 4<br><br>Excerpts of the August 14, 2019 Rebuttal Expert Report of Dr. Stephen L. Becker | GRANTED as to the highlighted portions at pages 45, 93, 117, 121-123 | This document reflects information regarding Finjan's licensing and business practices, including information about settlement agreements, that Finjan has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. Public disclosure of this information would cause harm to Finjan. Chacon Decl. III ¶ 2.<br><br>The highlighted portions of Exhibit L to the Chacon Decl. reflect information regarding Finjan's licensing and business practices, including information about settlement agreements. Finjan treats this confidential business and financial information as highly confidential within its business and makes substantial efforts not to disclose such information to the public. The licensing information also reflects confidential third party information. Such information could be used by Finjan's competitors, as it reveals |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| | | | information relevant to Finjan's licensing practices and finances. Chacon Decl. III ¶ 11. |
| 576-22 | Exhibit M to Omnibus Declaration of Megan A. Chacon in Support of Plaintiff Finjan Inc.'s Opposition to Defendant's Motions *in Limine* Nos. 1- 4<br><br>Excerpts of the December 13, 2019 Amended Expert Report of Nenad Medvidovic, Ph.D. Regarding Infringement of Cisco Systems, Inc. of Patent No. 7,647,633 | GRANTED as to the entire document. | This document reflects information Cisco has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, and from which confidential information regarding Cisco's accused products could be potentially discerned. Chacon Decl. III ¶ 2.<br><br>Exhibit M to the Chacon Decl. contains information that Cisco has marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to the Protective Order in the litigation, and from which confidential information regarding Cisco's accused products could be potentially discerned. Chacon Decl. III ¶ 12.<br><br>This document reflects confidential information relating to Cisco's products that Cisco has designated as "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY – SOURCE CODE" under the Protective Order, including confidential details relating to the design and operation of Cisco products, including its source code, which, if publicly disclosed, could result in competitive harm to Cisco. Grigg Decl. IV ¶¶ 2-4. |

United States District Court
Northern District of California

### III.   ORDER

For the foregoing reasons:

(1) Finjan's Motion to Seal at ECF 530 is GRANTED.

(2) Cisco's Motion to Seal at ECF 532 is GRANTED IN PART and DENIED IN PART. Cisco shall file an unredacted version of its Motion *in Limine* No. 4, no later than 7 days from the date of this Order.

(3) Finjan's Motion to Seal at ECF 540 is GRANTED.

(4) Finjan's Motion to Seal at ECF 543 is TERMINATED AS MOOT.

(5) Cisco's Motion to Seal at ECF 566 is GRANTED IN PART and DENIED IN PART. Cisco shall file "Exhibit 68 entered at the February 25, 2019 deposition of Phillip Hartstein" at ECF 566-21 publicly no later than 7 days from the date of this Order.

(6) Finjan's Motion to Seal at ECF 576 is GRANTED.

**IT IS SO ORDERED.**

Dated: April 28, 2020

_____
BETH LABSON FREEMAN
United States District Judge