**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

**I.      INTRODUCTION**

Pursuant to Civil L.R. 7-11 and 79-5, this Court's Standing Civil Order Re: Civil Cases, and the Parties Stipulated Protective Order (Dkt. 97), Defendant Cisco Systems, Inc. ("Cisco") hereby moves the Court for leave to file under seal, pursuant to Civil L.R. 79-5(d), the items identified in the table below:

| Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
|  | Cisco's Notice Re the Impact of the COVID-19 Pandemic on the June 1 Trial Date | Highlighted portions at: page 2 line 23-page 3 line 2; page 3 line 16; page 3 line 18 – page 4 line 6; page 4 line 13 - 24 | The highlighted information contains confidential personal information regarding Cisco's employees as well as confidential internal Cisco information with respect to COVID-19 that should not be publicly available and would cause harm to Cisco and its employees if disclosed. |
|  | Declaration of Nicole E. Grigg in Support Cisco's Notice Re the Impact of the COVID-19 Pandemic on the June 1 Trial Date | Highlighted portions at: page 1 line 10 – 18; page 1 line 27 – page 2 line 4; page 2 line 7 - 20 | The highlighted information contains confidential personal information regarding Cisco's employees as well as confidential internal Cisco information with respect to COVID-19 that should not be publicly available and would cause harm to Cisco and its employees if disclosed. |

**II.     ARGUMENT**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978).  However, records attached to non-dispositive filings, such is the case here, are not subject to the strong presumption of access. *Finjan, Inc. v. Proofpoint, Inc*, No. 13-CV-05808-HSG, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16, 2015) (internal citation omitted).  Because the documents attached to non-dispositive filings "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of the Federal Rules of Civil Procedure Rule 26(c).  *Id*. (internal quotation marks omitted).  The "good cause" standard requires a "particularized showing" that "specific

prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Sealing is appropriate where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id*.

As noted in the table above, Cisco seeks to seal select portions of its Notice Re the Impact of the COVID-19 Pandemic on the June 1 Trial Date ("Cisco's Notice") and the Declaration of Nicole E. Grigg in support thereof at the pages listed in the table above because these portions reflect contains confidential personal information regarding Cisco's employees as well as confidential internal Cisco information with respect to COVID-19 that should not be publicly available and would cause harm to Cisco and its employees if disclosed. *See* Declaration of Nicole E. Grigg in Support of Administrative Motion to File Documents Under Seal ("Grigg Declaration"), ¶¶ 2-5. Cisco's administrative motion is narrowly tailored and only seeks to seal the select portions of Cisco's Notice and the declaration that reference and/or include personal and/or confidential information of Cisco's employees and its business. Pursuant to Civil Local Rule 79-5, Cisco has filed publicly the relevant excerpts of information that are not confidential. Attached hereto are redacted and unredacted versions of Cisco's Notice and the declaration in support thereof.

### III. CONCLUSION

For these reasons, Cisco respectfully requests that the Court grant its Administrative Motion to Seal.

Dated: April 28, 2020

**DUANE MORRIS LLP**

*/s/ Nicole E. Grigg*
Nicole E. Grigg
D. Stuart Bartow
L. Norwood Jameson (admitted *pro hac vice*)
Matthew C. Gaudet (admitted *pro hac vice*)
David C. Dotson (admitted *pro hac vice*)
John R. Gibson (admitted *pro hac vice*)
Jennifer H. Forte (admitted *pro hac vice*)

Joseph A. Powers (admitted *pro hac vice*)
Jarrad M. Gunther (admitted *pro hac vice*)

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

DEFENDANT CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 5:17-CV-00072-BLF-SVK