**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
DSBartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S NOTICE RE THE IMPACT OF THE COVID-19 PANDEMIC ON THE JUNE 1 TRIAL DATE**<br><br>Date:      April 30, 2020<br>Time:      1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge:     Hon. Beth L. Freeman |

**REDACTED**

During the March 26, 2020 hearing on the parties' respective *Daubert* motions, Finjan sought to move the June 1 trial date to the Fall in light of the COVID-19 pandemic and its likely impact on the ability to empanel a jury and otherwise proceed with trial. Ex. A at 79. Optimistic that additional information would be available by the time of our pretrial hearing, this Court indicated it would address Finjan's request at that time, as the Court believed it might have greater clarity regarding the ability to proceed with the current schedule, which includes jury selection on May 29 and trial on June 1. *Id.* at 80.

In anticipation of the pretrial conference set for April 30, 2020, defendant Cisco Systems, Inc. ("Cisco") files this Notice to provide the Court with information Cisco believes relevant to the Court in determining whether the jury selection and jury trial of this case can safely and effectively proceed on May 29 and June 1, respectively, and to express its concerns (both heath and logistics related) with maintaining the existing schedule in light of COVID-19 pandemic. As explained below, if the Court determines that it will maintain the current jury trial schedule, Cisco's legal team must attempt to navigate international travel policies and prohibitions for four of its witnesses, determine a plan for self-quarantining in the Bay Area in advance of trial, and other extremely complicating trial logistics as a result of the COVID-19 pandemic. Further complicating matters was the announcement made just yesterday, April 27, 2020, that Santa Clara and surrounding counties intend to extend the existing shelter in place orders at least through the end of May, 2020. This extension is, in Cisco's view, a significant and insurmountable hurdle to navigate with jury selection on May 29 and trial on June 1. *See also* Ex. P (local orders factor for reopening).

Despite the passage of over a month since the *Daubert* hearing, it remains uncertain when it will be safe to bring large groups together from across the country and the world to spend substantial time in close proximity, as required for trial preparation and the trial itself—and what precautionary measures need to be taken to ensure the health and safety for gatherings of this size. Available information from the CDC, the White House, the Administrative Office of the U.S. Courts, and the governors of California and of other states from which witnesses in this case will be traveling indicates that proceeding with jury selection on May 29 will be in contravention of the county and state shelter in place orders, that jury selection on May 29 and a trial on June 1 will

require counsel and witnesses to unnecessarily travel from out of state and out of the country, and that federal courts are still developing safeguards to protect jurors, counsel, the Court, and the witnesses against exposure to COVID-19 during trial (Ex. P), all of which strongly mitigates against proceeding on the scheduled dates.

While jury trials are currently suspended in the Court through May 1, 2020 (as of April 28, 2020) [Ex. G], the shelter in place order for Santa Clara County (and six other Bay Area counties) will be extended, largely unmodified, through the end of May 2020. Ex. C. Cisco attaches for reference the current order because the new order has not yet issued but is expected to largely mirror the existing order with slight modifications. Ex. O.  Likewise, the state-wide stay at home order for California remains in effect "until further notice," and the Governor of California recently indicated that even when the state-wide order changes, stricter local orders will control. Ex. H; Ex. Q.  Thus, Cisco, its witnesses, trial vendors, and counsel will be unable to arrive in California late in the week of May 18th, as needed to prepare in person for trial, and it does not appear that jury selection can go forward on May 29.

Moreover, the White House plan provides for a phased reopening of the economy, as certain thresholds are met over a period of time, and it is unclear where California stands with respect to these thresholds and whether the thresholds can be met in time for a June 1 trial.  In fact, data from the Institute for Health Metrics and Evaluation (IHME), an independent global health research center at the University of Washington, forecasts that May 18-24 is the *earliest* time frame that California may possibly be in a position to begin the steps to relax social distancing but only if it enforces containment strategies that include "limiting gathering size." Ex. J. *See also* Ex. N.

Also, most of Cisco's witnesses will be traveling by air to San Jose from around the country—and, in four instances, from outside of the United States—for this trial.  These witnesses and the locations from which they would be flying are as follows:



1. [REDACTED]
2. [REDACTED]
3. [REDACTED]
4. [REDACTED]
5. - Stephen Becker (expert witness):  Austin, Texas
6. - Patrick McDaniel (expert witness):  State College, Pennsylvania
7. - Atul Prakash (expert witness):  Ann Arbor, Michigan
8. - Walter Overby (expert witness):  Des Moines, Iowa

Grigg Decl. ¶ 2. To proceed with the trial as currently scheduled, Cisco's trial team, including lawyers, support staff, and trial support vendors, would have to relocate from around the country to San Jose, beginning the week of May 18th, as mentioned above.  For example, trial counsel for Cisco will be traveling to San Jose from Atlanta, Georgia and Philadelphia, Pennsylvania.

        The CDC's current COVID-19 guidelines continue to warn against airplane travel and hotel stays, advising citizens to stay home as much as possible, avoid close contact with others, and practice social distancing. Ex. B. The shelter in place order issued by Santa Clara County also recommends that individuals moving into the Bay Area quarantine for fourteen days after arrival. Ex. O.  The CDC has emphasized the importance of quarantining and social distancing for certain high risk groups, [REDACTED] undoubtedly members of the jury pool, and individuals who live with those who will be at trial. Ex. D; Grigg Decl. ¶ 4.

[REDACTED lines 20-28]

| | |
|---|---|
| 1 | ███████████████████████████████ |
| 2 | ███████████████████████████████ |
| 3 | ███████████████████████████████ |
| 4 | ███████████████████████████████ |
| 5 | ███████████████████████████████ |
| 6 | ███████████████████████████████ |
| 7 | ███████████████████████████████ |
| 8 | ██████.  India also has a stringent lockdown order in effect.  Ex. L.  Even if these witnesses |
| 9 | were able to come to the United States, the CDC still recommends that individuals traveling from |
| 10 | outside the United States self-quarantine for fourteen days after arrival, which would in effect |
| 11 | require these witnesses to arrive in the U.S. two weeks before their anticipated testimony date and |
| 12 | may further remove them from their families if they are required to self-quarantine upon their return |
| 13 | to their home country. Exs. B, F, L. |
| 14 | In addition to the directives from governmental and health authorities, Cisco's current |
| 15 | corporate policy, ████████████████████████ |
| 16 | ███████████████████████████████ |
| 17 | ███████████████████████████████ |
| 18 | ██████ |
| 19 | ███████████████████████████████ |
| 20 | ████████████████ |
| 21 | ███████████████████████████████ |
| 22 | ████████████████████████████ |
| 23 | ██████████████ |
| 24 | ███████████████████████████████ |
| 25 | ███████████████████████████████ |
| 26 | ███████████████████████████████. |
| 27 | Grigg Decl. ¶ 8. |
| 28 | |

1    Cisco recognizes this trial has been on calendar for a long time, and understands the
2   importance of moving it to trial.  However, Cisco respectfully submits that the COVID-19 pandemic
3   and related health concerns strongly militate against jury selection proceeding on May 29, with a
4   jury trial proceeding on June 1, 2020.  Ex. J.  The wide range of locations of Cisco's witnesses and
5   trial team creates an even greater risk of exposure to infection from COVID-19 based on air travel,
6   the need to stay at hotels, and the close proximity demanded by a jury trial. Further, Cisco's fact
7   witnesses, experts, and trial team are reasonably concerned about the possibility of their ability to
8   self-quarantine for fourteen days after returning to reduce the risk of infecting their families.  Grigg
9   Decl. ¶¶ 2-7; Exs. B, E, F, L. Of course, these risks equally apply to prospective jurors who would
10  participate in jury selection, and increase for those jurors actually selected. *See also* Ex. P.

11   As of the date of the Pretrial Conference, this case will be less than a month from jury
12  selection. Cisco requests that, if possible the Court notify the parties of whether trial will proceed
13  as scheduled at the Pretrial Conference.  If this trial is going to be postponed, which Cisco believes
14  is the right thing to do under the circumstances of this unprecedented pandemic, Cisco will need to
15  provide the necessary notices to its experts, trial support vendors, and hospitality providers. If, on
16  the other hand, the trial will proceed on June 1, Cisco's legal team will need to consider how Cisco
17  can comply with such an order while simultaneously complying with local and state orders;
18  protecting the health and safety of its employees, witnesses, and counsel; and allowing Cisco to
19  fully and properly participate in a trial in a way that will not severely prejudice its case.

Dated: April 28, 2020                           **DUANE MORRIS LLP**

/s/ Nicole E. Grigg
Nicole E. Grigg
D. Stuart Bartow
L. Norwood Jameson (admitted *pro hac vice*)
Matthew C. Gaudet (admitted *pro hac vice*)
David C. Dotson (admitted *pro hac vice*)
John R. Gibson (admitted *pro hac vice*)
Jennifer H. Forte (admitted *pro hac vice*)
Joseph A. Powers (admitted *pro hac vice*)
Jarrad M. Gunther (admitted *pro hac vice*)

1  
2  
*Attorneys for Defendant*  
CISCO SYSTEMS, INC.

3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28