**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: +1 650 847 4146
Fax: +1 650 523 4780
Telephone: 415.957.3000
Facsimile: 415.957.3001

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S MOTION IN LIMINE NO. 4 RE EVIDENCE AND ARGUMENTS PERTAINING TO CERTAIN '633 PATENT INFRINGEMENT THEORIES** |

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff Finjan, Inc. | Finjan or Plaintiff |
| Defendant Cisco Systems, Inc. | Cisco or Defendant |
| Order Granting in Part and Denying in Part Cisco's Motion for Partial Summary Judgment of Non-Infringement (Dkt. 487) | MSJ Order |
| January 9, 2020 transcript of proceedings before Judge Freeman | Ex. 8 |
| Amended Expert Report of Nenad Medvidovi, Ph.D. Regarding Infringement of Cisco Systems, Inc. of Patent No. 7,647,633 | Ex. 19 |
| Order Directing Parties to Submit Stipulated Proposed Redactions to the Court's Order of November 12, 2019 on or before November 19, 2019 (Dkt. 398) | November 12, 2019 Order |
| Declaration of Nicole Grigg in Support of Defendant Cisco Systems, Inc.'s Motions in Limine | Grigg Decl.[1] |

---

[1] Unless otherwise specified, all exhibits refer to those attached to the Grigg Decl.

As directed by the Court, Cisco seeks to exclude any evidence, testimony, or argument relating to the infringement theories regarding U.S. Patent No. 7,647,633 ('633 Patent) that survived summary judgment but that lack any support in Finjan's infringement contentions in violation of the Patent Local Rules, as will be determined by Magistrate Judge Van Keulen's ruling on Cisco's pending motion to strike (Dkt. 492).  *See* Order Granting in Part and Denying in Part Cisco's Motion for Partial Summary Judgment of Non-Infringement (Dkt. 487) ("MSJ Order") at 4.  Any expert theories that are not disclosed in the infringement contentions in accordance with the Patent Local Rules must be struck from the expert report.  *DSS Tech. Mgmt. v. Apple, Inc.,* 2020 U.S. Dist. LEXIS 6177 at *23-25 (N.D. Cal. 1/14/20) (striking expert reports that relied on new infringement theories not disclosed in infringement contentions per Patent Local Rule 3-1).

If Judge van Keulen grants Cisco's motion, then Finjan would have no admissible evidence to support its infringement theories on the '633 Patent, and the Court should preclude any argument or evidence regarding the '633 Patent under FRCP 26(a)2(B) and 37 and FRE 401, 402 and 403.  More specifically, "Federal Rule of Civil Procedure 26(a)(2)(B) requires a witness who is 'retained or specially employed to provide expert testimony in the case' to provide a written report containing, among other things, '(i) a complete statement of all opinions the witness will express and the basis and reasons for them,' and '(ii) the facts or data considered by the witness in forming them.'"  *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1002 (N.D. Cal. 2019) (citing rule).  "Rule 37, in turn, 'gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed.'"  *Id.* (quoting *Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011).  "[W]here an expert fails to provide a theory in the report, a court may 'preclud[e] him from testifying on this issue.'"  *Id.* (citing *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1062 (9th Cir. 2008)).

**Background.**  The Court's MSJ Order (Dkt. 487) sets forth the background of the '633 Patent, in which Claim 14 is the only asserted claim.  In opposition to Cisco's motion for summary judgment on the '633 Patent, Finjan relied on seven alleged forms of mobile protection code ("MPC") already resident at the Cisco sandboxes.  Finjan disclaimed any theories where the mobile protection code was not already at the sandbox. i.e., any theories where the mobile protection code

is transmitted from a gateway to the sandbox. MSJ Order (Dkt. 487) at 15 n.6; Finjan's Opposition to Cisco's Motion for Partial Summary Judgment (Dkt. 401) at 13. The Court granted Cisco's motion for summary judgment of no literal infringement as to four of the seven alleged theories, leaving only (i) kernel monitor, (ii) playbooks and (iii) cookbooks. *See* MSJ Order (DKt. 487) at 33. The Court denied Cisco's motion with respect to the unavailability of the doctrine of equivalents based on prosecution history estoppel. *Id.* at 21-23.

The Court granted Cisco's motion to strike Finjan's expert reports on November 12, 2019. *See* Order on Motions Re Expert Reports (Dkt. 397) ("November 12, 2019 Order"). Finjan served amended reports on December 13 and 16, but did not supplement the summary judgment record, which was based on the original reports that were subject to the Court's November 12, 2019 Order.

At the January 9, 2020 summary judgment hearing, the Court directed the parties to confer on whether the specific theories in Finjan's expert report that Finjan relied upon in opposition to summary judgment (which were subject to the Court's November 12, 2019 Order) were properly disclosed in the operative infringement contentions and, to the extent there were unresolved disputes over disclosure, directed Finjan to ask Judge van Keulen to "allow a substitution from something from the contentions to go to the jury in place of all of the arguments [for these theories] … because otherwise they have provided me no evidence." Ex. 8 at 120:6-11. Following a meet-and-confer, Cisco filed a Motion to Strike Portions of Finjan's Amended Expert Report on Infringement of Patent No. 7,647,633 (Dkt. 492) ("Cisco '633 Motion") before Judge van Keulen to strike the infringement theories of Finjan's expert that were not disclosed in the operative infringement contentions. In its '633 Motion, Cisco sought an order striking from the "Amended Expert Report of Nenad Medvidovic, Ph. D Regarding Infringement … of Patent No. 7,647,633" all of the theories (both literal and under the doctrine of equivalents) that survived summary judgment, i.e., (i) all theories where the mobile protection code is a component *at* the sandbox and not transmitted *to* the sandbox from an AMP Gateway Product (including by equivalents) and (ii) all theories based on the "playbooks," "cookbooks," and "kernel monitor" as the mobile protection code. Finjan filed its Opposition on April 10, 2020 (Dkt. 508). Cisco filed its Reply in Support of Its Motion to Strike on April 15, 2020 (Dkt. 523-3) ("April 15, 2020 Reply"). The hearing on Cisco's motion before Judge

van Keulen is set for April 21, 2020. As of the filing of this Motion, therefore, the dispute is currently before Magistrate Judge van Keulen.

**Enforcement Through This Motion *in Limine***. Cisco understands that this motion *in limine* is the proper mechanism to enforce Judge van Keulen's forthcoming ruling on Cisco's '633 Motion, to the extent that motion is granted. Specifically, during the summary judgment hearing, and as reflected in the Court's MSJ Order, the Court directed that Judge van Keulen's resolution of this dispute would be enforced through a motion *in limine*. *See* MSJ Order at 4 ("If, however, Finjan is unable to show that the functionalities corresponding to the codenames were included in its operative infringement contentions, the Court would entertain that dispute in a motion *in limine*. *See* Hr'g Tr. at 159:14-17."); *see also* Ex. 8 at 51:4-6 (dispute to be resolved by Magistrate Judge van Keulen), 51:19-21 (same), 120:6-11 (same), 158:23-25 (same), 159:7-10 (same); April 15, 2020 Reply (Dkt. 523-3) at 1-2.

With respect to doctrine of equivalents for the relevant claim elements, all versions of Finjan's expert report on infringement of the '633 Patent have the same short, generic section that has no relevance to the '633 elements that are literally missing. *See, e.g.,* Ex. 19 (Amended Expert Report of Nenad Medvidovic, PH.D. Regarding Infringement of Cisco Systems, Inc. of Patent No. 7,647,633) at ¶¶ 4340-4343 (doctrine of equivalents analysis of claim element 14(d) for Threat Grid) and ¶¶ 4498-4501 (doctrine of equivalents analysis of claim element 14(d) for AMP Gateway/Cloud Products with Cisco Sandboxes). First, none of Finjan's expert reports contain a doctrine of equivalents theory relating to the missing "executable" element in Finjan's now-abandoned literal infringement theory that an API submission from the AMP Gateway product involves transmission of mobile protection code to the Cisco sandboxes (in other words, because Finjan conceded at summary judgment that the API submission is not "executable" and thus is not mobile protection code, Finjan would have to have a DOE theory as to how a non-executable API submission is equivalent to the "executable" element of the claim, but no such analysis exists in the expert reports). With respect to Finjan's sandbox-only mobile protection code theories on literal infringement, the Court granted summary judgment as to 4 of the 7 alleged mobile protection code theories because none of the 4 components performed the monitoring or intercepting required by the Court's mobile

protection code construction and 2 of 4 were not even executable. The expert reports do not include doctrine of equivalent theories addressing equivalence regarding these two deficiencies with respect to these 4 components (or any other components).  Finally, as noted above, the contentions do not even include "kernel monitor", "playbook" and "cookbook" theories and, as such, do not disclose doctrine of equivalent theories directed at these components.

**Relief Sought**.  Per the Court's directive, Cisco submits this motion *in limine* to preclude Finjan from presenting any evidence or arguments relating to the theories that survived summary judgment but that lack any support in Finjan's infringement contentions, to the extent Magistrate Judge van Keulen grants Cisco's '633 Motion.  The result would be to preclude any argument or evidence regarding the '633 Patent, as all remaining theories (whether literal infringement or infringement under the doctrine of equivalents) would be struck.

Dated:  April 16, 2020

Respectfully submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg
D. Stuart Bartow
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304-1194
Email: negrigg@duanemorris.com
Email: dsbartow@duanemorris.com
Telephone:  650.847.4146
Facsimile:  650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email:  wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email:  mcgaudet@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email:  dcdotson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email:  jhforte@duanemorris.com
Alice E. Snedeker
Email: aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.