Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF (SVK)<br><br>**FINJAN, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON CISCO'S MOTION TO STRIKE PORTIONS OF FINJAN'S AMENDED EXPERT REPORTS (DKT. NO. 582)**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Hon. Susan van Keulen<br>Ctrm: 6, 4th Floor |

# NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

PLEASE TAKE NOTICE that Plaintiff Finjan, Inc. ("Finjan") hereby moves for leave to file a Motion for Reconsideration of the Court's Order on Cisco's Motion to Strike Portions of Finjan's Amended Expert Reports (Dkt. No. 582).

**Statement of Relief Requested**:  By and through this motion, Finjan seeks leave to file a Motion for Reconsideration of the Court's Order on Cisco's Motion to Strike Portions of Finjan's Amended Expert Reports (Dkt. No. 582).  This motion is supported by the following Memorandum of Points and Authorities and all supporting documents attached hereto.

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

III. LEGAL STANDARD .......................................................................................................... 1

IV.  BACKGROUND .................................................................................................................. 2

V.   ARGUMENT ........................................................................................................................ 3

    A.   Finjan Did Not Have an Opportunity to Oppose Cisco's Post-Hearing Submission, Resulting in a Lack of Consideration of Facts and Arguments Relating to Finjan's Transmission-Based Theories ..................................................................................... 3

    B.   Lack of Consideration of Facts and Arguments Relating to "Virtual Environment Agent" ............................................................ 6

    C.   Lack of Consideration of Facts and Arguments Relating to "Parameters to Run the Sample File or URL" ................................... 9

        1.   Evidence and Argument Showing Finjan Disclosed in its Infringement Contentions the Theories Relevant to ▉▉▉▉▉▉▉▉▉▉ Relating to the Paragraphs the Court Struck from Dr. Medvidovic's Report ............................ 9

        2.   Evidence and Argument Showing the Phrase "Parameters to Run the Sample File or URL" Describes ▉▉▉▉ ▉▉▉▉▉▉▉ .................................................................. 11

        3.   Cisco's Prior Motion to Strike Is Not Relevant ................................... 12

VI.  CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs.
   Co.*, No. 5:12-CV-0630-LHK-PSG, 2014 WL 12917334 (N.D. Cal. Jan. 9,
   2014) ...........................................................................................................................11

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
   No. 14-CV-03657-SI, 2019 WL 1865921 (N.D. Cal. Apr. 25, 2019) .......................................11

*Mobile Telecommunications Techs., LLC v. Blackberry Corp.*,
   No. 3:12-CV-1652-M, 2016 WL 2907735 (N.D. Tex. May 17, 2016) ....................................11

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13CV213-JRG-RSP, 2015 WL 1848524 (E.D. Tex. Jan. 23, 2015) ................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Finjan respectfully requests that the Court grant Finjan leave to move for reconsideration of the Court's ruling on Cisco's Motion to Strike Portions of Finjan's Amended Expert Reports (Dkt. No. 582). Finjan did not have an opportunity to address Cisco's post-hearing submission (which identified for the first time paragraphs Cisco wanted struck from Dr. Medvidovic's amended reports), and Finjan believes that this resulted in the Court not considering facts and arguments showing that the struck language had support in Finjan's infringement contentions. Finjan also believes that the Court did not consider key evidence and arguments showing that the concepts of a "virtual environment agent" and "parameters to run the sample file or URL" as they appear in Dr. Medvidovic's amended reports were appropriately disclosed in Finjan's infringement contentions.

## II. STATEMENT OF ISSUES TO BE DECIDED

1) Whether the Court should grant Finjan leave to file a Motion for Reconsideration of the Court's Order on Cisco's Motion to Strike Portions of Finjan's Amended Expert Reports (Dkt. No. 582).

## III. LEGAL STANDARD

Leave to file a Motion for Reconsideration may be granted when a party shows (i) reasonable diligence in bringing the motion and (ii) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9. Additionally, in Judge Freeman's May 1, 2020 Order, Judge Freeman stated that:

> "The undersigned held a Final Pretrial Conference on April 30, 2020. In that Conference, counsel for Finjan indicated that Finjan intends to appeal from the SVK Order to this Court on two grounds: (1) *a procedural issue – because Finjan did not have an opportunity to oppose Cisco's post-hearing submission* at ECF 558 and (2) Judge van Keulen's substantive ruling. **The Court construes the procedural dispute as a request to file a motion for reconsideration** of the SVK Order. Accordingly, the Court REFERS the procedural dispute to Judge van Keulen to decide whether a motion for reconsideration is appropriate."

1       Case No. 5:17-cv-00072-BLF (SVK)
FINJAN INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Dkt. No. 609 (emphasis added); *see also* Dkt. No. 613 (Pre-Trial Conference Hrg. Tr.) at 103:17-104:6.

## IV.   BACKGROUND

This motion is necessary because of Cisco's shifting complaints regarding Finjan's infringement contentions for the "mobile protection code" limitation ("MPC") of U.S. Patent No. 7,647,633 ("the '633 Patent"). MPC is code that is involved in the monitoring and analysis of potentially malicious code (such as a virus). *See, e.g.,* '633 Pat. at cl. 14. Cisco alleges that Finjan's expert relies on theories for the MPC limitation that Finjan did not disclose in its infringement contentions. But at every turn, Cisco has changed its tune as to what is supposedly missing from Finjan's contentions.

Cisco contended in its opening Motion to Strike that Finjan's contentions did not disclose (1) "a theory in which the alleged MPC is already at the sandbox"; and (2) "the 7 specific components [alleged to satisfy the MPC limitation]." Dkt. No. 491-3 at 3. Cisco's brief focused on its first argument, making only passing reference to its second argument. *See* Dkt. No. 491-3 at 7-10. For example, the entirety of Cisco's argument regarding the "[redacted]" component was four lines and merely made the point that the phrase was not included in Finjan's proposed supplemental contentions. *See* Dkt. No. 491-3 at 10:10-13.

In response, Finjan identified references in its contentions to a "virtual environment agent" that "executed within the virtual environment" (i.e., did not require transmission to the sandbox): "Cisco AMP for Networks meet the recited claim language because Cisco AMP for Networks cause a ***virtual environment agent (mobile protection code) to be executed within the virtual environment*** running Windows operating system, Java Runtime Environment and/or Internet Explorer (mobile code executor) at a downloadable-information destination (e.g., Threat Grid and/or Talos)." Dkt. No. 507-4 at 2 (emphasis added); Dkt. No. 491-5 at 35. Cisco could not credibly contend that this disclosure required the transmission of MPC, and instead dismissed this passage as a "one-off" reference. *See* Dkt. No. 523-2 at 4.

In its reply and at the hearing, Cisco crystallized a completely new argument that focused on the second issue. Instead of alleging a lack of notice of the ***codenames themselves*** [redacted]

1 ██████████████ as it had done in its Opening Brief, Cisco focused on lack of
notice of the *replacement language* ("virtual environment agent" and "parameters to run the sample file or URL") in Dr. Medvidović's expert report, arguing for the first time that this replacement language failed to provide notice of the *functionality* corresponding to the codenames. *Compare* Dkt. No. 491-3 at 10 *with* Dkt. No. 523-2 at 3-4; Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 56-57. Indeed, during the hearing, this Court stated that it was hearing this argument from Cisco for the "*first time*." *See* Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 56:18-25 (emphasis added).

Furthermore, for the first time *during rebuttal argument*, Cisco identified some paragraphs in Finjan's expert reports that Cisco believed exceeded the scope of Finjan's infringement contentions. Cisco added more than a hundred paragraphs to that identification in a post-hearing submission. Dkt. No. 558-1. Afterwards, this Court issued an order striking certain language in the paragraphs Cisco identified in that post-hearing submission for the ██████ ████████████ theories on the grounds that the struck language did not have sufficient support in Finjan's infringement contentions. *See* Dkt. No. 582.

## V.   ARGUMENT

### A.   Finjan Did Not Have an Opportunity to Oppose Cisco's Post-Hearing Submission, Resulting in a Lack of Consideration of Facts and Arguments Relating to Finjan's Transmission-Based Theories

Cisco's briefing in this case failed to define a specific remedy, leaving both Finjan and this Court to speculate as to what exactly Cisco sought to strike from Dr. Medvidovic's amended reports. *See* Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 65 (stating that it was "not clear" what Cisco sought to strike). Unable to evaluate Cisco's abstract request, this Court asked Cisco during the April 21, 2020 hearing to submit a list of specific paragraphs it wanted struck from Dr. Medvidovic's amended reports. *See* Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 66. Finjan was never invited to submit a response and this Court struck language from nearly every paragraph Cisco had identified for the ████████████████████████ theories. Finjan respectfully requests an opportunity to be heard on this issue.

1       First, Cisco cannot satisfy its burden on this issue through a post-hearing submission
listing more than 100 paragraphs, with no explanation as to why those specific paragraphs should
be struck. *See, e.g.*, Dkt. No. 419 (January 9, 2020 MSJ Hearing Tr. at 100) at 51 (Judge Freeman
instructing Finjan to "submit your modified report and then it will be [Cisco's] burden because
[Cisco] will have to object."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No.
2:13CV213-JRG-RSP, 2015 WL 1848524, at *3 (E.D. Tex. Jan. 23, 2015) (denying Motion to
Strike because Plaintiff "failed to meet its burden"). Indeed, when Finjan had the burden, Judge
Freeman struck Finjan's expert reports after finding that "Cisco ha[d] no meaningful way to
respond" to Finjan's 100-page exhibit. *Cf.* Dkt. No. 397 (Order on Motions re Expert Reports) at
4. Cisco should be held to the same standard here where it has the burden and seeks to strike over
a hundred paragraphs from Dr. Medvidovic's amended reports, yet Finjan has had no meaningful
opportunity to respond.

Second, Cisco's complaints do not stand up substantively. Cisco identifies paragraph 656
as a "representative" example. Dkt. No. 558-1 at 2. The information disclosed in this paragraph is
the March 20, 2019 deposition testimony from Cisco's engineer De Beer. Finjan could not have
included Mr. De Beer's deposition testimony in its infringement contentions (dated November 30,
2017), but did disclose the underlying theory as best as it could without discovery. At a high
level, Mr. De Beer states that ████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██ As Finjan explained in its briefing, ████████████████████████████████
████████ is undoubtedly set forth in its infringement contentions. *See* Dkt. No. 507-4 at 8;
Dkt. No. 491-5 at 36 (describing the monitoring of a downloadable through "static and dynamic
analysis, which includes sandbox analysis, based upon the determination that the downloadable-
information includes executable code"). The three other paragraphs that Cisco identifies in its
submission for the "███████████" component are similar excerpts from De Beer's deposition.

In fact, many of the paragraphs where this Court struck Finjan's replacement language are
relevant for reasons *other* than supporting Finjan's sandbox-only theory. Finjan presented

argument in its briefing and at the hearing explaining that the replacement language here ("virtual environment agent" and "parameters to run the sample file or URL") is not offered only on the basis of a sandbox-only theory. *See, e.g.*, Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 44-46; Dkt. No. 507-4 at 7; *see also* Dkt. No. 419 (January 9, 2020 MSJ Hearing Tr.) at 100; Dkt. No. 487 at 16-20. For example, this replacement language is also relevant to Finjan's transmission-based theories, which were undisputedly in Finjan's contentions. While Cisco represented to this Court that Finjan "abandoned" infringement theories relying on components transmitted to the sandbox, *see, e.g.*, Dkt. No. 491-3 at 5, 10, the excerpt Cisco cites is a footnote in Finjan's summary judgment briefing stating only that Finjan is not relying upon RESTful APIs as MPC. *See* Dkt. No. 400-4 at 13 ("While Finjan disagrees with Cisco's arguments regarding APIs, it is irrelevant because Finjan has not identified RESTful APIs as MPC and what Finjan identified as MPC is discussed in detail below.").

Thus, Finjan submits that even if this Court finds that the replacement language is not supported in its infringement contentions on the basis of a sandbox-only theory, the Court should still consider that the replacement language is supported in Finjan's contentions in support of another theory. Finjan believes that if the Court had considered this argument, it would not have struck the language Cisco requested. Rather, the Court would have determined that the proper remedy, if any (Finjan maintains there should be none), would be a limiting instruction at trial.

Finally, if the Court decides to maintain its ruling, Finjan respectfully asks the Court for clarity regarding the precise contours of what has been struck from Dr. Medvidovic's amended reports. In particular, the Court's Order "STRIKES the replacement language" in the paragraphs Cisco identified. Dkt. No. 582 at 15. Finjan interprets this Order to encompass *only* the replacement language for ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ In the event the Court maintains its ruling, the Court's limited order striking only this replacement language is appropriate here because many of the struck paragraphs contain evidence (such as deposition testimony) not limited to the theory Cisco was moving to strike. *See, e.g.*, Dkt. No. 507-10 (Dr. Medvidovic March 30, 2020 Rpt.) ¶¶ 460, 463, 464, 465, 632, 656, 657, 690, 904, 4331, 4332, 4333, 4334, 4335, 4336, 4337, 4481, 4482, 4483, 4484, 4485, 4486, 4487, 4489, 4492, 4493,

4494, 4495. Nevertheless, Finjan requests clarity regarding whether the Court has (i) struck only the replacement language for ▮▮▮▮▮▮ (ii) struck sentences containing the replacement language; or (iii) struck the entire paragraphs containing the replacement language.

### B. Lack of Consideration of Facts and Arguments Relating to "Virtual Environment Agent"

This Court's Order on Cisco's Motion to Strike sets forth the following rationale for granting Cisco's motion with respect to the term "virtual environment agent":

> Finjan has ***presented no evidence*** that the 'virtual environment agent' described in the Operative Contentions is in any way related to the functionality now described as a 'virtual environment agent' in the March 2020 Report and previously described as a ▮▮▮▮ in the July 2019 and December 2019 Reports. Although Finjan asserts that this functionality 'clearly map[s] to a virtual environment agent residing in a sandbox,' it ***fatally cites no evidence in the Operative Contentions or elsewhere in support of this assertion***.

Dkt. No. 582 at 11-12 (emphasis added). However, Finjan respectfully submits that it presented evidence that its contentions identified virtual environment agent functionality residing at the sandbox. After Cisco complained in its reply (for the first time) that it did not understand the "virtual environment agent" to correspond to the ▮▮▮▮ residing at the sandbox, Finjan submitted additional evidence at the April 21, 2020 hearing showing that Cisco's own engineers understand a virtual environment agent to be equivalent in functionality to the ▮▮▮▮ residing at the sandbox. *See* Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 41-43.

Indeed, Finjan's Opposition shows that the very second sentence in Finjan's infringement contentions for the MPC limitation discloses that the virtual environment agent executes at the sandbox (i.e., the virtual environment). Dkt. No. 507-4 at 2; Dkt. No. 491-5 at 35 ("Cisco AMP for Networks meet the recited claim language because Cisco AMP for Networks ***cause a virtual environment agent (mobile protection code) to be executed within the virtual environment [i.e., the sandbox] running Windows operating system***, Java Runtime Environment and/or Internet Explorer (mobile code executor) at a downloadable-information destination (e.g., Threat Grid and/or Talos.") (emphasis added). This statement should have given Cisco notice that the virtual environment agent could reside in the sandbox.

1   Perhaps recognizing this, Cisco shifted focus in its reply from arguing that Finjan failed to
2   disclose any sandbox-only theories to arguing that Finjan never mapped a virtual environment
3   agent to the functionality corresponding to "█████████." See Dtk. No. 523-2. Cisco made
4   this argument without ever explaining what "█████████" is, leaving this Court to speculate
5   as to what was allegedly missing from Finjan's contentions. However, Finjan's contentions refer
6   to the virtual environment agent as having the same functionality as a "█████████":
7   monitoring and analyzing potentially malicious code. See, e.g., Dkt. No. 491-5 (Finjan
8   Infringement Contentions) at 5.
9   ██████████████████████████████████████████████████████
10  ██████████████████████████████████████████████████████
11  ████████████████ ████████████████████████████████████
12  ██████████████████████████████████████████████████████
13  ██████████████████████████████████████████████████████
14  ████████████████████████████████████ Similarly, Finjan's
15  infringement contentions ascribe the very same functionality to the virtual environment agent. To
16  illustrate this point, Finjan provided exemplary evidence at the April 21, 2020 hearing showing
17  that Finjan's contentions refer to the "virtual environment agent" as a component involved in
18  "sandboxing." Dkt. No. 491-5 (Finjan Infringement Contentions) at 5 ("Cisco AMP for Networks
19  configure *a virtual environment agent (e.g., sandboxing)* for intercepting and monitoring []
20  suspicious traffic….") (emphasis added); Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 39-40.
21  "Sandboxing" is a technical term that refers to the monitoring of code in an isolated virtual
22  environment (in this case, potentially malicious code). See, e.g., Cisco Website
23  (https://www.cisco.com/c/m/en_us/training-events/events-webinars/webinars/sandboxing.html)
24  ("We've seen a spike in the use [sic] *dynamic malware analysis, commonly referred to as*
25  *sandboxing,* to uncover these advanced threats.") (emphasis added); see also Cisco Blog
26  (https://blogs.cisco.com/security/amp-threat-grid-integrates-with-tripwire-enterprise) (referring to
27  "traditional sandboxing technologies" as those that "extract suspicious samples, analyze in a local
28  virtual machine, and quarantine"). Thus, Finjan argued at the hearing that the aforementioned

1  statements in Finjan's infringement contentions expressly linking "sandboxing" functions to a
2  virtual environment agent involved in "monitoring" provided Cisco sufficient notice that the
3  component responsible for those functions (███████) was at issue. Dkt. No. 560 at
4  40:2-18.
5       Finjan presented additional evidence at the hearing showing that Finjan's contentions refer
6  to the virtual environment agent as performing the same functionality as a ███████.
7  Specifically, Counsel for Finjan offered evidence of Cisco's own engineers using the phrase
8  "virtual environment agent" and "███████" to describe the same functionality:

|  |  |
|---|---|
| ███ | ███ |

see also Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 41-43. The fact that Cisco uses the phrase "virtual environment agent" interchangeably with "███████" buttresses Finjan's contention that Finjan's disclosure of a "virtual environment agent" in Finjan's infringement contentions would have put Cisco on notice of the functionality associated with "███████" (namely, that the "virtual environment agent" can reside at the sandbox). See Dkt. No. 560 (April 21, 2020 Hearing Tr.) at 41-43.

1  One reason that the Court may have concluded that Finjan failed to present evidence on
2  this matter is because some of the aforementioned evidence was raised for the first time at the
3  April 21, 2020 hearing.  Finjan requests that the Court consider that Cisco's reply brief introduced
4  new arguments, thus making it necessary for Finjan to offer a response to those new arguments for
5  the first time at the hearing (albeit a limited response due to the nature of the hearing).  *See supra.*

      **C.**    **Lack of Consideration of Facts and Arguments Relating to "Parameters to Run the Sample File or URL"**

8  This Court's Order provides three rationales for granting Cisco's motion with respect to
9  the "parameters to run the sample file or URL" replacement language: (i) "fail[ure] to show how
10 [the] language in the Operative Contentions is linked to the functionality now associated with that
11 language in Dr. Medvidovic's amended reports"; (ii) that "the phrase 'parameters to run the
12 sample file or URL' does not uniquely describe ▮▮▮▮▮▮▮▮▮"; and (iii) that "Finjan
13 previously sought but was denied permission to add ▮▮▮▮▮▮▮ to its
14 infringement contentions" and so the replacement language for those terms should be stricken.
15 Dkt. No. 582 at 12-13.  But because of the way Cisco's argument has evolved, Finjan has not had
16 an opportunity to squarely address these issues thereby depriving this Court of the ability to
17 consider all relevant facts and arguments.

      **1.**    **Evidence and Argument Showing Finjan Disclosed in its Infringement Contentions the Theories Relevant to ▮▮▮▮▮▮▮ Relating to the Paragraphs the Court Struck from Dr. Medvidovic's Report**

21 Finjan first reiterates its arguments in Sections IV-V(A): Cisco's shifting-sands argument
22 created a procedural dispute because Finjan did not have an opportunity to fully address Cisco's
23 arguments, and further, Cisco's post-hearing identification of specific paragraphs to be struck does
24 not withstand proper scrutiny.  For example, of the paragraphs identified in Cisco's post-hearing
25 submission for the March 2020 amended report that are relevant to ▮▮▮▮▮▮▮ at
26 least 79 of the paragraphs concern claims that are no longer at issue (Dkt. No. 507-10 ¶¶ 1363,
27 1498, 1499, 1500, 1501, 1502, 1503, 1504, 1505, 1506, 1507, 1508, 1509, 1510, 1511, 1512,
28 1513, 1514, 1595, 1596, 1597, 1599, 1600, 1601, 1602, 1603, 2359, 2494, 2495, 2496, 2497,

1  2498, 2499, 2500, 2501, 2502, 2504, 2505, 2506, 2507, 2508, 2509, 2510, 2511, 2620, 2621,
2  2622, 2623, 2624, 2625, 2626, 2627, 2628, 3399, 3534, 3535, 3536, 3537, 3538, 3539, 3540, 3541,
3  3542, 3544, 3545, 3546, 3547, 3548, 3549, 3550, 3551, 3649, 3650, 3651, 3652, 3653, 3654,
4  3655, 3656, 3657), at least 28 paragraphs are largely deposition testimony of Cisco engineers
5  (which Finjan could not have disclosed in its original contentions) (Dkt. No. 507-10 ¶¶ 460, 463,
6  464, 465, 632, 656, 657, 690, 904, 4331, 4332, 4333, 4334, 4335, 4336, 4337, 4481, 4482, 4483,
7  4484, 4485, 4486, 4487, 4489, 4492, 4493, 4494, 4495), and the remaining paragraphs relate to
8  MPC theories that were properly disclosed (and even in its post-hearing submission, Cisco failed
9  to present any contrary evidence or argument).

Cisco's complaints also do not stand up substantively. Cisco uses paragraph 4331 as a "representative" paragraph. The only reference to MPC in that three sentence paragraph is in a parenthetical at the end of the second sentence:



Dkt. No. 507-10 ¶ 4331 (emphasis added). To the extent that Cisco seeks to strike the reference to "parameters to run the sample file or URL," Finjan's infringement contentions squarely identify those parameters as MPC: "The code and information pertaining to the task and parameters relevant to Threat Grid and/or Talos is the mobile protection code. This information includes information using RESTful API's (e.g., HTTP POST commands which run, execute, and/or process a file or URL in a sandbox), *parameters to run the sample file or URL,* a hash of the file, information contained in a ▮ which includes information regarding the sample or URL (e.g., metadata of the sample, description of the sample, indicators of compromise, and/or warnings that the information-destination should be aware of)." Dkt. No. 491-5 at 35.

The other two sentences in paragraph 4331 do not reference MPC. The first sentence is largely a restatement of the claim limitation. *Compare* '633 Pat. at claim 14 ("causing mobile protection code to be executed by the mobile code executor at a downloadable-information

1  destination such that one or more operations of the executable code at the destination, if attempted,
2  will be processed by the mobile protection code"); *with* Dkt. No. 507-10 ¶ 4331 ("Cisco Threat
3  Grid causes mobile protection code to be executed by the mobile code executor (e.g., Threat
4  Grid's sandbox) at a downloadable-information destination (e.g., the virtual machine instance in
5  which Threat Grid's sandbox is running) such that one or more operations of the executable code
6  at the destination, if attempted, will be processed by the mobile protection code"). The first
7  sentence also adds that the claimed "mobile code executor" is the Threat Grid sandbox and that the
8  claimed "downloadable-information destination" is the virtual machine instance at Threat Grid,
9  but Cisco does not dispute that Finjan properly disclosed those theories. The third sentence cites
10  to deposition testimony from a Cisco engineer, and does not relate to a MPC theory.
11      Thus, Cisco cannot satisfy its burden merely through citing a laundry list of these
12  paragraphs.

    **2.  Evidence and Argument Showing the Phrase "Parameters to Run the Sample File or URL" Describes** ▮

15      Finjan understands the issue to now be whether the replacement language from Finjan's
16  infringement contentions (in this case, "parameters to run the sample file or URL") provides
17  sufficient notice of the ▮ functionalities. Finjan's briefing cites
18  evidence showing that the replacement language ("parameters to run the sample file or URL") in
19  Finjan's infringement contentions also satisfies the functionality of being MPC. *See, e.g.*, Dkt.
20  No. 507-4 at 2. Cisco never substantively responded to this argument. Cisco instead argued that
21  the replacement language lacked specificity, because the replacement language potentially
22  encompassed other functionality as well. Dkt. No. 523-2 3-4. Cisco's argument is belied by its
23  own expert opinions. Ex. 1 (Expert Rpt. of Dr. Atul Prakash) ¶ 424 (referring to ▮ using
24  the very "parameters" replacement language that Cisco contends is not specific enough).
25      In short, Cisco effectively concedes that the replacement language would encompass
26  ▮ and despite its complaints, fails to identify any meaningful
27  difference between the two and the replacement language. While Cisco now complains that
28  Finjan's disclosure here is not specific enough, it is not clear what additional disclosure Finjan

could have included in its infringement contentions based on information that was available to Finjan.

### 3. Cisco's Prior Motion to Strike Is Not Relevant

This Court's Order found that Finjan's replacement language corresponds to theories that Finjan was previously denied permission to add to its infringement contentions. In a motion to strike an expert report, the inquiry requires a comparison of the theories included in Finjan's expert reports, and a determination as to whether those theories were properly disclosed in Finjan's infringement contentions. *See e.g., MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 1865921, at *2 (N.D. Cal. Apr. 25, 2019); *Apple Inc. v. Samsung Elecs*. Co., No. 5:12-CV-0630-LHK-PSG, 2014 WL 12917334, at *2 (N.D. Cal. Jan. 9, 2014); *Mobile Telecommunications Techs., LLC v. Blackberry Corp*., No. 3:12-CV-1652-M, 2016 WL 2907735, at *1-2 (N.D. Tex. May 17, 2016). Although the Court granted Cisco's prior motion to strike, the outcome of that motion has no bearing on this inquiry.

Finjan understands this Court's finding here to represent this Court's *sua sponte* analysis because Finjan was unable to find any corresponding argument in Cisco's briefing. Dkt. No. 582 at 12-13. This Court's reasoning for conducting this *sua sponte* analysis appears to have been drawn from Judge Freeman's Order on Motions Re Expert Reports (Dkt. No. 397). *See* Dkt. No. 582 at 8. If this Court views this issue as dispositive, Finjan respectfully requests that the parties have an opportunity to brief the issue.

### D. Finjan Has Been Reasonably Diligent In Bringing This Motion

This Court's Order on Cisco's Motion to Strike Portions of Finjan's Amended Expert Reports (Dkt. No. 582) issued on April 28, 2020, although due to the Order being under seal, the parties did not have access to the Order until April 29, 2020. Judge Freeman held the Pre-Trial Conference for this case the following day, on April 30th, at which time Finjan informed Judge Freeman of its intent to raise certain issues that are the subject of this motion. *See* Dkt. No. 613 at 103:17-104:6. On May 1, 2020, Judge Freeman issued an Order construing Finjan's request as one to file a Motion for Reconsideration, and directing that the matter be referred to this Court.

*See* Dkt. No. 609.  Finjan has exercised reasonable diligence by filing this motion within two weeks after this Court's Order issued, and eleven days after Judge Freeman's Order issued.

## VI. CONCLUSION

For at least the foregoing reasons, Finjan respectfully requests that its Motion for Leave to File a Motion for Reconsideration be granted.  Additionally, if the Court finds the issue outlined *supra* in Section V.C.3 to be dispositive, then Finjan respectfully requests that the parties have an opportunity to brief the issue of whether Finjan's replacement language corresponds to theories that Finjan was previously denied permission to add to its infringement contentions (including whether this issue should be relevant to the present motion).

Dated:  May 12, 2020                           Respectfully Submitted,

By: */s/ Aamir A. Kazi*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (Admitted *Pro Hac Vice*)
kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 12, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Aamir A. Kazi*
Aamir A. Kazi
kazi@fr.com