Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>**PLAINTIFF FINJAN, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT ITS EXHIBIT LIST**<br><br>Date: TBD<br>Time: 9:00 a.m.<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

Case No. 5:17-cv-00072-BLF
PLAINTIFF FINJAN, INC.'S MOTION FOR LEAVE TO SUPPLEMENT ITS EXHIBIT LIST

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on a date to be determined by the Court at 9:00 a.m., or as soon as counsel may be heard by the Honorable Beth Labson Freeman in Courtroom 3, 5th Floor, United States District Court of California, 280 South First Street, San Jose CA 95113 as requested by Plaintiff Finjan, Inc. ("Finjan") in its accompanying Unopposed Administrative Motion to Change Time Pursuant to Civil L.R. 6-3(a) ("Motion to Change Time"), Finjan will and hereby does move the Court for an order granting Finjan leave to supplement its trial exhibit list filed as Appendix C-2 to the proposed joint pretrial statement (Dkt No. 547-4). This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Megan A. Chacon ("Chacon Decl.") submitted herewith, the proposed order submitted herewith, Finjan's Motion to Change Time, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take juridical notice.

**STATEMENT OF ISSUES**

Whether Finjan should be granted leave to file a supplement to its trial exhibit list to identify additional documents in support of its claims and defenses.

**I.    INTRODUCTION**

Pursuant to Civil Local Rule 7-1 and Section IV.A.4 of this Court's Standing Order Re Civil Cases, Finjan respectfully submits this motion for leave to file a supplement to Plaintiff's trial exhibit list, Appendix C-2 to the proposed joint pretrial statement (Dkt No. 547-4). Good cause exists for Finjan's requested supplement as it includes a narrow and curated set of documents relevant to key disputed issues in this case, it poses no undue prejudice to Defendant Cisco Systems, Inc. ("Cisco") as Finjan's request comes five weeks prior to the beginning of trial and presents no issues conflicting with the pretrial conference that has already taken place, it comes prior to the Court's issuance of the final pretrial order, and it is supported by the recent appearance of new counsel for Finjan and its diligence in seeking a timely supplement.

## II. BACKGROUND

On April 13, 2020, new counsel for Finjan entered an appearance in this matter. Less than three days later, the parties filed the proposed joint pretrial statement (Dkt No. 547) that included Finjan's exhibit list as Appendix C-2 (Dkt No. 547-4). At the time the parties filed the proposed joint pretrial statement, trial was scheduled to commence on June 1, 2020. On April 30, 2020, the Court held a pretrial conference with the parties in which the trial date was discussed in light of the ongoing COVID-19 pandemic. On May 1, 2020, the Court confirmed that the first day of trial will commence on June 22, 2020, three weeks later than originally scheduled. (*See* Dkt No. 595 (Minute Entry).) On May 7, 2020, counsel for Finjan reached out to Cisco's counsel proposing that the parties agree to a mutual, reasonable supplementation of the parties' respective exhibit lists to take place on May 15, 2020. *See* Exh. 1 (Em. Chain between Chacon and Snedeker).[1] The next day, Cisco provided its initial response that it was not interested in supplementation and would not agree to Finjan's proposal without further discussion. *Id*. On May 12, 2020, the parties met and conferred to further discuss the timing and scope of Finjan's proposed supplement. During the meet and confer, Finjan informed Cisco of its intention to file a motion for leave to supplement its exhibit list if Cisco would not agree to Finjan's supplementation proposal, which the parties discussed. *Id*. Cisco indicated it would consider Finjan's request and provide its final position on May 15, 2020. *Id*. Prior to the filing of this motion, Cisco's counsel confirmed it would not agree to Finjan's proposal to supplement its exhibit list. *Id*. Thus, pursuant to Civil Local Rule 37-1(a), counsel for Finjan and Cisco have met and conferred regarding the instant motion and the relief requested herein. *See* Chacon Decl. at ¶ 2.

## III. GOOD CAUSE EXISTS FOR FINJAN'S PROPOSED SUPPLEMENTAL EXHIBIT LIST

Finjan seeks leave of the Court to file a reasonable supplementation to its trial exhibit list well in advance of the commencement of trial on June 22, 2020. Finjan's supplemental exhibit list

---

[1] All references to "Exh." herein refer to the Exhibits attached to the Chacon Decl. submitted herewith.

identifies 36 documents for affirmative use related to key issues in dispute between the parties, such as Finjan's history, the relationship between Finjan and Cisco, damages, and validity. Finjan's proposed supplements to its exhibit list are Exhibit Nos. 1136-1171. *See* Exh. 2 (Finjan's Proposed 2nd Amended Exhibit List).[2]

This Court's Standing Order Regarding Civil Jury Trials provides that "[n]o party shall be permitted to offer any exhibit at trial that is not disclosed in the Joint Pretrial Statement and Order without leave of the Court for good cause shown, unless it is offered solely for impeachment or rebuttal." Exh. 3 (2019-05-30, Standing Order Re Civil Jury Trials at § III.B.4). Courts routinely allow for the amendment or supplementation of pretrial exhibit lists or modifications of the pretrial order upon a showing of good cause. *See, e.g., Xiong v. Lincoln Nat'l Life Ins. Co.*, NO. Civ. 2:08-345 WBS JFM, 2009 U.S. Dist. LEXIS 100786, *3-4, 6 (Oct. 16, 2009 E.D. Cal.) (granting Plaintiff's motion to amend pretrial order to add exhibit); *Hoffman v. Lassen Adult Det. Facility*, No. 2:15-cv-1558 JAM KJN P, 2018 U.S. Dist. LEXIS 42948, *3-5 (Mar. 15, 2018 E.D. Cal.) (granting Plaintiff's request to supplement exhibit list); *Keen v. Bovie Med. Corp.*, No. 8:12-cv-305-T-24EAJ, 2013 U.S. Dist. LEXIS 197375, *3 (June 26, 2013 M.D. Fla.) (granting defendant's motion to amend pretrial order to add exhibits relevant to damages issues and finding no surprise or undue prejudice to plaintiff); *see also Luong v. City & County of S.F.*, No. C 11-05661 MEJ, 2013 U.S. Dist. LEXIS 39659, *17-19 (Mar. 21, 2013 N.D. Cal.) (denying Defendant's motion to strike exhibit list where Plaintiff filed a second exhibit list after the filing of the joint pretrial conference statement).

Good cause exists here because Finjan's supplementation does not cause any undue prejudice to Cisco. First, the timing of Finjan's proposed supplement is reasonable and Finjan demonstrated diligence in seeking it. Trial is now scheduled to begin June 22, 2020 in light of the ongoing COVID-19 pandemic. Within days of confirmation of the new trial date, counsel for Finjan reached out to Cisco's counsel to propose the parties agree to a reasonable, mutual supplementation

---

[2] Finjan's supplement also removes duplicate exhibits in an effort to streamline its prior list.

of exhibit lists on May 15, 2020, approximately 5 weeks from the beginning of trial. The parties then met and conferred regarding Finjan's proposal. Cisco did not then, nor could it now, articulate any alleged undue prejudice it would suffer by Finjan supplementing its exhibit list approximately 5 weeks away from the start of trial. *See Hoffman*, 2018 U.S. Dist. LEXIS 42948, *3-5 (granting Plaintiff's request to supplement exhibit list when the exhibits were identified prior to the pretrial order being issued); *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, CASE No. 1:11-cv-00845-SKO, 2013 U.S. Dist. LEXIS 101428, *16 (July 18, 2013 E.D. Cal.) ("As there remains time for Plaintiffs to review the documents … Plaintiffs have adequate time to cure any prejudice that will arise from modifying the pretrial order to include … [additional] potential trial exhibits."); *see also Holt v. Wesley Med. Ctr., LLC*, Case No. 00-1318-JTM, 2006 U.S. Dist. LEXIS 100716, *11 (Jan. 25, 2006 D. Kan.) (denying motion to strike supplemental expert disclosure where new trial date had been set and thus "plaintiffs [were] afforded additional time to review the disclosed material" and any prejudice was therefore "harmless."). This is especially true in light of the narrow scope of Finjan's proposed supplementation, the ample time for the parties to exchange objections and narrow objection issues, and the Court's preference not to rule on exhibit objections before trial (see Exh. 4 (2019-04-30 Pretrial Conf. Tr.) at 20:2-12; Exh. 3 (2019-05-30, Standing Order Re Civil Jury Trials at § III.B.1)).

Second, the specific documents Finjan seeks to include in its exhibit list pose no undue prejudice to Cisco. Rather, if Finjan were not allowed to add the proposed narrow supplement of exhibits that were initially omitted from the April 16 joint pretrial statement, it would suffer undue prejudice. Indeed, all of the documents Finjan seeks to add are documents either previously disclosed and/or produced to Cisco or documents produced by Cisco or Cisco-related third parties. *See, e.g., Beare v. Millington*, 2014 U.S. Dist. LEXIS 201197, *16 (E.D.N.Y. February 24, 2014) ("Because the defendant is already aware of such [already produced] documents, the Court finds that the prejudice to the defendant of allowing such amendments [to the exhibit list] is slight, if any.")

Finjan seeks to add several documents related to its damages case. Namely, these documents relate to updates or corrections stemming from the Court's recent summary judgment and Daubert

orders that impact Finjan's expert's numerical analysis or address typographical errors that resulted in the exclusion of documents on Finjan's previous exhibit list. *See* Exh. 2 at Exhibit Nos.1147-1152. Other documents on Finjan's proposed supplemental exhibit list relate to Finjan's historical background and its relationship with Cisco. *See* Exh. 2 at Exhibit Nos. 1136-1146, 1153-1155, 1160-1171. Each of these categories is essential to Finjan's claims for infringement, willfulness, and/or damages. Moreover, the inclusion of these documents is important to Finjan's telling of its origination story and the long and complicated history between the parties, which the Court has acknowledged may be of particular interest to the jury. *See* Exh. 4 (2019-04-30 Pretrial Conf. Tr.) at 65:19-24. To the extent Cisco claims prejudice by the inclusion of these types of documents based on how they may be presented at trial, such concerns were already addressed at the pretrial conference in the context of the presented motions *in limine* and are not ripe. *See id*. at 64:17-65:7.

Additionally, Finjan seeks to add documents relevant to objective indicia of non-obviousness and its rebuttal to Cisco's obviousness allegations. For example, some of these documents include information relevant to the nexus between the claimed inventions and objective indicia, information relevant to the state of the field at the time of the invention, or information relevant to objective indicia such as failure of others. *See* Exh. 2 at Exhibit Nos. 1156-1159. Other documents Finjan seeks to add pose no prejudice or controversy as they are the subject of undisputed facts to which the parties have stipulated (e.g., Finjan's ownership of the patents-in-suit; see Exh. 2 at Exhibit Nos. 1164-1168). Finally, several of the documents Finjan seeks to add are documents Cisco included on its exhibit list, thereby posing no prejudice to Cisco. *See* Exh. 2 at Exhibit Nos. 1149, 1151, 1160-1163, and 1170. *See Luong*, 2013 U.S. Dist. LEXIS 39659 (finding no prejudice resulted from Plaintiff's inclusion of documents in its supplemental exhibit list that Defendant included on its list); *GPNE Corp. v. Apple, Inc.*, Case No.: 12-CV-02885-LHK 2014 U.S. Dist. LEXIS 142097, at *9 (Oct. 5, 2014 N.D. Cal.) (same).

Good cause to grant Finjan's request for leave to file its supplemental exhibit list also exists due to the recent entry of new counsel for Finjan. Courts have found that in some circumstances the transition to new counsel may weigh in favor of a finding of good cause. *See, e.g., Mighty Enters. v. She Hong Indus. Co.*, Case No. 2:14-cv-06516-ODW (GJS), 2015 U.S. Dist. LEXIS

194795, at *8 (Sept. 17, 2015 C.D. Cal.) (finding that the diligence in which new counsel was litigating the matter weighed in favor of a finding of good cause for relief); *see also Fresno Rock Taco*, 2013 U.S. Dist. LEXIS 101428, *16 (extending deadline to modify pretrial order to accommodate new counsel).  The circumstances here weigh in favor of good cause.  Until counsel for Finjan entered appearances on April 13, 2020, new counsel did not have access to certain case documents, including those produced by Cisco or third parties under the protective order.  Upon obtaining full access, and in light of the Court's recent rulings on Daubert, summary judgment, and *in limine* motions, counsel identified a narrow and curated set of additional documents for affirmative use at trial that are relevant to key issues in Finjan's affirmative case as discussed above.  Moreover, Finjan's counsel acted diligently in requesting Cisco's consent in hopes of reaching agreement on supplementation and in filing the instant motion for relief.  *See supra* Section II.

## IV.   CONCLUSION

The Court has not yet issued a final pretrial order and the parties are five weeks away from the first day of trial.  Moreover, Finjan's request to supplement its exhibit list is consistent with the parties' respective reservation of rights to amend or supplement exhibit lists as reflected in their exhibit list submissions attached to the proposed joint pretrial statement.  *See* Dkt No. 547-4 (Appendix C-2) at 2, Dkt No. 547-5 (Appendix C3) at 2.  In light of the relevance of the aforementioned exhibits, the lack of any undue prejudice caused by their addition to Finjan's exhibit list, and the recent substitution of new counsel, Finjan respectfully submits good cause exists and that its motion for leave to supplement its exhibit list be granted.

Dated:  May 15, 2020                                Respectfully Submitted,

By: */s/ Megan A. Chacon*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com

PLAINTIFF FINJAN, INC.'S MOTION FOR LEAVE TO SUPPLEMENT ITS EXHIBIT LIST

Oliver J. Richards (CA SBN 310972)
ojr@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*)
kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 15, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ Megan A. Chacon
Megan A. Chacon
chacon@fr.com