# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STANDING ORDER RE CIVIL JURY TRIALS
JUDGE BETH LABSON FREEMAN

**I.     MEET AND CONFER**

At least 21 days before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

(1)   Settlement of the Case;
(2)   Preparation of the Joint Pretrial Statement and Order;
(3)   Preparation and exchange of pretrial materials to be filed pursuant to Federal Rule of Civil Procedure 26(a)(3); and
(4)   Clarification and narrowing of the contested issues for trial.

**II.    JOINT PRETRIAL STATEMENT AND ORDER**

At least 14 days before the final Pretrial Conference, unless otherwise ordered, the parties shall file a Joint Pretrial Statement and Order containing the following information:

**A.    The Action**

**1.    The Parties**

A list of the parties who have been served and have appeared.  Any parties not identified in the Joint Pretrial Statement and Order will be deemed to have been dismissed.

**2.    Substance of the Action**

A concise statement identifying the claims and defenses that remain to be decided; the elements of each claim and defense; and the pleading in which each claim and defense is pled.  Parties will be precluded from presenting claims or defenses not set forth in the Joint Pretrial Statement and Order.

**3.    Relief Sought**

A statement of all relief sought, itemizing all elements of damages claimed.

    **4.**     **Federal Jurisdiction and Venue**

        A statement of the bases for federal jurisdiction and venue.

**B.**     **Factual Basis of the Action**

    **1.**     **Undisputed Facts**

        A concise statement of all facts that may be incorporated into the trial record by stipulation of the parties.

    **2.**     **Disputed Facts**

        A concise statement of all facts that are disputed and will be litigated at trial.

**C.**     **Disputed Legal Issues**

    A concise statement of each disputed point of law, citing relevant statutes and decisions.

**D.**     **Estimate of Trial Time**

    An estimate of the total number of hours or days needed for trial.

**E.**     **Trial Alternatives and Options**

    **1.**     **Settlement Discussion**

        A statement summarizing the status of the settlement negotiations and indicating whether further negotiations are likely to be productive.

    **2.**     **Amendments or Dismissals**

        A statement of proposed amendments to the pleadings or dismissals of parties, claims, or defenses.

    **3.**     **Bifurcation or Separate Trial of Issues**

        A statement whether bifurcation or a separate trial of specific issues is feasible and desired.

**F.**     **Binding Effect of the Joint Pretrial Statement and Order**

    The Joint Pretrial Statement and Order shall recite, directly above the signature

lines of the parties, the following:

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.*

Date and signature lines for the Court shall appear immediately following the signature lines of the parties.

### III.   PREPARATION FOR TRIAL

   A.   **Witnesses**

   1.   **Appendix**

*The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition. For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination). If the witness is an expert witness, please state the expert's theories and conclusions and the bases therefor. Attach the expert's curriculum vitae and report (if any).

   2.   **Consequences of Nondisclosure**

No party shall be permitted to call a witness in its case in chief who is not disclosed in the Joint Pretrial Statement and Order without leave of the Court for good cause shown.

   B.   **Exhibits**

   1.   **Appendix**

*The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* A joint list of exhibits, discovery responses, and deposition excerpts to be offered at trial, in tabular form with (a) a column identifying the exhibit number consistent with the pre-marking requirement of paragraph C.2.b., below; (b) a column briefly describing the exhibit; (c) a column describing the purpose for which the exhibit is offered and identifying its sponsoring witness; (d) a column stating any objections to the exhibit; and (e) a column responding to the objections. The Court will not rule on these objections before trial and any remaining objections must be asserted at trial. Before this list is filed

3

with the Court, counsel shall meet and confer, in person, to consider exhibit numbers, eliminate duplicate exhibits and confusion over exhibits, and make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

    **2.**    **Pre-Marked**

All exhibits shall be pre-marked for identification with numbers (not letters) by means of exhibit tags affixed to the back of the last page of each exhibit. Sample tags are attached hereto.

    **3.**    **Delivery to Court**

Unless otherwise ordered, on the Thursday prior to commencement of trial, the parties shall deliver to Tiffany Salinas-Harwell, Courtroom Deputy to Judge Freeman, 1 original set of exhibits and 1 complete copy of the original set. The copy set of exhibits need not be tagged, but the exhibits contained therein must be labeled clearly. Both sets of exhibits – the original and the copy – shall be in three-ring binders with the exhibits separated by tabs denoting the exhibit numbers.

    **4.**    **Consequences of Nondisclosure**

No party shall be permitted to offer any exhibit at trial that is not disclosed in the Joint Pretrial Statement and Order without leave of the Court for good cause shown, unless it is offered solely for impeachment or rebuttal.

**C.**    **Motions in Limine**

Unless otherwise ordered, the parties shall file and serve any motions in limine at least 14 days before the final Pretrial Conference, and any opposition thereto at least 7 days before the final Pretrial Conference. Reply briefs are not permitted. Unless otherwise ordered by the Court, motions in limine will be deemed submitted without oral argument. Each motion shall be presented in a separate document and shall be numbered as, for example, "Plaintiff's Motion in Limine No. 1 to Exclude. . . ." Each side is limited to 5 motions in limine (without prejudice to raising matters as the trial progresses). Briefing on each motion shall not exceed 5 pages per side.

**D.**    **Jury Materials**

At least 7 days prior to the final Pretrial Conference, the parties shall file and serve the following materials. All jury materials must be submitted in hard copy and in word processing format via e-mail to BLFpo@cand.uscourts.gov.

1. **Preliminary Statement to the Jury**

   A simplified statement of the case to be read to the jury during voir dire and as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one paragraph.

2. **Voir Dire Questions**

   The Court will conduct the initial voir dire. Counsel may submit for the Court's consideration an agreed upon set of voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree may be submitted separately. Counsel will be allowed a brief (15 minutes) follow-up voir dire after the Court's questioning. Counsel shall inform the Court if they wish to use a jury questionnaire and, if so, shall submit a proposed questionnaire for the Court's review.

3. **Jury Instructions**

   a) **Joint Set of Instructions**

   The parties shall submit a complete *joint set* of proposed jury instructions, arranged in a logical sequence, which incorporates the *Model Jury Instructions of the Ninth Circuit* to the extent feasible and appropriate.

   b) **Stipulated Instructions**

   If an instruction is undisputed, it shall be identified as "Stipulated Instruction No. ___ re _____," with the blanks filled in as appropriate. Even if stipulated, the instruction shall be supported by citation to the *Model Jury Instructions of the Ninth Circuit* or other authority.

   c) **Disputed Instructions**

   If an instruction is disputed, all versions of the instruction shall be inserted together in the logical place for the instruction in the overall sequence. A disputed instruction shall be identified as "Disputed Instruction No. ___ re _____ offered by _____," with the blanks filled in as appropriate. All disputed versions of the same instruction shall bear the same number. If a party does not have an alternate version but contends

5

that no such instruction should be given, that party should so state on a separate page inserted in lieu of an alternate version. Each party should support its position regarding a disputed instruction with a brief argument and citation to relevant authority, set forth immediately following the disputed instruction. The parties are encouraged to keep disputed instructions to a minimum.

### 4. Verdict Form

The parties shall submit a joint proposed verdict form. If the parties are unable to stipulate to a verdict form, each party shall submit a proposed verdict form.

## E. Trial Briefs

Each party shall submit a trial brief, not to exceed 15 pages, at least 7 days prior to the commencement of trial. A trial brief is most helpful to the Court when it summarizes the party's theory of the case, identifies key evidence, and provides summary briefing on any controlling issues of law.

## F. Stipulations

A statement of proposed stipulations that will expedite the presentation of evidence. Any stipulations submitted before or during trial shall be in writing and signed by all parties.

## G. Time Limits

Ordinarily, the Court will set fixed trial time limits at the final Pretrial Conference. Each party may allocate its time as it wishes, but all of a party's examination time (whether direct, cross, re-direct, or re-cross) for all witnesses must fit within its time limit. Opening and closing time limits are in addition to examination time.

# IV. SCHEDULING

Trials are scheduled to commence Monday mornings at 9:00 a.m. Trial will proceed each day except Thursday.

Dated: May 30, 2019

*[signature]*

BETH LABSON FREEMAN
United States District Judge

| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk |
| **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk |
| **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk |
| **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk |
| **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk | **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**<br><br>Case No:<br><br>Joint / Plaintiff / Defendant Exh. No.:<br><br>Date Admitted:<br><br>By: Tiffany Salinas-Harwell, Deputy Clerk |