Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF (SVK)<br><br>**FINJAN, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON CISCO'S MOTION TO STRIKE PORTIONS OF FINJAN'S AMENDED EXPERT REPORTS (DKT. NO. 582)**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Hon. Susan van Keulen<br>Ctrm: 6, 4th Floor |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ....................................................................................................... 2

    A.    Cisco Fails to Identify Any Reason to Strike the Specific Paragraphs Listed in its Post-Hearing Submission ................................................... 2

    C.    The Unrebutted Evidence Shows That Finjan's Contentions Sufficiently Disclosed Theories Relating to the "Virtual Environment Agent" ........................................................................................................ 6

    D.    Cisco Does Not Dispute that Finjan's Infringement Contentions Refer to the "Parameters to Run the Sample File or URL" as MPC .............................. 9

        1.    Cisco Does Not Identify Any Specific Paragraph Concerning "Parameters to Run the Sample File or URL" that is Directed to a Theory Not in Finjan's Infringement Contentions ............................ 9

        2.    The Replacement Language Is Not Overly Broad ................................ 10

    E.    The Procedural History Does Not Support Cisco's Argument ........................... 11

    F.    Finjan Never Waived its Objection to the Post-Hearing Submission ................. 12

II.   CONCLUSION .................................................................................................... 14

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
   2014 U.S. Dist. LEXIS 43907 (N.D. Cal. Mar. 28, 2014) ............................................................ 2

*Bombardier Rec. Prods. v. Arctic Cat, Inc.*,
   2016 U.S. Dist. LEXIS 184531 (D. Minn. Apr. 19, 2016) ........................................................... 2

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Cir. 2009) ..................................................................................................... 13

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   2015 WL 1848524 (E.D. Tex. Jan. 23, 2015) .............................................................................. 2

**Statutes and Rules**

Civil L.R. 7-9 ................................................................................................................................. 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The issue before the Court is whether the description of accused functionalities found in Finjan's infringement contentions is sufficient to put Cisco on notice of the infringement theories disclosed in Dr. Medvidovic's report (Dkt. No. 558-1). Conspicuously missing from Cisco's opposition is any attempt to analyze even a single paragraph from Dr. Medvidovic's report and explain *why* the theory underlying that paragraph is purportedly not in Finjan's infringement contentions. The only party that has done such an analysis is ***Finjan***, not Cisco. Finjan's opening brief submitted an analysis of the "representative" paragraph that Cisco identified in its Motion to Strike and showed how that paragraph was supported by Finjan's infringement contentions. Cisco does not dispute Finjan's sentence-by-sentence assessment on the merits. Finjan's opening brief also presented evidence showing that Cisco's expert and witnesses understand the specific terminology that is used in Finjan's infringement contentions to be consistent with the terminology and theories in Dr. Medvidovic's report. Cisco does not rebut this evidence either.

Rather than address the merits of Finjan's Motion for Reconsideration, Cisco attempts to shift the focus away from those merits by claiming Finjan waived its objections to Cisco's shortcomings because Finjan supposedly did not object fast enough. Cisco's waiver argument is meritless: Finjan raised its objections a mere ***six business days*** after Cisco submitted its post-hearing submission that identified (for the first time) over a hundred paragraphs that Cisco wanted struck from Dr. Medvidovic's report (Dkt. No. 558-1). Cisco should not be permitted to use a tenuous waiver argument to escape a substantive analysis of the paragraphs at issue.

Finjan's Motion for Reconsideration is the first time this Court has had an opportunity to consider Finjan's arguments against striking the language in the paragraphs at issue. Cisco bore the burden on its Motion to Strike, and Cisco's post-hearing submission was grossly insufficient to meet its burden of showing *why* the language in the identified paragraphs was purportedly directed to new theories not disclosed in Finjan's infringement contentions. As explained *infra*, the paragraphs at issue ***are*** directed to theories disclosed in Finjan's infringement contentions and therefore the language contained in those paragraphs should not have been struck.

1   Thus, the Court should grant Finjan's Motion for Reconsideration and vacate its Order for two separate reasons: (1) Cisco made no effort to explain *why* the Court should strike any particular paragraph (or portion thereof); and (2) Finjan's infringement contentions sufficiently put Cisco on notice of the theories in Dr. Medvidovic's report.

## II.   ARGUMENT

### A.   Cisco Fails to Identify Any Reason to Strike the Specific Paragraphs Listed in its Post-Hearing Submission

Cisco's opposition does not even attempt to offer an explanation as to why the language in the *specific paragraphs* it sought to strike could be struck. To meet its burden, Cisco had to explain *why* the paragraphs containing the replacement language were purportedly directed to theories not disclosed in Finjan's infringement contentions. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 U.S. Dist. LEXIS 43907, at *46 (N.D. Cal. Mar. 28, 2014); *Bombardier Rec. Prods. v. Arctic Cat, Inc.*, No. 12-cv-2706 (ADM/LIB), 2016 U.S. Dist. LEXIS 184531, at *22 (D. Minn. Apr. 19, 2016); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13CV213-JRG-RSP, 2015 WL 1848524, at *3 (E.D. Tex. Jan. 23, 2015); Dkt. No. 419 (January 9, 2020 MSJ Hearing Tr. at 100) at 51 (Judge Freeman instructing Finjan to "submit your modified report and then it will be [Cisco's] burden because [Cisco] will have to object.").

Cisco's Motion to Strike was premised on the argument that Finjan's infringement contentions allegedly lacked disclosure of a sandbox-only theory (*i.e.,* a theory not based on transmission) for Mobile Protection Code ("MPC"). Dkt. No. 491-3 at i, 7-10. Thus, Cisco had to show that the *specific paragraphs* it sought to strike from Dr. Medvidovic's report were directed to a sandbox-only theory not disclosed in Finjan's infringement contentions. Cisco never set forth such a showing. Instead, Cisco ignores its burden and appears to suggest that *Finjan* bears the burden on Cisco's Motion to Strike. Cisco cites no authority for its position, and even worse, fails to address the contrary authority that Finjan cites (including statements from Judge Freeman in this case) establishing that it is *Cisco* who carries the burden. *See* Dkt. No. 626-4 at 4; Dkt. No. 637-3.

1    Cisco still has not provided any explanation (even at this late stage) as to *why* it identified
2    the specific paragraphs listed in its post-hearing submission. Cisco's rationale for moving to strike
3    these specific paragraphs appears to be that the paragraphs initially included the codenames (*i.e.*,
4    ███████████████████████) that Finjan subsequently substituted with replacement
5    language (*i.e.*, "virtual environment agent" and "parameters to run the sample file or URL") from
6    its infringement contentions. Indeed, the *only* statement in Cisco's post-hearing submission
7    concerning these paragraphs is the following conclusory sentence: "Finjan replaced the codename
8    [*i.e.*, ███████████████████████] from the Original Report with the [replacement
9    language], but the description of the functionality from the Original Reports was not changed."
10   Dkt. No. 558-1 at 2.
11   　　In other words, it appears that Cisco's post-hearing submission was just a laundry list of
12   every paragraph where Finjan had replaced the codenames with replacement language (*i.e.*,
13   "virtual environment agent" and "parameters to run the sample file or URL"). Judge Freeman
14   already cautioned that the use of replacement language was not by itself a basis to strike the expert
15   opinions because she allowed the replacement language and was only striking the codenames
16   themselves. *See* Dkt. No. 487 at 4 ("Cisco seeks summary judgment on the ground that that the
17   accused codenames have been stricken.... The Court rejects those arguments…. [T]he Court struck
18   certain ***codenames*** from Finjan's expert reports – ***but not the experts' opinions generally***.")
19   (emphasis added); Dkt. No. 419 at 51:3-6 ("And so that's what I struck. I didn't strike the experts
20   opinions generally, it was ***I allowed the substitution*** [*i.e.*, the replacement language]. So this
21   substitution needs to happen…") (emphasis added). Particularly here, where Cisco is not
22   disputing that the replacement language itself was in Finjan's infringement contentions (Dkt. No.
23   491-3 at 8), Cisco must do more than merely list paragraphs containing language that was
24   admittedly disclosed in those contentions. Cisco must explain *why* those paragraphs were directed
25   to a sandbox-only theory not disclosed in Finjan's infringement contentions. Cisco failed to do so.
26
27
28

Below are three examples of paragraphs that Cisco lists in its post-hearing submission:

[redacted]

4  Case No. 5:17-cv-00072-BLF (SVK)
FINJAN INC.'S REPLY ISO ITS MOTION FOR RECONSIDERATION

1  Dkt. No. 507-10 ¶¶ 460, 656, 1510.  Cisco sets forth no argument as to why these paragraphs
2  should be struck, but to the extent Cisco contends that these paragraphs set forth a sandbox-only
3  theory (which was the original basis of Cisco's motion), nothing in these paragraphs indicates that
4  the "parameters to run the sample file or URL" or "virtual environment agent" were already at the
5  sandbox as opposed to being transmitted to the sandbox.  These are just three representative
6  examples of the many paragraphs that Cisco sought to strike without carrying its burden of
7  showing *why* the paragraphs were purportedly directed to a sandbox-only theory (much less a
8  sandbox-only theory not disclosed in Finjan's infringement contentions).

9        Cisco's belated identification of the paragraphs it sought to strike, combined with its
10 failure to perform even the most minimal due diligence, prevented the Court from considering
11 important arguments as to why the paragraphs at issue are not directed to new theories, as Cisco
12 claims.  For example, Finjan noted in its opening brief (and Cisco does not dispute) that numerous
13 paragraphs identified in Cisco's post-hearing submission are largely deposition testimony of Cisco
14 engineers (which, procedurally, Finjan could not have disclosed in its original contentions since
15 the depositions occurred after Finjan's disclosure).  *See* Dkt. No. 626-4 at 10.  In its opposition,
16 Cisco only addresses one of those paragraphs: paragraph 656 containing the testimony of Mr. De
17 Beer.  Dkt. No. 637-3 at 7.  Even after Finjan's motion refers to specific language from Mr. De
18 Beer's testimony in paragraph 656 and matches it with quotations from Finjan's infringement
19 contentions, Cisco makes no attempt to rebut Finjan's specific showing.  Dkt. No. 637-3 at 7.
20 Instead, Cisco simply concludes that this paragraph from Dr. Medvidovic's report is a "sleight of
21 hand" because it allegedly quotes testimony from Mr. De Beer reflecting ███████████
22 ████████████████████████████████████████
23 Dkt. No. 637-3 at 7.  Cisco misses the point: Cisco needed to articulate *why* Mr. De Beer's
24 statement purportedly relates to a theory not disclosed in the contentions.  It has failed to do so—
25 even after Finjan went through an exemplary paragraph.  Cisco simply has not met its burden.
26       Moreover, the proper remedy, if any (and Finjan maintains there should be none), would
27 be an order limiting the scope of use of the replacement language, not outright exclusion.  As
28 explained *infra* in Section II.C, the paragraphs listed in Cisco's post-hearing submission are

1  relevant to Finjan's transmission-based theories, which were undisputedly disclosed in Finjan's
2  contentions (and which were never abandoned as Cisco misleadingly claims).

3      **B.**    **The Unrebutted Evidence Shows That Finjan's Contentions Sufficiently
4          Disclosed Theories Relating to the "Virtual Environment Agent"**

5      Finjan's motion identified evidence and argument showing that Cisco should have
6  understood (and actually did understand) the "virtual environment agent" in Finjan's infringement
7  contentions as a reference to ▮▮▮▮▮▮▮ functionality.  Cisco's opposition failed to rebut
8  that evidence and argument.  Cisco's opposition effectively *concedes* that its own engineers and
9  experts use the term "virtual environment agent" as being equivalent to Cisco's sandbox-only
10 ▮▮▮▮▮.  *See* Dkt. No. 637-3 at 9-11.  Cisco wishes for this evidence to be swept under the
11 rug, and presents a variety of excuses in an attempt to achieve that result.  None of Cisco's excuses
12 hold water.

13     Regarding the declarations of Messrs. Watchinski and Brozefsky (▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), Cisco attempts to dismiss the admissions of Messrs.
15 Watchinski and Brozefsky because they occurred in the context of declarations submitted during
16 summary judgment briefing.  Dkt. No. 637-3 at 9-11.  But Cisco's engineers made these
17 statements in their own words under the penalty of perjury.  And as Cisco points out in its
18 opposition, it is not just the fact that Cisco's engineer used "virtual environment agent" in his
19 declaration, but rather the fact that the remaining sixty-plus words that the declarant used to
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *Compare* Dkt. No. 377-23
22 (Declaration of Watchinski) ¶ 6; *with* Dkt. No. 377-9 (Declaration of Brozefsky) ¶ 5; *see also* Dkt.
23 No. 637-3 at 11.  Messrs. Watchinski and Brozefsky could have chosen different words, but they
24 did not, and instead they ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮.

26     Cisco also criticizes the timing of Finjan's reliance on the declarations of Messrs.
27 Watchinski and Brozefsky (Finjan raised these declarations for the first time at the hearing).
28 Putting aside the irony in Cisco's criticism (given its heavy reliance on a post-hearing

1  submission), Finjan's reliance at the hearing was justified because it was in response to an
2  argument Cisco made for the first time in its reply.  Dkt. No. 637-3 at 10 (acknowledging the
3  shifted focus of Cisco's reply brief).
4        Cisco also claims Finjan cannot rely on the declarations of Messrs. Watchinski and
5  Brozefsky because those declarations discuss the codenames and Finjan was denied leave to add
6  those codenames to its infringement contentions.  *See* Dkt. No. 637-3 at 9.  Cisco's argument is a
7  red herring: Finjan is using the testimony of Cisco's engineers to give ***context*** as to how Cisco
8  would understand the ***replacement language*** in the contentions, not to amend the contentions with
9  the codenames.
10       Cisco's final excuse is that Messrs. Watchinski and Brozefsky were simply "repeat[ing]
11 the same terminology that Finjan's expert used in his report."  Dkt. No. 637-3 at 11.  Again,
12 Messrs. Watchinski and Brozefsky chose their own words; in fact, they made their statements
13 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ***before*** Finjan ever replaced the
14 "▆▆▆▆▆▆" language with the "virtual environment agent" language in Dr. Medvidovic's
15 report.
16       Cisco similarly argues that the testimony of its expert (Dr. Prakash) was merely
17 "repeat[ing] the same terminology that Finjan's expert used in his report."  Dkt. No. 637-3 at 11.
18 Again, Dr. Prakash could have chosen different words but chose instead to ▆▆▆▆
19 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ And Cisco does not dispute that Dr.
20 Prakash described the ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
21 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.  *See* Dkt. No. 637-3 at 11.
22       Not only does Cisco fail to rebut the aforementioned admissions by its engineers and
23 expert, but Cisco does not even ***attempt*** to rebut the fact that its ***own website*** describes the very
24 functionality disclosed in Finjan's infringement contentions for the virtual environment agent
25 ("sandboxing") as exactly the same functionality that Cisco ascribes to the ▆▆▆▆.  Dkt.
26 No. 626-4 at 7-8.  Cisco's opposition simply ignores this fact.
27       Instead of rebutting the evidence, Cisco's opposition invents a new criteria that it contends
28 differentiates a ▆▆▆▆▆ from the functionality described in Finjan's infringement

1  contentions: the ability to "watch" the execution of a file. Dkt. No. 637-3 at 10 ("The Operative
2  Contentions affirmatively states the virtual environment agent . . . [is] ***inside and watching the***
3  ***execution,*** which again is not the ████████.") (emphasis added). If anything, Cisco's new
4  argument is fatal to its case. Cisco contends (without any citation) that the operative contentions
5  refer to a virtual environment agent as having the attributes of being "inside and watching the
6  execution," but that those attributes are "not the ████████." *See id.* ████████
7  ████████████████████████████████████████
8  ████████████████████████████████████████
9  ████████ And to remove any doubt, Cisco's witnesses have ████████████████
10 ████████████████████████████████████████
11 ████████████████ Ex. 3 (Owens Depo. Tr.) at 18:13-19.
12      Indeed, those are just examples of how Cisco's excuses are belied by its own prior
13 statements in this very case. Cisco has additionally explicitly stated that the virtual environment
14 agent is also known as the ████████. *See* Dkt. No. 407-3 at 8 ("Cisco's expert confirmed
15 that the ████████ (aka 'virtual environment agent') is not transmitted."). And Cisco has
16 even admitted that "any virtual environment agent" would be code that is "already resident" at the
17 sandbox. *See* Dkt. No. 382-3 at 15. Cisco should not be allowed to pretend it never made these
18 statements just because it suits its position now.
19      Cisco, its own engineers, and its independent expert, all understood that the appropriate
20 meaning attributable to a virtual environment agent in the context of Finjan's contentions is the
21 sandbox-only ████████. Thus, the identification of a virtual environment agent in Finjan's
22 contentions put Cisco on notice as to Finjan's sandbox-only theory. Just because the infringement
23 contentions also contemplate an option to transmit the virtual environment agent (Dkt. No. 491-5
24 at 35) does not preclude the fact that Cisco was on notice of the sandbox-only theory because the
25 evidence shows that the disclosure of the virtual environment agent constitutes disclosure of a
26 sandbox-only theory. In view of this unrebutted evidence regarding how Cisco interprets the
27 disclosures in Finjan's contentions, the Court should not have struck the paragraphs directed to the
28 "virtual environment agent."

**C.     Cisco Does Not Dispute that Finjan's Infringement Contentions Refer to the "Parameters to Run the Sample File or URL" as MPC**

Finjan's opening brief sets forth multiple reasons as to why it was improper to strike paragraphs concerning "parameters to run the sample file or URL" from Finjan's expert report. Finjan went so far as to match specific functionality in one of Cisco's so-called "representative" paragraphs with previously-disclosed theories. Dkt. No. 626-4 at 10-11. Cisco does not substantively dispute Finjan's analysis.

**1.     Cisco Does Not Identify Any Specific Paragraph Concerning "Parameters to Run the Sample File or URL" that is Directed to a Theory Not in Finjan's Infringement Contentions**

Finjan's opening brief walks through paragraph 4331 (which Cisco identified as representative of its complaints) and methodically explains why the theory disclosed in that paragraph is found in Finjan's infringement contentions. Instead of disputing whether Finjan disclosed the theory underlying paragraph 4331, Cisco contends that paragraph 4331 (and presumably others like it) should be struck because they concern transmission-based theories that are "out of the case." Dkt. No. 637-3 at 12-13. Cisco's flawed reasoning actually shows the inadequacy of Cisco's post-hearing submission. Cisco represented to the Court that its post-hearing submission would identify paragraphs relating to a sandbox-only theory allegedly not disclosed in Finjan's infringement contentions. Cisco's identification of *other* paragraphs that are supposedly "out of the case" for *other* reasons is exactly illustrative of why Cisco's post-hearing submission was inadequate: one simply cannot tell why any particular paragraph was listed, and Cisco fails to meet its burden of providing the required explanation.

The question at hand is whether Dr. Medvidovic's theories are disclosed in Finjan's contentions, not whether his theories are purportedly "out of the case" for some other reason. Putting Cisco's confusion aside, this is the first time that Cisco has made such a contention. Because the issue before the Court is whether specific theories were disclosed in Finjan's infringement contentions (and not whether those paragraphs are out of the case for some other

1  reason), the Court should reconsider and vacate its Order striking these paragraphs based on
2  Cisco's concession alone.
3        And although this issue is not before this court, Finjan's transmission-based theories are
4  *not* out of the case.  In support of its sweeping statement, Cisco references a footnote in Finjan's
5  summary judgment briefing stating only that Finjan is not relying upon *RESTful APIs* as MPC.
6  *See* Dkt. No. 400-4 at 13 ("While Finjan disagrees with Cisco's arguments regarding APIs, it is
7  irrelevant because Finjan has not identified RESTful APIs as MPC and what Finjan identified as
8  MPC is discussed in detail below.").  That footnote says nothing about other types of MPC, such
9  as "parameters to run the sample file or URL."  And Cisco admits that Finjan's infringement
10 contentions properly disclosed transmission-based theories, including identifying "parameters to
11 run the sample file or URL" as MPC that is transmitted to the sandbox.  *See* Dkt. No. 491-3 at 8.
12 Cisco cites no evidence to support the idea that Finjan disclaimed its theory that "parameters to
13 run the sample file or URL" constitutes MPC that is transmitted to the sandbox.
14       In fact, during summary judgment briefing the parties *disputed* whether
15 ▓▓▓▓▓▓▓▓▓▓ were transmitted to the sandbox.  Dkt. No. 400-4 at 15-18; Dkt. No. 407-3
16 at 8-11.  Judge Freeman found that the asserted claim does not require transmission, and therefore
17 Judge Freeman never had to address the issue of whether ▓▓▓▓▓▓▓▓▓▓ were in fact
18 transmitted.  Dkt. No. 487 at 15, 18, 20.  In other words, the parties disputed at summary
19 judgement whether ▓▓▓▓▓▓▓▓▓▓ were transmitted to the sandbox and that dispute was
20 never resolved, so clearly Finjan did not abandon its theory that the replacement language for
21 ▓▓▓▓▓▓▓▓▓▓ ("parameters to run the sample file or URL") can also be transmitted to the
22 sandbox.  Therefore, the Court should not have struck the paragraphs directed to "parameters to
23 run the sample file or URL" because those paragraphs are relevant to Finjan's transmission
24 theory—a theory that Cisco admits is not new.
25       **2.**    **The Replacement Language Is Not Overly Broad**
26       Cisco complains that the phrase "parameters to run the sample file or URL" is overly broad
27 and could be "anything."  Dkt. No. 637-3 at 13.  Cisco ignores the context in which the
28 "parameters to run the sample file or URL" language was disclosed in Finjan's contentions.  In

1  Finjan's infringement contentions, "parameters to run the sample file or URL" are one item among
2  many items listed as MPC, which shows that "parameters to run the sample file or URL" is a more
3  specific category than Cisco implies. *See* Dkt. No. 491-5 at 35. Moreover, Cisco does not rebut
4  the fact that its own expert refers to ▬▬▬ (*i.e.*, an alleged sandbox-only component) using
5  the very "parameters" replacement language that Cisco admits is disclosed in Finjan's
6  infringement contentions, thereby establishing the language is objectively sufficient to describe the
7  ▬▬▬ functionality. *See* Dkt. No. 637-3 at 13.
8      Rather than continuing to chase Cisco's moving target, Finjan's opening brief challenged
9  Cisco to identify the specific disclosure it contends is missing from Finjan's contentions. Cisco's
10 opposition failed to do so. The fact that Cisco continues to complain in generalities that Finjan's
11 disclosures are not precise enough, while refusing to identify even one example of that missing
12 precision, suggests that Cisco was searching for the specific words ▬▬▬
13 rather than the relevant functionality. But Judge Freeman has already rejected that as the relevant
14 test. And given that Dr. Medvidovic's report no longer refers to ▬▬▬, the
15 relevance of Cisco's argument here is tenuous at best.
16     Finally, Cisco does not rebut the fact that its own expert refers to the ▬▬▬ (*i.e.*, an
17 alleged sandbox-only component) using the very "parameters" replacement language that Cisco
18 admits is disclosed in Finjan's infringement contentions. *See* Dkt. No. 637-3 at 13. Instead, Cisco
19 claims that its expert's interpretation of the "parameters" replacement language is "irrelevant." *Id.*
20 Finjan submits that this testimony *is* relevant because it is evidence showing how Cisco would
21 interpret the "parameters to run the sample file or URL" language in Finjan's infringement
22 contentions, and the evidence shows that Cisco would have interpreted it as including a sandbox-
23 only theory. As previously stated, just because the infringement contentions also contemplate an
24 option to transmit ▬▬▬ (Dkt. No. 491-5 at 35) does not preclude the fact that
25 Cisco was on notice of the sandbox-only theory.
26     D.   **The Procedural History Does Not Support Cisco's Argument**
27     Instead of addressing the merits of Finjan's Motion for Reconsideration, Cisco relies
28 heavily on the various orders preceding Finjan's motion. Cisco claims that the issue here is "the

1  precise" issue that was already addressed in Finjan's motion for leave to amend its contentions.

2  Dkt. No. 637-3 at 13-14.  Cisco appears to be asking the Court to avoid addressing the merits and

3  instead take a shortcut: deny the relief requested here simply because the Court previously denied

4  the relief requested in Finjan's motion for leave to amend its contentions.  This is not appropriate.

5  Finjan's previous motion was about the *codenames* themselves (██████████████████

6  █████), not the *replacement language* that is currently at issue ("virtual environment agent"

7  and "parameters to run the sample file or URL") and that is admittedly disclosed in Finjan's

8  contentions.  Dkt. No. 230-4 at 2; Dkt. No. 491-3 at 8.

9        Nowhere did the Court previously consider the replacement language now at issue, and in

10 fact Judge Freeman rejected Cisco's arguments that the stricken codenames were somehow

11 equivalent to the broader theories associated with the replacement language.  *See* Dkt. No. 487 at 4

12 ("Cisco seeks summary judgment on the ground that that the accused codenames have been

13 stricken.... The Court rejects those arguments…. [T]he Court struck certain codenames from

14 Finjan's expert reports – *but not the experts' opinions generally*.") (emphasis added).

15       Finjan respectfully submits that its Motion for Reconsideration must be considered on its

16 own merits without reliance on the outcome of a previous motion directed to a different issue.

17       **E.    Finjan Never Waived its Objection to the Post-Hearing Submission**

18       In a further attempt to avoid addressing the merits of Finjan's Motion for Reconsideration,

19 Cisco's main argument is procedural: that Finjan "waived" its objection to Cisco's post-hearing

20 submission by failing to raise the objection at the hearing.  Dkt. No. 637-3 at 4-5.  To be clear,

21 Finjan is not objecting to the fact of the submission, but to its contents. Obviously, Finjan could

22 not have objected at the hearing to the contents of a submission that Cisco had not yet served.  At

23 best, Finjan may have objected to Cisco being allowed to make a post-hearing submission.

24 However, since a post-hearing submission by Cisco was specifically requested by the Court in

25 order to assist the Court in understanding what Cisco was asking the Court to strike, such an

26 objection seemed neither appropriate nor reasonable.  Dkt. No. 560 at 65-66.

27       Cisco's argument is also not supported by the very law it cites.  Cisco's cited case law

28 shows that the standard for waiver is not whether an objection could have been raised, but whether

it could have ***reasonably*** been raised.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  It would have been unreasonable for Finjan counsel to object to Cisco's forthcoming submission without knowing which specific paragraphs Cisco was going to identify.  None of the case law Cisco cites finds that a failure to raise a speculative objection regarding a forthcoming submission was waiver.  Such a requirement would be unreasonable, especially here where Finjan counsel had no notice of the sheer volume (or even identity) of the paragraphs that Cisco would list in its post-hearing submission.

It is also unreasonable to expect Finjan to prepare and file a motion for leave to file a response and, assuming that motion was granted, then draft its objections to ***over a hundred*** paragraphs in the three business days between when Cisco filed its post-hearing submission and when the Court issued its Order.  None of Cisco's cited case law comes even close to being analogous to the situation here.  Finjan raised its dispute with Judge Freeman ***two days*** after this Court issued its Order, and Finjan submits that this timing was reasonable given the circumstances.  Indeed, this Court already found that Finjan was reasonably diligent when it granted Finjan leave to file this motion.  *See* Civil L.R. 7-9; Dkt. No. 620.

Cisco next argues that even though Cisco did not identify any specific opinions it was seeking to strike, Finjan *should have known* the specific paragraphs Cisco was seeking to exclude.  Not so.  Despite having multiple opportunities, Cisco never identified a specific paragraph that it wanted to strike until it filed its post-hearing submission.  Even after Finjan's opposition to Cisco's motion to strike identified examples of paragraphs where the disclosure in the report tracked the disclosure in the infringement contentions, Cisco did not respond with a single exemplary paragraph.  Indeed, at the hearing, Cisco represented that there were "probably a thousand" places where Finjan's report used generic replacement language to capture a theory that was (allegedly) not in Finjan's infringement contentions.  Dkt. No. 560 at 57.  If Cisco did not know the specific paragraphs it was seeking to exclude until after the hearing, Finjan could not have known either.

In sum, as a result of Cisco's failure to timely identify the remedy it sought, this Court issued its Order without any briefing or argument regarding the specific paragraphs Cisco sought

to strike. This Motion for Reconsideration is the first time this Court has finally had the opportunity to consider Finjan's response which clearly shows how Cisco has failed to meet its burden.

## II.     CONCLUSION

For at least the foregoing reasons, Finjan respectfully requests that its Motion for Reconsideration be granted, that the Court's Order on Cisco's Motion to Strike Portions of Finjan's Amended Expert Reports (Dkt. No. 582) be vacated, and that Cisco's Motion to Strike Portions of Finjan's Amended Expert Reports (Dkt. No. 491-3) be denied.

Dated:  May 29, 2020                                   Respectfully Submitted,

By:  */s/ Aamir A. Kazi*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (Admitted *Pro Hac Vice*)
kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 29, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail and regular mail.

                                          */s/ Aamir A. Kazi*
                                          Aamir A. Kazi
                                          kazi@fr.com