UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS INC.,<br><br>    Defendant. | Case No. 17-cv-00072-BLF   (SVK)<br><br>**ORDER DENYING FINJAN, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 28, 2020 ORDER ON CISCO'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 623 |

On April 28, 2020, this Court issued an order granting Defendant Cisco Systems Inc.'s motion to strike portions of Plaintiff Finjan, Inc.'s amended expert reports on infringement of U.S. Patent No. 7,647,633. Dkt. 582 (the "April 28 Order"). The Court subsequently granted Finjan's motion for leave to file a motion for reconsideration of the April 28 Order. Dkt. 620. Now before the Court is Finjan's motion for reconsideration. Dkt. 623 (redacted version); Dkt. 626-4 (unredacted version). Cisco opposes. Dkt. 638 (redacted version); Dkt. 637-3 (unredacted version). The Court deems this matter suitable for determination without a hearing. Civil L.R. 7-1(b). For the reasons that follow, Finjan's motion for reconsideration is **DENIED**.

**I.   BACKGROUND**

The April 28 Order discusses the relevant factual and procedural background. Following issuance of the April 28 Order, Judge Freeman held a pretrial conference on April 30. At the pretrial conference, Finjan informed Judge Freeman that it would seek reconsideration of the April 28 Order on both procedural and substantive grounds. Dkt. 613 at 101:22-102:1. Judge Freeman referred the procedural issue—*i.e.,* Finjan's argument that it "did not have an opportunity to oppose Cisco's post-hearing submission at ECF 558"—to the undersigned. Dkt. 609.

**II.   LEGAL STANDARD**

Any order that adjudicates fewer than all claims may be revised at any time before the entry of a final judgment. Fed. R. Civ. Proc. 54(b). Motions for reconsideration are disfavored

and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal citation and quotation marks omitted). In addition, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (internal citation and quotation marks omitted).

Under this District's local rules, a party may not bring a motion for reconsideration without first obtaining leave of Court. Civ. L.R. 7-9(a). A motion for reconsideration of an interlocutory order may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order; (2) the emergence of new material facts or a change of law after issuance of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before it issued the order. Civ. L.R. 7-9(b). The moving party may not repeat any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c).

## III. DISCUSSION

Finjan moves for reconsideration of the April 28 Order on the grounds of manifest failure of the Court to consider material facts or dispositive legal arguments. *See* Dkt. 626-4 at 1. Finjan first argues that the Court should reconsider the April 28 Order because Finjan did not have an opportunity to oppose Cisco's post-hearing submission identifying the paragraphs it wanted struck from Dr. Medvidovic's amended reports. *Id.* at 3-6. Finjan's second argument is that the Court did not consider Finjan's facts and arguments relating to the replacement language (*i.e.,* "virtual environment agent" and "parameters to run the sample file or URL") for the terms ▌▌ ▌▌ ▌▌ and ▌▌ used in Dr. Medvidovic's amended reports. *Id.* at 6-12.

Before the Court discusses Finjan's specific arguments, it must address a recurring theme in the motion for reconsideration. Woven throughout Finjan's motion are suggestions that it did not realize until Cisco filed its reply brief on the motion to strike, or even later, that Cisco was

seeking to strike replacement language for the terms ▮▮▮▮ ▮▮▮▮ and ▮▮▮▮ in Dr. Medvidovic's amended reports. Examples of Finjan's statements of professed surprise include the following:

- "This motion is necessary because of Cisco's shifting complaints regarding Finjan's infringement contentions for the 'mobile protection code' limitation ('MPC')" of the '633 Patent. *Id.* at 2.
- "[A]t every turn, Cisco has changed its tune as to what is supposedly missing from Finjan's contentions." *Id.*
- "In its reply and at the hearing, Cisco crystallized a completely new argument that focused on the second issue. Instead of a lack of notice of the ***codenames themselves*** ▮▮▮▮ ▮▮▮▮ and ▮▮▮▮) as it had done in its Opening Brief, Cisco focused on lack of notice of the ***replacement language*** ('virtual employment agent' and 'parameters to run the sample file or URL') in Dr. Medvidovic's expert report, arguing for the first time that this replacement language failed to provide notice of the ***functionality*** corresponding to the codenames." *Id.* at 3 (emphasis in original; citations omitted).
- "[F]or the first time ***during rebuttal argument***, Cisco identified some paragraphs in Finjan's expert reports that Cisco believed exceeded the scope of Finjan's infringement contentions. Cisco added more than a hundred paragraphs to that identification in a post-hearing submission." *Id.* (emphasis in original; citation omitted).
- "Cisco shifted focus in its reply from arguing that Finjan failed to disclose any sandbox-only theories to arguing that Finjan never mapped a virtual environment agent to the functionality corresponding to ▮▮▮▮ *Id.* at 7.
- "Finjan understands the issue to now be whether the replacement language from Finjan's infringement contentions (in this case, 'parameters to run the sample file or URL') provides sufficient notice of the ▮▮▮▮ and ▮▮▮▮ functionalities." *Id.* at 11.

3

Finjan's efforts to depict the object of Cisco's motion to strike as unclear ring hollow. Finjan is well-aware of the procedural and substantive events that led up to Cisco's motion. As discussed in the April 28 Order, a series of disputes spanning multiple years over Finjan's infringement contentions and expert reports culminated in an explanation by Judge Freeman during the summary judgment hearing that she had "allowed the reports to be modified to replace [code names] with the terminology used in the infringement contentions" and that Finjan would "have to ask Judge van Keulen to allow a substitution from something from the contentions to go to the jury in place of all the arguments about ▮▮▮▮▮▮▮▮" Dkt. 582 at 4-5 (citing Dkt. 419 (transcript of summary judgment hearing) at 47:12-15, 120:6-11)). Cisco's motion to strike prominently identified one of the issues to be decided as "[w]hether assertions in 'Amended Expert Report of Nenad Medvidovic, Ph. D Regarding Infringement … of Patent No. 7,647,633' asserting ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ as 'Mobile Protection Code' exceed the scope of the Operative Contentions."[1] Dkt. 491-3 at i; *see also id.* at 1 ("The issue before this Court relates to the 3 remaining components that Finjan accuses as MPC, and whether Finjan made such allegations in the Operative Contentions."); *id.* at 10 ("Even if Finjan could show its Operative Contentions accused something already present in the sandbox, it did not accuse (using this or any other terminology) any of the following: (i) ▮▮▮▮▮▮ (ii) ▮▮▮▮▮▮ or (iii) ▮▮▮▮▮▮). Finjan acknowledged and addressed this argument in its opposition to the motion to strike, albeit in a cursory fashion, asserting that "Cisco arguments regarding the phrases ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ are moot issues because Finjan has served amended expert reports that use language that track the operative infringement contentions," namely "parameters to run the sample file or URL" as a substitute for ▮▮▮▮▮▮ and ▮▮▮▮▮▮ and "virtual environment agent" as a substitute for the term ▮▮▮▮▮▮ Dkt. 507-4 at 10.

Against the backdrop of this procedural history, Finjan cannot credibly argue that it was surprised that it was required in response to Cisco's motion to strike to show support in the Operative Contentions for the substitute language for ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ and

---

[1] As used in the April 28 Order and this order, "Operative Contentions" refers to Finjan's infringement contentions dated November 30, 2017. *See* Dkt. 582 at 1.

4

The Court will next consider each of Finjan's arguments for reconsideration of the April 28 Order.

### A.  Cisco's post-hearing submission

As explained more fully in the April 28 Order, at the April 21, 2020 hearing on Cisco's motion to strike, the Court requested that following the hearing, Cisco submit a document "identify[ing] by paragraph number, which paragraph you view the substitutions are problematic." Dkt. 560 (April 21 hearing transcript) at 66:1-6; Dkt. 582 at 5. Cisco filed the requested document on April 22, 2020. Dkt. 558. The Court issued the April 28 Order six days later.

#### 1.  Finjan's lack of opportunity to respond to Cisco's post-hearing submission

Finjan now argues that it "was never invited to submit a response" to Cisco's post-hearing submission and that, as a result, the Court did not consider facts and arguments showing that the struck language had support in Finjan's infringement contentions. Dkt. 626-4 at 4; *see also id.* at 1, 3-6. Finjan is correct in that it was not invited to respond to Cisco's submission. Because the Court requested that Cisco submit a list of paragraph numbers containing substitutions for the disputed terms and that list was to come from Finjan's own red-lined reports of Finjan's own expert, Dr. Medvidovic, there was no need for a responsive submission from Finjan.

Finjan's procedural complaints about Cisco's post-hearing submission are also without merit. As Cisco points out, although the submission lists more than 100 paragraphs, it was the culmination of an extensive history, in which Finjan participated, and which tracks through the "thousands of pages of Finjan's two amended reports and focuses the Court on the amendments to paragraphs that originally contained the 3 components" still at issue. Dkt. 637-3 at 6. The number of paragraphs on Cisco's list simply reflected Finjan's substitution of terms throughout the supplemental expert reports.

Of course, if Cisco had misrepresented the paragraphs containing the replacement language to be stricken, Finjan could have asked the Court for an opportunity to correct the list submitted by

Cisco.[2] But that is clearly not Finjan's complaint. Even at this late date, Finjan has not identified any substantive arguments it could have made in response to Cisco's post-hearing submission that would have been pertinent to the questions being considered by the Court. The post-hearing submission simply identifies, without argument, paragraphs in Dr. Medvidovic's amended reports where Finjan substituted new language for the terms ███████ ███████ and ███████ Finjan has not demonstrated that the list provided by Cisco was inaccurate or otherwise objectionable.

### 2. Finjan's complaints as to the paragraphs identified in Cisco's post-hearing submission

#### a. Paragraphs identified in Cisco's submission that reflect replacement of ███████ with "virtual environment agent"

Finjan argues that "Cisco's complaints do not stand up substantively" because the paragraphs identified by Cisco in connection with replacement language for ███████—*i.e.,* paragraphs 632, 656, 657, and 690 of Dr. Medvidovic's March 2020 supplemental report, which the Court referred to in the April 28 Order as the "600-series paragraphs" (*see* Dkt. 582 at 10)—have support in the deposition of Cisco engineer Dean De Beer. Dkt. 626-4 at 4-5. Finjan argues that it could not have included this testimony in its infringement contentions, which were served before Mr. De Beer was deposed, but that it "did disclose the underlying theory as best it could without discovery." *Id.* at 4. Cisco responds that these arguments are a "subterfuge" to reargue the motion to strike and to introduce new evidence Finjan could have presented earlier. Dkt. 637-3 at 6.

Cisco pointed specifically to paragraph 632 at the hearing on Cisco's motion to strike, and the Court addressed the 600-series paragraphs in its April 28 Order. *See, e.g.,* Dkt. 560 at 53-55;

---

[2] The Court does not agree with Cisco that at the April 21 hearing Finjan's attorney expressly waived an opportunity for Finjan to respond to Cisco's post-hearing submission. *See* Dkt. 637-3 at 5. However, Cisco filed its post-hearing submission on April 22, and Finjan had reviewed the submission no later than the following day, when it filed an opposition to Cisco's motion *in limine* number 4 that discussed the substance of the post-hearing submission. Dkt. 576-8 at 3 (citing Dkt. 558-1). The Court issued its order on April 28, thus leaving Finjan ample time to have requested an opportunity to respond.

Dkt. 582 at 10-11.  Finjan has not shown that its present argument concerning these paragraphs could not have been made earlier, or that the Court failed to consider the facts and arguments concerning these paragraphs.  In any event, Finjan's current argument regarding paragraph 656, which Cisco's post-hearing submission identified as a "representative" example of the ▌ ▌ substitution, exposes the circular flaw in Finjan's position.  Dr. Medvidovic's March 2020 report, as red-lined by Finjan and set forth below, purports to reference Mr. De Beer's deposition testimony concerning a "virtual environment agent" that, for example "is attached to every running virtual machine at that point in time" and "allows us to monitor interactions with the ▌ ▌":

[redacted]

Dkt. 507-10 at ¶ 656.

However, Mr. De Beer's cited deposition testimony on this point refers to a ▌ ▌ ▌ ▌ not a "virtual environment agent":

[redacted]

Dkt. 400-18 at 72:10-23 (excerpts of deposition testimony of Dean De Beer) (emphasis added).[3]

Finjan injecting the term "virtual environment agent" into Mr. De Beer's testimony concerning a ▮▮▮▮ does not address the issue in Cisco's motion to strike, which was whether Finjan's infringement contentions disclose the functionality Finjan now seeks to associate with the "virtual environment agent." Even setting aside the issue of whether Finjan can properly use Mr. De Beer's deposition testimony to bolster the Operative Contentions, Mr. De Beer's testimony regarding the function of the ▮▮▮▮ does not establish that Finjan disclosed in its contentions that the virtual environment agent had the same functionality. Put another way, Finjan's red-lining the Medvidovic report to replace Mr. De Beer's ▮▮▮▮ with the words "virtual environment agent" does not enhance the disclosures in the Operative Contentions.

    **b.**  **Paragraphs identified in Cisco's submission that support other infringement theories**

Finjan also argues that many of the paragraphs identified in Cisco's post-hearing submission are supported in the Operative Contentions for reasons other than supporting Finjan's sandbox-only theory, such as various "transmission-based theories." Dkt. 626-4 at 5. Cisco responds that "no such 'transmission-based theories' survived summary judgment." Dkt. 637-3 at 7. Finjan asserts that it "believes that if the Court had considered the argument, it would not have struck the language" but rather "would have determined that the proper remedy, if any … would be a limiting instruction at trial." Dkt. 626-4 at 5. Of course, Finjan could have made this argument in opposition to Cisco's motion to strike but failed to do so. In any event, in the April 28 Order, the Court did not decide the status of Finjan's "sandbox-only" or "transmission-based" theories. The narrow issue decided was whether the functionality associated with Finjan's replacement language for ▮▮▮▮ ▮▮▮▮ and ▮▮▮▮ was disclosed in Finjan's Operative Contentions. Finjan has not demonstrated that the Court should reconsider its conclusion that this functionality was not disclosed.

---

[3] All four paragraphs from which the Court struck replacement language for ▮▮▮▮ similarly replace ▮▮▮▮ with "virtual environment agent" in passages from Mr. De Beer's deposition testimony. *See* Dkt. 507-10 at ¶¶ 632, 656, 657, 690.

8

### 3. Finjan's request for clarification of the April 28 Order

Finjan argues that if the Court decides to maintain its ruling, it should clarify whether it has struck only the replacement language for ▮▮▮ ▮▮▮ and ▮▮▮ struck sentences containing the replacement language; or struck the entire paragraphs containing the replacement language. *Id.* at 5-6. Cisco argues that the Court need not clarify its April 28 Order because the order is clear that what was struck is the replacement language for ▮▮▮ ▮▮▮ and ▮▮▮ in the enumerated paragraphs. Dkt. 637-3 at 8.

The April 28 Order clearly states that the Court "**STRIKES** the replacement language" for the terms ▮▮▮ ▮▮▮ and ▮▮▮ in the enumerated paragraphs. Dkt. 582 at 12, 13-16 (emphasis in original). What effect the striking of the replacement language from these paragraphs has on Finjan's infringement theories is an issue for Judge Freeman to decide.

## B. Fact and arguments relating to replacement language

### 1. "Virtual environment agent"

Finjan argues that the Court failed to consider facts and arguments concerning "virtual environment agent," which is Finjan's replacement language for ▮▮▮ Dkt. 626-4 at 6-9. In support of this argument, Finjan cites (1) evidence and arguments that Finjan cited in its opposition to Cisco's motion to strike, (2) evidence and arguments that Finjan discussed at the hearing on the motion to strike, and (3) new evidence and arguments submitted with Finjan's motion to reconsider. *Id.* The Court now addresses each category of evidence and arguments identified by Finjan.

#### a. Evidence and arguments in Finjan's opposition to motion to strike

Finjan argues that "it presented evidence that its contentions identified virtual employment agent functionality residing at the sandbox." *Id.* at 6. Finjan asserts that its opposition to the motion to strike "shows that the very second sentence in Finjan's infringement contentions for the MPC limitation discloses that the virtual environment agent executes at the sandbox (i.e., the virtual environment)" which "should have given Cisco notice that the virtual environment agent could reside in the sandbox." *Id.* at 6 (citing Dkt. 507-4 at 2; Dkt. 491-5 (Operative Contentions)

at 35). This argument misses the point. In its April 28 Order, the Court explained that "Finjan has presented no evidence that the 'virtual environment agent' described in the Operative Contentions is in any way related to the *functionality* now described as a 'virtual environment agent' in the March 2020 Report and previously described as a ▮▮▮▮▮ in the July 2-19 and December 2019 Reports." Dkt. 582 at 11-12 (emphasis added). The Court further explained that Finjan has "fatally cited no evidence in the Operative Contentions or elsewhere in support of" the assertion that this *functionality* "clearly map[s] to a virtual environment agent residing in a sandbox." *Id.* (citations omitted) (emphasis added). The Court concluded that "Finjan has failed to identify any language in the Operative Contentions that links the *functionality* associated with the term ▮▮▮▮▮ in the earlier reports of Dr. Medvidovic with the now-substituted term 'virtual environment agent.'" *Id.* at 15 (emphasis added). In seeking reconsideration, Finjan has not shown that the Court failed to consider the facts and evidence presented by Finjan on this point.

### b. Evidence and arguments presented by Finjan at hearing on motion to strike

In its motion for reconsideration, Finjan cites evidence it referred to for the first time at the hearing on the motion to strike that allegedly shows "that Cisco's own engineers understood a virtual environment agent to be equivalent in functionality to the ▮▮▮▮▮ residing at the sandbox":

| Declaration of Watchinski | Declaration of Brozefsky |
| --- | --- |
| [redacted] | [redacted] |

Dkt. 626-4 at 8 (citing 377-23 (Declaration of Watchinski), 377-9 (Declaration of Brozefsky)); *see*

*also* Dkt. 560 at 41-43.

Finjan suggests that this evidence was not in its opposition to the motion to strike because "Cisco shifted focus in its reply from arguing that Finjan failed to disclose any sandbox-only theories to arguing that Finjan never mapped a virtual environment agent to the functionality corresponding to ▬▬▬▬▬ Dkt. 626-4 at 7. As discussed above, however, Finjan's argument that Cisco "shifted focus" in its reply brief is baseless. Accordingly, Finjan has not shown why it could not have presented this evidence in its opposition to Cisco's motion to strike such that it could have been fully briefed by both parties for the Court.

Even assuming Finjan's presentation of this evidence at the hearing was timely, the issue before the Court on the motion to strike was whether the Operative Contentions disclosed that a "virtual environment agent" had the functionality attributed to that term in the amended Medvidovic reports. Finjan argues that the Cisco engineers have used the terms ▬▬▬▬▬ and "virtual environment agent" interchangeably and that therefore Finjan's disclosure of "virtual environment agent" must have put "Cisco on notice of the functionality associated with ▬▬▬▬▬ . . . ." *Id.* at 8-9. However, putting evidence before the Court regarding the alleged understanding of Cisco's engineers, without reference to where the Operative Contentions described a "virtual environment agent" as having the same functionality as what Finjan formerly described as a ▬▬▬▬▬ does not establish that Finjan had disclosed the relevant functionality in its Operative Contentions. *See* Dkt. 582 at 10-12.

Finally, Finjan speculates that "[o]ne reason that the Court may have concluded that Finjan failed to present evidence on [the propriety of substituting "virtual environment agent" for ▬▬▬▬▬ is because some of the aforementioned evidence was raised for the first time at the April 21, 2020 hearing." Dkt. 626-4 at 9. Not so. The Court's determination that Finjan had failed to show that the Operative Contentions disclosed that a "virtual environment agent" had the functionality formerly associated with the term ▬▬▬▬▬ in Dr. Medvidovic's report was based on consideration of all evidence and arguments presented by the parties in the briefing and hearing on Cisco's motion to strike.

////

### c. New evidence and arguments presented in Finjan's motion for reconsideration

In support of its motion for reconsideration, Finjan for the first time submits the report of Cisco expert Dr. Atul Prakash and argues that Dr. Prakash refers to a ▓▓▓▓▓▓▓▓ as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 7 (citing Expert Report of Dr. Atul Prakash ¶ 352). The cited paragraph in Dr. Prakash's report includes a statement that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 626-6 at ¶ 352. Finjan also cites paragraph 528 of Dr. Prakash's report as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 626-4 at 7. The cited paragraph in Dr. Prakash's report states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 626-6 at ¶ 528. Finjan argues that statements on page 5 of the Operative Contentions "ascribe the very same functionality" to the "virtual environment agent." Dkt. 626-4 at 7 (citing Dkt. 491-5 at 5). That portion of the Operative Contentions states that "Cisco AMP for Networks configure a virtual environment agent (e.g., sandboxing) for intercepting and monitoring [] suspicious traffic ..." Dkt. 491-5 at 5. Finjan also points to statements on Cisco's website and blog explaining that "sandboxing" relates to analysis of malware in a local virtual machine. Dkt. 626-4 at 7-8. Finjan argues that "[t]hus, [it] argued at the hearing that the forementioned statements in Finjan's infringement contentions expressly linking 'sandboxing' functions to a virtual environment agent involved in 'monitoring' provided Cisco sufficient notice that the component responsible for those functions (the ▓▓▓▓▓▓▓▓ was at issue." *Id.* at 8 (citing Dkt. 560 at 40:2-18).

The only piece of this argument that Finjan presented in connection with Cisco's motion to strike was the language on page 5 of the Operative Contentions, which Finjan referred to at the hearing on the motion to strike. Dkt. 560 at 40:10-20. That portion of the Operative Contentions states that Cisco AMP for Networks meets the recited MPC claim language in Claim 1d of the '633 Patent "because Cisco AMP for Networks configure a virtual environment agent (e.g.,

sandboxing) for intercepting and monitoring the suspicious traffic received." Dkt. 491-5 at 5. But that statement in the Operative Contentions by itself cannot carry the weight Finjan places on it because it does not establish that a "virtual environment agent" performs all the same functions as the ▮▮▮▮ originally identified in the struck 600-series paragraphs in the Medvidovic report. Moreover, all the evidence Finjan now asks the Court to stitch together in an attempt to connect the Medvidovic reports to the Operative Contentions by way of language used by Cisco and its engineers and expert should have been presented in opposition to Cisco's motion to strike. Even if the evidence had been timely presented to the Court, Finjan has not explained why the differences between the language used in its cited materials and the language struck by the Court are not significant. Finjan has therefore failed once again to demonstrate how the Operative Contentions disclosed the functionality attributed to the "virtual environment agent" in the amended Medvidovic reports.

As a result Finjan has not demonstrated a manifest failure by the Court to consider material facts or dispositive legal arguments concerning the replacement language for ▮▮▮▮ nor has Finjan established any other grounds for reconsideration, and therefore the Court **DENIES** Finjan's request for reconsideration of the portion of the April 28 Order that strikes the replacement language for ▮▮▮▮ in the paragraphs cited in the April 28 Order.

### 2. "Parameters to run the sample file or URL"

Finjan next argues that the Court failed to consider facts and arguments concerning "parameters to run the sample file or URL," the replacement language for ▮▮▮▮ and ▮▮▮▮ Dkt. 626-4 at 9-12. Finjan acknowledges that the Court provided three reasons for granting Cisco's motion regarding this replacement language: (1) Finjan sought but was previously denied permission to add ▮▮▮▮ and ▮▮▮▮ to its infringement contentions; (2) Finjan failed to show how the replacement language in the Operative Contentions is linked to the functionality now associated with that language in Dr. Medvidovic's amended reports; and (3) the replacement language was used in the amended reports as a substitute for additional terms beyond ▮▮▮▮ and ▮▮▮▮ thus showing that the replacement language does not uniquely describe those items. *Id.* at 9 (citing Dkt. 582 at 12-13).

13

1    Finjan argues that this ruling should be reconsidered for multiple reasons. Finjan first
2    argues that some of the paragraphs that were struck "concern claims no longer at issue." Dkt. 626-
3    4 at 10. This does not establish that the Court's ruling on the paragraphs that were struck requires
4    reconsideration. Finjan also points to Paragraph 4331, one of the "representative" paragraphs
5    identified by Cisco, and argues that its infringement contentions "squarely identify ['parameters to
6    run the sample file or URL'] as MPC." *Id.* (citing Dkt. 491-5 at 35). This Court already
7    addressed that argument, finding that "although similar language appears in [the] Operative
8    Contentions … as with the replacement language for ▮▮▮▮▮ … Finjan has failed to show
9    how that language in the Operative Contentions is linked to the functionality now associated with
10   that language in Dr. Medvidovic's amended reports." Dkt. 582 at 13 (citing Dkt. 491-5 at 35).

11   Finjan also argues that it "understands the issue to now be whether the replacement
12   language from Finjan's infringement contentions (in this case, 'parameters to run the sample file
13   or URL') provides sufficient notice of the ▮▮▮▮ and ▮▮▮▮ functionalities." Dkt. 626-4
14   at 11. Finjan newly points to statements in Dr. Prakash's expert report to argue that Cisco
15   understood the "parameters" replacement language to refer to ▮▮▮▮ *Id.* at 11-12.
16   However, the issue on Cisco's motion to strike was *always* whether Finjan's Operative
17   Contentions disclosed that these "parameters" had the functionality now associated with them in
18   Dr. Medvidovic's amended reports. Finjan's untimely citations to a general discussion by
19   Dr. Prakash does not establish the necessary link between the Medvidovic reports and the
20   Operative Contentions.

21   Finjan also takes issue with the Court's conclusion that the use of the "parameters"
22   language as a replacement for items other than ▮▮▮▮ and ▮▮▮▮ showed that
23   "parameters" language did not uniquely describe ▮▮▮▮ and ▮▮▮▮ *Id.* at 11-12.
24   Again, Finjan cites new evidence (Dr. Prakash's report) that could have been cited in opposition to
25   Cisco's motion to strike, and that evidence in any event does not establish that Finjan disclosed the
26   relevant functionality in its Operative Contentions. Finjan must do more than show references to
27   "parameters" in its Operative Contentions that would "*encompass* ▮▮▮▮ and ▮▮▮▮
28   *Id.* at 12 (emphasis added). It must show that the Operative Contentions *disclosed* that

14

1  "parameters to run the sample file or URL" had the same functionality now attributed to that term
2  in the amended Medvidovic reports. *See generally* Dkt. 582 ("Finjan must show that it *disclosed*
3  [the relevant infringement theory] in its Operative Contentions … It is not enough for Finjan to
4  argue that the contentions did not expressly *exclude* such a theory.") (emphasis in original).
5  Finjan has failed to make that showing with respect to the replacement language for ▇
6  and ▇.

7  Finally, Finjan takes issue with the Court's conclusion that the "parameters" replacement
8  language corresponds to theories that Finjan was previously denied permission to add to its
9  infringement contentions. *Id.* Tellingly, Finjan does not dispute that it sought but was denied
10 permission to add ▇ and ▇ to its infringement contentions. Instead, Finjan
11 argues that the outcome of Cisco's previous motion to strike infringement contentions "has no
12 bearing on" the issues presented in Cisco's motion to strike portions of Dr. Medvidovic's amended
13 reports. *Id.* However, this argument again ignores the long history of disputes over the
14 infringement contentions and expert reports in this case, which gave rise to clear direction from
15 Judge Freeman that "Finjan was, of course, prohibited from including in its expert reports the
16 theories it sought but failed to add to its infringement contentions" by the previous contentions
17 orders of Judge Freeman and the undersigned. Dkt. 397 at 3. This Court properly took into
18 account Finjan's violation of that directive as one factor supporting its decision to strike the
19 replacement language for ▇ and ▇.

20 Accordingly, Finjan has not demonstrated a manifest failure by the Court to consider
21 material facts or dispositive legal arguments concerning replacement language for ▇
22 and ▇ nor has Finjan established any other grounds for reconsideration, and therefore
23 the Court **DENIES** Finjan's request for reconsideration of the portion of the April 28 Order that
24 strikes the replacement language for ▇ and ▇ in the paragraphs cited in the
25 April 28 Order and therefore the Court will not reconsider that portion of its April 28 Order.

26 **IV. CONCLUSION**
27 Finjan has not demonstrated a "manifest failure by the Court to consider material facts or
28 dispositive legal arguments which were presented to the Court before" it issued the April 28

Order. The Court considered all material facts and legal arguments presented by Finjan. Finjan's professed surprise or disagreement with the outcome does not warrant reconsideration of the Court's ruling. Nor has Finjan demonstrated or even argued that there is a "material difference in fact or law" or "the emergence of new material facts or a change of law" that would warrant reconsideration. Accordingly, the Court **DENIES** Finjan's motion for reconsideration of the April 28 Order.

**SO ORDERED.**

Dated: June 11, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge