Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF (SVK)<br><br>**FINJAN, INC.'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE VAN KEULEN REGARDING CISCO'S MOTION TO STRIKE (DKT. NOS. 662; 582)**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE VAN KEULEN REGARDING CISCO'S MOTION TO STRIKE (DKT. NOS. 662; 582)**

PLEASE TAKE NOTICE that Plaintiff Finjan, Inc. ("Finjan") hereby moves for relief from the non-dispositive pretrial orders of Magistrate Judge Van Keulen regarding Cisco Systems, Inc.'s ("Cisco's") Motion to Strike (Dkt. Nos. 662, 582).

**Statement of Relief Requested**:  By and through this motion, and pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Rule 72-2, Finjan respectfully objects to and requests that the Court grant relief from the Magistrate Judge's Orders on Cisco's Motion to Strike (Dkt. Nos. 662, 582).  In particular, Finjan requests that the Magistrate Judge's Orders be vacated and that Cisco's Motion to Strike be denied.  This motion is supported by the following Memorandum of Points and Authorities.

## I. INTRODUCTION

On March 27, 2020, Cisco moved to strike "sandbox-only theories" from Dr. Medvidovic's Amended Expert Report on the grounds that Finjan's infringement contentions allegedly failed to disclose those theories. Dkt. No. 491-3. On April 28, 2020, the Magistrate Judge granted Cisco's motion. Dkt. No. 582. The Magistrate Judge subsequently granted Finjan's Motion for Leave to file a Motion for Reconsideration of the April 28th Order. Dkt. No. 620. And on June 11, 2020, the Magistrate Judge denied Finjan's Motion for Reconsideration. Dkt. No. 662.

Crucially, in neither its original Motion to Strike, nor in its response to Finjan's Motion for Reconsideration, has Cisco ever analyzed a single paragraph in Dr. Medvidovic's Amended Expert Report to explain how that paragraph was directed to a new sandbox-only theory. Instead, Cisco successfully sought to strike a laundry list of paragraphs ("the paragraphs-at-issue") merely because they contained "replacement language," apparently based on the unfounded assumption that paragraphs containing that "replacement language" were necessarily directed to sandbox-only theories. *See, e.g.,* Dkt. No. 558-1; Dkt. No. 637-3 at 1. In turn, rather than putting Cisco to its proof, the Magistrate Judge accepted Cisco's unfounded assumption and then incorrectly placed the burden of proof on Finjan.

In addition, the Orders contain clear error, since the Court struck language that was directed to theories Cisco *admits* are disclosed in Finjan's infringement contentions (Finjan's transmission-based theories). *See, e.g.,* Dkt. No. 491-3 at 8; Dkt. No. 653-4 at 9-10; Dkt. No. 618-4 at 5. Since neither Cisco nor the Magistrate Judge analyzed the paragraphs-at-issue, the Orders are silent as to why language associated with Finjan's transmission-based theories (which were admittedly disclosed in Finjan's contentions) was struck.

Finjan respectfully requests relief from the Magistrate Judge's Orders on Cisco's Motion to Strike (Dkt. Nos. 662, 582). The Magistrate Judge's Orders are contrary to law because they fail to place the burden of proof on Cisco and instead improperly place the burden of proof on Finjan. The Orders are also clearly erroneous because they strike language from Dr. Medvidovic's Amended Report that was directed to a theory Cisco admitted was disclosed in Finjan's

infringement contentions. Finjan thus requests that the Magistrate Judge's Orders be vacated and that Cisco's Motion to Strike be denied.

## II. LEGAL STANDARD

"The district court 'may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Ali v. eBay, Inc.*, 2018 U.S. Dist. LEXIS 148530, *2 (N.D. Cal. August 29, 2018) (quoting 28 U.S.C. § 636(b)(1)(A)); *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). The Magistrate Judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *See Ali*, 2018 U.S. Dist. LEXIS 148530, at *2.

## III. ARGUMENT

### A. The Orders Are Contrary to Law Because They Place the Burden of Proof on Finjan Rather Than Cisco

On a Motion to Strike, the moving party bears the burden of proof. *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 U.S. Dist. LEXIS 43907, at *46 (N.D. Cal. Mar. 28, 2014); *Bombardier Rec. Prods. v. Arctic Cat, Inc.*, No. 12-cv-2706 (ADM/LIB), 2016 U.S. Dist. LEXIS 184531, at *22 (D. Minn. Apr. 19, 2016); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453 (RGA), 2017 U.S. Dist. LEXIS 228867, at *7 (D. Del. Nov. 7, 2017); Dkt. No. 419 (January 9, 2020 MSJ Hearing Tr.) at 51:14-16 (instructing Finjan to "submit your modified report and then it will be [Cisco's] burden because [Cisco] will have to object.").

Contrary to what the law requires, both Orders repeatedly place the burden of proof on Finjan. *See, e.g.,* Dkt. No. 582 at 9 ("Nevertheless, Finjan must still demonstrate . . . ."); *id.* at 11 ("Finjan must show that it *disclosed* in its operative contentions . . . .") (emphasis in original); *id.* ("However, Finjan has presented no evidence . . . ."); *id.* at 12 ("Finjan . . . fatally cites no evidence"); Dkt. No. 662 at 10 (same); Dkt. No. 582 at 13 ("Finjan has failed to show . . . ."); *id.* at 15 ("Finjan has failed to identify . . . ."); Dkt. No. 662 at 10 (same); *id.* at 14 ("Finjan has failed to show how . . . ."); *id.* at 10 ("Finjan has failed to identify . . . ."); *id.* at 13 ("Finjan has therefore failed once again to demonstrate . . . .").

2   Case No. 5:17-cv-00072-BLF (SVK)
FINJAN INC.'S MOTION FOR RELIEF

In order to meet its burden on its Motion to Strike, Cisco should have been required to show that Dr. Medvidovic's Amended Report contained a new theory that was not disclosed in Finjan's infringement contentions. *Bombardier*, 2016 U.S. Dist. LEXIS 184531, at *23-24. The only purportedly "new theory" Cisco even came close to identifying in its Motion to Strike was a "sandbox-only" theory. *See* Dkt. No. 491-3. While Cisco may argue that its Reply (Dkt. No. 523-2 at 3) identified another theory—failure to disclose "functionalities corresponding to the codenames"—the only "functionality" Cisco actually discusses is sandbox-only functionality (Dkt. No. 523-2 at 3-4). Thus, for the Orders to be clear of legal error, Cisco should have been required to show that Dr. Medvidovic's Amended Report contained specific paragraphs directed to a sandbox-only theory not disclosed in Finjan's infringement contentions. Cisco was never required to do so. As a result, Cisco never analyzed a single paragraph in Dr. Medvidovic's Amended Report to explain how that paragraph is directed to a sandbox-only theory. Instead, Cisco's motion improperly assumed that any paragraph in Dr. Medvidovic's Amended Report that contained the "replacement language" was necessarily directed to a sandbox-only theory. *See* Dkt. No. 558-1 at 2.

Finjan seeks the Court's relief because neither Cisco nor the Magistrate Judge has offered any explanation as to how the struck language in Dr. Medvidovic's Amended Report is supposedly directed to a sandbox-only theory (much less a sandbox-only theory not disclosed in Finjan's contentions). For example, Cisco identified, and the Court struck, the following paragraph from Dr. Medvidvoc's March 2020 Amended Report:

[REDACTED]

Dkt. No. 507-10 ¶ 1510 (highlights added); Dkt. No. 528 at 15-16; *see also* Dkt. No. 653-4 at 4 (identifying two other example paragraphs). The paragraph states that [REDACTED] *See* Dkt. No. 507-10 ¶ 1510. Cisco has argued that mobile protection code is ***not*** directed to a sandbox-only theory when it is transmitted. *See, e.g.,* Dkt. No. 491-3 at 3, 8. Thus, according to Cisco's logic, the aforementioned paragraph is ***not*** directed to a sandbox-only theory (the only allegedly new theory Cisco has identified). The Orders struck language from this paragraph (and numerous others) without Cisco meeting the most basic aspect of its burden—providing an explanation as to how the struck language is directed to a new theory not disclosed in Finjan's contentions.

It was contrary to law, highly prejudicial, and unfair for the Magistrate Judge to put the burden of proof on Finjan and never require Cisco to explain how the language it wanted struck was directed to new theories.

### B. It Was Clearly Erroneous to Strike Language from Paragraphs Directed to a Theory That Cisco Admitted Was Disclosed in Finjan's Contentions

One particularly egregious example of clear error is that the Orders strike language directed to a theory Cisco admitted was disclosed in Finjan's infringement contentions. *See, e.g.,* Dkt. No. 491-3 at 8; Dkt. No. 653-4 at 9-10. In particular, the Orders strike language from paragraphs that are relevant to Finjan's transmission-based theories. *See, e.g., supra* at 4; Dkt. No. 507-10 ¶ 1510; Dkt. No. 582 at 14-16; Dkt. No. 653-4 at 9-10; Dkt. No. 618-4 at 5. Cisco admits that Finjan's infringement contentions properly disclosed transmission-based theories, including identifying the replacement language as mobile protection code that is transmitted to the sandbox. *See, e.g.,* Dkt. No. 491-3 at 8. Cisco has attempted to evade its admission by claiming Finjan's transmission-based theories are no longer in the case, but Cisco cites no evidence to support that false notion. *See, e.g.,* Dkt. No. 653-4 at 10.

The Magistrate Judge's Order claims "[o]f course, Finjan could have made this argument in opposition to Cisco's motion to strike but failed to do so." Dkt. No. 662 at 8. Not so. As explained *supra*, Cisco only moved to strike ***sandbox-only*** theories from Dr. Medvidovic's Amended Report. If Cisco sought to strike any other theories (such as transmission-based theories), it was incumbent upon Cisco to identify those theories in its Motion to Strike. Cisco did not do so, and thus Finjan had no reason or anything to rebut this (at the time, non-existent) argument in its opposition to Cisco's Motion to Strike.

It was clearly erroneous for the Magistrate Judge to strike language from Dr. Medvidovic's Amended Report directed to Finjan's transmission-based theories when Cisco admitted that Finjan's infringement contentions disclose transmission-based theories.

### IV. CONCLUSION

Since the Orders were contrary to law, highly prejudicial and unfair to Finjan, and contained clearly erroneous holdings, Finjan respectfully submits that the Magistrate Judge's Orders must be vacated and Cisco's Motion to Strike be denied.

1  Dated: June 25, 2020                                      Respectfully Submitted,

2                                                            By:   */s/ Aamir A. Kazi*
                                                             Juanita R. Brooks (CA SBN 75934) brooks@fr.com
3                                                            Roger A. Denning (CA SBN 228998)
                                                             denning@fr.com
4                                                            Frank J. Albert (CA SBN 247741) albert@fr.com
5                                                            Megan A. Chacon (CA SBN 304912)
                                                             chacon@fr.com
6                                                            K. Nicole Williams (CA SBN 291900)
                                                             nwilliams@fr.com
7                                                            Oliver J. Richards (CA SBN 310972) ojr@fr.com
8                                                            Jared A. Smith (CA SBN 306576) jasmith@fr.com
                                                             Tucker N. Terhufen (CA SBN 311038)
9                                                            terhufen@fr.com
                                                             FISH & RICHARDSON P.C.
10                                                           12390 El Camino Real, Suite 100
                                                             San Diego, CA 92130
11                                                           Phone: (858) 678-5070 / Fax: (858) 678-5099

12
                                                             Aamir A. Kazi (Admitted *Pro Hac Vice*)
13                                                           kazi@fr.com
                                                             Alana C. Mannige (CA SBN 313341)
14                                                           mannige@fr.com
                                                             FISH & RICHARDSON P.C.
15                                                           1180 Peachtree Street NE, 21st Floor
                                                             Atlanta, GA 30309
16                                                           Phone: (404) 892-5005 / Fax: (404) 892-5002

17
                                                             Attorneys for Plaintiff FINJAN, INC.
18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 25, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Aamir A. Kazi*
Aamir A. Kazi
kazi@fr.com