**DUANE MORRIS LLP**
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.41500
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

Attorneys for Defendant
CISCO SYSTEMS, INC.

**DUANE MORRIS LLP**
L. Norwood Jameson
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
Alice E. Snedeker
Admitted *Pro Hac Vice*
aesnedeker@duanemorris.com

1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**CISCO SYSTEMS, INC.'S RESPONSE TO FINJAN, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS**<br><br>Judge:        Hon. Beth Labson Freeman<br>Courtroom:  6, 4th Floor |

**REDACTED**

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Deposition of Matt Watchinski | Exhibit A |
| Comparison of Exemplary Paragraph Across Expert Reports of Nenad Medvidovic | Exhibit B |
| Operative Contentions | Finjan's November 30, 2017 Infringement Contentions |
| Dkt. 582 | April 28, 2020 Order Granting Cisco's Motion to Strike |
| Dkt. 662 | June 11, 2020 Order Denying Finjan's Motion for Reconsideration |

## I.   INTRODUCTION

Judge van Keulen fully considered Cisco's motion to strike and correctly determined— twice—that the motion should be granted. Her Orders (Dkts. 582, 662) reviewed the lengthy history of the dispute, including Finjan's repeated efforts to expand beyond its Operative Contentions. Finjan has now lost five motions on this issue; its latest reprisal does not require a different result.

First, Finjan argues that Judge van Keulen's Orders "improperly placed the burden of proof on Finjan." But Cisco carried its burden of identifying the accused functionality in Finjan's expert reports (including replacement language in its multiple amended reports) and showing Finjan had not disclosed that functionality in its Operative Contentions. Finjan failed to rebut Cisco's showing by identifying where it *had* disclosed the functionality now associated with its replacement language in the almost 10,000 pages of expert reports on the '633 Patent.

Second, Finjan argues the Orders are "clearly erroneous" because they struck language "directed to a theory Cisco admitted was disclosed" in the Operative Contentions, specifically Finjan's so-called "transmission theory." That allegation is incorrect. The Orders methodically compared the functionality in the Operative Contentions with the accusations in the expert reports. The Orders properly struck the paragraphs for the surviving components because neither the original terms, the replacement terms, nor the language describing their functionality was in the Operative Contentions. (*E.g.,* Dkt. 582 at 10-12). Also, Finjan expressly abandoned any "transmission-based theory" at summary judgment, (Dkt. 637-3 at 2, 7; Dkt. 487 at 14-15 & n.6), showing the extent to which Finjan is stretching. The Orders are proper, and Finjan's motion should be denied.

## II.   LEGAL STANDARD

A magistrate judge's ruling is modified or set aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). The district judge should not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City & Cnty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991). "Clear error is found when a reviewing court has a definite and firm conviction that a mistake has been committed." *Lewis v. Ayers,* 681 F.3d 992, 998 (9th Cir. 2012).

## III.   FINJAN'S LATEST VERSION OF ITS ARGUMENTS FAIL

### A.   Judge van Keulen Applied the Proper Burden of Proof

1

1    Finjan contends the Orders impermissibly shifted the burden of proof from Cisco to Finjan

2    because Cisco allegedly did not analyze each paragraph stricken from the almost 10,000 pages of

3    Dr. Medvidovic's reports on the '633 Patent. In view of Finjan's opposition to the Motion to Strike,

4    the question in Cisco's motion was whether the Operative Contentions disclosed the functionality of

5    the replacement language in the amended Medvidovic reports for the 3 components that survived

6    summary judgment. These issues were fully briefed and argued, with Cisco wading through all of

7    the disclosures in the Operative Contentions. Dkts. 491-4, 523-3, 558, 560.

8    To put this dispute in context, Cisco moved to strike the infringement theories Finjan

9    advanced at summary judgment (that 7 components were mobile protection code (MPC)) because

10   the Operative Contentions failed to disclose those theories. In evaluating this argument, the question

11   this Court posed was whether Finjan disclosed specific functionality in the *Operative Contentions*

12   such that its expert's opinions as to the 7 components are "'the identification of additional evidentiary

13   proof' and not 'new theories' of infringement." Dkt. 582 at 3. Cisco carried its initial burden of proof

14   by identifying the deficiencies and lack of disclosure; what was left to resolve was whether Finjan

15   could rebut this showing, all against the backdrop of Finjan having twice lost a motion to amend its

16   contentions, Dkt. 274, 304, and also having lost Cisco's related motion to strike, Dkt. 397.

17   By way of further background, Cisco moved for summary judgment on all MPC theories in

18   Finjan's expert reports—both (i) the theories in which alleged MPC was transmitted to a sandbox

19   and (ii) the theories that alleged MPC was already resident at a sandbox. Dkt. 377-25 at 11-17. On

20   March 20, 2020, this Court granted Cisco summary judgment as to 4 of those 7 components, and this

21   left a dispute as to only 3 components: (i) ▮▮▮▮▮▮▮; (ii) ▮▮▮▮▮▮; and (iii) ▮▮▮▮▮▮, which

22   the Court expressly found are "components of Threat Grid and ▮▮▮▮▮▮ Dkt. 487 at 15. The

23   question referred to Judge van Keulen, in parallel, was whether Finjan had disclosed any of the

24   resident-component theory in its Operative Contentions. As further guidance, this Court explained

25   that Judge van Keulen should decide whether the components in the amended Medvidovic reports

26   had a "corresponding functionality" in the Operative Contentions. Dkt. 487 at 4.

27   Finjan was well aware of exactly what the issue was. Cisco moved to strike the relevant

28   portions of the expert reports for the 7 components addressed at summary judgment (including the 4

2

for which summary judgment was granted to "ensure[] that Finjan does not attempt to use DOE to revive the other four components")—following extensive meet-and-confers with Finjan. Dkt. 491-4 at 7. Cisco's motion encompassed the Original and First Amended versions of Finjan's 6,000+ page expert reports, and whether the functionality for the components was disclosed in the Operative Contentions.  After Cisco filed its motion and shortly before Finjan filed its opposition, Finjan served a Second Amended Report replacing (again) the First Amended Report's replacement language for the 3 component names and other language, but leaving the language describing the functionality of those 3 components from the Original Report. Dkt. 507-4 at 6, 10. For example, the Second Amended Report replaced the First Amended Report's replacement language for "▇▇▇▇▇▇" and "▇▇▇▇▇▇" with the further-amended phrase "parameters to run the sample file or URL," but left in the language and evidence describing the functionality of the "▇▇▇▇▇" and "▇▇▇▇▇". *Id.* at 10.

In its opposition to the motion to strike, Finjan addressed only the surviving 3 components. Judge van Keulen properly confirmed the "parties agree that Finjan's proposed amendments to the Medvidovic report that relate to the other [four] terms relied on by Finjan in opposition to summary judgment are now moot," a point that Finjan did not contest in its motion for reconsideration or in this motion.  Dkt. 582 at 8.  Thus, Cisco's motion to strike was narrowed to what Finjan contested in its opposition: whether Finjan sufficiently disclosed in its Operative Contentions the 3 surviving components ((i) ▇▇▇▇▇▇; (ii) ▇▇▇▇▇; and (iii) ▇▇▇▇▇▇) and their functionality.

As this Court previously explained in striking Finjan's original expert report, an infringement theory in an expert report that is only vaguely supported in the infringement contentions must be struck. Dkt. No. 397 at 3. The Court also noted that "Finjan was, of course, prohibited from including in its expert reports the theories it sought but failed to add to its infringement contentions by the SVK and BLF Orders." *Id.* Cisco carried its burden in identifying the accused functionality in the expert report, and explained in detail (in its briefs and a multi-hour hearing) how the Operative Contentions had not disclosed this functionality. *E.g.*, Dkts. 491-4 at 7-10, 523-3 at 2-5. Finjan failed to rebut this evidence. Finjan was unable to demonstrate that it *had* disclosed the functionality now associated with Finjan's replacement language in its thousands of pages of expert reports on the '633 Patent. Thus, the Orders properly found that neither these 3 components, nor the functionality described

3

1  when the replacement language is substituted, were properly disclosed in the Operative Contentions.

2  Finjan's allegations that neither Cisco nor Judge Van Keulen (who has now written 32 pages of

3  Orders) provided sufficient explanation of Finjan's failure to disclose are belied by the record.

4  **B.      Finjan's Belated Arguments About its Abandoned "Transmission Theory" Fail**

5              Finjan disclaimed all "transmission-based theories" at summary judgment, regardless of

6  whether this theory was disclosed in the Operative Contentions. Specifically, in its opposition to

7  summary judgment, Finjan expressly abandoned its theory that MPC was transmitted to the sandbox

8  from another device ("transmission theory"), which this Court confirmed in its MSJ Order. Dkt. 401

9  at 14; Dkt. 487 at 14-15, n.6.  Finjan argued <u>only</u> that 7 components already resident at the sandbox

10 were MPC.  *Id.*  Any theory based on those 7 components—and thus, any theory left in this case—

11 is by definition a "sandbox-only theory." Then, this Court grated summary judgment as to 4 of those

12 7.   Judge van Keulen confirmed Finjan's position that everything was moot except for the 3

13 components that survived summary judgment. Dkt. 582 at 8.  Judge van Keulen then struck the

14 paragraphs that originally accused those 3 components, rejecting Finjan's attempted word swaps

15 because there was no correspondence in the Operative Contentions to the functionality for those

16 components described in the properly struck paragraphs. Judge van Keulen's analysis of Paragraph

17 656 shows Finjan's improper descriptions of functionality of undisclosed components, and then

18 Finjan's effort to simply swap the title of the component with a more genericized phrase—but leaving

19 in the undisclosed functionality.  Dkt. 582 at 10-12. The Orders correctly strike this.

20 **1.      The Exemplary Paragraph Confirms The Appropriateness of the Remedy**

21             Finjan's "sleight of hand" (Dkt. 582 at 9) can be seen in the exemplary paragraph its motion

22 highlights from the Second Amended Report. Finjan contends ¶ 1510 was improperly struck because

23 the replacement language—"parameters to run the sample file or URL"—did not directly replace the

24 words "███████" or "███████." Rather, Finjan argues, the phrase in the Second Amended Report

25 replaced the previous phrase "preset configurations for the sandbox in Talos" in the First Amended

26 Report. Dkt. 672-4 at 3-4.

27             Finjan's argument ignores the history of its reports. The point of this paragraph in the Original

28 Report was to accuse "███████" and "███████," whose functionality was not disclosed in the

4

Operative Contentions.  The fact Finjan used 2 steps to make its replacement did not throw Judge van Keulen off the trail. As step 1, Finjan used the First Amended Report to replace "███████" and "███████" with "preset configurations for the sandbox in Talos" and "scripts" or "scripts to emulate certain user actions," while keeping the description of the undisclosed functionality of "███████" and "███████". Dkt. 558. Then, as step 2, Finjan's Second Amended Report changed the replacements phrases (from the First Amended Report) into "parameter to run the sample file or URL," again keeping the language describing the functionality. Ex. B.

Finjan's attempt to genericize its reports and retroactively swallow all possible allegations with "parameters to run the sample file or URL" is confirmed, as Judge van Keulen recognized, by the fact Finjan attempted to replace at least 5 different MPC theories with that same term: (i) ████████████████████████████████████████████████. Dkt. 582 at 13. Judge van Keulen properly rejected this. *Id.* Again, the ambiguity in what "parameters to run the sample file or URL" refers to, including in ¶ 1510, illustrates Cisco's earlier argument that Finjan's use of the phrase is so vague it is meaningless—which is prohibited by the case law.

Furthermore, Judge van Keulen appropriately struck paragraphs, such as ¶ 1510, that cite deposition testimony from Cisco's engineers because Finjan has improperly attributed its replacement language to Cisco engineers' testimony. For example, the Watchinski testimony cited in ¶ 1510 discusses ███████—not "parameters to run the sample file or URL." Ex. A. Finjan cannot rely on Cisco engineers' testimony in its expert reports  for the same reasons it could not amend its Operative Contentions to include functionality described by that testimony: Finjan waited too long to depose Cisco's witnesses, and Judge van Keulen and this Court denied Finjan leave to amend its contentions to accuse functionality that relied upon this testimony. Dkt. 274, 304.

## 2.  Finjan was Fully on Notice of the Relief Sought

Finally, Finjan complains "the Orders strike language from paragraphs that are relevant to Finjan's transmission-based theories." Mot. 5. In addition to being wrong on the merits, Finjan did not present this argument to Judge van Keulen. Dkt. 662 at 8. Finjan has no excuse for failing to timely raise this argument. Nor does this argument deserve attention from this Court, as Finjan expressly disclaimed any such theories at summary judgment. Dkt. 401 at 14; Dkt. 487 at 14-15, n.6.

5

1

2  Dated: July 20, 2020                      Respectfully submitted,

3

4                                            */s/ Nicole Grigg*
                                             D. Stuart Bartow
5                                            Nicole E. Grigg
                                             Duane Morris LLP
6                                            2475 Hanover Street
                                             Palo Alto, CA 94304-1194
7                                            Email: dsbartow@duanemorris.com
                                             Telephone: 650.847.4150
8                                            Facsimile: 650.847.4151

9                                            L. Norwood Jameson (admitted *pro hac vice*)
                                             Email: wjameson@duanemorris.com
10                                           Matthew C. Gaudet (admitted *pro hac vice*)
                                             Email: mcgaudet@duanemorris.com
11                                           David C. Dotson (admitted *pro hac vice*)
                                             Email: dcdotson@duanemorris.com
12                                           Jennifer H. Forte (admitted *pro hac vice*)
                                             Email: jhforte@duanemorris.com
13                                           1075 Peachtree Street, Ste. 2000
                                             Atlanta, GA 30309
14                                           Telephone: 404.253.6900
                                             Facsimile: 404.253.6901
15

16                                           Joseph A. Powers (admitted *pro hac vice*)
                                             Email: japowers@duanemorris.com
17                                           Jarrad M. Gunther (admitted *pro hac vice*)
                                             jmgunther@duanemorris.com
18                                           30 South 17th Street
                                             Philadelphia, PA 19103
19                                           Telephone: 215.979.1000
                                             Facsimile: 215.979.1020
20
                                             *Attorneys for Defendant*
21                                           CISCO SYSTEMS, INC.

22

23

24

25

26

27

28

CISCO'S RESPONSE TO FINJAN'S MOTION FOR RELIEF
CASE NO. 5:17-CV-00072-BLF