Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

*Additional attorneys on signature page*

Attorneys for Plaintiff
FINJAN, INC.

D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

*Additional attorneys on signature page*

Attorneys for Defendant
CISCO SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>　　　　　　Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**JOINT MOTION FOR LEAVE TO AMEND PROPOSED JOINT PRETRIAL STATEMENT**<br><br>Date: September 10, 2020<br>Time: 9:00 a.m.<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

1  I.      **INTRODUCTION**

2          Pursuant to Civil Local Rules 7-1 and 7-12 and Section IV.A.4 of this Court's Standing

3  Order Re Civil Cases, Plaintiff Finjan, Inc. ("Finjan") and Defendant Cisco Systems, Inc. ("Cisco")

4  jointly move this Court for leave to file an amended proposed joint pretrial statement limited to

5  minor supplementation of the parties' joint exhibit list, respective exhibit lists, and deposition

6  designations.  No other amendment or supplementation to the proposed joint pretrial statement is

7  requested at this time.  Good cause exists for the parties' requested leave.  First, the parties'

8  requested amendment includes supplements to exhibit lists and deposition designations that are

9  narrowly tailored in scope.  *See* Exhs. 1-4 (Appx. C-1, C-2, C-3, D).  Finjan, however, notes its

10  objection to Cisco's inclusion of proposed exhibits (Nos. 2843-2872) related to Finjan's recent

11  agreement to be acquired by Fortress Investment Group LLC affiliates CFIP Goldfish Holdings

12  LLC and CFIP Goldfish Merger Sub Inc. ("Fortress affiliates") as it has no relevance to any disputed

13  issue in the case and would cause undue prejudice to Finjan.  Second, the parties' requested

14  amendment is consistent with the Court's guidance at the May 26, 2020 status conference for the

15  parties to work together with respect to pretrial statement supplements.  And third, the timing of the

16  parties' joint motion for leave comes more than 11 weeks away from the start of trial, which is

17  currently slated to begin on October 19, 2020.  It further comes prior to the entry of a final joint

18  pretrial statement by the Court.  The parties therefore respectfully request that the Court grant them

19  leave to file an amended proposed joint pretrial statement.

20  II.     **BACKGROUND**

21          On April 16, 2020, the parties filed the proposed joint pretrial statement (Dkt No. 547) with

22  appendices that included the parties' joint exhibit list (Exh. 1 (Appx. C-1)), Finjan's exhibit list

23  (Exh. 2 (Appx. C-2)), Cisco's exhibit list (Exh. 3 (Appx. C-3)), and Finjan's deposition designations

24  (Exh. 4 (Appx. D)).  *See* Dkt No. 547-3-6, 547-8.  At the time the parties filed the proposed joint

25  pretrial statement, trial was scheduled to commence on June 1, 2020.  On April 30, 2020, the Court

26  held a pretrial conference with the parties in which the trial date was discussed in light of the ongoing

27  COVID-19 pandemic.  On May 1, 2020, the Court confirmed that the first day of trial will commence

28  on June 22, 2020, three weeks later than originally scheduled.  *See* Dkt No. 595 (Minute Entry).  On

May 15, 2020, Finjan filed a motion for leave to supplement its pretrial exhibit list.  *See* Dkt. No. 628.  On May 26, 2020, the Court held a status teleconference with the parties regarding trial in view of the ongoing COVID-19 pandemic resulting in trial being reset for October 19, 2020.  During the teleconference with respect to supplementation of the proposed joint pretrial statement, the Court urged the parties "to talk about it and see what you can work out so that it's just easier on everyone." Exh. 5 (05/26/2020 Hearing Tr. at 10:8-16).  In light of the Court's guidance, counsel for the parties diligently met and conferred on multiple occasions in accordance with Civil Local Rule 37-1(a) to discuss mutual supplementation, devising a schedule for accomplishing the requisite exchanges, and filing of the instant joint motion requesting leave.

Since the parties' May 26, 2020 status teleconference with the Court, Finjan announced that it was in the process of being acquired by CFIP Goldfish Holdings LLC and CFIP Goldfish Merger Sub Inc.  During the course of the parties' communications, Cisco asked Finjan, within days of the announced acquisition, to supplement under Federal Rule of Civil Procedure 26(e) its responses to certain discovery requests with information and/or documents regarding Finjan's then-pending acquisition.  During a meet and confer on this issue, Finjan informed Cisco, among other things, that any non-public information would likely be privileged.  Following this meeting and the exchange of additional written communications setting forth Cisco's position and Finjan's objections, Cisco informed Finjan that it would rely on the public documents and information related to the acquisition in order to avoid burdening this Court with a discovery dispute.  Exh. 6 (7/15/2020 E-mail Communication).  Cisco will shortly file a motion for leave to supplement Dr. Becker's damages report related to Fortress affiliates' acquisition of Finjan, which will address how the acquisition is relevant, good cause for the supplement, and the lack of prejudice to Finjan.  Finjan intends to oppose Cisco's motion for leave to supplement Dr. Becker's report.

It is Finjan's position, which was previously communicated to Cisco, that any information regarding this acquisition, including publicly available information, is irrelevant to any of the pending claims or defenses at issue and is unduly prejudicial to Finjan.  It is further Finjan's position that, to the extent Cisco alleges that this acquisition is relevant to its damages position, it is not and would not have been a consideration of the parties at the hypothetical negotiation, nor would the

1  "book of wisdom" apply in light of the unprecedented effect of the ongoing COVID-19 global

2  pandemic on businesses.  Moreover, introduction of such facts now would unduly prejudice Finjan

3  as they stand to mislead the jury and potentially cause further delay in adjudicating this 3-year case.

4  Finjan thus objects to Cisco's inclusion of Ex. Nos. 2843-2872 in its proposed supplement to Exh.

5  3 (Appendix C-3) and will request briefing and a hearing on those objections should Cisco attempt

6  to admit them at trial.

7     It is Cisco's position, which was previously communicated to Finjan, that information

8  regarding this acquisition is highly relevant to damages, is well within the scope of the "book of

9  wisdom", and is not unduly prejudicial to Finjan.  These issues will be fully addressed in Cisco's

10  motion for leave, as referenced above.

11  **III.  GOOD CAUSE EXISTS FOR LEAVE TO AMEND THE PROPOSED PRETRIAL**

12  **STATEMENT**

13     To amend the proposed joint pretrial statement that was filed in accordance with the Court's

14  Scheduling and Standing Orders, the parties must demonstrate good cause and obtain leave of the

15  Court.  *See* J. Freeman Standing Order Re Civil Jury Trials at Section III.B.4; Fed. R. Civ. P. 16(b).

16  Good cause exists for the parties' requested leave to file an amended pretrial statement.  First, the

17  parties' requested amendment includes supplements that are narrowly tailored.  Courts often grant

18  requests for leave to amend pretrial statements where the proposed amendment is limited, such as

19  the case here.  *See, e.g., Xiong v. Lincoln Nat'l Life Ins. Co.*, NO. Civ. 2:08-345 WBS JFM, 2009

20  U.S. Dist. LEXIS 100786, *3-4, 6 (Oct. 16, 2009 E.D. Cal.) (granting motion to amend pretrial order

21  with limited supplement to exhibit list).  The parties' supplemental joint exhibit list identifies the

22  five patents-in-suit in an effort to promote efficiency at trial.  Exh. 1 (Appx. C-1).  Finjan's

23  supplemental exhibit list identifies 36 documents for affirmative use related to key issues in dispute

24  between the parties, such as Finjan's history, the relationship between Finjan and Cisco, damages,

25  and validity.  Finjan's proposed supplements to its exhibit list are Exhibit Nos. 1136-1171.[1]  Exh. 2

26  _____

27  [1] Finjan incorporates by reference its discussion of the relevance of these exhibits as stated in its

28  previous Motion for Leave to Supplement its Exhibit List (Dkt. No. 628).  Finjan further notes that

JOINT MOTION FOR LEAVE TO AMEND PROPOSED JOINT PRETRIAL STATEMENT

(Appx. C-2).  Cisco's supplemental exhibit list identifies 35 documents for affirmative use related to source code, non-infringement, damages, and Fortress affiliates' acquisition of Finjan.  Cisco's proposed supplements to its exhibit list are Exhibit Nos. 2838-2872.  Exh. 3 (Appx. C-3).  The parties have exchanged objections and objection responses to these supplemental exhibits.  Finjan has objected to each of Cisco's proposed exhibits related to Finjan's acquisition and reiterates such objections here, as discussed above.  In addition to supplemental exhibit lists, Finjan seeks to amend the proposed joint pretrial statement with a limited supplement to its deposition designations, which Cisco does not oppose.  *See* Exh. 4 (Appx. D).  Cisco presently does not seek to supplement its deposition designations.  The parties have further agreed to allow for the correction of scrivener's errors within the deposition designations that may be discovered as the parties are finalizing designations shortly before or during trial.

The parties' requested leave to file an amended pretrial statement is further supported by good cause as it is consistent with the Court's guidance at the May 26, 2020 status conference.  As the Court urged, the parties have worked diligently since the status conference to discuss the scope of their proposed supplements and to limit the scope of any disputes.  *See* Exh. 5 (05/26/2020 Hearing Tr. at 10:8-16).

Finally, good cause is further supported by the timing of the parties' joint motion for leave in view of the start of trial.  The parties request comes more than 11 weeks away from the start of trial, which is currently slated to begin on October 19, 2020.  *Cf. Insite Vision Inc. v. Sandoz, Inc.*, 783 F.3d 853, 864-65 (Fed. Cir. 2015) (affirming district court's denial of party's motion to modify a pretrial order when the motion was filed "on the eve of trial.").  The parties' request follows diligent efforts to amend the proposed joint pretrial statement in timely manner in an effort to alleviate any burden on the Court.  The timing of the parties' filing allows for sufficient time for the Court's consideration prior to any future status or pretrial conferences between the Court and the parties.  The parties' request also comes prior to the entry of a final pretrial statement by the Court,

---

if this motion is granted, its previous motion can be denied as moot, as set forth in the proposed order.

1  modifications of which are subject to a demonstration of "manifest injustice" under Fed. R. Civ. P.

2  16(e).  Courts routinely grant motions for leave to amend or supplement that come prior to the

3  Court's entry of a final pretrial order.  *See Hoffman v. Lassen Adult Det. Facility*, No. 2:15-cv-1558

4  JAM KJN P, 2018 U.S. Dist. LEXIS 42948, *3-5 (Mar. 15, 2018 E.D. Cal.) (granting Plaintiff's

5  request to supplement exhibit list when the exhibits were identified prior to the pretrial order being

6  issued).

7  **IV.    CONCLUSION**

8          The Court has not yet issued a final joint pretrial statement and the parties are 11 weeks away

9  from the first day of trial, October 19, 2020.  Moreover, the parties' request for leave to amend the

10  proposed joint pretrial statement is consistent with the Court's guidance for the parties to work

11  together regarding supplementation and presents narrowly tailored supplements to the proposed

12  joint pretrial statement.  The parties thus respectfully submit good cause exists and that their motion

13  for leave be granted.

14

15  Dated:  July 31, 2020                              Respectfully Submitted,

16                                                     FISH & RICHARDSON P.C.

17                                                     By: */s/ Megan A. Chacon*
18                                                     Juanita R. Brooks (CA SBN 75934)
                                                       brooks@fr.com
19                                                     Roger A. Denning (CA SBN 228998)
                                                       denning@fr.com
20                                                     Frank J. Albert (CA SBN 247741)
                                                       albert@fr.com
21                                                     Megan A. Chacon (CA SBN 304912)
                                                       chacon@fr.com
22                                                     K. Nicole Williams (CA SBN 291900)
23                                                     nwilliams@fr.com
                                                       Oliver J. Richards (CA SBN 310972)
24                                                     ojr@fr.com
                                                       Jared A. Smith (CA SBN 306576)
25                                                     jasmith@fr.com
26                                                     Tucker N. Terhufen (CA SBN 311038)
                                                       terhufen@fr.com
27                                                     12390 El Camino Real, Suite 100
                                                       San Diego, CA 92130
28                                                     Phone: (858) 678-5070 / Fax: (858) 678-5099

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Aamir Kazi (Admitted *Pro Hac Vice*)
kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

Dated:  July 31, 2020

Respectfully Submitted,

DUANE MORRIS LLP

By: */s/ Alice E. Snedeker*
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email:  wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email:  mcgaudet@duanemorris.com
Robin L. McGrath (admitted *pro hac vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email:  dcdotson@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email:  jhforte@duanemorris.com
Alice E. Snedeker (admitted *pro hac vice*)
Email: aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.


/s/ Megan A. Chacon
chacon@fr.com

JOINT MOTION FOR LEAVE TO AMEND PROPOSED JOINT PRETRIAL STATEMENT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 31, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Megan A. Chacon*
chacon@fr.com