**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone:  +1 650 847 4146
Fax:  +1 650 523 4780
Telephone: 415.957.3000
Facsimile: 415.957.3001

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S RENEWED MOTION IN LIMINE NO. 4 RE EVIDENCE AND ARGUMENTS PERTAINING TO THE '633 PATENT** |

**REDACTED**

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff Finjan, Inc. | Finjan or Plaintiff |
| Defendant Cisco Systems, Inc. | Cisco or Defendant |
| Order Granting in Part and Denying in Part Cisco's Motion for Partial Summary Judgment of Non-Infringement (Dkt. 487) | MSJ Order |
| Excerpts from Appendix C1 from Finjan's operative infringement contentions dated November 30, 2017 | Ex. A |
| Excerpts from Appendix C3 from Finjan's operative infringement contentions dated November 30, 2017 | Ex. B |
| Amended Expert Report of Nenad Medvidovic, Ph.D. Regarding Infringement of Cisco Systems, Inc. of Patent No. 7,647,633 | Ex. C |
| Declaration of Nicole Grigg in Support of Defendant Cisco Systems, Inc.'s Renewed Motions in Limine No. 4 | Grigg Decl.[1] |

---

[1] Unless otherwise specified, all exhibits refer to those attached to the Grigg Decl.

As the Court directed, Cisco refiles its Motion in Limine No. 4, seeking to exclude any evidence or argument relating to alleged infringement of the '633 Patent because there are no surviving components that Finjan accused of meeting the "mobile protection code" (MPC) requirement of the '633 Patent.  Dkt. 640 at 19-20.  This renewed motion is ripe in view of the March 20, 2020 Order Granting in Part Cisco's Motion for Partial Summary Judgment of Non-Infringement, and the August 4, 2020 Order denying Finjan's motion for relief from Judge van Keulen's April 28 and June 11 Orders granting Cisco's motion to strike.  As further explained below, the Court has now struck all seven components alleged by Finjan to be MPC:  four through summary judgment, and the remaining three because they were not disclosed in Finjan's operative infringement contentions.  In sum, there is no evidence of MPC in the case.  Dkt. 419 at 120:6-11 (directing Finjan to ask Judge van Keulen to "allow a substitution from something from the contentions to go to the jury in place of all of the arguments [for these theories] … because *otherwise they have provided me no evidence*.").  However, despite Finjan losing repeated motions on this issue, Finjan asserted in the meet-and-confer for this motion that it can still present evidence of MPC based on the three theories that survived summary judgment if it does not use the specifically stricken words.  In other words, Finjan's reaction to this entire series of motions is that it was much ado about nothing, and it can continue to assert theories outside its operative infringement contentions.  Finjan is wrong.

**Background**.  Cisco moved for summary judgment that none of its accused products had the MPC of claim 14 (the only asserted claim), including the requirements that MPC "is executable" and "monitors or intercepts code operations".  *See* MSJ Order at 15.  Cisco argued there was no MPC at all, including the theory in which alleged MPC was transmitted to a sandbox, and the theory that alleged MPC was already resident at a sandbox. Dkt. 377-25 at 11-17. The burden shifted to Finjan to come forward with any evidence of MPC.  *Novatek, Inc. v. Sollami Co.,* 599 F. App'x 1101, 1022 (Fed. Cir. 2014) ("Where a defendant seeks summary judgment of non-infringement, 'nothing more is required than the filing of a . . . motion stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused [products] did not meet the claim limitations.' [] The burden of production then shifts to the patentee to 'identify genuine issues that preclude summary judgment.'") (citations omitted).  Faced with this burden, Finjan expressly abandoned any theory that

1  MPC was satisfied by items transmitted to the sandbox from another device. Dkt. 487 at 15 ("While
2  Finjan disagrees with Cisco's arguments regarding APIs, it is irrelevant because Finjan has not
3  identified RESTful APIs as MPC and what Finjan identified as MPC is discussed in detail
4  below."). The only things that Finjan "discussed in detail below" in its Opposition were the seven
5  alleged MPC components discussed in the MSJ Order. *Id.* This Court confirmed that the "dispute at
6  summary judgment is limited to the Cisco items Finjan has identified as MPC (namely: ▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ – all
8  components of Threat Grid and ▓▓▓▓▓▓.)" MSJ at 15; Opp'n at 14; Order (Dkt. 487) at 14-15.
9  The Court confirmed Finjan's abandonment of the allegation MPC was transmitted to a sandbox. *Id.*
10 at 15 n.6. At the same time, there was an ongoing dispute about whether Finjan had disclosed the
11 seven alleged MPC components in its Operative Contentions. The Court already struck the actual
12 code names (e.g., ▓▓▓▓▓▓) from Finjan's report because they were not in the Operative
13 Contentions and the Court denied Finjan leave to add them. Dkt. 274, 304. The remaining question
14 was whether Finjan disclosed the *functionality* of those items, such that it could continue to assert
15 them (without using codenames) through its experts, as the Court explained:

16 > Accordingly, the Court decides on Cisco's motion for summary judgment under the
17 > assumption that the codenames used in the expert reports (and the parties' briefing) have a
18 > corresponding functionality in the infringement contentions and thus, are still in the case.

19 Dkt 487 at 4.  On March 20, 2020, this Court granted Cisco summary judgment as to 4 of the 7 alleged
20 MPC components, leaving only 3: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 487 at
21 15. Then, both Judge van Keulen and this Court struck those three alleged MPC components because
22 their corresponding functionalities were not in the Operative Contentions. 8/4/20 Order at 2-3 ("The
23 Court has carefully reviewed the record and concludes that the briefing and hearing transcript
24 regarding Cisco's Motion to Strike clearly shows that Cisco met its burden by showing why the
25 functionalities for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,' – the disputed terms identified in
26 expert report that survived summary judgment – were not disclosed in the operative infringement
27 contentions. . . . On the heels of this extensive motion practice, Finjan was well-aware that it was
28

1  required to show that the functionality of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ were
2  disclosed in the operative infringement contentions. Finjan failed to do so.").

**Literal Infringement**.  Based on the process the Court set forth at summary judgment, Finjan cannot present evidence of literal infringement.  Cisco requested that Finjan so stipulate per the 8/4/20 Order, but Finjan refused. Instead, Finjan now tries to rewrite the six Orders by latching onto the language in the 8/4/20 Order that "No theory of infringement was stricken, only the replacement language for the disallowed terms was stricken." 8/4/20 Order at 5. Finjan contends that this sentence means Finjan can proceed to trial against the three items that survived summary judgment and accuse their functionality based on other portions of the expert report, so long as it chooses its words carefully. Finjan has mischaracterized the Court's Order.  The Court *already precluded* Finjan from using the codenames of the three surviving components in the Court's 7/17/19 Order, which already issued at the time the summary judgment hearing, but Finjan had not yet substituted a new expert report.  The question in the recent motion was whether the Operative Contentions described the same *functionality* (not using the codenames), such that Finjan could supply the Court with summary judgment evidence through replacement language from its Operative Contentions that captured the same functionality as the struck codenames.  Per the sentence on which Finjan now relies, that functionality is precisely what was struck, leaving nothing to support the three components that survived summary judgment. As the Court described, the background was Finjan's argument that Judge van Keulen struck "language directed to a theory Cisco admitted was disclosed in Finjan's infringement contentions" – specifically, the "transmission-based theory." Order at 4.  The Court found that Finjan "mischaracterize[d] Judge van Keulen's Orders" precisely because Judge van Keulen did what is described above – she determined there was no corresponding functionality in the Operative Contentions for the three MPC components that survived summary judgment.  .

Finjan also suggested in the meet-and-confer it has some unidentified language in its 3,000 pages of reports on the '633 Patent that actually corresponds to the functionality of three components that survived summary judgment – but that was exactly the motion Finjan just fought and lost, for the sixth time.  In essence, Finjan wants a do-over on the entire summary judgment process. But it is too late; the Court has definitively ruled that Finjan failed to disclose functionally corresponding to the

three components that conditionally survived summary judgement. It would be highly prejudicial to Cisco to allow Finjan to use its experts to perform some Jedi-mind-trick to offer up a new infringement theory on the '633 Patent on this record.  The Court should grant Cisco's MiL on direct infringement.

**Doctrine of Equivalents (DOE).**  The Court's striking of Finjan's infringement theories from its expert report applies equally whether a component is accused for literal infringement or DOE:  the disclosure requirements applied equally, and the striking of the theories applies equally. Accordingly, the Court should also grant this motion with respect to DOE for the MPC element for two reasons:  (1) the Court struck all seven components on which Finjan opposed summary judgment; and (2) the Operative Contentions did not disclose any DOE theory.

1. No DOE Theory Survived the Motions.  As of the summary judgment proceedings, Finjan asserted infringement – whether literal or under DOE – based only on the seven components Finjan identified at the sandbox.  Far from arguing that a "transmission to the sandbox" theory remained at summary judgment, Finjan represented to the Court that no theories existed in its expert report asserting infringement based on the transmission of something to the sandbox.  Dkt. 400-4 at 13; Dkt 487 Order at 14-15 & n.6.  Thus, the '633 case regarding MPC was reduced to the 7 components that already existed at the sandbox.  *Id.*  Then, even after the Court granted summary judgment on four of those seven components, Cisco still moved to strike all seven (including the four for which no literal infringement was found) to "ensure[] that Finjan does not attempt to use DOE to revive the other four components." Dkt. 491-4 at 7.  In its opposition to the motion to strike, Finjan addressed only the surviving 3 components.  Judge van Keulen confirmed the "parties agree that Finjan's proposed amendments to the Medvidovic report that relate to the other [four] terms relied on by Finjan in opposition to summary judgment are now moot," a point that Finjan did not contest in its motion for reconsideration to Judge van Keulen or in its motion for relief to this Court.  Dkt. 582 at 8.  Thus, Finjan did not ask Judge van Keulen to "allow a substitution from something from the contentions to go to the jury in place of" those four component names.  Instead, Finjan agreed (and the Court confirmed) the issue was moot as to those four components.  Accordingly, those four components and their functionalities are out of the case for all purposes.

2. No Disclosure in the Operative Contentions.  Finjan's concession on DOE was for a good

reason: Finjan's Operative Infringement Contentions (and its expert reports) have no disclosure of any specific component or any specific theory relating to DOE. The invocation of DOE does not excuse a plaintiff from the burden of identifying a specific component that satisfies a claim element. Quite the opposite; DOE adds an *additional* burden of showing that the specifically-identified component is equivalent to whatever requirement of the claim is literally absent (e.g., the "executable" element of MPC). *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed. Cir. 1995) ("Only if an accused product contains specific structure which meets all limitations of an asserted claim directed to structure, at least equivalently, can that product infringe under the doctrine of equivalents."); *CSR Tech., Inc. v. Freescale Semiconductor*, No. C-12-02619 RS (JSC), 2013 U.S. Dist. LEXIS 17502, at *27 (N.D. Cal. 2/18/13) (insufficient to have language that "merely references the entire Accused Products, rather than discrete components, as the equivalent structure that accomplishes the claimed function"). Accordingly, to use DOE, the Operative Contentions (and then the expert report) would have needed to provide a specific accusation against a component of the accused products (as with literal infringement), and then <u>also</u> would have needed to show why that component is equivalent to the requirements of the claimed MPC. Dkt. 487 at 21-23. No such thing exists in the Operative Contentions (which is why Finjan did not even fight the motion to strike as to the other four components). The entirety of the '633 DOE analysis is the same in each chart of Finjan's Operative Contentions for each accused product, with the only difference being a substitution of the product name. For example, the DOE analysis for the MPC element in Finjan's AMP for Network contentions (C1) for claim 14 is highlighted in Ex. A. The ThreatGrid chart (C3) just substitutes "ThreatGrid" for "AMP for Networks." Ex. B.

The assertions for DOE in all of Finjan's '633 expert reports basically copy-and-paste these contentions). Ex. C (Amended Medvidovic Report at ¶¶ 4340-43 (DOE analysis of claim element 14(d) for Threat Grid) and ¶¶ 4498-4501 (for AMP Gateway/Cloud Products with Cisco Sandboxes). These assertions are so short and generic – referring only to packaging some unspecified "code" with the downloadable information – that they do not offer a specific DOE theory as to any specific infringement allegation pertaining to any of the seven components Finjan accuses as MPC. For example, MPC must be "executable," but the word "executable" does not exist in the DOE contentions.

Dated:  August 11, 2020

Respectfully submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg
D. Stuart Bartow
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304-1194
Email: negrigg@duanemorris.com
Email: dsbartow@duanemorris.com
Telephone:  650.847.4146
Facsimile:  650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email:  wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email:  mcgaudet@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email:  dcdotson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email:  jhforte@duanemorris.com
Alice E. Snedeker
Email: aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.