1
2
3
4
5
6
7
8
9
10
11

Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

*Additional attorneys on signature page*

Attorneys for Plaintiff
FINJAN, INC.

D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

*Additional attorneys on signature page*

Attorneys for Defendant
CISCO SYSTEMS, INC.

12
13
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

15
16
17
18
19
20
21

FINJAN, INC., a Delaware Corporation,

Plaintiff,

v.

CISCO SYSTEMS, INC. a California
Corporation,

Defendant.

Case No.:   5:17-cv-00072-BLF-SVK

**[PROPOSED] AMENDED JOINT
PRETRIAL STATEMENT AND
ORDER**

Date:      TBD
Time:      1:30 pm
Place:     Courtroom 3, 5th Floor
Judge:     Hon. Beth Labson Freeman

22
23
24
25
26
27
28

Pursuant to Judge Freeman's Standing Order re Civil Jury Trials, the Court's rulings during the April 30, 2020 Pretrial Conference, and the Court's August 3, 2020 Order (Dkt. No. 684), Plaintiff Finjan, Inc. ("Finjan") and Defendant Cisco Systems, Inc. ("Cisco") (collectively, "Parties") hereby submit the Amended Joint Pretrial Statement and Order.

## I.    THE ACTION

### A.    The Parties

The Parties to this action are Finjan, a Delaware corporation with its principal place of business at 2000 University Ave., Ste. 600, East Palo Alto, California 94303, and Cisco, a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

### B.    Substance of the Action

This is an action for patent infringement, and the jurisdiction of the court arises under the Patent Act, 35 U.S.C. § 271 et seq.

Finjan alleges that Cisco directly infringes pursuant to 35 U.S.C. § 271(a) the following U.S. patents:

- U.S. Patent No. 6,154,844 ("the '844 Patent"), entitled "System and Method for Attaching a Downloadable Security Profile to a Downloadable";
- U.S. Patent No. 8,677,494 ("the '494 Patent"), entitled "Malicious Mobile Code Runtime Monitoring System and Methods";
- U.S. Patent No. 6,804,780 ("the '780 Patent"), entitled "System and Method for Protecting a Computer and Network from Hostile Downloadables";
- U.S. Patent No. 7,647,633 ("the '633 Patent"), entitled "Malicious Mobile Code Runtime Monitoring System and Methods";
- U.S. Patent No. 8,141,154 ("the '154 Patent"), entitled "System and Method for Inspecting Dynamically Generated Executable Code."

Collectively, these patents are referred to as the "Asserted Patents." Finjan alleges infringement of the following 13 claims (collectively referred to as the "Asserted Claims")

| Patent | Asserted Claims |
|---|---|
| the '844 Patent | 1, 7, 15, and 43 |

1

| Patent | Asserted Claims |
|---|---|
| the '494 Patent | 10, 11, 14, and 15 |
| the '780 Patent | 9 and 13 |
| the '633 Patent | 14 |
| the '154 Patent | 1 and 3 |

To the extent Cisco claims it does not practice any specific element literally, Finjan has asserted that Cisco directly infringes certain elements of the Asserted Claims of the '844, '494, and '633 Patents under the doctrine of equivalents.

Finjan alleges that the following Cisco products, methods and/or services (referred to collectively as "Accused Products") infringe, either literally or under the doctrine of equivalents (as limited above for the doctrine of equivalents), one or more of the Asserted Claims of one or more of the Asserted Patents, as shown in the chart below:

| Accused Products | '844 | '780 | '633 | '154 | '494 |
|---|---|---|---|---|---|
| AMP for Networks <br> • AMP for ASA with Firepower <br> • AMP for NGFW <br> • AMP for NGIPS | x | x | x | | x |
| AMP for CWS | x | x | x | | x |
| AMP for ESA | x | x | x | | x |
| AMP for WSA | x | x | x | | x |
| AMP for Meraki | x | x | x | | x |
| AMP for Endpoints | | x | | | x |
| ThreatGRID appliance or subscription <br> • in combination with AMP products | x | x | x | | x |
| ThreatGRID appliance or subscription <br> • alone or in combination with Talos | x | x | x | | x |
| Talos | x | x | x | | x |

| | | | | | |
|---|---|---|---|---|---|
| • in combination with AMP products | | | | | |
| ESA Outbreak Filters | | | | x | |

As an initial matter, Cisco disagrees with Finjan's representation of the products it may accused of infringing the Asserted Patents in view of the Court's orders in this case.  Cisco believes the below table represents the accused products by patent:

'844 Patent

- AMP for Networks
- AMP for CWS
- AMP for ESA
- AMP for WSA
- AMP for Meraki
- ThreatGRID

'494 Patent

- AMP for Networks
- AMP for CWS
- AMP for ESA
- AMP for WSA
- AMP for Meraki
- AMP  for Endpoints
- ThreatGRID

'780 Patent

- AMP for Networks
- AMP for CWS
- AMP for ESA
- AMP for WSA
- AMP for Meraki

| |
|---|
| • AMP  for Endpoints |
| '633 Patent |
| • Threat Grid alone or in combination with Talos sandbox |
| '154 Patent |
| • ESA Outbreak Filters |

Cisco also denies that it has in the past infringed any of the Asserted Claims of the Asserted Patents, either literally or through the doctrine of equivalents, denies that it literally infringes the one Asserted Patent that has not yet expired (the '154 Patent, for which Finjan has not asserted infringement under the doctrine of equivalents), and denies that Finjan is entitled to any damages or an injunction.  Cisco also contends that the Asserted Claims of the Asserted Patents are invalid based upon one or more of the following: lack of patentable subject matter, anticipation, obviousness, and written description. Specifically, Cisco alleges that:

- the Asserted Claims of the Asserted Patents are invalid for lack of a written description[1];

- the asserted claims if the '780 and '494 Patents are invalid for lack of patentable subject matter;

- the asserted claims of the '154 Patent are invalid based upon obviousness in view of the combination of Chander[2] and Sirer,[3] of Khazan[4] and Sirer, and obviousness in view of Shipp[5];

---

[1]  Cisco's Section 112 contentions are the subject of Finjan's pending motion in limine.

[2]  Chander et al., "Mobile Code Security by Java Bytecode Instrumentation" ("Chander").

[3]  U.S. Patent No. 5,623,600 ("Ji 600").

[4]  U.S. Patent Application Publication No. 2005/0108562 ("Khazan").

[5]  U.S. Patent No. 7,487,540 ("Shipp")

- the asserted claims of the '780 Patent are invalid based upon obviousness in view of Atkinson,[6] the combination of Atkinson and Kirtland,[7] the combination of Atkinson and Ji 348,[8] and the combination of Waldo[9] and Ji 348;

- the asserted claims of the '494 Patent are invalid based upon anticipation and/or obviousness in view of Zwienenberg,[10] obviousness in view of Swimmer,[11] of Testbed,[12] the combination of Swimmer and Zwienenberg, and the combination of Testbed and Zwienenberg;

- the asserted claims of the '844 Patent are invalid based upon obviousness in view of Zwienenberg, the combination of Feigenbaum[13] and Zwienenberg, the combination of ThunderBYTE[14] and Zwienenberg, the combination of Feigenbaum and ThunderBYTE[15], and the combination of Ji 600[16] and Zwienenberg.

Cisco previously alleged that the '494 Patent is unenforceable due to inequitable conduct occurring during the prosecution thereof, but solely in the interests of streamlining issues in preparation for

---

[6]   U.S. Patent No. 5,892,904 ("Atkinson")

[7]   "Safe Web Surfing with the Internet Component Download Service" ("Kirtland").

[8]   U.S. Patent No. 5,983,348 ("Ji 348").

[9]   U.S. Patent No. 5,815,709 ("Waldo").

[10]   Zwienenberg, "Heuristic Scanners: Artificial Intelligence?" ("Zwienenberg").

[11]   Swimmer et al., "Dynamic Detection and Classification of Computer Viruses Using General Behaviour Patterns," ("Swimmer").

[12]   Crawford et al., "A Testbed for Malicious Code Detection: A Synthesis of Static and Dynamic Analysis Techniques," ("Testbed").

[13]   Feigenbaum et al., "Trust Management and Proof-Carrying Code in Secure Mobile-Code Applications" ("Feigenbaum").

[14]   ThunderBYTE Anti-Virus Utilities ("ThunderBYTE").

[15]   ThunderBYTE and Feigenbaum are the subject of Finjan's pending motion in limine.

[16]   U.S. Patent No. 5,623,600 ("Ji 600").

trial, is hereby withdrawing that allegation.  Further, this case is exceptional under 35 U.S.C. § 285, and Cisco seeks its fees and expenses thereunder and any other relief the Court deems appropriate.

**C.     Relief Sought**

Finjan's Position

As set forth in Finjan's Second Amended Complaint and Rule 26(a)(1) disclosures, Finjan seeks, among other relief, monetary and equitable relief.  Finjan is seeking no less than a reasonable royalty for Cisco's infringement and, separately, injunctive relief for future infringement.  Finjan also seeks an accounting of past damages for infringement up to the date of the payment, along with prejudgment and post-judgment interest.  In addition, upon a finding of willful infringement, Finjan further seeks enhanced damages up to the statutorily permissible trebling of damages, as well as attorney's fees and costs. Finjan's Second Amended Complaint identifies the following points of relief:

- an entry of judgment that the Asserted Claims are valid;
- an entry of judgment that Cisco has infringed the Asserted Patents and is infringing the '154 Patent;
- an injunction to enjoin Cisco and those in privity with Cisco from infringing the '154 Patent;
- an award of damages in the form of a reasonable royalty;
- a finding that Cisco's infringement has been willful, wanton, and deliberate and that Finjan is entitled to trebled damages on this basis;
- a finding the case is exceptional;
- an award of Finjan's costs and reasonable attorneys' fees permitted under 35 U.S.C. § 285;
- an accounting of Cisco's infringing sales and revenues, along with prejudgment and post-judgment interest from the first date of infringement to the present; and
- any further relief that the Court may deem proper and just.

Cisco's Position

Cisco denies that it has infringed or is infringing any of the Asserted Patents, and Finjan is not entitled to any of its requested relief. To the extent that any Cisco products are found to infringe any valid claim of the Asserted Patents, Cisco further denies that Finjan is entitled to its requested damages and an accounting. Specifically, Finjan has failed to carry its burden of an appropriate reasonable royalty in this matter, and the damages it does seek do not comply with Federal Circuit law relating to the calculation of reasonable royalty damages. Cisco also denies that Finjan is entitled to recover foreign sales or worldwide damages and that Finjan is entitled to injunctive relief as to the '154 Patent, particularly because Finjan presently makes no products that practice the '154 Patent and Finjan's requested reasonable royalty award would cover any alleged future infringement. Further, the parties have agreed that the question of whether or not an injunction is warranted as to the '154 Patent is an issue for the Court, not the jury, as set forth in Section VII. Cisco seeks the following relief:

- A judgment that Cisco does not infringe, directly, contributorily, by inducement, or under the doctrine of equivalents, any of the Asserted Claims of the Asserted Patents.

- A judgment that the asserted claims of the '780 and '494 Patents are invalid under § 101.

- A judgment that the asserted claims of the '154, '780, '494, and '844 Patents are invalid under § 102 or 103.

- A judgment that the Asserted Claims of the Asserted Patents are invalid under § 112.

- A judgment that Finjan is not entitled to any damages pursuant to at least 35 U.S.C. §§ 286 and 287 and 28 U.S.C. § 1498.

- A judgment that Finjan is not entitled to an injunction;

- A judgment that this is an "exceptional case" and an award of Cisco's reasonable attorneys' fees, expenses, and costs in this action under § 285.

**D.  Federal Jurisdiction and Venue**

The Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and

1338(a).  Jurisdiction and venue are not disputed.

II.      **FACTUAL BASIS OF THE ACTION**

   A.      **Undisputed Facts**

   1.      Finjan is a Delaware corporation with its principal place of business at 2000 University Ave., Ste. 600, East Palo Alto, California 94303.

   2.      Cisco is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

   3.      Finjan is the record owner of the Asserted Patents.

   4.      Finjan filed the Complaint with the Asserted Patents on January 6, 2017.

   5.      The patent application for the '844 Patent was filed on December 22, 1997.

   6.      Shlomo Touboul and Nachson Gal are listed as inventors on the '844 Patent.

   7.      The '844 Patent issued on November 28, 2000.

   8.      The '844 Patent expired on January 29, 2017.

   9.      The patent application for the '780 Patent was filed on March 30, 2000.

   10.     Shlomo Touboul is listed as an inventor on the '780 Patent.

   11.     The '780 Patent issued on October 12, 2004.

   12.     The '780 Patent expired on November 6, 2017.

   13.     The patent application for the '633 Patent was filed on June 22, 2005.

   14.     Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul are listed as inventors on the '633 Patent.

   15.     The '633 Patent issued on January 12, 2010.

   16.     The '633 Patent expired on November 8, 2019.

   17.     The patent application for the '154 Patent was filed on June 14, 2010.

   18.     David Gruzman and Yuval Ben-Itzhak are listed as inventors on the '154 Patent.

   19.     The '154 Patent issued on March 20, 2012.

   20.     The '154 Patent expires on December 12, 2025.

   21.     The patent application for the '494 Patent was filed on November 7, 2011.

   22.     Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul

1    are listed as inventors on the face of the '494 Patent.

2    23.    The '494 Patent issued on March 18, 2014.

3    24.    The '494 Patent expired on January 29, 2017.

4    25.    Cisco acquired Sourcefire in October of 2013.

5    26.    Cisco acquired ThreatGRID in June of 2014.

6    27.    The date of the hypothetical negotiation for damages is between 2012 and 2014

7           without impacting the outcome of the negotiation.

8    **B.     Disputed Facts**

9    1.     The priority date of the '844 Patent.

10   2.     The priority date of the '780 Patent.

11   3.     The date of conception for the Asserted Claims of the '494 Patent.

12   4.     The date of reduction to practice of the Asserted Claims of the '494 Patent.

13   5.     The priority date of the '494 Patent.

14   6.     Whether the patent application for the '154 Patent was published on September 30,

15          2010 as US 2010/0251373 A1

16   7.     Whether the operation of the Cisco accused products infringes any of the Asserted

17          Claims of the Asserted Patents, either literally or through the doctrine of equivalents;

18   8.     Whether Cisco infringes any of the Asserted Claims of the Asserted Patents, either

19          literally or through the doctrine of equivalents;

20   9.     Whether there is a lack of a written description in the Asserted Patents that renders

21          them invalid under 35 U.S.C. § 112;

22   10.    Whether there is a lack of patentable subject matter claimed in the '780 and '494

23          Patents that renders them invalid under § 101;

24   11.    Whether the combination of Chander and Sirer renders obvious the asserted claims

25          of the '154 Patent pursuant to 35 U.S.C. § 103;

26   12.    Whether the combination of Khazan and Sirer renders obvious the asserted claims

27          of the '154 Patent pursuant to 35 U.S.C. § 103;

28

13.     Whether Shipp renders obvious the asserted claims of the '154 Patent pursuant to 35 U.S.C. § 103;

14.     Whether Atkinson renders obvious the asserted claims of the '780 Patent pursuant to 35 U.S.C. § 103;

15.     Whether the combination of Atkinson and Kirtland renders obvious the asserted claims of the '780 Patent pursuant to 35 U.S.C. § 103;

16.     Whether the combination of Atkinson and Ji 348 renders obvious the asserted claims of the '780 Patent pursuant to 35 U.S.C. § 103;

17.     Whether the combination of Waldo and Ji 348 renders obvious the asserted claims of the '780 Patent pursuant to 35 U.S.C. § 103;

18.     Whether Zwienenberg anticipates the asserted claims of the '494 Patent pursuant to 35 U.S.C. § 102;

19.     Whether Zwienenberg renders obvious the asserted claims of the '494 Patent pursuant to 35 U.S.C. § 103;

20.     Whether Swimmer renders obvious the asserted claims of the '494 Patent pursuant to 35 U.S.C. § 103;

21.     Whether Testbed renders obvious the asserted claims of the '494 Patent pursuant to 35 U.S.C. § 103;

22.     Whether the combination of Swimmer and Zwienenberg renders obvious the asserted claims of the '494 Patent pursuant to 35 U.S.C. § 103;

23.     Whether the combination of Testbed and Zwienenberg renders obvious the asserted claims of the '494 Patent pursuant to 35 U.S.C. § 103;

24.     Whether Zwienenberg renders obvious the asserted claims of the '844 Patent pursuant to 35 U.S.C. § 103;

25.     Whether the combination of Feigenbaum and Zwienenberg renders obvious the asserted claims of the '844 Patent pursuant to 35 U.S.C. § 103;

26.     Whether the combination of ThunderBYTE and Zwienenberg renders obvious the asserted claims of the '844 Patent pursuant to 35 U.S.C. § 103;

27.   Whether the combination of Feigenbaum and ThunderBYTE renders obvious the asserted claims of the '844 Patent pursuant to 35 U.S.C. § 103;

28.   Whether the combination of Ji 600 and Zwienenberg renders obvious the asserted claims of the '844 Patent pursuant to 35 U.S.C. § 103;

29.   Whether any non-infringing alternatives to the Asserted Patents were available to Cisco;

30.   Whether damagers start on January 6, 2017, the day that Finjan filed its complaint, if Cisco is found to infringe any of the Asserted Claims of a valid Asserted Patent.[17]

31.   The amount adequate to compensate Finjan for Cisco's infringement of any Asserted Claim of any valid Asserted Patent if Cisco is found to infringe any Asserted Claim of any valid Asserted Patent;

32.   Whether Cisco knew or should have known that its conduct involved an unreasonable risk of infringement of Finjan's Asserted Patents, and recklessly disregarded Finjan's patent rights.

## III.   DISPUTED LEGAL ISSUES

1.   Whether Cisco infringes, literally or under the doctrine of equivalents, Claims 1, 7, 15, and 43 of the '844 patent under 35 U.S.C. § 271(a).

2.   Whether Finjan is precluded from arguing that Cisco infringes the '844 Patent under the doctrine of equivalents as a result of prosecution history estoppel.

3.   Whether Cisco infringes, literally or under the doctrine of equivalents, Claims 10, 11, 14 and 15 of the '494 patent under 35 U.S.C. § 271(a).

4.   Whether Cisco infringes, literally, Claims 9 and 13 of the '780 patent under 35 U.S.C. § 271(a).

---

[17]   Cisco contends that the damages start date is January 6, 2017, if it is found to infringe any of the Asserted Claims of a valid Asserted Patent, pursuant to the Court's Order on Cisco's Partial Motion for Summary Judgment (Dkt. 487).  Finjan contends that pursuant to the Court's Order on Cisco's Partial Motion for Summary Judgment (Dkt. 487), and for purposes of this trial only, the start date of damages is the filing of the initial complaint on January 6, 2017.  Finjan preserves all appeals with respect to this issue.

5.      Whether Cisco infringes, literally or under the doctrine of equivalents, Claim 14 of the '633 patent under 35 U.S.C. § 271(a).

6.      Whether Cisco infringes, literally, Claims 1 and 3 of the '154 patent under 35 U.S.C. § 271(a).

7.      Whether the Atkinson, Ji 348, and Kirtland references relied upon by Cisco qualify as prior art to the '780 Patent under 35 U.S.C. § 103.

8.      Whether the Chander and Sirer references relied upon by Cisco qualify as prior art to the '154 Patent under 35 U.S.C. § 103.

9.      Whether the Zwienenberg, Testbed, and Swimmer references relied upon by Cisco qualify as prior art to the '494 Patent under 35 U.S.C. §§ 102 and/or 103.

10.     Whether the Zwienenberg, Feigenbaum, and ThunderBYTE references relied upon by Cisco qualify as prior art to the '844 Patent under 35 U.S.C. § 103.

11.     Whether Claims 1, 7, 15, and 43 of the '844 Patent are invalid under 35 U.S.C. §§ 103 and 112[18].

12.     Whether Claims 10, 11, 14, and 15 of the '494 Patent are invalid under either 35 U.S.C. §§ 101, 102, 103, and 112[19].

13.     Whether Claims 9 and 13 of the '780 Patent are invalid under 35 U.S.C. §§ 101, 103, and 112[20].

14.     Whether Claims 1 and 3 of the '154 Patent are invalid under 35 U.S.C. §§ 103 and 112[21].

15.     Whether Claim 14 of the '633 Patent is invalid under 35 U.S.C. § 112[22].

16.     Whether Finjan is entitled to any damages, including worldwide damages arising

---

[18]  Cisco's Section 112 theories are the subject of Finjan's pending motion in limine.

[19]  *Id.*

[20]  *Id.*

[21]  *Id.*

[22]  *Id.*

1    from foreign sales, if Cisco is found to infringe any Asserted Claim of any valid

2    Asserted Patent.

3    17.    Whether Finjan is entitled to a finding that Cisco's infringement is willful, wanton,

4    and deliberate and that Finjan is entitled to trebled damages on this basis if Cisco is

5    found to infringe any Asserted Claim of any valid Asserted Patent.

6    18.    Whether Finjan is entitled to a judgment and order that this is an exceptional case

7    within the meaning of 35 U.S.C. § 285 and awarding Finjan its costs, enhanced

8    damages, and reasonable attorneys' fees, if Cisco is found to infringe any Asserted

9    Claim of any valid Asserted Patent.

10   19.    Whether Cisco is entitled to a judgment and order that this is an exceptional case

11   within the meaning of 35 U.S.C. § 285 and awarding Cisco its costs, enhanced

12   damages, and reasonable attorneys' fees.

13   20.    Whether the appropriateness of enhanced damages under 35 U.S.C. § 285 is an

14   equitable issue for the Court to decide, such that the Parties may not present any

15   evidence or argument to the jury regarding this issue.

16   21.    Whether Finjan is entitled to a permanent injunction pursuant to 35 U.S.C. § 283 if

17   Cisco is found to literally infringe the '154 Patent.

18   22.    Whether Finjan is entitled to a judgment and order requiring Cisco to give an

19   accounting of all infringing sales and revenues, together with prejudgment and post-

20   judgment interest from the date of first infringement of the Asserted Patents.  35

21   U.S.C. § 284; 28 U.S.C. § 1961, if Cisco is found to infringe any Asserted Claim of

22   any valid Asserted Patent.

23   23.    Whether Finjan may designate and rely upon testimony from the July 23, 2018,

24   deposition of Shlomo Touboul from the *Finjan v. ESET* case, as set forth in Cisco's

25   objections to Finjan's deposition designations (Appendix D & Ex. 1 thereto).[23]

26

27   _____

28   [23]   Finjan objects to Cisco's inclusion of this issue as a "Disputed Legal Issue."  Cisco can raise
     its objection to Mr. Touboul's deposition testimony if and when Finjan seeks to admit this

24.   Whether the Parties' pre-suit Non-Disclosure Agreement, and the Court's Order (Dkt. 274) on Cisco's motion to strike (Dkt. 209), *affirmed in* Dkt. 293, precludes Finjan from introducing evidence or argument regarding or referencing pre-suit communications between the Parties.[24]

25.   The Parties also incorporate the disputed facts listed in Section II.B above to the extent that they involve disputed legal issues and/or mixed questions of law and fact.

## IV.   ESTIMATE OF TRIAL TIME

The Parties anticipate that each party will have 18 hours of trial time, excluding jury selection, opening statements, and closing statements, lasting from October 19, 2020 to November 6, 2020.  Pursuant to the Court's rulings at the pretrial conference held on April 30, 2020, the Parties will have forty-five minutes per side for opening statements and ninety minutes per side for closing statements.

## V.   TRIAL ALTERNATIVES AND OPTIONS

### A.   Settlement Discussion

The Parties have engaged in early settlement discussions, which have been unsuccessful. Further negotiations may be but are not likely to be productive at this time.

### B.   Amendments or Dismissals

Cisco is withdrawing its defense that the '494 Patent is unenforceable due to inequitable conduct occurring during the prosecution thereof, solely in the interests of streamlining issues in preparation for trial.  Otherwise, neither party has any proposed amendments to the pleadings or dismissals of Parties, claims, or defenses.

### C.   Bifurcation or Separate Trial of Issues

Neither party desires bifurcation or separate trial of specific issues.

---

testimony.  To the extent that Cisco would like to resolve the issue of admissibility sooner, Cisco had the opportunity to file a motion in limine on this testimony.

[24]   Finjan objects to Cisco's inclusion of this issue as a "Disputed Legal Issue."  Finjan intends to comply with the Court's orders.  To the extent that Cisco has concerns over specific evidence, Cisco had the opportunity to file a motion in limine on that evidence.

## VI.  APPENDICES

The following Appendices are attached hereto:

| Appendix A | Finjan's Witness List |
| Appendix B | Cisco's Witness List |
| Appendix C-1 | Joint Exhibit List |
| Appendix C-2 | Finjan's Exhibit List and Objections Thereto |
| Appendix C-3 | Cisco's Exhibit List and Objections Thereto |
| Appendix D | Finjan's Discovery Responses (including Deposition Designations) and Objections Thereto |
| Appendix E | Cisco's Discovery Responses (including Deposition Designations) and Objections Thereto |

Pursuant to Part III.B.1 of the Court's Standing Order re Civil Jury Trials, the Parties are continuing to discuss streamlining exhibits.

Part III.A.1 of the Court's Standing Order re Civil Jury Trials provides for the filing of certain materials as appendices to this Amended Joint Pretrial Statement.  Because of the volume of material of a confidential nature, the Parties will deliver a USB flash drive containing their Parties' respective expert witness CVs and reports with the Court's chambers copy of this Amended Joint Pretrial Statement, and also make that material available over a secure FTP.

## VII.  STIPULATIONS

The following stipulations were agreed upon by the Parties and are made a part of this Pretrial Order.

1. The Parties agree the testimony of experts will be limited to the opinions disclosed in the expert's report.  Any opinion that is not disclosed in an expert's report is objectionable and shall not be allowed into evidence in the event the objection is sustained.

2. Cisco agrees not to argue nor present evidence to the jury or the Court that the '633 Patent is obvious under 35 U.S.C. § 103.

3. The Parties agree that no party may argue or present evidence to the jury regarding any issues of law or equitable issues upon which the jury will not be making a determination.  Specifically, the Parties agree that no party will argue or present

1  evidence to the jury regarding an injunction, interest on damages, or an appeal of

2  the verdict.

3  4.  Cisco agrees not to present in this proceeding any evidence, argument, or testimony

4  regarding patent exhaustion or an express/implied license.

5  5.  The Parties shall be precluded, to the extent possible, from raising any argument,

6  evidence, testimony, insinuation, reference, or assertion regarding non-relevant

7  exchanges between counsel during depositions (including objections) when reading

8  or showing deposition excerpts.

9  6.  The Parties shall be precluded from asking any witness a question that they know is

10  likely to invoke an invocation of a privilege by opposing counsel.

11  7.  The Parties are precluded from raising any argument, evidence, testimony,

12  insinuation, reference, or assertion that the Court has the power to dismiss frivolous

13  suits and/or frivolous counterclaims or defenses and implying or explicitly stating

14  that the claims, counterclaims, or defenses are not frivolous because they are being

15  tried.

16  8.  The Parties agree to work together to narrow all objections, including the objections

17  to exhibits and deposition testimony found in this Pretrial Statement.

18  9.  The Parties agree that Cisco will produce updated financial information through July

19  2020 by August 31, 2020.

20  10.  The Parties agree to the following procedure which will govern the disclosure of

21  witnesses, exhibits, deposition testimony, and demonstratives to use at trial and the

22  process to identify any objections remaining between the Parties with regard to these

23  disclosures:

24  a.  At **6:30 PM**[25] two calendar days before each day of trial (*e.g.*, Saturday night

25  for a Monday trial day), each party will exchange by email the following for

26  that trial day:

27

28  [25]  All times are the Pacific Time zone unless otherwise indicated.

        i.     A list of witnesses the party intends to call for direct examination;

        ii.    A list of trial exhibits for each witness it intends to present through direct examination;

        iii.   A list of the deposition testimony it intends to introduce (either by video or through a reading of the transcript) as direct examination;

b.    At **6:30 PM** the calendar day before a day of trial (*e.g.*, Sunday night for a Monday trial day), each party will exchange by email the following for that trial day:

        i.     Copies of demonstratives to be used during direct examination.

        ii.    Identification of deposition counter designations to be included when the other party introduces its identified deposition testimony.

c.    At **8:30 PM** the calendar day before a day of trial, the Parties shall meet and confer regarding objections to witnesses, trial exhibits, deposition testimony, and demonstratives.  To the extent there are unresolved issues, the issues will be presented to the Court the morning of the trial day.[26]

11.    In addition, the Parties agree to the following procedures for the exchange of demonstratives to be used during opening and closing arguments and for physical exhibits a party intends to use at trial:

d.    The Parties will exchange demonstratives to be used during opening and closing arguments by **6:30 PM** the calendar day before the trial day they will be used, and meet-and-confer at **8:30 PM** that day regarding objections to those demonstratives.

e.    Copies of physical exhibits will be available for inspection 48 hours before a party intends to use the physical exhibit at trial.  The Parties reserve the right to lodge objections related to the quality and accuracy of the exhibits

---

[26] The Parties are aware of the Court's procedure resolving certain objections prior to the start of a trial day, and they will comply with that procedure.

1      upon inspection of the physical exhibits.

2      12.    The Parties agree that prior to presentation of source code, Finjan's licenses, or

3             Cisco financial information, the Parties shall meet and confer in good faith regarding

4             whether sealing of the courtroom is required.

5      13.    The notice provisions above shall not apply to illustrative exhibits created in the

6             courtroom during testimony or to the enlargement, highlighting, ballooning,

7             excerpting, etc. of trial exhibits, demonstrative exhibits, or testimony, so long as the

8             underlying exhibit is pre-admitted or the party has identified its intention to use the

9             exhibit, deposition testimony, or demonstrative according to the above procedure.

10     14.    If a party presents a witness by deposition at trial during its direct examination, the

11            party offering the testimony will play or read both the agreed upon designated portion

12            of the testimony and the agreed upon opposing party's counter-designations, omitting

13            (as agreed upon in advance by the parties) objections or colloquy where appropriate.

14     15.    For allocating time between the parties for witnesses presented by deposition,

15            witnesses presented by video will be divided by the actual time for designations and

16            counter-designations by each party. For witnesses presented by read-deposition

17            testimony, the allocation of trial time will be determined by the ratio of deposition

18            testimony lines designated by each party to the total number of lines read by that

19            witness.

20     16.    The Parties stipulate to the authenticity of each document that on its face appears to

21            be generated by a party (plaintiff or defendant), including documents generated by

22            its employees during the course of their employment for a party, and produced in

23            this case by that party.  Notwithstanding this stipulation, each party preserves its

24            right to object to the document on any ground other than authenticity.

25     17.    The Parties may use electronic, native versions of exhibits that are spreadsheets or

26            slide presentations.  Counsel who entered the electronic exhibits into evidence will

27            work with the Court to provide a means for jurors to access and review these exhibits

28            during deliberations.

## VIII.   BINDING EFFECT OF THE AMENDED JOINT PRETRIAL STATEMENT AND ORDER

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: August 11, 2020

FISH & RICHARDSON P.C.

By:   */s/ Megan A. Chacon*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Oliver J. Richards (CA SBN 310972)
ojr@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
12390 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*)
kazi@fr.com
Alana Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

AMENDED JOINT PRETRIAL STATEMENT          20
17-cv-00072-BLF-SVK
DM2\12960615.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUANE MORRIS LLP

Dated: August 11, 2020

By: */s/ Matthew C. Gaudet*

Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email:  wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email:  mcgaudet@duanemorris.com
Robin L. McGrath (admitted *pro hac vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email:  dcdotson@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email:  jhforte@duanemorris.com
Alice E. Snedeker (admitted *pro hac vice*)
Email: aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

AMENDED JOINT PRETRIAL STATEMENT
17-cv-00072-BLF-SVK
DM2\12960615.1

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

IT IS SO ORDERED.

Dated: _____          _____

Hon. Beth Labson Freeman
United States District Judge

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

*/s/ Megan A. Chacon*

AMENDED JOINT PRETRIAL STATEMENT          22
17-cv-00072-BLF-SVK
DM2\12960615.1