1   Juanita R. Brooks (CA SBN 75934) brooks@fr.com
    Roger A. Denning (CA SBN 228998) denning@fr.com
2   Frank J. Albert (CA SBN 247741) albert@fr.com
    Megan A. Chacon (CA SBN 304912) chacon@fr.com
3   K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
    Oliver J. Richards (CA SBN 310972) ojr@fr.com
4   Jared A. Smith (CA SBN 306576) jasmith@fr.com
    Tucker N. Terhufen (CA SBN 311038) terhufen@fr.com
5   FISH & RICHARDSON P.C.
    12390 El Camino Real, Suite 100
6   San Diego, CA 92130
    Telephone: (858) 678-5070 / Fax: (858) 678-5099
7
8   Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
    Alana C. Mannige (CA SBN 313341) mannige@fr.com
9   FISH & RICHARDSON P.C.
    1180 Peachtree Street NE, 21st Floor
10  Atlanta, GA 30309
    Telephone: (404) 892-5005 / Fax: (404) 892-5002
11
12  Attorneys for Plaintiff
    FINJAN, INC.
13

14              UNITED STATES DISTRICT COURT

15      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

16  FINJAN, INC., a Delaware Corporation,      Case No. 5:17-cv-00072-BLF-SVK

17                  Plaintiff,                 FINJAN, INC.'S OPPOSITION TO CISCO
                                               SYSTEMS, INC.'S MOTION FOR LEAVE
18                                             TO SUPPLEMENT STEPHEN L. BECKER'S
            v.                                 EXPERT REPORT ON DAMAGES
19
    CISCO SYSTEMS, INC., a California          Date: September 17, 2020
20  Corporation,                               Time: 9:00 a.m.
                                               Hon. Beth Labson Freeman
21                  Defendant.                 Ctrm: 3, 5th Floor

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ..................................................................................... 1

II.   BACKGROUND ...................................................................................... 1

III.  LEGAL STANDARD ............................................................................... 2

IV.   ARGUMENT ............................................................................................ 2

    A.    Cisco Has Not Shown Good Cause For The Supplementation ............. 2

    B.    Cisco's Requested Supplementation Violates Federal Rule of
       Evidence 403 ....................................................................................... 5

V.    CONCLUSION ......................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re ChanBond, LLC,*
    No. 15-cv-852-RGA, 2020 WL 550786 (D. Del. Feb. 4, 2020) ............................................ 3

*City of Pomona v. SQM N. Am. Corp.,*
    866 F.3d 1060 (9th Cir. 2017) ......................................................................................... 2

*Eidos Display, LLC v. Chi Mei Innolux Corp.,*
    No. 6:11-cv-00201-JRG, 2017 U.S. Dist. LEXIS 52641 (E.D. Tex., Mar. 29, 2017) ............. 3

*Johnson v. Mammoth Recreations, Inc.,*
    975 F.2d 604 (9th Cir. 1992) ............................................................................................ 5

*LaserDynamics, Inc. v. Quanta Computer, Inc.,*
    694 F.3d 51 (Fed. Cir. 2012) ............................................................................................ 3

*Lucent Techs., Inc. v. Gateway, Inc.,*
    580 F.3d 1301 (Fed. Cir. 2009) ......................................................................................... 4

*Odetics, Inc. v. Storage Tech. Corp.,*
    185 F.3d 1259 (Fed. Cir. 1999) ......................................................................................... 4

*United Access Techs., LLC v. AT&T Corp.,*
    No. 11-cv-338-LPS, 2020 WL 3128269 (D. Del. June 12, 2020) ......................................... 3

*United States v. Hearst,*
    563 F. 2d 1331 (9th Cir. 1977) ......................................................................................... 2

**Other Authorities**

Federal Rules of Civil Procedure
    Rule  16(b)(4) .................................................................................................................. 2

Federal Rules of Evidence
    Rule 402 ..................................................................................................................... 2, 6
    Rule 403 ............................................................................................................... 1, 2, 5, 6

# I.      INTRODUCTION

Cisco's requested supplementation of Dr. Becker's damages report has no relevance to any claim or defense at issue and is simply an attempt to get highly prejudicial information before the jury.  The requested supplementation itself demonstrates it is irrelevant, as it makes *no change* to Dr. Becker's overall damages opinion.  Moreover, Fed. R. Evid. 403 prohibits the introduction of evidence that is likely to result in "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Other than presenting cumulative evidence, Cisco's requested supplementation falls under all of the other Rule 403 prohibitions. Therefore, Cisco's motion should be denied.

# II.     BACKGROUND

On July 23, 2020, CFIP Goldfish Holdings LLC, CFIP Goldfish Merger Sub Inc. (collectively "Goldfish") and Finjan Holdings, Inc. completed a merger transaction (the "Merger") in which Goldfish purchased all issued and outstanding shares of Finjan Holdings, Inc.  *See* Dkt. 683-4 at 2.  Following the close of the Merger, Finjan Holdings, Inc. survived as a wholly owned subsidiary of CFIP Goldfish Holdings LLC and will maintain its brand and business.  *See* Dkt. 683-9 at 4; Dkt. 683-5 at 2.

Prior to the finalization of the Merger, Cisco requested Finjan agree to a broad re-opening of fact discovery including third-party discovery regarding the then-tentative Merger.  *See* Dkt. 683-8 at 2-3 (requesting supplementation of interrogatory responses and document production, supplementation of email production, and assurance that Finjan would not oppose document and deposition subpoenas to third parties).  Finjan responded that the Merger is not relevant to damages in this action and that a reopening of fact discovery would significantly prejudice Finjan.  Exh. 1 to Declaration of K. Nicole Williams ("Williams Decl.").  Following a meet and confer and the parties' exchange of their respective portions of a joint discovery letter to Magistrate Judge van Keulen, Cisco elected not to raise the discovery issue with the Court.  *See* Dkt. 683-7 at 2.  Approximately two weeks after Cisco informed Finjan it would not be filing the joint discovery letter, it filed the present motion requesting leave to supplement the expert report of Dr. Becker regarding damages. Dkt. 683.

1    Expert discovery in this case ended on September 17, 2019.  Dkt. 255 at 2.  As a result of

2    the Court's Orders on Summary Judgment (Dkt. 487) and *Daubert* (Dkt. 549) and to include updated

3    financial data from Cisco through July 2020, Cisco requested that the parties exchange mutual

4    supplements to the damages reports of Drs. Layne-Farrar and Becker.  Exh. 2 to Williams Decl. at

5    3-4.  Following the continuance of the trial date to October 2020 due to the COVID-19 pandemic,

6    the parties agreed to do so on September 25, 2020.  *Id.* at 2.  With the exception of this mutual

7    supplementation, the parties have not agreed to any other supplementation to the reports regarding

8    damages.

9    **III.    LEGAL STANDARD**

10    Irrelevant evidence is inadmissible at trial.  Fed. R. Evid. 402.  Further, Rule 403 precludes

11    the introduction of evidence, even if relevant "if its probative value is substantially outweighed by

12    a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury,

13    undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The

14    Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of

15    the grounds specified in Rule 403. . . ."  *United States v. Hearst*, 563 F. 2d 1331, 1349 (9th Cir.

16    1977).

17    A party requesting modification of a Court's scheduling order must show good cause and

18    obtain the Court's consent.  Fed. R. Civ. P. 16(b)(4).

19    **IV.    ARGUMENT**

20    **A.    Cisco Has Not Shown Good Cause For The Supplementation**

21    There is no good cause for Cisco's proposed supplement to the expert report of Dr. Becker.

22    In determining whether there is good cause, courts in the Ninth Circuit consider several factors. For

23    example, whether trial is imminent.  It is.  Whether the request is opposed.  It is.  Whether the non-

24    moving party will be prejudiced.  It will.  The likelihood that the supplementation will lead to

25    relevant evidence.  It won't.  *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th

26    Cir. 2017) (citation omitted).

27    The parties' damages experts agree that reasonable royalty damages in this action are

28    determined through the construct of a hypothetical negotiation between Finjan and Cisco to license

FINJAN'S OPPOSITION TO CISCO'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT
REPORT ON DAMAGES

1   the patents-in-suit at the time of first infringement, between 2012 and 2014.  *See* Dkt. 547 (Jt.

2   Proposed Pretrial Statement and Order) at 10.  A merger and acquisition of Finjan completed 6 to 8

3   years after the hypothetical negotiations and during an unprecedented global pandemic and resultant

4   economic downturn has no bearing on the reasonable royalty the parties would have agreed upon

5   during that hypothetical negotiation.

6          First, the nature of the Merger as an acquisition of a patent owner and its ongoing litigations

7   demonstrates that it is not relevant to the hypothetical negotiation.  Courts have found that an

8   acquisition of a patent owner after the filing of a lawsuit "is not comparable to the hypothetical

9   negotiation" because it is not "an agreement between a party who has a patent and a party that wants

10  to be able to use the patent, [but rather] it is an agreement between two parties who want to be on

11  one side of that transaction, that of the licensor." *In re ChanBond, LLC*, No. 15-cv-852-RGA, 2020

12  WL 550786, at *2 (D. Del. Feb. 4, 2020) (excluding acquisition agreements and statements made

13  during the acquisitions where there was "no showing . . .that the agreement between the two parties

14  who want to be on one side of . . . a trial is a reliable basis as an input for determining the outcome

15  of the hypothetical negotiation"); *see also United Access Techs., LLC v. AT&T Corp.*, No. 11-cv-

16  338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020) (defendants failed "to show that the

17  litigation funding-related discovery it seeks here is relevant").  Here, as in *ChanBond*, Goldfish and

18  Finjan entered into a Merger that included considerations well beyond the existence of the patents-

19  in-suit, such as the ongoing litigations and Finjan's patent portfolio and liabilities beyond the

20  patents-in-suit.  Additionally, Cisco (and Dr. Becker) fail to account for the fact that four out of five

21  of the patents-in-suit expired between the date of the hypothetical negotiation and the Merger,

22  making the Merger even less relevant to reasonable royalty damages.  An agreement concerning

23  expired patents has an "extremely low" probative value to patent damages.  *See Eidos Display, LLC*

24  *v. Chi Mei Innolux Corp.*, No. 6:11-cv-00201-JRG, 2017 U.S. Dist. LEXIS 52641, at *14 (E.D.

25  Tex., Mar. 29, 2017).  None of the cases Cisco cites to support its relevance argument involve an

26  acquisition of a company following expiration of the majority of the patents-in-suit.

27         Second, the financial landscape of the Merger agreement is vastly different from that of a

28  hypothetical negotiation in 2012 and 2014 between a willing licensor and a willing licensee.

FINJAN'S OPPOSITION TO CISCO'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT
REPORT ON DAMAGES

Differences between the parties' economic positions during the hypothetical negotiation and a later-executed agreement involving the patent(s)-in-suit make the agreement irrelevant to a damages analysis. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012) (excluding evidence of a settlement agreement executed three years after the hypothetical negotiation in part because it was tainted by litigation costs, and the changing technological and financial landscape made the agreement "in many ways not relevant to the hypothetical negotiation analysis"); *see also Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276-77 (Fed. Cir. 1999) (affirming exclusion of two licenses negotiated four and five years after the date of first infringement because "the financial landscape has changed remarkably in the four to five years"). The effect of the COVID-19 pandemic is evident from Finjan's public filings regarding the Merger at issue. For example, in Finjan's Schedule 14D-9 filing, it cited as reasons for recommending the merger to its Board of Directors, "negative impacts on the Company's business and prospects due to the COVID-19 pandemic, many of which have or are likely to delay or frustrate the Company's revenue streams and increase its operating expenses, including the mistrial in the Company's case against ESET, revenue impacts relating to the difficulties of directly engaging in licensing negotiations in a remote working environment, court closures, uncertainty regarding court reopenings, the likely slow recovery in intellectual property licensing due to its non-essential nature and general economic and other uncertainties." Dkt. 683-9 at 29. While the "book of wisdom" approach allows damages experts to consider events that happen after the hypothetical negotiation, that approach has limits. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009) (The law "affirms the availability of post-infringement evidence as probative ***in certain circumstances***.") (emphasis added). "The hypothetical negotiation tries, as best as possible, to recreate the *ex ante* licensing negotiation scenario and to describe the resulting agreement." *Id.* at 1325. Inclusion of a merger agreement entered into during a pandemic that greatly impacted patentee (and the world at large) and after the expiration of four out of the five patents-in-suit is beyond the limit of any "book of wisdom" approach allowed by the courts.

Finally, the lack of relevance of Dr. Becker's supplement to the damages at issue in this case is demonstrated by the supplement itself. Dr. Becker concludes that the Merger is consistent with

the opinions set forth in his original expert report. Dkt. 682-5 at para. 8.  Thus, Dr. Becker includes

no recalculation of the damages at issue in the case.  *Id.*  As the existence of the Merger causes no

change to Dr. Becker's opinion, it cannot be the case that it is "highly relevant" to the damages case,

as Cisco argues.  Dkt. 683 at 3, 5.  Further, Dr. Becker's proposed supplemental report does not

even attempt to identify the value of the single unexpired patent from the value of the Merger, which

includes Finjan's patent portfolio, pending litigations, and liabilities.  *See* Dkt 682-5  This Court

excluded patent licenses closer in time to the hypothetical negotiation precisely because the

valuation of the patents-in-suit could not be ascertained from the agreement.  *See, e.g.* Dkt. 640

(Order re MILs) at 17-18 (excluding evidence of actual license agreements closer in time to the

hypothetical negotiation where it was "unclear . . . how and why [the licensee] agreed to make [the]

payment.").

### B.      Cisco's Requested Supplementation Violates Federal Rule of Evidence 403

While the "good cause" standard for modification of a scheduling order considers the

diligence of the party in requesting supplementation, "the existence or degree of prejudice to the

party opposing the modification might supply additional reasons to deny a motion."  *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, Cisco's introduction of the

Merger would be highly prejudicial to Finjan.

Dr. Becker's presentation of the Merger serves only to further Cisco's attempts to disparage

Finjan and paint it as a non-practicing patent assertion entity rather than an innovator in the field of

web security.  Such a misrepresentation of Finjan is highly prejudicial.  It is also likely to mislead

the jury, confuse the actual issue, waste time, and result in undue delay, all in violation of Fed. Rule

of Evidence 403.

For example, if Dr. Becker is allowed to supplement his expert report, then Finjan's damages

expert, Dr. Layne-Farrar, will have to supplement her expert report in rebuttal.  In turn, both experts

will have to be deposed on their respective supplementations, with trial only weeks away.  At trial

Finjan will be forced to waste time presenting testimony from fact witnesses and Dr. Layne-Farrar

about the financial effects of this global pandemic in general and its effect on Finjan specifically.

Finjan will also have to waste time cross-examining Dr. Becker on the same irrelevant subject.  By

1   then, the jury will be thoroughly confused as to what the actual issue is it is being asked to decide

2   concerning damages, i.e., what would a willing licensor and licensee have considered a reasonable

3   royalty for the patents at issue, years before this pandemic descended upon the world.

4   **V.     CONCLUSION**

5       Since Cisco has failed to show good cause for amending the scheduling order to allow

6   supplementation of Dr. Becker's report and since the proposed supplementation is inadmissible

7   under Fed. Rules of Evid. 402 and 403, Cisco's Motion for Leave to Supplement the Expert Report

8   of Dr. Becker should be denied.

9

10  Dated:  August 14, 2020                                    Respectfully Submitted,

11                                          By:   */s/ Juanita R. Brooks*
                                            Juanita R. Brooks (CA SBN 75934) brooks@fr.com
12                                          Roger A. Denning (CA SBN 228998)
                                            denning@fr.com
13                                          Frank J. Albert (CA SBN 247741) albert@fr.com
                                            Megan A. Chacon (CA SBN 304912)
14                                          chacon@fr.com
                                            K. Nicole Williams (CA SBN 291900)
15                                          nwilliams@fr.com
                                            Oliver J. Richards (CA SBN 310972) ojr@fr.com
16                                          Jared A. Smith (CA SBN 306576) jasmith@fr.com
                                            Tucker N. Terhufen (CA SBN 311038)
17                                          terhufen@fr.com
                                            FISH & RICHARDSON P.C.
18                                          12390 El Camino Real, Suite 100
                                            San Diego, CA 92130
19                                          Phone: (858) 678-5070 / Fax: (858) 678-5099

20

21                                          Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
                                            Alana C. Mannige (CA SBN 313341)
22                                          mannige@fr.com
                                            FISH & RICHARDSON P.C.
23                                          1180 Peachtree Street NE, 21st Floor
                                            Atlanta, GA 30309
24                                          Phone: (404) 892-5005 / Fax: (404) 892-5002

25

26                                          Attorneys for Plaintiff FINJAN, INC.

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 14, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Juanita R. Brooks*
brooks@fr.com

Case No. 5:17-cv-00072-BLF-SVK
FINJAN'S OPPOSITION TO CISCO'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORT ON DAMAGES