Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>**PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION *IN LIMINE* NO. 4 RE EVIDENCE AND ARGUMENTS PERTAINING TO CERTAIN '633 PATENT INFRINGEMENT THEORIES**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

## I. BACKGROUND

The Court should deny Cisco's motion because Finjan's infringement theories concerning U.S. Patent No. 7,647,633 (hereafter the '633 Patent) remain. The Court's August 4 Order struck from Dr. Medvidovic's second amended expert report *only* his attempt to replace Cisco codenames ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ with the generic terms "virtual environment agent" and "parameters to run the sample file or URL." The Court ***did not strike*** any of the underlying infringement theories, only the replacement language. Moreover, other paragraphs of the expert report used the terms "virtual environment agent" and "parameters to run the sample file or URL" from the very beginning, in the original report, and the Court ***did not strike*** any language from those paragraphs. Finally, the Court also ***did not strike*** any of Finjan's doctrine of equivalents (DOE) theories. Accordingly, Dr. Medvidovic's report still contains ample support for the theory that Cisco's products include a virtual environment agent that meets the '633 Patent's requirement for "mobile protection code." The Court should deny Cisco's motion.

### A. Only the Replacement Language Was Struck

Magistrate Judge van Keulen's April 28 Order struck only "*replacement language*" in certain enumerated paragraphs. *See, e.g.*, Dkt. No. 582 at 12 ("The Court therefore STRIKES the replacement language . . ."). Finjan sought clarity, asking whether the Court struck only the replacement language for ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ or instead struck the entire sentences or entire paragraphs that contain the replacement language. Dkt. No. 618 at 5-6. In response, Cisco agreed that the Order "is clear that it 'STRIKES the replacement language' in the four ▬▬▬▬ paragraphs and for ▬▬▬▬▬▬▬▬ in the enumerated paragraphs." Dkt. No. 637-3 at 8. Magistrate Judge van Keulen subsequently confirmed her Order did not strike infringement theories and struck *only* the replacement language. *See* Dkt. No. 662 at 9. Finally, this Court agreed that "[n]o theory of infringement was stricken, only the replacement language for the disallowed terms was stricken." Dkt. No. 686 at 5.

But now, in this motion *in limine*, Cisco has changed tactics to argue the Court struck Finjan's '633 Patent infringement theories. It did not. The infringement theories remain.

B.   **No Court Has Evaluated Whether Finjan Disclosed Its Infringement Theories**

Despite the clear language to the contrary, Cisco tries to reframe the Court's Orders to have the effect of striking Finjan's '633 Patent infringement theories. The prior Orders cannot be given that broad scope based on Magistrate Judge van Keulen's limited findings. Magistrat van Keulen's April 28 Order addressed whether Finjan's contentions disclosed *functionality* associated with paragraphs containing replacement language. Dkt. No. 582 at 8. Magistrate van Keulen did not address whether Finjan had disclosed any infringement *theories*. The two analyses are different. For example: this District's Patent Rules have no requirement that all "functionality" associated with an accused feature is disclosed in infringement contentions. In fact, infringement contentions do not require identification of any specific evidence. *Apple Inc. v. Samsung Elecs. Co.*, No. 5:12-CV-0630-LHK-PSG, 2014 WL 173409, at *1 (N.D. Cal. Jan. 9, 2014).

Finjan sought reconsideration of the April 28 Order and showed that Cisco was on notice of Finjan's infringement theories. Dkt. No. 618-4 at 6. To support its argument, Finjan showed that Cisco understood the terminology used in Finjan's contentions to refer to the accused products. *Id.* at 7-8. Magistrate Judge van Keulen ultimately denied Finjan's motion for reconsideration, but in doing so, Magistrate Judge van Keulen applied a very specific test that supported the narrow relief she granted. She addressed only whether the "functionality" associated with certain replacement language was disclosed in Finjan's infringement contentions. *See, e.g.*, Dkt. No. 662 at 8:2-5; 8:22-24; 10:1-11; 11:9-12; 13:1-5; 14:26-15. Magistrate van Keulen emphasized that her ruling was based upon whether Finjan had shown evidence that "links the *functionality* associated with the term '███████' in the earlier reports of Dr. Medvidovic with the now-substituted term 'virtual environment agent.'" *Id.* at 10. Thus, Magistrate Judge van Keulen did not address whether Finjan had disclosed any new infringement *theories,* as is evidenced by the fact that Magistrate Judge van Keulen explicitly did not strike any theories.

In view of this, Cisco cannot apply the prior Orders to remove Finjan's infringement theories and no such finding can be extrapolated from the prior Orders.

II.   **ARGUMENT**

A.   **Finjan Has Literal Infringement Theories That Survived the Court's Orders**

1   Finjan's expert, Dr. Medvidovic, sets forth a theory that Cisco's virtual environment agent
2   (VEA) satisfies claim limitation 14(d). *See* Dkt. No. 507-10 (Medvidovic Rpt.) ¶ 4319. For
3   support, Dr. Medvidovic cites evidence describing the operation of that VEA. For example, ▇
4   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
5   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
7   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
8   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
9   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This theory survived summary judgment.
11  The VEA Dr. Medvidovic identifies is similar to, if not the same as, the "▇▇▇▇▇▇▇▇."
12  *See, e.g., See* Dkt. No. 407-3 at 8 (Cisco referring to VEA as a "▇▇▇▇▇▇"). The Court
13  denied Cisco's motion for summary judgment that the "▇▇▇▇▇▇" was not MPC. Dkt. No.
14  487. Thus, the Court found that this VEA theory survived summary judgment. The Court also did
15  not strike (and Cisco did not seek to strike) this theory. If Cisco had tried to strike this, it would
16  have lost. Finjan's infringement contentions include this same language almost verbatim.
17  *Compare* Dkt. No. 507-10 (Medvidovic Rpt.) ¶ 4319; *with* Dkt. No. 491-6 (2017-11-30 Amended
18  Infringement Contentions, Appendix C3 (Threat Grid) ("Finjan Infringement Contentions")) at 37.
19  Finjan even included much of the evidence Dr. Medvidovic relies on in support of this theory it its
20  infringement contentions (in many cases verbatim). *Compare e.g.*, Dkt. No. 491-6 (Finjan
21  Infringement Contentions) at 37-40 *with e.g.*, Dkt. No. 507-10 (Medvidovic Rpt.) ¶¶ 4322-28.
22  In fact, during the hearing for Cisco's motion to strike, Cisco's counsel, referring to
23  Finjan's "virtual environment agent (mobile protection code)" theory described in ¶ 4319 of Dr.
24  Medvidovic's report, said: "We are fine with that. They can keep that in. … The language he[]
25  showed you the verbatim stuff from the report, it was always in there. They never amended it.
26  That's not subject to this motion. We are not trying to strike it they didn't rely on it at summary
27  judgement [*sic*]." Dkt. No. 560 at 55-56.
28  Cisco may argue that it did not move to strike these particular paragraphs because Finjan

1  did not rely on them to survive summary judgment, and thus, Finjan cannot rely on them now.
2  This argument is a red herring. At summary judgment, "Cisco's only non-infringement argument
3  regarding ▬▬▬▬ [was] that it is 'not mobile.'" Dkt. No. 487 at 16-17. "Finjan
4  respond[ed] that transmittal is not a requirement of claim 14 and even if it were, 'Cisco's ▬▬
5  ▬▬' still infringes." *Id.* at 17. Finjan cited evidence to support its argument. The Court
6  found that "claim 14 does not require MPC to be transmitted or communicated," and thus, denied
7  Cisco's motion. *Id.* at 17. Because the Court agreed with Finjan that transmission is not required,
8  the evidence that Finjan cited showing that "▬▬▬▬" was transmitted is no longer relevant.
9  Thus, Finjan should be free to rely on Dr. Medvidovic's theory identifying the VEA as the
10 required mobile protection code. *See, e.g.,* Dkt. No. 507-10 (Medvidovic Rpt.) ¶ 4319.

11 **B. Cisco Identifies No Basis to Strike Finjan's DOE Theories**

12 First, the Court's August 4 Order did not strike any theories of infringement. Dkt. No. 686
13 at 5. And even if it did, Finjan's DOE theories were never the subject of that motion to strike.
14 That is because none of the paragraphs of Dr. Medvidovic's report relating to DOE included or
15 referenced the "disallowed terminology" (*e.g.,* ▬▬▬▬) or "replacement language" (*e.g.,*
16 virtual environment agent). *Compare* Dkt. No. 507-10 (Medvidovic Rpt.) ¶¶ 4341-44 (DOE
17 analysis of limitation 14(d) for Threat Grid) and ¶¶ 4499-502 (DOE analysis of limitation 14(d)
18 for AMP Gateway/Cloud Products) *with* Dkt. No. 582 at 14-16 (enumerated paragraphs in "March
19 2020 Report" with struck replacement language). Thus, the theories reflected in those paragraphs
20 (which Cisco never sought to strike) are still in the case.

21 Second, Cisco argues that the Court's August 4 Order should somehow limit Finjan's
22 infringement theories. Cisco's argument is premised on a misunderstanding of Finjan's
23 infringement theory. As set forth in Dr. Medvidovic's report and Finjan's infringement
24 contentions, Finjan alleges that Threat Grid code is "packaged and sent to spin up the virtual
25 machines or emulators," where "spin up" refers to the process of initiating services in the virtual
26 machine. *See, e.g.,* Dkt. No. 507-10 (Medvidovic Rpt.) ¶ 1618; Dkt. No. 491-6 (Finjan
27 Infringement Contentions) at 21. The "spin up" function is equivalent to the requirement that the
28 MPC is executable. While this argument relies upon the same evidence found throughout Dr.

Medvidovic's report, Finjan's literal and DOE theories are not coextensive. Cisco's argument appears premised upon this statement: "Finjan represented to the Court that no theories existed in its expert report asserting infringement based on the transmission of something to the sandbox." Mot. at 4. This statement is false. In its summary judgment opposition, Finjan clarified only that its literal infringement theory did not accuse RESTful APIs as MPC. *See* Dkt. No. 400-4 at 13 ("Cisco argues that APIs cannot be executable code and thus, cannot be MPCs. While Finjan disagrees with Cisco's arguments regarding APIs, it is irrelevant because Finjan has not identified RESTful APIs as MPC."). Finjan said nothing about its DOE infringement theories. As to literal infringement, Finjan's statement was limited to RESTful APIs as MPC—not all transmission-based theories. Finjan did not otherwise limit its DOE infringement allegations to the same seven components accused as literally infringing. *Id.* at 4. Presumably, Cisco is referring to Finjan's summary judgment opposition, but that opposition only purported to identify the seven potential components that ***literally*** satisfied the MPC limitation. Dkt. No. 400-4 at 14-19. The Court should disregard the rest of Cisco's argument that relies on these faulty premises.

Third, Cisco cannot attack the sufficiency of Finjan's DOE theories through a motion in *limine*. To be clear, Cisco admits that (1) Finjan's operative contentions include a DOE theory related to the MPC element for each of the accused products, and (2) Finjan's expert applies that same theory in his report. *See* Mot. at 5. While Cisco goes on to criticize the sufficiency of both disclosures, any disagreement over the sufficiency of Finjan's DOE disclosures is not the proper subject of this motion. "A motion *in limine* is [] not the proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence in support of a particular claim or defense." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971-CW, 2014 WL 4090550, at *6 (N.D. Cal. Aug. 19, 2014); *see also Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, No. 8:14-cv-01352-JLS-KES, 2020 WL 1049911, at *1 (C.D. Cal. Feb. 18, 2020) (opining that motions *in limine* do not have the same "crucial procedural safeguards" as motions for summary judgement).

III. **CONCLUSION**

For the reasons stated, Finjan respectfully requests that the Court deny Cisco's Motion *in Limine* No. 4.

Dated: August 18, 2020                    Respectfully Submitted,

By: /s/ *Aamir Kazi*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Approved *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 18, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/*Aamir Kazi*
Aamir Kazi
kazi@fr.com