**DUANE MORRIS LLP**
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
L. Norwood Jameson (GA SBN 003970)
Admitted *Pro Hac Vice*
wjameson@duanemorris.com
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
Alice E. Snedeker
Admitted *Pro Hac Vice*
aesnedeker@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
CISCO SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.: 5:17-cv-00072-BLF-SVK<br><br>**CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE OCTOBER 19, 2020 JURY TRIAL OR TO IMPLEMENT PROCEDURES THAT ENSURE A FAIR TRIAL** |

Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK

Following the hearing held on September 17, 2020, Cisco reviewed and carefully considered the Court's comments and more fully assessed the logistics and safety risks of a trial in San Jose during the pandemic in which all participants (witnesses, counsel, jurors, and the Court) are wearing masks. Cisco likewise investigated the willingness of its witnesses to travel from outside the country or from other cities within the country to appear at trial under the current conditions. To perfect the record, including and following up on Cisco's concerns articulated at the September 17 hearing, Cisco formally requests a continuance to the Court's first available date in January 2021, during which Cisco understands the Court's docket has availability.

If this case must press forward in the current environment, Cisco respectfully requests a shorter continuance of the trial currently set for jury selection on October 16, 2020 to November 2, 2020 (or the Court's first available date thereafter) to enable Cisco's lead trial counsel to have a procedure to address a medical condition that periodically impacts his ability to draw a full breath of air, which is exacerbated when wearing a mask or talking while wearing a mask. A short continuance will allow him to have a currently scheduled medical procedure that, if successful, should ameliorate this condition and allow him to wear a mask in the courtroom throughout the trial without any additional side effects. The basis for this request is described below and more fully explained in the attached Declaration of L. Norwood Jameson (the "Jameson Declaration"), which is being filed under seal to protect personal privacy.

In addition, if this trial is going forward under the current rules for conducting trials during the pandemic, Cisco also requests that the Court issue an Order requiring all fact witnesses to testify remotely and that neither party have a corporate representative at counsel table during trial. Such an Order is necessary to level the playing field because many of Cisco's fact witnesses reside outside this district, in other states and in other countries, and Cisco cannot reasonably compel them to travel to California during the pandemic. Such an Order should extend to corporate representatives because the logical Cisco corporate representatives for this trial are not willing to travel to California during the foreseeable circumstances and expose themselves to the health risks associated with an extended stay in California during the trial.

**1**

Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK

Per the Court's September 24, 2020 Order, Cisco recognizes that the Northern District of California has determined that jury trials can resume, effective October 1, 2020. The Court nonetheless has discretion to continue this trial. *See, e.g., United States v. Cea*, No. 2:19-cr-126-MCE, Order at 3-4 (E.D. Cal. Mar. 25, 2020) (Ex. A). The Court should exercise that discretion here based on the considerations of safety and fairness, as addressed in more detail below.

I.  **Cisco's Reasons for the Requested Continuance**

Cisco concurs with the Court's assessment of the health risks posed by Covid-19, as articulated at the September 17th hearing in this matter. *See* Ex. B at 41 ("I do think that the concern over Covid is a valid reason for a continuance if you are making that argument."). Indeed, this case is not between competitors where one party is at risk of suffering irreparable injury. Rather, it is purely about money. And this does not justify proceeding with a jury trial during the pandemic that risks the health of the jurors, the Court and the Court's staff, the witnesses, and the legal teams for both parties. This civil case will have at least 8 jurors, plus the Court and members of the Court's staff, plus client representatives, plus at least a half dozen (likely more) members of each legal team (and IT support) present in the same courtroom for extended periods over the course of two weeks. Further, these individuals will each be interacting with family and friends (for in-town participants) and other members of the legal team and hotel staff (for out-of-town participants) when not in the courtroom. Cisco notes the particular danger posed by trying complex civil cases, necessitating war rooms staffed with many lawyers and assistants working long hours over those weeks. All of this presents a heightened health risk for everyone involved and, as Cisco explained at the September 17th hearing, this alone is sufficient basis for this Court to exercise its discretion and continue the trial date until January 2021.

Separate and apart from these risks, as the Court noted at the September 17th hearing, the State of California's safety requirements,[1] the Safety Protocols for the Northern District of California Courthouses, and this Court's procedures for its courtroom, mandate that all trial

---

[1] https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/COVID-19/Guidance-for-Face-Coverings_06-18-2020.pdf at Ex. C;
https://www.sccgov.org/sites/covid19/Pages/business-guidance.aspx#business_ops_requirements at Ex. D.

2
Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK

participants – including counsel for the parties – wear face masks throughout trial, even throughout the entirety of opening and closing arguments and during lengthy witness examinations. Ex. B at 42 ("I want to be clear that if we go further with trial, everyone in the Courtroom will be wearing a mask all of the time. Your witnesses will testify with masks, they will be encased in plexiglass, you will be – you will be asking questions and giving opening and closing arguments in a mask. And, I don't know how much experience you have wearing a mask, but I do my criminal pleas in the Courtroom with a mask on, and I feel like I am going to suffocate after a half an hour.") (Ex. B at 42). This legal requirement presents a particular challenge for Cisco's lead trial counsel, Mr. Jameson, who was not available for the September 17th hearing. While Mr. Jameson had informed Mr. Gaudet as a friend and colleague of his medical issue and the need for a medical procedure, Mr. Jameson had not authorized Mr. Gaudet to disclose the personal medical information filed herewith and did not anticipate the possibility of a trial in which the wearing of a mask at all times would be a requirement for lawyers in the courtroom. As explained in the attached Jameson Declaration, Mr. Jameson was recently diagnosed with a condition that has a periodic side effect of temporary shortness of breath. This side effect can be and has been exacerbated when wearing a mask, even for short periods of time (much less for extended periods of time). Cisco requests a short continuance – to at least November 2, 2020 – to allow Mr. Jameson to have a procedure, which if successful, will address this issue and would then allow him to wear a mask for extended periods without additional personal hardships.

## II. Cisco's Reasons for Remote Trial Testimony

While Cisco believes that the wearing of face masks as required by state law and court rules are necessary to provide any degree of safety, having witnesses wear face masks obstructs the most basic function of a jury: evaluating credibility. The role of the jury in assessing witness credibility is a core instruction to any jury, and is at the heart of the jury system. *See* Stipulated Instruction No. 11 (Dkt. 565-1). If the jurors cannot see anything but a witness's eyes, the jurors will have little ability to evaluate demeanor, and cannot rely on their life-long experience of "reading faces" to determine who is telling the truth.

3
Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK

Cisco investigated how other Courts have handled the issue of masks for jury trials during the pandemic. In those few venues where Courts have decided to proceed with jury trials, the Courts appear to be addressing this fairness issue by having witnesses testify without a mask, and also allowing the lawyers presenting in Court to not wear a mask, and some Courts have had jurors wear plastic face shields instead of masks. *See Divisional Standing Order Regarding Trials in Waco*, In Re: Waco Division Trials (W.D. Tex. Sept. 23, 2020) (Ex. E); *Optis Wireless Tech., LLC et al v. Apple Inc.*, No. 2:19-cv-00066 (E.D. Tex.); *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070 (E.D. Tex.)). None of this appears to be permitted under the current safety protocols in California. Exs. C, D.

In addition, consistent with the safety concerns expressed by the Court (and as required by local regulations in jurisdictions such as Santa Clara County, where Cisco's U.S. headquarters is located), Cisco's U.S. offices remain in a mandatory work-from-home phase; business travel of any sort in the U.S. is permitted in limited circumstances and *only if* the employee is "willing and comfortable with traveling." Cisco has now confirmed that because of the health concerns caused by Covid-19 only one of its out-of-town witnesses (who are located across the United States, e.g., Texas, Maryland, Vermont, and in Canada, England, Israel, and India) is willing to travel and attend trial in-person, and only one in-town witness is willing to attend in-person. Unlike Finjan (which is now owned by Fortress, a $40+ billion-dollar investment entity), Cisco's witnesses include several engineers who are focused on product research, development, maintenance, and/or updates. Finjan's suggestion at the September 17th hearing that Cisco find any in-town employee willing to attend the trial in person is unreasonable and prejudicial; Cisco's selected corporate representative, who is located in Calgary, Canada, is an inventor of the key accused product and is intricately connected to Cisco's presentation of its case.

There is no way to account for the jury's reaction to the decision of Cisco's witnesses not to attend in person for safety reasons when the jurors must be there in-person, nor to compensate for the difference in impact between in-person testimony (and the natural process of relationship forming) versus remote testimony. This concern is heightened by Finjan's insistence on calling its

4
Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK

lead fact witness (Mr. Hartstein) in-person and having him sit in the courtroom throughout the trial. The jury's reactions to the reasonable decision of Cisco witnesses, who are not being paid, not to attend in-person are further exacerbated by the fact that the jury will see all of the paid experts testify in-person in trial, despite having to travel to do so.  In other words, the jury will see that counsel and experts – who are paid to be there – were willing to attend, the jury will know that they were themselves required to attend, the jury will see Mr. Hartstein in attendance the whole time, but the jury will know that Cisco's fact witnesses opted to stay home.  Cisco is concerned there is no way it can overcome the natural resentment that this imbalance likely would engender in the jury – especially when the jurors may feel forced to put their own health at risk.  Accordingly, if this case is going forward in the current environment, Cisco requests that the Court order that all fact witnesses appear remotely and that neither party have a corporate witness at trial.  This would at least level the playing field if Finjan believes this case is so urgent it should not be continued.

### Conclusion

There appears to be complete agreement between the parties and the Court about the danger of holding a jury trial during the pandemic.  Cisco thus requests that this trial be continued at least until January.  If the Court is not amenable to such a continuance, then Cisco requests a shorter continuance for the reasons explained in the attached Jameson Declaration.

Additionally, Cisco requests that if this jury trial is conducted during the pandemic, then all fact witnesses be required to testify remotely and not appear in the courtroom.

Dated: September 29, 2020

Respectfully submitted,

/s/ Matthew C. Gaudet
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

L. Norwood Jameson (admitted *pro hac vice*)
Email: wjameson@duanemorris.com

5
**Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK**

Matthew C. Gaudet (admitted *pro hac vice*)
Email: mcgaudet@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email: dcdotson@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

6
Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 29, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                    */s/ Matthew C. Gaudet*
                                                    Matthew C. Gaudet

**CERTIFICATE OF CONFERENCE**

Counsel for the parties met and conferred on September 24, 2020, and September 28, 2020, regarding both bases for Cisco's motion for continuance—the safety and fairness issues arising from Covid-19 and Mr. Jameson's health condition.  Plaintiff has indicated that it opposes this motion, and thus a stipulation pursuant to Civil L.R. 7-12 could not be obtained.

                                                    */s/ Matthew C. Gaudet*
                                                    Matthew C. Gaudet

7
Cisco's Administrative Motion to Continue Oct. 19th Jury Trial
or to Implement Procedures That Ensure a Fair Trial
Case No. 5:17-cv-00072-BLF-SVK