Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912) chacon@fr.com
K. Nicole Williams (CA SBN 291900) nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341) mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>　　　　　　Defendant. | Case No. 5:17-cv-00072-BLF<br><br>**FINJAN LLC'S OPPOSITION TO CISCO SYSTEM, INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE OCTOBER 19, 2020 JURY TRIAL OR TO IMPLEMENT PROCEDURES THAT ENSURE A FAIR TRIAL**<br><br>Hon. Beth Labson Freeman |

Case No. 5:17-cv-00072-BLF

Plaintiff Finjan LLC ("Finjan") hereby responds to and opposes in part Defendant Cisco Systems, Inc.'s ("Cisco") Administrative Motion to Continue the October 19, 2020 Jury Trial or to Implement Procedures that Ensure a Fair Trial (Dkt. No. 720) ("Cisco's Motion").  On October 1, 2020, the Court met with both counsel for Finjan and Cisco by video regarding Cisco's Motion and the Northern District of California's ability to proceed with civil jury trials amid the COVID-19 pandemic.  As a result of those discussions, November 2, 2020 is the new trial date.  Thus, the issue of Cisco's request for a continuance of the trial is now moot.  Dkt. No. 720 at 1:1-18, 2:7-3:19.[1] Cisco's Motion, however, remains problematic.  It further requests that the Court order all fact witnesses appear remotely and that neither party have a corporate representative at trial.  Dkt. No. 720 at 1:19-2:5, 3:20-5:12.  Translated, Cisco's Motion is a thinly veiled attempt to specifically exclude Finjan's CEO and corporate representative, Phil Hartstein, from testifying live at trial, thus prejudicing Finjan.  Cisco's Motion should thus be denied.

### I.      Finjan Has a Right to be Present in the Courtroom

The courtroom is a public place.  And it is a tenet of our system that a party is allowed to represent itself in that courtroom and effectively participate in the prosecution or defense of its case.  *See, e.g., Toytrackerz LLC v. Koehler*, Civil Action Case No. 08-2297-GLR, 2009 U.S. Dist. LEXIS 50620, at *4 (D. Kan. 2009) ("As a corporate party, Plaintiff . . . has a right to be present by a corporate representative at trial and other evidentiary hearings and during depositions."); *Manville Sales Corp. v. Paramount Sys., Inc.*, Civil Action No. 86-4157, 1988 U.S. Dist. LEXIS 7520, at *3 (E.D. Pa. 1988) ("A party has a right to be present at trial to effectively participate in the defense of the case."); *Denton v. James-Hutchison*, No. 16-5314 RJB, 2018 U.S. Dist. LEXIS 133796, at *6 (W.D. Wash. Aug. 7, 2018) (denying plaintiff's motion requesting defendants appear by video teleconference; plaintiff argued that defendants had an unfair advantage because plaintiff was forced to appear by video.); Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony **must be taken in open court** unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted

---

[1] Finjan reserves all rights to oppose further requests for continuances.

1  by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with
2  appropriate safeguards, the court may permit testimony in open court by contemporaneous
3  transmission from a different location.") (emphasis added).  Even in the midst of a pandemic, that
4  should not change simply because one party feels disadvantaged by its own selection of fact
5  witnesses who refuse to come to the courtroom.

6  Mr. Hartstein is Finjan.  He, as the company, has a right to be present at trial to confront
7  Cisco as Finjan's corporate representative and to testify live as a fact witness if he is willing to do
8  so, and he is.  Cisco has presented no legitimate reason why Finjan should be stripped of its right to
9  have Mr. Hartstein present in the courtroom.  Moreover, Mr. Hartstein's presence in the courtroom
10 poses no violations of or complications to the Court's intended protocol for maintaining the health
11 and safety of the jury, the Court, and the attorneys present.  As this Court indicated during the
12 October 1, 2020 videoconference, each party will be allowed two individuals at counsel table during
13 trial.  Finjan intends for those two individuals to be a combination of (1) Ms. Brooks *and* Mr.
14 Denning or (2) Ms. Brooks *or* Mr. Denning with whomever is conducting the examination, if it is
15 neither of them or (3) Ms. Brooks *or* Mr. Denning and Mr. Hartstein.  Finjan should not be punished
16 for having its corporate representative and key fact witness willing to show up at trial—just as the
17 jury, the Court, the attorneys, and many experts are doing—simply because Cisco recognizes Mr.
18 Hartstein is a compelling witness and does not want the jury fairly exposed to him at trial.  *See* Sept.
19 17, 2020 Hearing Tr. at 47:6-12.

20 **II.     Cisco's Concerns are Largely Remediable**

21 Cisco's Motion presents numerous issues that are largely remediable without the extreme
22 sanction of prohibiting live fact witness testimony or the occasional presence of Finjan's corporate
23 representative, and thus, present no real prejudice to Cisco.  The COVID-19 pandemic is not new.
24 Cisco, like Finjan, has known about the pandemic for over 8 months now and has had ample
25 opportunity to take into consideration strategic solutions for trying its case during the pandemic.
26 Instead, Cisco has focused its efforts on five different occasions to delay an already 3-year old case
27 to some indeterminate point in the future when there is a COVID-19 vaccine available to everyone.
28

2     FINJAN'S OPPOSITION TO CISCO'S
MOTION TO CONTINUE TRIAL
Case No. 5:17-cv-00072-BLF

1  Sadly, there is no telling when that day will come; especially as the fall and winter seasons are upon
2  us.  And as this Court previously counseled the parties, there may be no better time than the present
3  to proceed with this trial regardless of fact witnesses' ability to attend trial live.  *See* Sept. 17, 2020
4  Hearing 48:5-9.

5        The new reality for all is that wearing face masks is a necessity and part of daily life.  Cisco
6  argues that "having witnesses wear face masks obstructs the most basic function of a jury: evaluating
7  credibility."  Dkt. No. 720 at 3:22-23.  Cisco goes so far as to argue that "[t]he role of the jury
8  assessing witnesses' credibility is a core instruction to any jury and is **at the heart of the jury**
9  **system**."  *Id.* at 3:23-24 (emphasis added).  Two pages later, Cisco says that "the jury will see all of
10 the paid experts testify in-person in trial. . . ."  *Id.* at 5:3-4.  The juxtaposition of those two statements
11 demonstrates the absurdity of Cisco's argument.

12       This is a patent case.  The *only* witnesses who will directly address the main issue in the
13 case, i.e., do Cisco's accused products infringe the asserted claims, are those very "paid experts."
14 Under Cisco's reasoning it is the experts, not the fact witnesses, who should be required to testify
15 remotely, thereby allowing the jury to exercise its "most basic function" of judging their credibility
16 and preserving "the heart of the jury system."  Thus, it is hard to follow Cisco's rationale or
17 justification for prohibiting live fact witnesses when they plan on having live expert testimony.  In
18 fact, there is no justification for the extraordinary request, other than Cisco fears Mr. Hartstein's
19 credibility as a fact witness for Finjan.

20       Cisco then proceeds to do an about face when it argues that there is no way "to compensate
21 for the difference in impact between in-person testimony (and the natural process of relationship
22 forming) versus remote testimony. This concern is heightened by Finjan's insistence on calling its
23 lead fact witness (Mr. Hartstein) in person and having him sit in the courtroom throughout the trial."
24 *Id.* at 4:25-5:1.  So according to Cisco, even though the jury will not be able to judge Mr. Hartstein's
25 demeanor because they "cannot see anything but [his] eyes," *id.* at 3:25, they will be able to form a
26 relationship with him.  Cisco's motion should be seen for what it is, a transparent attempt to
27 neutralize one and only one witness, Mr. Hartstein.
28

3   FINJAN'S OPPOSITION TO CISCO'S
    MOTION TO CONTINUE TRIAL
    Case No. 5:17-cv-00072-BLF

Cisco's other justifications for requiring all fact witnesses to testify remotely are equally unfounded. For example, not all "paid experts" are going to testify in person, at least not on the part of Finjan, as some of Finjan's experts will not be coming to California because they will be required to quarantine away from their families for fourteen days upon returning to their home state. Moreover, Mr. Hartstein will not be sitting "in the courtroom throughout the trial" since the rules prohibit more than ten people in the courtroom at one time. *Id*. at 5:1. Mr. Hartstein will only sit at counsel table on the rare occasion when either Ms. Brooks or Mr. Denning are not in the courtroom. As this Court is aware, this is a break from Finjan's previous practice at other trials before this Court. Under normal circumstances, Mr. Hartstein and Ms. Mar-Spinola would attend every day of trial and would do so again, but for the new restrictions. Lastly, contrary to what Cisco says in its Motion, at the hearing on September 17, 2020, Cisco confirmed that some of its fact witnesses are willing to attend the trial in-person. *See,* Sept. 17, 2020 Hearing Tr. 47:4-5 ("There are four [fact witnesses] that are in the San Jose area that should be able to come."). Thus the argument that Cisco would be unrepresented by live unpaid witnesses at trial, whereas Finjan would be, is simply not true.

### III. Conclusion

Cisco's Request to continue the trial is now moot as the Court has set a new trial date of November 2, 2020. Should the Court deem it unfeasible to proceed with trial on that date, Finjan reserves all rights to oppose further requests by Cisco to continue the trial to January 2021 or later. As stated above, Cisco's Request to exclude fact witnesses from testifying at trial is a pointed effort to prohibit the jury from experiencing Mr. Hartstein's testimony live. Such a request is in direct conflict with a party's right to be present in the courtroom and represent itself at trial. All other concerns raised by Cisco are simply not going to come to pass. Thus, for the reasons stated herein, Finjan respectfully requests the Court deny Cisco's Motion.

Dated: October 5, 2020

Respectfully Submitted,

By: */s/ Megan A. Chacon*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 5, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

                                                       /s/ Megan A. Chacon
                                                     chacon@fr.com