Juanita R. Brooks (CA SBN 75934); brooks@fr.com
Roger A. Denning (CA SBN 228998); denning@fr.com
Frank J. Albert (CA SBN 247741); albert@fr.com
Megan A. Chacon (CA SBN 304912); chacon@fr.com
K. Nicole Williams (CA SBN 291900); nwilliams@fr.com
Oliver J. Richards (CA SBN 310972); ojr@fr.com
Jared A. Smith (CA SBN 306576); jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038); terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*); kazi@fr.com
Alana C. Mannige (CA SBN 313341); mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF<br><br>**FINJAN LLC'S RESPONSE TO CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION SEEKING A STATUS CONFERENCE REGARDING THE 844, 780, AND 494 PATENTS** |

## I. INTRODUCTION

Cisco acknowledges that what it filed is not "a typical motion." (ECF 752 at 2.) While titled an "administrative motion seeking a status conference," Cisco improperly dives into the substance and requests multiple forms of relief on the merits. To the extent the motion really is just a request for a status conference, that request is now moot since the Court has set a conference for April 15, 2021. (ECF 753.) However, because it is apparent Cisco is seeking much more than just a status conference, Finjan addresses Cisco's other requests below.

## II. BACKGROUND

Multiple courts—including in Finjan's cases against McAfee, Blue Coat, Proofpoint, Symantec, SonicWall, and Rapid7—have construed the term "Downloadable" in Finjan's patents identical to the Court's construction in this case. Indeed, in this Court's first Blue Coat trial, the jury found that Blue Coat infringed claims of the '844 and '780 Patents (among others) applying the Court's construction of "Downloadable." *See Finjan Inc. v. Blue Coat Sys., Inc.*, No 5-13-cv-03999, ECF 438 (jury verdict) at 2-3 (N.D. Cal. Aug. 4, 2015). The Federal Circuit affirmed those findings on appeal. *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1306-07 (Fed. Cir. 2018).

With that track record of courts consistently construing "downloadable" to have the same meaning, it should not be surprising that Cisco stipulated to the same construction in this case (ECF 85 at 1), and that this Court adopted the stipulated construction on July 23, 2018. (ECF 134 at 5.)

In contrast, the construction of "Downloadable" by the ESET court stands alone. It is the only court that inserted the word "small" in the construction, as set out in Judge Bencivengo's order on November 14, 2017. *See Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-0183-CAB, ECF 195 at 3 (S.D. Cal. Nov. 14, 2017). Yet even after the court in ESET entered its outlier construction, Cisco continued to urge this court to adopt a construction that did ***not*** include the word "small." In the Joint Claim Construction and Pre-Hearing Statement filed on November 20, 2017, Cisco and Finjan jointly requested that the Court construe "Downloadable" without the word "small" for each of the '844, '494 and '780 Patents. (ECF 85 at 1.) Cisco maintained that position in its Responsive Claim Construction Brief filed on April 10, 2018, in which, despite using the term "Downloadable" 285 times, Cisco never once used the word "small." (ECF 112.) The Court held a *Markman* hearing on

June 15, 2018, and again Cisco did not withdraw its agreed-upon construction. (ECF 132.) On July 23, 2018, the Court entered its Claim Construction Order, construing the term "Downloadable" as jointly requested by Cisco and Finjan and in the same way that term was construed previously in every case except ESET. (ECF 134 at 5.) After consistently advocating for and applying its construction of Downloadable, Cisco should not be allowed to change course now.

Years after this Court entered its construction, Finjan's trial against ESET began on March 10, 2020, but the trial was cut short due to the Covid-19 outbreak. *See Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-0183-CAB, ECF 783 (S.D. Cal. Mar. 16, 2020). Before the Covid-related mistrial, neither of the parties presented evidence on whether "Downloadable" was indefinite. Only one of Finjan's experts had testified in full before the mistrial, and he had testified regarding only infringement, not validity. ESET's expert on invalidity, Dr. Spafford, had not yet taken the stand. If he had, Finjan would have had the opportunity to cross-examine him and establish that he had ***never*** opined in his report or otherwise that the term "small" rendered the claims indefinite. And in its rebuttal case, Finjan would have presented testimony of its rebuttal experts on the issue. But despite this incomplete record—and over a year after the mistrial—the ESET court entered an order finding that: "Finjan never offered evidence of a reasonable range for the size of a small executable" and held five Finjan patents invalid as indefinite, including the '780 and '844 Patents asserted here. *See Finjan, Inc. v. ESET, LLC*, ECF 864 at 8 (Mar. 23, 2021) (the "ESET Order"). Finjan will be filing a Motion for Reconsideration of that decision by April 12, 2021, the date set by Judge Bencivengo. *See Finjan, Inc. v. ESET, LLC*, ECF 870 (Mar. 29, 2021).

On March 30, 2021, counsel for Finjan and counsel for Cisco (who is also counsel for SonicWall) held a telephonic conference with this Court to discuss the trial date in the SonicWall case, as well as the ESET Order. Counsel for Finjan explained that Finjan will be filing a Motion for Reconsideration in ESET and, should Judge Bencivengo grant the motion, the Cisco case can proceed to trial on all currently pending patents. If Judge Bencivengo denies the motion, she would then enter final judgment as to the invalidated patents, Finjan would dismiss the '780 and '844 Patents from the Cisco case, and this case could then proceed to trial as scheduled. Finjan maintains that the '494 Patent is not impacted in any way by Judge Bencivengo's order, as set forth below.

## III. ARGUMENT

### 1. There Is No Reason to Delay the June 4 Trial

Cisco claims it is unfair for it to have to prepare for trial on the '780 and '844 Patents only to have them potentially dismissed in a few weeks. What Cisco fails to mention is that trial in this case has already been continued four times due to the pandemic. The first continuance came only *nine* days before the originally scheduled trial date of June 4, 2020. At that point, the '780 and '844 Patents were very much alive and well. With trial slightly more than a week away, Cisco must have been fully prepared for a trial involving those patents. Each of the next two continuances occurred less than two weeks before the scheduled trial dates, and the fourth continuance occurred just over three weeks before trial. Since Cisco has had to fully prepare for a trial involving the '780 and '844 Patents four times, it will suffer no prejudice and expend very little effort to prepare once more. Finjan, on the other hand, would be severely prejudiced if trial is once again continued. For the past year, Finjan and this Court have tried repeatedly to get this case to trial and would have succeeded in doing so in November of last year, but it was rescheduled (again) at the request of Cisco's counsel.

There is every reason to believe Judge Bencivengo will act expeditiously in ruling on Finjan's Motion for Reconsideration, and the status of the '780 and '844 patents will be resolved well before the June 4, 2021 trial date. Therefore, to the extent that Cisco's request for a status conference is also a request to continue the trial date, that request should be denied.

### 2. The Court Should Decline to Apply Collateral Estoppel to the '494 Patent

Regardless of Judge Bencivengo's final conclusion on the '780 and '844 Patents, the Court should deny for multiple reasons Cisco's request that the Court change its "Downloadable" construction and then find the '494 Patent invalid as indefinite. First, Cisco has not requested that the Court permit a motion for reconsideration on claim construction or an additional motion for summary judgment of invalidity as to the '494 Patent. The time has long passed for new constructions, and Cisco would need to request leave from the Court to create a new claim construction dispute. Likewise, the Court's schedule required motions for summary judgment to be filed by September 12, 2019. (ECF 70 at 3.) On these grounds alone, the Court should decline to reopen the case to new arguments and issues.

Second, in addition to having discretion to not reconsider its prior claim construction, Ninth Circuit precedent gives this Court discretion to not apply collateral estoppel, even if it is available. *See U.S. v. Geophysical Corp. of Alaska*, 732 F.2d 693, 697 (9th Cir. 1984) ("Once it is determined that the collateral estoppel bar is available, the actual decision to apply the doctrine is left to the district court's discretion."); *True Drilling Co. v. Donovan*, 703 F.2d 1087, 1093 (9th Cir. 1983) ("The application of collateral estoppel is discretionary.").

Contrary to Cisco's assertion, district courts routinely decline to apply collateral estoppel to issues of claim construction, even if it is available. *See, e.g.*, *Neev v. Alcon Labs. Inc.*, No. SACV 15-00336-JVS, 2016 WL 9051170, at *12 (C.D. Cal. Dec. 22, 2016) (declining to apply collateral estoppel to claim construction where "collateral estoppel could apply" but "doing so would promote neither uniformity nor judicial efficiency."), *aff'd*, *Neev v. Alcon Lensx Inc.*, 774 Fed. Appx. 680 (Mem) (Fed. Cir. 2019); *Restoration Indus. Ass'n Inc. v. Thermapure Inc.*, No. CV 13-03169 JVS, 2014 WL 12597331, at *6 (C.D. Cal. June 6, 2014) (exercising discretion and declining to apply collateral estoppel to claim construction).

Cisco is also incorrect when it asserts that the Federal Circuit routinely reverses district courts who decline to apply collateral estoppel in this context. None of the cases Cisco cites supports its sweeping conclusion. While in each of Cisco's cases the District Court, PTAB, or Federal Circuit exercised discretion and ***chose*** to apply collateral estoppel, none stand for the proposition that the District Court ***must*** apply collateral estoppel.

Thus, the Court can and should decline to apply collateral estoppel, even if it finds that collateral estoppel is available. Changing the construction now to be consistent with the ESET case would simultaneously make the construction ***inconsistent*** with six other cases, cases in which the construction has not created any problems for juries, judges or the parties. Just as Judge Bencivengo came to her own independent conclusion on claim construction, this Court is free to maintain the construction previously entered in this case and is free to disagree that the ESET construction should apply in the context of the '494 Patent.

This Court may also consider shortcomings or indices of unfairness when weighing whether to apply collateral estoppel, and those considerations weigh in favor of declining. *See Syverson v.*

*Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078-79 (9th Cir. 2007). But for the Covid-19 pandemic, this case would have already reached final resolution as to all five asserted patents. Allowing serial claim construction disputes and serial summary judgment motions while trial is delayed due to an unprecedented pandemic would not promote the efficient resolution of this action. The equitable course is to maintain the construction that Cisco agreed to, and that the parties have applied in this case for years, and proceed to trial without further delay.

### 3. There Is No Preclusive Effect for the '780 and '844 Patents Until Judge Bencivengo's Decision Is Final

Should Judge Bencivengo's order result in a final judgment, Finjan will dismiss the '780 and '844 Patents from this case and proceed to trial on the remaining patents. But it is premature to dismiss them now. Cisco's citation to *Abbott Diabetes Care* supports Finjan, not Cisco. In that case, the court found that a claim construction ruling in the context of a preliminary injunction proceeding was not "sufficiently firm" to apply collateral estoppel in the absence of a final judgment. *See Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, No. C04-02123-MJJ, 2007 WL 1239220, at *12-*13 (N.D. Cal. Apr. 27, 2007). That court also articulated the factors considered by Ninth Circuit courts to determine whether an order is "sufficiently firm": "(1) whether the decision was not avowedly tentative; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; and (4) whether the decision was subject to an appeal." *Id.* (citing *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983)).

At least two of those factors confirm that Judge Bencivengo's summary judgment order is insufficiently firm to create preclusive effect: the ESET Order is still subject to a Motion for Reconsideration for which Judge Bencivengo has set a filing date. Judge Bencivengo has confirmed she will entertain that Motion, so there can be no argument that the court's order is "sufficiently firm." The court may change its mind, and Finjan believes that its Motion for Reconsideration has great merit. Thus, this Court should decline to apply collateral estoppel at this time, and should await Judge Bencivengo's decision on Finjan's Motion for Reconsideration.

For the foregoing reasons, Finjan respectfully requests that the Court deny Cisco any of its requested relief, and maintain the June 4 trial date.

Dated:  April 9, 2021

Respectfully Submitted,

By:   /s/ *Juanita R. Brooks*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
Jared A. Smith (CA SBN 306576) jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*) kazi@fr.com
Alana C. Mannige (CA SBN 313341)
mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff FINJAN LLC

**[PROPOSED] ORDER**

This matter comes before the Court on Cisco Systems, Inc.'s Administrative Motion Seeking A Status Conference Regarding The 844, 780, And 494 Patents. Upon consideration of all pleadings, papers, and arguments submitted in support and opposition, the Court orders as follows: To the extent Cisco's Motion seeks a status conference, that request is mooted. To the extent Cisco's Motion seeks some further relief, IT IS HEREBY ORDERED that Cisco's Motion is DENIED.

IT IS SO ORDERED.

Dated: _____

_____
Hon. Beth Labson Freeman
United States District Court