D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4146
Facsimile: 650.847.4151

*Additional attorneys on signature page*

Attorneys for Defendant
CISCO SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>,.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY OF THE '844, '780, AND '494 PATENTS  BASED ON COLLATERAL ESTOPPEL** |

Defendant Cisco Systems, Inc. ("Cisco") seeks judgment that the '844 and '780 Patents are invalid based on the ESET Order and that the '494 Patent is invalid based on the same "issue" resolved against Finjan in the ESET Order.  For the '494 Patent, Federal Circuit law is clear that the ESET Order applies with equal force to patents whose intrinsic record presents the same "issue" that led to the invalidity ruling.  The '494 Patent satisfies this test because it is a continuation of a patent found invalid in the ESET Order (the '086 Patent), with the same "Downloadable" term, the same specification, and the same intrinsic record on which the ESET Order relied (in fact, the same intrinsic record on which the ESET Order relied to invalidate all five related patents).  Based on the reasoning of the ESET Order and the collective treatment of those five patents, the '494 Patent unquestionably would have been found invalid in that case had Finjan asserted it there.  The Federal Circuit case law confirms that this is a distinction without a difference; the patent holder is estopped with respect to all patents that present the same "issue." The law is equally clear that Cisco's prior positions in this case do not protect Finjan from the impact of the ESET Order on the '494 Patent.  Collateral estoppel renders the '494 Patent invalid, regardless of what has previously occurred in this case.

I. **BACKGROUND**

On March 23, 2021, Judge Bencivengo issued a summary judgment order invalidating the '844 and '780 Patents, along with U.S. Patent Nos. 8,079,086 ("'086 Patent"); 9,189,621 ("'621 Patent"); and 9,219,755 ("'755 Patent") (collectively, "Invalidated Patents"), as indefinite based on the term "Downloadable."  *Finjan, Inc. v. ESET, LLC*, Case No. 3:17-cv-0183-CAB-BGS, Dkt. No. 864 ("ESET Order," attached as Ex. A) at 8.  Judge Bencivengo based her decision on her construction of "Downloadable" as "a small executable or interpretable application program which is downloaded from a source computer and run on a destination computer," which is the express definition set forth in U.S. Patent Nos. 6,167,520 ("'520 Patent") and 6,480,962 ("'962 Patent") that the Invalidated Patents incorporate by reference.  *Id*. at 4-5.

The '494 Patent is a direct continuation (with the identical specification) of the '086 Patent, which the ESET Order invalidated.  Dkt. No. 1-5 ('494 Patent) at 1:7-11.  Every claim of the '494 Patent contains the now-indefinite term "Downloadable."  Just like each of the

1

CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY
OF THE '844, '780, AND '494 PATENT BASED ON COLLATERAL ESTOPPEL
Case No. 5:17-cv-00072-BLF-SVK

Invalidated Patents, the '494 Patent incorporates by reference the subject matter of the '520 and '962 Patents that served the basis of the ESET Court's indefiniteness decision.  *Id*. at 1:43-55.

## II.     GOVERNING LAW FOR COLLATERAL ESTOPPEL

"To foreclose relitigation of an issue under collateral estoppel, four conditions must be met: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'" *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-CV-00923-BLF, 2017 WL 6102804, at *11 (N.D. Cal. 10/10/17) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)).  Under Ninth Circuit law, a summary judgment order satisfies the requirement of a "final judgment" for the purpose of collateral estoppel, regardless of whether it is appealable yet.  *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, C04-02123MJJ, 2007 WL 1239220, at *12 (N.D. Cal. 4/27/07) ("Under Ninth Circuit law, to be 'final' for collateral estoppel purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291.  Instead, a final judgment for purposes of collateral estoppel is any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded preclusive effect." (internal citations omitted)).  Even "the pendency of an appeal in the Federal Circuit 'does not suspend the operation of an otherwise final judgment as *res judicata* or collateral estoppel.'" *Gonzalez v. Tagged, Inc.*, 16-cv-00574-YGR, 2016 WL 3257734, at *2 (N.D. Cal. 6/14/16) (quoting *Convergence Corp. v. Videomedia*, 539 F. Supp. 760, 762 (N.D. Cal. 1981)).

## III.    THE '844 AND '780 PATENTS ARE INVALID

The ESET Order satisfies the four elements for collateral estoppel for the '844 and '780 Patents and already qualifies as a "final judgment" for purposes of collateral estoppel.  *Id*.  This Court therefore should enter judgment of invalidity.

## IV.    THE '494 PATENT IS ALSO INVALID

The ESET Order also satisfies the four collateral estoppel elements for "Downloadable" in the '494 Patent.  The first element ("identical issue") is met for the reasons discussed below. The ESET Order on its face confirms the last three elements:  the issue (whether the claim term "Downloadable" is indefinite on this intrinsic record) was litigated and decided in the ESET

2

CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY
OF THE '844, '780, AND '494 PATENT BASED ON COLLATERAL ESTOPPEL
Case No. 5:17-cv-00072-BLF-SVK

1   Order; Finjan had a "full and fair opportunity" to litigate it; and the issue was necessary to decide
2   the merits of invalidity.  Finjan's arguments about why it disagrees with the ESET Order are
3   irrelevant; the "full and fair opportunity" prong is a limited inquiry.  *Stevenson v. Sears, Roebuck*
4   *& Co.*, 713 F.2d 705, 709 (Fed. Cir. 1983) ("it is clear from the case law that has developed since
5   *Blonder-Tongue* that an inappropriate inquiry is whether the prior finding of invalidity was
6   correct; instead, the court is only to decide whether the patentee had a full and fair opportunity to
7   litigate the validity of his patent in the prior unsuccessful suit").

**A.  The '494 Patent Is Invalid Based on the "Identical Issue" as the ESET Order**

Although the '494 Patent is not referenced in the ESET Order (because it was not asserted against ESET), the same indefinite term ("Downloadable") appears in every claim of the '494 Patent, and the '494 Patent has the same intrinsic record on which the ESET Order relied.  In other words, every basis for the ESET Order exists and applies with equal force to the '494 Patent.  To bring this issue into clear focus, if Finjan had asserted the '494 Patent in the ESET case, the ESET Order already would have held the '494 Patent invalid.

The *Blonder-Tongue* principle therefore applies equally to the '494 Patent.  *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("Our precedent does not limit collateral estoppel to patent claims that are identical.  Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply.").  In cases applying the "same issue" principle from *Ohio Willow*, the Federal Circuit has used collateral estoppel to invalidate a related patent (i.e., a *different* patent than the patent on which collateral estoppel arises) as a matter of law, where the "issue" was the same -- and the Federal Circuit did so even where the issue was raised for the first time on appeal:

> It is undisputed that the claims at issue in the two appeals use the term "aseptic" (or its related variation "aseptically disinfecting") in a similar fashion. *Compare* '468 patent, col. 26 l. 20 . . . *with* '013 patent, col. 16 ll. 36-62 . . . . More critically, the two patents also provide identical lexicography for the term 'aseptic' in their specifications…  Neither party has pointed to any material difference between the two patents or their prosecution histories that would give rise to claim construction issues in this appeal different from

those raised in the prior appeal. Accordingly, Steuben Foods has had a full and fair opportunity to litigate the issue of claim construction during the prior appeal." *Nestlé USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350, 1351-52 (Fed. Cir. 2018). *See also Papst Licensing GMBH & Co. v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1252-53 (Fed. Cir. 2019) ("The '*144 Patent Aytac Decision* resolved against Papst the claim construction and Aytac-teaching issues now before us [on the '437 Patent], and those resolutions were essential to the Board's decision.. . . . Issue preclusion therefore applies . . . .")

Any difference in surrounding claim language is irrelevant; it is the identity of the "issue" (i.e., whether the term "Downloadable" is indefinite based on the ESET Court's claim construction) that is controlling. *Arunachalam v. Presidio Bank*, 801 F. App'x 750, 752-53 (Fed. Cir. 2020) ("As to the first condition for applying collateral estoppel (identical issue), we find that the remaining claims in the '500, '492, and '158 patents all rely on at least one of the claim terms found indefinite, not enabled, or failing written description by *JPMorgan* and that these remaining claims do not significantly alter the analysis of those terms.").

**B.  The Details of the Earlier Proceedings In This Case Are Irrelevant**

Finjan seeks to avoid the application of collateral estoppel to the '494 Patent based on Cisco's stipulation to a different construction of the term "Downloadable" in this case, but that stipulation is no more relevant to the invalidity of the '494 Patent than it is to the '844 and '780 Patents. In applying collateral estoppel in this context, a court simply determines whether the 4-factor test is met, and does not revisit whether it agrees with the other court's ultimate decision on invalidity or the sub-issues that led to the invalidity finding. *Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*, 2006 WL 1544621, at *5 (W.D. Tex. 5/31/06) ("the overwhelming weight of authority suggests that the 'issue' that is to be given issue-preclusive effect to a judgment in the patent context is the ultimate determination on patent validity itself, not the sub-issues or the individual pieces of evidence and arguments that may have been necessary to support the validity determination"). Under *Ohio Willow*, the "issue" for all three patents is the same, i.e., the invalidity of the patents arising from the indefiniteness of the term "Downloadable" based on the same intrinsic record. Just like the '844 and '780 Patents, the earlier stipulation in this case on the

4

CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY
OF THE '844, '780, AND '494 PATENT BASED ON COLLATERAL ESTOPPEL
Case No. 5:17-cv-00072-BLF-SVK

1  '494 Patent is legally irrelevant.  Indeed, the doctrine would apply even if Cisco had previously
2  lost the issue of validity at trial.  *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1579-80 Fed.
3  Cir. 1994).
4       Cisco's stipulation on the underlying issue of the construction of "Downloadable" cannot
5  change the outcome that the '494 Patent is now invalid. Regardless of what happened earlier in
6  this case, the doctrine of collateral estoppel does not allow the '494 Patent to be invalid when
7  asserted against the rest of the world, but still valid against Cisco.  Indeed, in *Mendenhall*, the
8  Federal Circuit reversed a district court's refusal to apply collateral estoppel where the defendant
9  seeking to apply the invalidity ruling from another case (i.e., the party situated like Cisco here)
10 had itself *already tried and lost* the issue of invalidity, and then after that trial a different court
11 found the patent to be invalid:

> [O]ur precedent holds that the defense of collateral estoppel based on a final judgment of patent invalidity in another suit can "be timely made at any stage of the affected proceedings." . . . [A]ppellants' defense of collateral estoppel is not untimely.

*Id*. at 1579-80.  A district court has rejected the materially identical argument that Finjan makes:

> Quest also contends that collateral estoppel should not apply because A.Hak has stipulated to definitions of certain claim terms that are different than the constructions applied by Judge Robinson. That, however, is an issue of claim construction that does not alter the preclusive effect of Judge Robinson's express findings that specific patent claims at issue in this action are invalid. The Court finds that collateral estoppel applies . . . .

*Quest Integrity USA, LLC v. A.Hak Indus. Servs. US, LLC,* No. C14-1971-RAJ, 2017 U.S. Dist. LEXIS 119821, at *10-11 (W.D. Wash. 7/31/17), *vacated on other grounds by agreement of the parties*, 2:14-cv-01971 RAJ, 2019 U.S. Dist. LEXIS 79571, at *1 (W.D. Wash. 5/10/19).  The Federal Circuit has likewise repeatedly held that a defense of collateral estoppel based on a final judgment of patent invalidity in another suit can "be timely made at any stage of the affected proceedings." *Dana Corp. v. NOK*, *Inc.*, 882 F.2d 505, 507 (Fed. Cir. 1989). *See also Thompson-Hayward Chem. Co. v. Rohm & Hass Co.,* 745 F.2d 27, 32-33 (Fed. Cir. 1984) (applying estoppel to invalidity judgment on appeal even though infringer did not challenge validity at trial).

5

CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY
OF THE '844, '780, AND '494 PATENT BASED ON COLLATERAL ESTOPPEL
Case No. 5:17-cv-00072-BLF-SVK

| | | |
|---|---|---|
| 1 | Dated: April 19, 2021 | Respectfully Submitted, |
| 2 | | DUANE MORRIS LLP |
| 3 | | By: ___/s/ Nicole E. Grigg___ |
| 4 | | D. Stuart Bartow (CA SBN 233107) |
| | | dsbartow@duanemorris.com |
| 5 | | Nicole E. Grigg (CA SBN 307733) |
| | | negrigg@duanemorris.com |
| 6 | | 2475 Hanover Street |
| 7 | | Palo Alto, CA  94304-1194 |
| | | Telephone: 650.847.4146 |
| 8 | | Facsimile: 650.847.4151 |

L. Norwood Jameson (admitted *pro hac vice*)
Email:  wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*)
Email:  mcgaudet@duanemorris.com
Robin L. McGrath (admitted *pro hac vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email:  dcdotson@duanemorris.com
John R. Gibson (admitted *pro hac vice*)
Email: jrgibson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email:  jhforte@duanemorris.com
Alice E. Snedeker (admitted *pro hac vice*)
Email: aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
Email:  japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

6

CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY
OF THE '844, '780, AND '494 PATENT BASED ON COLLATERAL ESTOPPEL
Case No. 5:17-cv-00072-BLF-SVK

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 19, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                    /s/ Nicole E. Grigg
                                                    Nicole E. Grigg

7

CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY
OF THE '844, '780, AND '494 PATENT BASED ON COLLATERAL ESTOPPEL
Case No. 5:17-cv-00072-BLF-SVK

## [PROPOSED] ORDER

Upon consideration of all pleadings, papers, and arguments submitted in support of and opposition to Defendant Cisco Systems, Inc.'s Motion for Judgment of Invalidity of the '844, '780, and '494 Patents Based on Collateral Estoppel ("Cisco's Motion"), and good cause appearing therefor, the Court hereby GRANTS Cisco's Motion and enters judgment that the '844, '780, and '494 Patents are invalid for the reasons set forth in Cisco's Motion.

Dated: _____                         _____
                                                Hon. Beth Labson Freeman
                                                United States District Court Judge

8

**CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY
OF THE '844, '780, AND '494 PATENT BASED ON COLLATERAL ESTOPPEL**
Case No. 5:17-cv-00072-BLF-SVK