Juanita R. Brooks (CA SBN 75934); brooks@fr.com
Roger A. Denning (CA SBN 228998); denning@fr.com
Frank J. Albert (CA SBN 247741); albert@fr.com
Megan A. Chacon (CA SBN 304912); chacon@fr.com
K. Nicole Williams (CA SBN 291900); nwilliams@fr.com
Oliver J. Richards (CA SBN 310972); ojr@fr.com
Jared A. Smith (CA SBN 306576); jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038); terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*); kazi@fr.com
Alana C. Mannige (CA SBN 313341); mannige@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>           Plaintiff,<br><br>     v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>           Defendant. | Case No. 5:17-cv-00072-BLF-SVK<br><br>**FINJAN LLC'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT OF INVALIDITY OF THE '844, '780 AND '494 PATENTS BASED ON COLLATERAL ESTOPPEL** |

## I. INTRODUCTION

Finjan's Motion for Reconsideration of the ESET Court's summary judgment order (the "ESET Order") is currently pending, having been filed on April 12, 2021. If granted, the decision will undo the invalidity determination for the '844 and '780 Patents, and those patents could then be included in the upcoming trial in this case. However, until that motion is ruled upon, the ESET Order is not "sufficiently firm" to be accorded conclusive effect. And from a practical standpoint, applying collateral estoppel now to find those patents invalid in this case runs the risk of having to reverse course, should the Court in ESET grant the Motion for Reconsideration.

The '494 Patent was not asserted in ESET, so it is not addressed in the ESET Order. Moreover, this Court has construed the term "downloadable" in the '494 Patent in a manner that does not include the term "small," which was the basis for the ESET Court's indefiniteness determination as to the '844 and '780 Patents. And while Cisco argues collateral estoppel should apply to the '494 Patent, the decision to do so is completely within this Court's discretion.

## II. BACKGROUND

Multiple courts—including in Finjan's cases against McAfee, Blue Coat, Proofpoint, Symantec, SonicWall, and Rapid7—have construed the term "downloadable" identical to the Court's construction in this case. Indeed, in this Court's first *Blue Coat* trial, the jury found that Blue Coat infringed claims of the '844 and '780 Patents by applying the Court's construction of "downloadable." (*See* Exh.[1] A at 2-3.) The Federal Circuit affirmed those findings on appeal. *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1306-07 (Fed. Cir. 2018). With this track record of courts consistently construing "downloadable" to have the same meaning, it is not surprising Cisco stipulated to that same construction in this case (ECF 85 at 1), and that this Court adopted the stipulated construction on July 23, 2018. (ECF 134 at 5.)

In contrast, the construction of "downloadable" by the Court in ESET stands alone. It is the only court that inserted the word "small" in the construction, as set out in the ESET Court's claim

---

[1] All exhibits cited herein are attached to the declaration of K. Nicole Williams ISO Finjan's Opp'n to Mot. For Judgment of Invalidity, filed contemporaneously herewith.

1. construction order on November 14, 2017. (*See* Exh. B at 3.) Yet even after the Court in ESET entered its outlier construction, Cisco continued to urge this Court to adopt a construction that did not include the word "small." In the Joint Claim Construction and Pre-Hearing Statement, the parties jointly requested that this Court construe "downloadable" without the word "small." (ECF 85 at 1.) Cisco maintained that position in its claim construction briefing, in which, despite using the term "downloadable" 285 times, Cisco never once used the word "small." (ECF 112.) This Court held a *Markman* hearing, and again Cisco did not withdraw its agreed-upon construction. (ECF 132.) In July 2018, this Court construed the term "downloadable" as jointly requested by the parties and in the same way the term had been construed in every case except ESET. (ECF 134 at 5.)

In Finjan's action against ESET, a jury trial commenced on March 10, 2020, which was halted shortly thereafter due to the COVID-19 pandemic. (*See* Exh. C.) On a renewed motion for summary judgment following the mistrial, the ESET Court found that "Finjan never offered evidence of a reasonable range for the size of a small executable" and held five Finjan patents invalid as indefinite, including the '780 and '844 Patents asserted here. (*See* Exh. D at 8.) On April 12, 2021, Finjan moved for reconsideration of the ESET Order because there was clear error in shifting the burden to Finjan to prove patent validity and the order was manifestly unjust since, at the time of the mistrial, neither party had presented evidence on whether downloadable was indefinite. (*See generally* Exh. E.)

### III.   LEGAL STANDARDS

Collateral estoppel is considered under the law of the regional circuit. *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003). In the Ninth Circuit, collateral estoppel applies in a patent case if: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be re-litigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Droplets, Inc. v. Yahoo! Inc.*, 2019 WL 5781915, at *2 (N.D. Cal. Oct. 15, 2019) (citing *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000)). The party asserting issue preclusion bears the burden of showing these elements are met. *Hydranautics*,

204 F.3d at 885. A "final judgment" for purposes of issue preclusion can be any prior adjudication of an issue in another action that is determined to be "sufficiently firm" to be accorded conclusive effect. *Elan Microelectronics Corp. v. Apple, Inc.*, 2010 WL 4510909, at *3 n.3 (N.D. Cal. Nov. 1, 2010). The Ninth Circuit has set forth several factors that should be considered when determining whether an order is "sufficiently firm" including "whether the parties were fully heard." *See Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 1239220, at *12-*13 (N.D. Cal. Apr. 27, 2007) (citing *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983)).

Even when all three elements are met, whether to apply the collateral estoppel bar is solely within the court's discretion. *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 697 (9th Cir. 1984). This broad discretion to trial courts allows them "to take potential shortcomings or indices of unfairness into account when considering whether to apply . . . issue preclusion, even where the above-listed standard prerequisites are met." *Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078-79 (9th Cir. 2007); *see also Neev v. Alcon*, 2016 WL 9051170 at *12-13 (C.D. Cal. Dec. 22, 2016), *aff'd sub nom. Neev v. Alcon Lensx Inc.*, 774 F. App'x 680 (Fed. Cir. 2019) (declining to apply collateral estoppel to claim construction where it would neither promote uniformity nor judicial efficiency).

IV.   ARGUMENT

   A.   Collateral Estoppel Is Not Yet Applicable As To The '844 and '780 Patents

Cisco has failed to meet its burden to show that collateral estoppel applies because the ESET Order as to the '844 and '780 is not "sufficiently firm," under *Hydranautics*. A Motion for Reconsideration is pending and the ESET Court has not ruled upon that motion nor entered final judgment.

The ESET Court's original finding of indefiniteness as to the '844 and '780 was based on an incomplete presentation of the evidence—the testimony of **one expert** who addressed **infringement** on only **one of the five** patents before a mistrial was declared. (*See* Exh. E at 5-12.) ESET, the party with the burden of proof on invalidity, had not even begun its case. The judge and jury had yet to hear that ESET's expert on invalidity had **never** opined that, in his opinion, the term "small" rendered the claims indefinite. Nor had they heard that ESET's invalidity expert had no

1  problem understanding and applying the term when analyzing the prior art. (*See* Exh. E at 5-7; Exh. F at 5-8.) The ESET Court also did not account for the testimony of Finjan's expert on validity, who—but for the mistrial—would have explained in rebuttal how a person of ordinary skill in the art would understand the objective bounds of the claim term "downloadable." (*See* Exh. F at 1-5.) Given that the original ESET Order was entered before the parties were "sufficiently heard" and Finjan's Motion for Reconsideration is still pending, finding the '844 and '780 patents invalid in this case now would be premature. The Finjan action against ESET has not ended with final judgment on the merits, and is insufficiently firm to create a preclusive effect. *See, e.g.*, *Rambus Inc. v. Hynix Semiconductor Inc.*, 569 F. Supp. 2d 946, 968 (N.D. Cal. 2008) (finding issue preclusion did not apply to prior claim constructions where judgment in prior case was not final).

### B. The Court Should Decline to Apply Collateral Estoppel To The '494 Patent

The Court has discretion to decline to apply collateral estoppel, even if it finds the Ninth Circuit factors are satisfied. Here, considerations of fairness and uniformity counsel against applying the collateral estoppel bar to the '494 Patent. *See, e.g.*, *Neev*, 2016 WL 9051170 at *12-13; *see also Syverson*, 472 F.3d at 1078-79.

First, the '494 Patent was not before the ESET Court; therefore there has been no finding of invalidity as to that patent. Second, this Court has construed the term "downloadable" in the claims of the '494 Patent the same way seven of the eight courts have construed that term, i.e., one that does not include the term "small." The construction of "downloadable" in the ESET case stands in contrast to each of the other cases, and the ESET Court's indefiniteness finding is predicated on that outlier construction. This Court is not bound by the ESET Court's construction and, in fact, has said that it does not intend to change the construction which the parties agreed to and have been operating under throughout this case.

In light of all of the above, applying collateral estoppel to the '494 Patent would be counter to the very rationale for the doctrine itself. Collateral estoppel is meant to prevent inefficient re-litigation of identical issues and promote uniformity in the treatment of a given patent and prior decisions. *See Neev*, 2016 WL 9051170 at *12-13. Applying estoppel here would treat the '494

Patent *inconsistently* with six other cases – in which the courts' construction has not created any problems for juries, judges, or the parties.

In addition, from a fairness perspective, Cisco has consistently advocated for the construction of "downloadable" that this Court adopted, even after the ESET Court entered its outlier construction. Cisco is now seizing on the ESET Order, which is contrary to Cisco's own proposed construction, to try to avoid trial on the '494, which was not before the court in ESET and therefore, not the subject of the ESET Order. Finjan submits the fair path is for this Court to exercise its discretion and decline to apply the collateral estoppel bar to the '494 Patent. *See Syverson*, 472 F.3d at 1079.

None of Cisco's cited cases require a different result. For example, *Ohio Willow Wood* does not support Cisco's sweeping conclusion that a court *must* apply the collateral estoppel bar if the collateral estoppel factors are met. In that case, the defendant timely moved for summary judgment based on collateral estoppel, the district court *chose* to grant the motion, and the Federal Circuit affirmed. *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1341-43 (Fed. Cir. 2013). Likewise, in the *Nestle USA* and *Papst Licensing* cases, the Federal Circuit affirmed PTAB claim construction decisions where collateral estoppel was applied. *See Nestle USA, Inc. v. Stueben Foods, Inc.*, 884 F.3d 1350, 1352 (Fed. Cir. 2018); *Papst Licensing GMBH & Co. v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1252-53 (Fed. Cir. 2019). Finally, in *Arunachalam v. Presidio Bank*, 801 F. App'x 750 (Fed. Cir. 2020), the Federal Circuit merely affirmed the lower court's exercise of its discretion in *choosing* to apply the collateral estoppel bar. *Id.* at 753-54. None of these cases suggest that this Court *must* apply collateral estoppel, or that the Federal Circuit would fault this Court if, in considering fairness and uniformity, this Court *chooses* to exercise its discretion and decline to apply the collateral estoppel bar to the '494 Patent.

V. **CONCLUSION**

For the foregoing reasons Finjan respectfully requests the Court deny Cisco's Motion as to the '844 and '780 Patents unless and until final judgment is entered by the ESET Court and deny Cisco's motion as to the '494 Patent and allow that patent to proceed to trial.

Dated: April 26, 2021

FISH & RICHARDSON P.C.

By: /s/ *Juanita R. Brooks*
    Juanita R. Brooks

Attorneys for Plaintiff
FINJAN LLC