1   Juanita R. Brooks (CA SBN 75934)          D. Stuart Bartow (CA SBN 233107)
    brooks@fr.com                             dsbartow@duanemorris.com
2   Roger A. Denning (CA SBN 228998)          DUANE MORRIS LLP
    denning@fr.com                            2475 Hanover Street
3   Frank J. Albert (CA SBN 247741)           Palo Alto, CA  94304-1194
    albert@fr.com                             Telephone: (650) 847-4146
4   FISH & RICHARDSON P.C.                     Facsimile:  (650) 847-4151
5   12860 El Camino Real, Suite 400
    San Diego, CA 92130                        *Additional attorneys on signature page*
6   Telephone: (858) 678-5070
7   Facsimile:  (858) 678-5099                 Attorneys for Defendant
                                               CISCO SYSTEMS, INC.
8   *Additional attorneys on signature page*

9   Attorneys for Plaintiff
    FINJAN LLC
10

11

12                        UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                              (SAN JOSE DIVISION)

15   FINJAN LLC, a Delaware Limited Liability      Case No. 5:17-cv-00072-BLF
     Company,
16                                                 **JOINT CASE MANAGEMENT
                     Plaintiff,                    STATEMENT**
17
18           v.

19   CISCO SYSTEMS, INC., a California             DATE:     May 6, 2021
     Corporation,                                  TIME:     1:30 PM
20                                                 JUDGE:    Hon. Beth Labson Freeman
                     Defendant.                    PLACE:    Ctrm: 3, 5th Floor
21

22

23

24

25

26

27

28
                                                   JOINT CASE MANAGEMENT
                                                            STATEMENT
                                                   Case No. 5:17-cv-00072-BLF

1    Pursuant to Civil Local Rule 16-10, Patent Local Rule 2-1, the Standing Order for All Judges

2    of the Northern District of California – Contents of Joint Case Management Statement and the

3    December 16, 2020 Order Continuing Trial to June 4, 2021, Setting Jury Instruction And Case

4    Management Conferences (ECF No. 738), the parties to the above-titled action, Plaintiff Finjan LLC

5    ("Finjan") and Defendant Cisco Systems, Inc. ("Cisco"), jointly submit this Joint Case Management

6    Statement.

7    **1.    JURISDICTION AND SERVICE**

8    This is an action for patent infringement and the jurisdiction of the court arises under the

9    Patent Act, 35 U.S.C. § 271 et seq.

10   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). No

11   issues exist regarding personal jurisdiction, venue or service.

12   **2.    FACTS**

13   This case is set for trial on June 4, 2021. Finjan filed its original complaint in this case on

14   January 6, 2017.  Finjan alleges that Cisco has directly infringed U.S. Patent Nos. 6,154,844 ("the

15   '844 Patent"), 8,677,494 ("the '494 Patent"), 6,804,780 ("the '780 Patent"), 8,141,154 ("the '154

16   Patent"), and 7,647,633 ("the '633 Patent") and (collectively the "Patents-in-Suit") by making,

17   using, selling, offering for sale and/or importing technologies in connection with Cisco's

18   Advanced Malware Protection ("AMP"), including AMP for Networks (including AMP for ASA

19   with Firepower, AMP for NGFW, AMP for NGIPS), AMP for CWS, AMP for ESA, AMP for

20   WSA, AMP for Meraki, AMP for Endpoints, Threat Grid, Talos Security Intelligence and

21   Research Group ("Talos"), and ESA Outbreak Filters.

22   Finjan additionally alleges that Cisco has induced infringement of each of the Patents-in-

23   Suit by instructing, directing and/or requiring others to perform all or some of the steps of method

24   claims of the Patents-in-Suit. Finjan further alleges that Cisco's infringement is willful. Finjan

25   contends it holds all rights, title, and interest in the Patents-in-Suit. Finjan seeks damages and

26   injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

27

28

1                                JOINT CASE MANAGEMENT
                                                     STATEMENT
                                      Case No. 5:17-cv-00072-BLF

Cisco filed an answer to Finjan's original complaint on March 6, 2017 (Dkt. 24) (pursuant to the parties' stipulated extensions of time (Dkt. 28 & 32)). Cisco contends that its accused products were developed independently of Finjan and do not practice any of Finjan's patents. Cisco denies Finjan's allegations of patent infringement. Cisco further alleges that the Patents-in-Suit are invalid. Cisco previously alleged that the '494 Patent is unenforceable due to inequitable conduct occurring during the prosecution thereof, but withdrew that allegation in the parties' Proposed Amended Pretrial Statement. (Dkt. 696.)

**3.     LEGAL ISSUES**

The principal disputed legal issues are:

- Whether Cisco has infringed any or all of the Patents-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

- Whether Finjan is entitled to damages as a result of the alleged infringement of any or all of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether Finjan is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of any of the '154 Patent (35 U.S.C. § 283);

- Whether Cisco's alleged infringement is willful; and

- Whether any or all claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**4.     MOTIONS AND/OR PENDING MATTERS**

**A.     Pending Motions**

On April 19, 2021, Cisco filed a Motion for Judgment of Invalidity of the '844, '780, and '494 Patents based on Collateral Estoppel.  (Dkt. No. 759.)  Finjan filed its opposition on April 26, 2021, and Cisco filed its reply on April 29, 2021.

**5.     AMENDMENT OF PLEADINGS**

The deadline for joining parties and amending the pleadings without leave of Court was June 15, 2017. (Dkt. 70). The parties do not expect any further amendments to the pleadings.

**6.      EVIDENCE PRESERVATION**

The parties have reviewed the Northern District of California's Guidelines For the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. The parties submitted a stipulated Order Regarding Discovery of Electronically Stored Information, which was ordered April 16, 2018.  (Dkt. 118.)

**7.      DISCLOSURES**

The parties exchanged initial disclosures pursuant to Rule 26(a) on June 14, 2017.  The parties have updated the initial disclosures, as necessary.

**8.      DISCOVERY**

Finjan and Cisco are in the process of conferring on one additional discovery issue.

**9.      CLASS ACTIONS**

Not applicable.

**10.     RELATED CASES**

Finjan identifies the following cases that are pending in other courts:

- *Finjan LLC v. Rapid7, Inc. et al*, Civil Action No. 1:18-cv-01519 (D. Del.);
- *Finjan LLC v. Sonicwall, Inc.*, Civil Action No. 5:17-cv-04467 (N.D. Cal.);
- *Finjan LLC v. ESET, LLC et al*, Civil Action No. 3:17-cv-00183 (S.D. Cal.);
- *Finjan LLC v. Palo Alto Networks, Inc.*, Civil Action No. 4:14-cv-04908 (N.D. Cal.); and
- *Finjan, LLC. v. Fortinet Inc.*, Civil Action No. 3:18-cv-06555 (N.D. Cal.).

Of particular relevance to this case is the *ESET* matter.  Currently pending in that case is Finjan's Motion for Reconsideration of the Court's summary judgment order invalidating two patents at issue here: the '844 and '780 Patents.  That motion was filed on April 12, 2021. *See Finjan, Inc. v. ESET, LLC,* No. 3:17-cv-0183-CAB, ECF 872-1 (S.D. Cal. April 12, 2021).

**11.    RELIEF**

Finjan seeks entry of judgment finding that Cisco has infringed the Patents-in-Suit. Finjan seeks entry of judgment finding that Cisco is continuing to infringe the '154 patent, as well as injunctive relief, including an injunction against Cisco from infringing any of the Patents-in-Suit that have not yet expired. Finjan also seeks monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty. Finjan further seeks a finding that Cisco has willfully infringed the Patents-in-Suit and all damages-related remedies available to Finjan for Cisco's willful infringement. Finjan further seeks a judgment that this case is exceptional and an award of Finjan's costs and reasonable attorneys' fees. Finjan also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest. Finjan seeks any other relief available under applicable law.

Cisco seeks entry of judgement in its favor on Finjan's claims against Cisco for patent infringement, a finding that Cisco does not infringe the Patents-in-Suit, a finding that the asserted claims of the Patents-in-Suit are invalid, a judgment that this case is exceptional and an award of Cisco's costs and reasonable attorneys' fees, and such other relief as the Court deems just and proper under the circumstances.

**12.    SETTLEMENT AND ADR**

The parties have held multiple mediations, including their most recent mediation which was on March 25, 2021 before Magistrate Cousins.  The case did not settle.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     NARROWING OF ISSUES – LIMITS ON ASSERTED CLAIMS AND PRIOR ART REFERENCES**

The parties have participated in a procedure for narrowing the issues as set forth in the Joint Case Management Statement filed by the parties on August 23, 2018.  Cisco expects further narrowing of the case through resolution of the motion for reconsideration in the *ESET* case mentioned above and Cisco's motion regarding collateral estoppel pending in this case.

**16.     EXPEDITED TRIAL PROCEDURE**

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

**17.     SCHEDULING**

On December 16, 2020, the Court entered an order setting the case for trial on June 4, 2021.

**18.     TRIAL**

The parties have requested a trial by jury.  This Court has allotted 15 hours per side excluding opening and closing.  Trial of this matter is scheduled to begin on June 4, 2021 and this Court has indicated the case should go to the jury by June 16, 2021. (ECF No. 738).

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-16. Dkt. No. 3 (Finjan's certification); Dkt. No. 25 (Cisco's certification).

Finjan certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Finjan Holdings LLC.  Finjan LLC is a wholly owned subsidiary of Finjan Holdings LLC. No publicly held corporation owns 10% or more of Finjan LLC's stock.

Cisco certifies that no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in

JOINT CASE MANAGEMENT
STATEMENT
Case No. 5:17-cv-00072-BLF

1    controversy or Cisco, or (ii) have a non-financial interest in that subject matter or Cisco that could

2    be substantially affected by the outcome of this proceeding.

3    **20.    PROFESSIONAL CONDUCT**

4          The attorneys of record confirm that they have reviewed the Guidelines for Professional

5    Conduct for the Northern District of California.

6    **21.    OTHER MATTERS**

7          Cisco has a few questions for the Court related to the logistics of the trial in light of any

8    continuing restrictions as a result of COVID-19.

9

10   Dated:  April 29, 2021                    FISH & RICHARDSON P.C.

11

12                                             By:  */s/ Aamir Kazi*
                                                    _____
13                                                   Aamir Kazi (Admitted *Pro Hac Vice*)
                                                     kazi@fr.com
14                                                   Attorneys for Plaintiff
                                                     FINJAN, INC.
15

16   Dated:  April 29, 2021                    DUANE MORRIS LLP

17

18                                             By:  */s/ Alice E. Snedeker*
                                                    _____
19                                                   Alice E. Snedeker (admitted pro hac vice)
                                                     aesnedeker@duanemorris.com
20                                                   Attorneys for Defendant
                                                     CISCO SYSTEMS, INC.
21

22

23                  **ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)**

24          In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

25   document has been obtained from any other signatory to this document.

26

27                                             */s/ Aamir Kazi*
                                               _____
                                               Aamir Kazi
28
                                        6                 JOINT CASE MANAGEMENT
                                                                   STATEMENT
                                                          Case No. 5:17-cv-00072-BLF

***Additional Counsel:***

Megan A. Chacon (CA SBN 304912); chacon@fr.com
K. Nicole Williams (CA SBN 291900;) nwilliams@fr.com
Jared A. Smith (CA SBN 306576); jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038); terhufen@fr.com
12860 El Camino Real, Suite 400
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Aamir Kazi (Admitted *Pro Hac Vice*); kazi@fr.com
1180 Peachtree Street NE, 21st Floor
Atlanta, GA  30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Attorneys for Plaintiff
FINJAN, INC.

DUANE MORRIS LLP
D. Stuart Bartow (CA SBN 233107); dsbartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: (650) 847-4146
Facsimile:  (650) 847-4151

L. Norwood Jameson (admitted *pro hac vice*); wjameson@duanemorris.com
Matthew C. Gaudet (admitted *pro hac vice*); mcgaudet@duanemorris.com
Robin L. McGrath (admitted *pro hac vice*); rlmcgrath@duanemorris.com
David C. Dotson (admitted *pro hac vice*); dcdotson@duanemorris.com
John R. Gibson (admitted *pro hac vice*); jrgibson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*); jhforte@duanemorris.com
Alice E. Snedeker (admitted *pro hac vice*); aesnedeker@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: (404) 253-6900
Facsimile:  (404) 253-6901

Joseph A. Powers (admitted *pro hac vice*); japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*); jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: (215) 979-1000
Facsimile:  (215) 979-1020

John M. Desmarais (CA SBN 320875) jdesmarais@desmaraisllp.com

7                                    JOINT CASE MANAGEMENT
                                              STATEMENT
                                     Case No. 5:17-cv-00072-BLF

Peter C. Magic (CA SBN 278917) pmagic@desmaraisllp.com
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: 415.573.1900
Facsimile: 415.573.1901

Paul A. Bondor (admitted *pro hac vice*) pbondor@desmaraisllp.com
Priyanka R. Dev (CA SBN 308363)
pdev@desmaraisllp.com
Joze F. Welsh (admitted *pro hac vice*) jwelsh@desmaraisllp.com
230 Park Avenue
New York, NY 10009
Telephone: 212.351.3400
Facsimile: 212.351.3401

Attorneys for Defendant
CISCO SYSTEMS, INC.

8                    JOINT CASE MANAGEMENT
                                STATEMENT
                     Case No. 5:17-cv-00072-BLF